## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **ERICSSON INC. et al.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 6:10-CV-473** |
| | § | |
| **D-LINK CORPORATION, et al.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

### FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Plaintiffs" or "Ericsson") file this First Amended Complaint for Patent Infringement against Defendants D-Link Systems, Inc. ("D-Link"), Netgear, Inc. ("Netgear"), Acer, Inc. and Acer America Corporation (collectively, "Acer"), Gateway, Inc. ("Gateway"), Dell, Inc. ("Dell"), Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, LLC (collectively, "Toshiba"), and Belkin International, Inc. ("Belkin") (D-Link, Netgear, Acer, Gateway, Dell, Toshiba, and Belkin collectively, "Defendants"), and allege as follows:

### PARTIES

1. Plaintiff Ericsson Inc. is a Delaware corporation with its principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

2. Plaintiff Telefonaktiebolaget LM Ericsson is a corporation organized under the laws of the country of Sweden with its principal place of business at Torshamnsgatan 23, Kista, 164 83 Stockholm, Sweden.

3.      Defendant D-Link Systems, Inc. is a California corporation, with its principal place of business at 17595 Mt. Hermann Street, Fountain Valley, California 92708.

4.      D-Link Systems, Inc. is making, using, selling, importing, and/or offering for sale routers and/or other devices that are compliant with one or more of 802.11(a), 802.11(e), 802.11(g), and 802.11(n) wireless LAN standards ("D-Link WLAN-compliant products").

5.      D-Link Systems, Inc. is doing business in the United States and, more particularly, in the Eastern District of Texas by making, using, selling, importing, and/or offering for sale 802.11-compliant products with PCMCIA interfaces ("PCMCIA routers"), as well as the D-Link WLAN-compliant products, including but not limited to D-Link's Wireless G series, RangeBooster G series, Wireless N 150 series, Wireless N 300, Xtreme N series, and RangeBooster N series products that infringe the patent claims involved in this action or by transacting other business in this District.  D-Link Systems, Inc., may be served with process by serving its registered agent, Nancy Lemm, at 17595 Mt. Hermann Street, Fountain Valley, California 92708.

6.      Defendant Netgear, Inc. is a Delaware corporation, with its principal place of business at 350 East Plumeria Drive, San Jose, California 95134-1911.

7.      Netgear, Inc. is making, using, selling, importing, and/or offering for sale routers and/or other devices that are compliant with one or more of 802.11(a), 802.11(e), 802.11(g), and 802.11(n) wireless LAN standards (hereinafter "Netgear WLAN-compliant products").

8.      Netgear, Inc. is doing business in the United States and, more particularly, in the Eastern District of Texas by making, using, selling, importing, and/or offering for sale PCMCIA routers, as well as the Netgear WLAN-compliant products, including but not limited to Netgear's G-series and N-series products that infringe the patent claims involved in this action or by transacting other business in this District.  Netgear, Inc. may be served with process by serving

its registered agent, CT Corporation System at 818 West Seventh Street, Los Angeles, California 90017.

9.      Defendant Acer, Inc. is a Taiwanese corporation, with its principal place of business at 8F, 88, Sec. 1, Hsin Tai Wud Road, Hsichih 221, Taiwan.

10.     Acer, Inc. is making, using, selling, importing, and/or offering for sale products that are compliant with one or more of 802.11(a), 802.11(e), 802.11(g), and 802.11(n) wireless LAN standards (hereinafter "Acer WLAN-compliant products").

11.     Acer, Inc. is doing business in the United States and, more particularly, in the Eastern District of Texas by making, using, selling importing, and/or offering for sale the Acer WLAN-compliant products, as well as personal computers including physical wireless enablement switches, including but not limited to Acer's TravelMate series, Aspire series, Extensa series, Ferrari series, and Veriton series products that infringe the patent claims involved in this action or by transacting other business in this District.

12.     Defendant Acer America Corporation is a California corporation, with its principal place of business at 333 W. San Carlos Street, Suite 1500, San Jose, California 95110.

13.     Acer America Corporation is making, using, selling, importing, and/or offering for sale products that are compliant with one or more of 802.11(a), 802.11(e), 802.11(g), and 802.11(n) wireless LAN standards ("Acer WLAN-compliant products").

14.     Acer America Corporation is doing business in the United States and, more particularly, in the Eastern District of Texas by making, using, selling importing, and/or offering for sale the Acer WLAN-compliant products and personal computers including physical wireless enablement switches, including but not limited to Acer's TravelMate series, Aspire series, Extensa series, Ferrari series, and Veriton series products that infringe the patent claims involved in this action or by transacting other business in this District.  Acer America Corporation may be

served with process by serving its registered agent, CT Corporation System at 350 North St. Paul Street, Dallas, Texas 75201.

15.     Defendant Gateway, Inc. is a Delaware corporation, with its principal place of business at 7565 Irvine Center Drive, Irvine, California 92618.

16.     Gateway, Inc. is making, using, selling, importing, and/or offering for sale products that are compliant with one or more of 802.11(a), 802.11(e), 802.11(g), and 802.11(n) wireless LAN standards (hereinafter "Gateway WLAN-compliant products").

17.     Gateway, Inc. is doing business in the United States and, more particularly, in the Eastern District of Texas by making, using, selling importing, and/or offering for sale the Gateway WLAN-compliant products, as well as personal computers including physical wireless enablement switches, including but not limited to Gateway's LT series, EC series, ID series, NV series, P series, SX series, DX series, FX series, and ZX series products that infringe the patent claims involved in this action or by transacting other business in this District.  Gateway, Inc. may be served with process by serving its registered agent, CT Corporation System at 818 West Seventh Street, Los Angeles, California 90017.

18.     Defendant Dell, Inc. is a Delaware corporation with its principal place of business at 1 Dell Way, Round Rock, Texas 78682-2222.

19.     Dell, Inc. is making, using, selling, importing, and/or offering for sale products that are compliant with one or more of 802.11(a), 802.11(e), 802.11(g), and 802.11(n) wireless LAN standards ("Dell WLAN-compliant products").

20.     Dell, Inc. is doing business in the United States and, more particularly, in the Eastern District of Texas by making, using, selling importing, and/or offering for sale the Dell WLAN-compliant products and personal computers including physical wireless enablement switches, including but not limited to Dell's Adamo, Optiplex, Latitude, Vostro, Inspiron,

Studio, XPS, Studio XPS, Precision, and Alienware series products, Dell's All in One Wireless Printers, Dell's Venue Pro phones, and Dell's Streak tablets that infringe the patent claims involved in this action or by transacting other business in this District.  Dell may be served with process by serving its registered agent, Corporation Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

21.     Defendant Toshiba Corporation is a Japanese Corporation with its principal place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan.

22.     Toshiba Corporation is making, using, selling, importing, and/or offering for sale products that are compliant with one or more of 802.11(a), 802.11(e), 802.11(g), and 802.11(n) wireless LAN standards ("Toshiba WLAN-compliant products") in or into the United States.

23.     Toshiba Corporation is doing business in the United States and, more particularly, in the Eastern District of Texas by making, using, selling importing, and/or offering for sale the Toshiba WLAN-compliant products and personal computers including physical wireless enablement switches, including but not limited to Toshiba's Mini Notebook, Satellite, Qosmio Portege, Satellite Pro, and Tecra series products, Toshiba's television with built-in WiFi, Toshiba's DVD players with either built-in WiFi or WiFi capability, and Toshiba's Blu-ray players with either built-in WiFi or WiFi capability that infringe the patent claims involved in this action or by transacting other business in this District.  Toshiba may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

24.     Defendant Toshiba America, Inc. is a Delaware Corporation with its principal place of business at 1251 Avenue of the Americas Suite 4110, New York, New York 10020.

25.     Toshiba America, Inc. is making, using, selling, importing, and/or offering for sale products that are compliant with one or more of 802.11(a), 802.11(e), 802.11(g), and

802.11(n) wireless LAN standards ("Toshiba WLAN-compliant products") in or into the United States.

26.    Toshiba America, Inc. is doing business in the United States and, more particularly, in the Eastern District of Texas by making, using, selling importing, and/or offering for sale the Toshiba WLAN-compliant products and personal computers including physical wireless enablement switches, including but not limited to Toshiba's Mini Notebook, Satellite, Qosmio Portege, Satellite Pro, and Tecra series products, Toshiba's television with built-in WiFi, Toshiba's DVD players with either built-in WiFi or WiFi capability, and Toshiba's Blu-ray players with either built-in WiFi or WiFi capability that infringe the patent claims involved in this action or by transacting other business in this District.  Toshiba may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

27.    Defendant Toshiba America Information Systems, Inc. is a California Corporation with its principal place of business at 9740 Irvine Blvd., Irvine, California 92618.

28.    Toshiba America Information Systems, Inc. is making, using, selling, importing, and/or offering for sale products that are compliant with one or more of 802.11(a), 802.11(e), 802.11(g), and 802.11(n) wireless LAN standards ("Toshiba WLAN-compliant products") in or into the United States.

29.    Toshiba America Information Systems, Inc. is doing business in the United States and, more particularly, in the Eastern District of Texas by making, using, selling importing, and/or offering for sale the Toshiba WLAN-compliant products and personal computers including physical wireless enablement switches, including but not limited to Toshiba's Mini Notebook, Satellite, Qosmio Portege, Satellite Pro, and Tecra series products, Toshiba's television with built-in WiFi, Toshiba's DVD players with either built-in WiFi or WiFi

capability, and Toshiba's Blu-ray players with either built-in WiFi or WiFi capability that infringe the patent claims involved in this action or by transacting other business in this District. Toshiba may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

30.     Defendant Toshiba America Consumer Products, LLC is a New Jersey Limited Liability Corporation with its principal place of business at 82 Totowa Road, Wayne, New Jersey, 07470.

31.     Toshiba America Consumer Products, LLC is making, using, selling, importing, and/or offering for sale products that are compliant with one or more of 802.11(a), 802.11(e), 802.11(g), and 802.11(n) wireless LAN standards ("Toshiba WLAN-compliant products") in or into the United States.

32.     Toshiba America Consumer Products, LLC is doing business in the United States and, more particularly, in the Eastern District of Texas by making, using, selling importing, and/or offering for sale the Toshiba WLAN-compliant products and personal computers including physical wireless enablement switches, including but not limited to Toshiba's Mini Notebook, Satellite, Qosmio Portege, Satellite Pro, and Tecra series products, Toshiba's television with built-in WiFi, Toshiba's DVD players with either built-in WiFi or WiFi capability, and Toshiba's Blu-ray players with either built-in WiFi or WiFi capability that infringe the patent claims involved in this action or by transacting other business in this District. Toshiba may be served with process by serving its registered agent, the Corporation Trust Company, 820 Bear Tavern Road, West Trenton, New Jersey, 08628.

33.     Defendant Belkin International, Inc. ("Belkin", formerly Belkin Corporation) is a Delaware Corporation with its principal place of business at 12045 E. Waterfront Drive, Playa Vista, California 90094.

34.     Belkin is making, using, selling, importing, and/or offering for sale products that are compliant with one or more of 802.11(a), 802.11(e), 802.11(g), and 802.11(n) wireless LAN standards ("Belkin WLAN-compliant products") in or into the United States.

35.     Belkin is doing business in the United States and, more particularly, in the Eastern District of Texas by making, using, selling importing, and/or offering for sale the Belkin WLAN-compliant products including but not limited to Belkin's N series routers, N series adapters, and ScreenCast TV adapters that infringe the patent claims involved in this action or by transacting other business in this District.  Belkin may be served with process by serving its registered agent, National Registered Agents, Inc. at 2875 Michelle Drive, Suite 100, Irvine, California 92606.

## JURISDICTION AND VENUE

36.     This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

37.     Venue is proper in the Tyler Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

38.     This Court has personal jurisdiction over D-Link.  D-Link has conducted and does conduct business within the State of Texas.   D-Link, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises products that infringe the patent claims involved in this action in the United States, the State of Texas, and the Eastern District of Texas.  D-Link has purposefully and voluntarily placed one or more of its PCMCIA routers and D-Link WLAN-compliant products into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas.  The D-Link PCMCIA routers and WLAN-compliant products have been and continue to be purchased by consumers in the Eastern District of Texas.  D-Link has

committed the tort of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

39.     This Court has personal jurisdiction over Netgear.  Netgear has conducted and does conduct business within the State of Texas.  Netgear, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises products that infringe the patent claims involved in this action in the United States, the State of Texas, and the Eastern District of Texas.  Netgear has purposefully and voluntarily placed one or more of its PCMCIA routers and Netgear WLAN-compliant products into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas.  The Netgear PCMCIA routers and WLAN-compliant products have been and continue to be purchased by consumers in the Eastern District of Texas.  Netgear has committed the tort of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

40.     This Court has personal jurisdiction over Acer.  Acer has conducted and does conduct business within the State of Texas.  Acer, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises products that infringe the patent claims involved in this action in the United States, the State of Texas, and the Eastern District of Texas.  Acer has purposefully and voluntarily placed one or more of its Acer WLAN-compliant products and personal computers including physical wireless enablement switches into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas.  The Acer WLAN-compliant products and personal computers including physical wireless enablement switches have been and continue to be purchased by consumers in the Eastern District of Texas.  Acer has committed the tort of patent

infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

41.     This Court has personal jurisdiction over Gateway.  Gateway has conducted and does conduct business within the State of Texas.  Gateway, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises products that infringe the patent claims involved in this action in the United States, the State of Texas, and the Eastern District of Texas.  Gateway has purposefully and voluntarily placed one or more of its Gateway WLAN-compliant products and personal computers including physical wireless enablement switches into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas.  The Gateway WLAN-compliant products and personal computers including physical wireless enablement switches have been and continue to be purchased by consumers in the Eastern District of Texas.  Gateway has committed the tort of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

42.     This Court has personal jurisdiction over Dell.  Dell has conducted and does conduct business within the State of Texas.  Dell, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises products that infringe the patent claims involved in this action in the United States, the State of Texas, and the Eastern District of Texas.  Dell has purposefully and voluntarily placed one or more of its Dell WLAN-compliant products and personal computers including physical wireless enablement switches into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas.  The Dell WLAN-compliant products and personal computers including physical wireless enablement switches have been and continue to be purchased by consumers in the Eastern District of Texas.  Dell has committed the tort of patent

infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

43.     This Court has personal jurisdiction over Toshiba.  Toshiba has conducted and does conduct business within the State of Texas.  Toshiba, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises products that infringe the patent claims involved in this action in the United States, the State of Texas, and the Eastern District of Texas.  Toshiba has purposefully and voluntarily placed one or more of its Toshiba WLAN-compliant products and personal computers including physical wireless enablement switches into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas.  The Toshiba WLAN-compliant products and personal computers including physical wireless enablement switches have been and continue to be purchased by consumers in the Eastern District of Texas.  Toshiba has committed the tort of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

44.     This Court has personal jurisdiction over Belkin.  Belkin has conducted and does conduct business within the State of Texas.  Belkin, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises products that infringe the patent claims involved in this action in the United States, the State of Texas, and the Eastern District of Texas.  Belkin has purposefully and voluntarily placed one or more of its Belkin WLAN-compliant products into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas.  The Belkin WLAN-compliant products have been and continue to be purchased by consumers in the Eastern District of Texas.  Belkin has committed the tort of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

## <u>GENERAL ALLEGATIONS</u>

45.     On June 23, 1998, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 5,771,468 ("the '468 Patent"), entitled "Multi-Purpose Base Station," to Per Stein.  Telefonaktiebolaget LM Ericsson is the owner by assignment of the '468 Patent.

46.     On August 4, 1998, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 5,790,516 ("the '516 Patent"), entitled "Pulse Shaping for a Data Transmission in an Orthogonal Frequency Division Multiplexed System," to Perols Leif Mikael Gudmundson, Lars Gustav Brismark, and Per-Olof Anderson.  Telefonaktiebolaget LM Ericsson is the owner by assignment of the '516 Patent.

47.     On November 16, 1999, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 5,987,019 ("the '019 Patent"), entitled "Multi-Rate Radiocommunication Systems and Terminals," to Alex Krister Raith, James Ragsdale, and John Diachina. Telefonaktiebolaget LM Ericsson is the owner by assignment of the '019 Patent.

48.     On December 11, 2001, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,330,435 ("the '435 Patent"), entitled "Data Packet Discard Notification," to Tawfik Lazraq and Farooq Khan.  Telefonaktiebolaget LM Ericsson is the owner by assignment of the '435 Patent.

49.     On July 23, 2002, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,424,625 ("the '625 Patent"), entitled "Method and Apparatus for Discarding Packets in a Data Network Having Automatic Repeat Request," to Peter Larsson and Mikael Larsson.  Telefonaktiebolaget LM Ericsson is the owner by assignment of the '625 Patent.

50.     On October 15, 2002, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,466,568 ("the '568 Patent"), entitled "Multi-Rate Radiocommunication

Systems and Terminals," to Alex Krister Raith, James Ragsdale, and John Diachina. Telefonaktiebolaget LM Ericsson is the owner by assignment of the '568 Patent.

51.     On February 11, 2003, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,519,223 ("the '223 Patent"), entitled "System and Method for Implementing a Semi Reliable Retransmission Protocol," to Stefan Henrik Andreas Wager and Reiner Ludwig.  Telefonaktiebolaget LM Ericsson is the owner by assignment of the '223 Patent.

52.     On August 3, 2004, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,772,215 ("the '215 Patent"), entitled "Method for Minimizing Feedback Responses in ARQ Protocols," to Bela Rathonyi, Joachim Sachs, Michael Meyer, Per Beming, Mathias Johansson, Christiaan Roobol, Erik Schon, and Kazuhiko Inoue.  Telefonaktiebolaget LM Ericsson is the owner by assignment of the '215 Patent.

53.     On January 9, 2001, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,173,352 ("the '352 Patent"), entitled "Mobile Computer Mounted Apparatus for Controlling Enablement and Indicating Operational Status of a Wireless Communication Device Associated with the Mobile Computer," to Billy Gayle Moon.  Ericsson Inc. is the owner by assignment of the '352 Patent.

54.     Ericsson is the owner of all rights, title, and interest in and to the '516 Patent, '019 Patent, '435 Patent, '625 Patent, '568 Patent, '223 Patent, and '215 Patent ("the Ericsson WLAN Patents").  Ericsson is also the owner of all rights, title, and interest in and to the '468 and '352 Patents.   Ericsson possesses all rights to sue and recover for past and future infringement.

55.     Each of the Ericsson WLAN Patents, the '468 Patent, and the '352 Patent are valid and enforceable.

56.     Defendants have infringed, and continue to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and apparatuses of the Ericsson WLAN Patents through the IEEE 802.11-compliant products they make, use, import, export, sell, and/or offer for sale.   D-Link and Netgear have infringed, and continue to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and apparatuses of the '468 Patent through the PCMCIA routers they make, use, import, export, sell, and/or offer for sale.   Acer, Gateway, Dell, and Toshiba have infringed, and continue to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and apparatuses of the '352 Patent through personal computers including physical wireless enablement switches they make, use, import, export, sell, and/or offer for sale.

57.     Defendants are aware of several of the Ericsson WLAN Patents, have knowledge of the infringing nature of their activities, have nevertheless continued their infringing activities, and their infringing activities have been and continue to be willful.   D-Link was previously provided written and verbal notice of the '516 Patent, '435 Patent, '625 Patent, and '223 Patent, as well as D-Link's infringement of each such patent.   Netgear was previously provided written and verbal notice of the '019 Patent, the '568 Patent, the '625 Patent, the '223 Patent, the '435 Patent, the '215 Patent, and the '516 Patent, as well as Netgear's infringement of each such patent.   Acer and Gateway were previously provided written and verbal notice of the '625 Patent, the '223 Patent, the '435 Patent, the '215 Patent, the '019 Patent, and the '568 Patent, as well as Acer's and Gateway's infringement of each such patent.   Dell was previously provided written and verbal notice of the '516 Patent, the '625 Patent, the '223 Patent, the '435 Patent, the '215 Patent, the '019 Patent, and the '568 Patent, as well as Dell's infringement of each such patent. Toshiba was previously provided written and verbal notice of the '516 Patent, the '625 Patent, the '223 Patent, the '435 Patent, the '215 Patent, the '019 Patent, the '568 Patent, the '352 Patent

as well as Toshiba's infringement of each such patent.  Belkin was previously provided written and verbal notice of the '625 Patent, the '223 Patent, the '435 Patent, the '215 Patent, the '019 Patent, and the '568 Patent, as well as Belkin's infringement of each such patent.

58.     Ericsson has been damaged as a result of Defendants' infringing conduct. Defendants are, therefore, liable to Ericsson in an amount that adequately compensates Ericsson for Defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

<u>COUNT I</u>

**Infringement of the '468 Patent**

59.     Ericsson repeats and realleges the allegations in paragraphs 1-58 as though fully set forth herein.

60.     D-Link has been and is now directly infringing the '468 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting D-Link PCMCIA routers that practice or embody one or more claims of the '468 Patent.  For example, D-Link's DIR-450 and DIR-451 products, wireless routers with PCMCIA card slots, embody Claim 1 of the '468 Patent.  D-Link also has been and is now contributing to and/or inducing others, such as end users of such D-Link PCMCIA routers, to directly infringe one or more claims of the '468 Patent.  D-Link's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

61.     Netgear has been and is now directly infringing the '468 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting Netgear PCMCIA routers that practice or embody one or more claims of the '468 Patent.  For example, Netgear's MBR814XUC product, a wireless router with a PCMCIA card slot, embodies Claim 1 of the '468 Patent.  Netgear also has been and is now contributing to and/or inducing others, such as

end users of such Netgear PCMCIA routers, to directly infringe one or more claims of the '468 Patent.  Netgear's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

62.     D-Link and Netgear's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Ericsson and its affiliates for which there is no adequate remedy at law.  Unless enjoined by this Court, D-Link and Netgear will continue to infringe the '468 Patent.

## COUNT II

### Infringement of the '516 Patent

63.     Ericsson repeats and realleges the allegations in paragraphs 1-62 as though fully set forth herein.

64.     D-Link has been and is now directly infringing the '516 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the D-Link WLAN-compliant products that practice or embody one or more claims of the '516 Patent.  For example, the D-Link WLAN-compliant products supporting pulseshaping of OFDM signals practice or embody Claims 1 and 16 of the '516 Patent.  D-Link also has been and is now contributing to and/or inducing others, such as end users of such D-Link WLAN-compliant products, to directly infringe one or more claims of the '516 Patent.  D-Link's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

65.     Netgear has been and is now directly infringing the '516 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting Netgear WLAN-compliant products that practice or embody one or more claims of the '516 Patent.  For example, the Netgear WLAN-compliant products supporting pulseshaping of OFDM signals practice or embody Claims 1 and 16 of the '516 Patent.  Netgear also has been and is now contributing to

and/or inducing others, such as end users of such Netgear WLAN-compliant products, to directly infringe one or more claims of the '516 Patent.  Netgear's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

66.    Acer has been and is now directly infringing the '516 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Acer WLAN-compliant products that practice or embody one or more claims of the '516 Patent.  For example, the Acer WLAN-compliant products supporting pulseshaping of OFDM signals practice or embody Claims 1 and 16 of the '516 Patent.  Acer also has been and is now contributing to and/or inducing others, such as end users of such Acer WLAN-compliant products, to directly infringe one or more claims of the '516 Patent.  Acer's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

67.    Gateway has been and is now directly infringing the '516 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Gateway WLAN-compliant products that practice or embody one or more claims of the '516 Patent.  For example, the Gateway WLAN-compliant products supporting pulseshaping of OFDM signals practice or embody Claims 1 and 16 of the '516 Patent.  Gateway also has been and is now contributing to and/or inducing others, such as end users of such Gateway WLAN-compliant products, to directly infringe one or more claims of the '516 Patent.  Gateway's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

68.    Dell has been and is now directly infringing the '516 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Dell WLAN-compliant products that practice or embody one or more claims of the '516 Patent.  For example, the Dell WLAN-compliant products supporting pulseshaping of OFDM signals practice or embody Claims 1 and 16 of the '516 Patent.  Dell also has been and is now contributing to and/or

inducing others, such as end users of such Dell WLAN-compliant products, to directly infringe one or more claims of the '516 Patent.  Dell's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

69.     Toshiba has been and is now directly infringing the '516 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Toshiba WLAN-compliant products that practice or embody one or more claims of the '516 Patent.  For example, the Toshiba WLAN-compliant products supporting pulseshaping of OFDM signals practice or embody Claims 1 and 16 of the '516 Patent.  Toshiba also has been and is now contributing to and/or inducing others, such as end users of such Toshiba WLAN-compliant products, to directly infringe one or more claims of the '516 Patent.  Toshiba's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

70.     Belkin has been and is now directly infringing the '516 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Belkin WLAN-compliant products that practice or embody one or more claims of the '516 Patent.  For example, the Belkin WLAN-compliant products supporting pulseshaping of OFDM signals practice or embody Claims 1 and 16 of the '516 Patent.  Belkin also has been and is now contributing to and/or inducing others, such as end users of such Belkin WLAN-compliant products, to directly infringe one or more claims of the '516 Patent.  Belkin's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

71.     Defendants' acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Ericsson and its affiliates for which there is no adequate remedy at law.  Unless enjoined by this Court, Defendants will continue to infringe the '516 Patent.

## COUNT III

### Infringement of the '019 Patent

72.     Ericsson repeats and realleges the allegations in paragraphs 1-71 as though fully set forth herein.

73.     D-Link has been and is now directly infringing the '019 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the D-Link WLAN-compliant products that practice or embody one or more claims of the '019 Patent.  For example, the D-Link WLAN-compliant products supporting Quality of Service operation practice or embody Claim 19 of the '019 Patent.  D-Link also has been and is now contributing to and/or inducing others, such as end users of such D-Link WLAN-compliant products, to directly infringe one or more claims of the '019 Patent.  D-Link's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

74.     Netgear has been and is now directly infringing the '019 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Netgear WLAN-compliant products that practice or embody one or more claims of the '019 Patent.  For example, the Netgear WLAN-compliant products supporting Quality of Service operation practice or embody Claim 19 of the '019 Patent.  Netgear also has been and is now contributing to and/or inducing others, such as end users of such Netgear WLAN-compliant products, to directly infringe one or more claims of the '019 Patent.  Netgear's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

75.     Acer has been and is now directly infringing the '019 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Acer WLAN-compliant products that practice or embody one or more claims of the '019 Patent.  For example, the Acer WLAN-compliant products supporting Quality of Service operation practice or embody

Claim 19 of the '019 Patent.  Acer also has been and is now contributing to and/or inducing others, such as end users of such Acer WLAN-compliant products, to directly infringe one or more claims of the '019 Patent.  Acer's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

76.     Gateway has been and is now directly infringing the '019 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Gateway WLAN-compliant products that practice or embody one or more claims of the '019 Patent.  For example, the Gateway WLAN-compliant products supporting Quality of Service operation practice or embody Claim 19 of the '019 Patent.  Gateway also has been and is now contributing to and/or inducing others, such as end users of such Gateway WLAN-compliant products, to directly infringe one or more claims of the '019 Patent.  Gateway's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

77.     Dell has been and is now directly infringing the '019 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Dell WLAN-compliant products that practice or embody one or more claims of the '019 Patent.  For example, the Dell WLAN-compliant products supporting Quality of Service operation practice or embody Claim 19 of the '019 Patent.  Dell also has been and is now contributing to and/or inducing others, such as end users of such Dell WLAN-compliant products, to directly infringe one or more claims of the '019 Patent.  Dell's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

78.     Toshiba has been and is now directly infringing the '019 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Toshiba WLAN-compliant products that practice or embody one or more claims of the '019 Patent.  For example, the Toshiba WLAN-compliant products supporting Quality of Service operation practice or

embody Claim 19 of the '019 Patent.  Toshiba also has been and is now contributing to and/or inducing others, such as end users of such Toshiba WLAN-compliant products, to directly infringe one or more claims of the '019 Patent.  Toshiba's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

79.     Belkin has been and is now directly infringing the '019 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Belkin WLAN-compliant products that practice or embody one or more claims of the '019 Patent.  For example, the Belkin WLAN-compliant products supporting Quality of Service operation practice or embody Claim 19 of the '019 Patent.  Belkin also has been and is now contributing to and/or inducing others, such as end users of such Belkin WLAN-compliant products, to directly infringe one or more claims of the '019 Patent.  Belkin's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

80.     Defendants' acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Ericsson and its affiliates for which there is no adequate remedy at law.  Unless enjoined by this Court, Defendants will continue to infringe the '019 Patent.

## COUNT IV

### Infringement of the '435 Patent

81.     Ericsson repeats and realleges the allegations in paragraphs 1-80 as though fully set forth herein.

82.     D-Link has been and is now directly infringing the '435 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the D-Link WLAN-compliant products that practice or embody one or more claims of the '435 Patent.  For example, the D-Link WLAN-compliant products or other products supporting Block Acknowledgement

Request operation practice or embody Claim 1 of the '435 Patent.  D-Link also has been and is now contributing to and/or inducing others, such as end users of such D-Link WLAN-compliant products, to directly infringe one or more claims of the '435 Patent.  D-Link's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

83.     Netgear has been and is now directly infringing the '435 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Netgear WLAN-compliant products that practice or embody one or more claims of the '435 Patent.  For example, the Netgear WLAN-compliant products or other products supporting Block Acknowledgement Request operation practice or embody Claim 1 of the '435 Patent.  Netgear also has been and is now contributing to and/or inducing others, such as end users of such Netgear WLAN-compliant products, to directly infringe one or more claims of the '435 Patent.  Netgear's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

84.     Acer has been and is now directly infringing the '435 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Acer WLAN-compliant products that practice or embody one or more claims of the '435 Patent.  For example, the Acer WLAN-compliant products or other products supporting Block Acknowledgement Request operation practice or embody Claim 1 of the '435 Patent.  Acer also has been and is now contributing to and/or inducing others, such as end users of such Acer WLAN-compliant products, to directly infringe one or more claims of the '435 Patent.  Acer's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

85.     Gateway has been and is now directly infringing the '435 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Gateway WLAN-compliant products that practice or embody one or more claims of the '435 Patent.  For example, the Gateway WLAN-compliant products or other products supporting Block

Acknowledgement Request operation practice or embody Claim 1 of the '435 Patent.  Gateway also has been and is now contributing to and/or inducing others, such as end users of such Gateway WLAN-compliant products, to directly infringe one or more claims of the '435 Patent.  Gateway's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

86.     Dell has been and is now directly infringing the '435 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Dell WLAN-compliant products that practice or embody one or more claims of the '435 Patent.  For example, the Dell WLAN-compliant products or other products supporting Block Acknowledgement Request operation practice or embody Claim 1 of the '435 Patent.  Dell also has been and is now contributing to and/or inducing others, such as end users of such Dell WLAN-compliant products, to directly infringe one or more claims of the '435 Patent.  Dell's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

87.     Toshiba has been and is now directly infringing the '435 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Toshiba WLAN-compliant products that practice or embody one or more claims of the '435 Patent.  For example, the Toshiba WLAN-compliant products or other products supporting Block Acknowledgement Request operation practice or embody Claim 1 of the '435 Patent.  Toshiba also has been and is now contributing to and/or inducing others, such as end users of such Toshiba WLAN-compliant products, to directly infringe one or more claims of the '435 Patent.  Toshiba's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

88.     Belkin has been and is now directly infringing the '435 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Belkin WLAN-compliant products that practice or embody one or more claims of the '435 Patent.  For example,

the Belkin WLAN-compliant products or other products supporting Block Acknowledgement Request operation practice or embody Claim 1 of the '435 Patent.  Belkin also has been and is now contributing to and/or inducing others, such as end users of such Belkin WLAN-compliant products, to directly infringe one or more claims of the '435 Patent.  Belkin's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

89.     Defendants' acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Ericsson and its affiliates for which there is no adequate remedy at law.  Unless enjoined by this Court, Defendants will continue to infringe the '435 Patent.

## COUNT V

### Infringement of the '625 Patent

90.     Ericsson repeats and realleges the allegations in paragraphs 1-89 as though fully set forth herein.

91.     D-Link has been and is now directly infringing the '625 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the D-Link WLAN-compliant products that practice or embody one or more claims of the '625 Patent.  For example, the D-Link WLAN-compliant products or other products supporting Block Acknowledgement operation practice or embody Claim 1 of the '625 Patent.  D-Link also has been and is now contributing to and/or inducing others, such as end users of such D-Link WLAN-compliant products, to directly infringe one or more claims of the '625 Patent.  D-Link's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

92.     Netgear has been and is now directly infringing the '625 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Netgear WLAN-compliant products that practice or embody one or more claims of the '625 Patent.  For example,

the Netgear WLAN-compliant products or other products supporting Block Acknowledgement operation practice or embody Claim 1 of the '625 Patent.  Netgear also has been and is now contributing to and/or inducing others, such as end users of such Netgear WLAN-compliant products, to directly infringe one or more claims of the '625 Patent.  Netgear's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

93.     Acer has been and is now directly infringing the '625 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Acer WLAN-compliant products that practice or embody one or more claims of the '625 Patent.  For example, the Acer WLAN-compliant products or other products supporting Block Acknowledgement operation practice or embody Claim 1 of the '625 Patent.  Acer also has been and is now contributing to and/or inducing others, such as end users of such Acer WLAN-compliant products, to directly infringe one or more claims of the '625 Patent.  Acer's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

94.     Gateway has been and is now directly infringing the '625 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Gateway WLAN-compliant products that practice or embody one or more claims of the '625 Patent.  For example, the Gateway WLAN-compliant products or other products supporting Block Acknowledgement operation practice or embody Claim 1 of the '625 Patent.  Gateway also has been and is now contributing to and/or inducing others, such as end users of such Gateway WLAN-compliant products, to directly infringe one or more claims of the '625 Patent.  Gateway's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

95.     Dell has been and is now directly infringing the '625 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Dell WLAN-

compliant products that practice or embody one or more claims of the '625 Patent.  For example, the Dell WLAN-compliant products or other products supporting Block Acknowledgement operation practice or embody Claim 1 of the '625 Patent.  Dell also has been and is now contributing to and/or inducing others, such as end users of such Dell WLAN-compliant products, to directly infringe one or more claims of the '625 Patent.  Dell's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

96.     Toshiba has been and is now directly infringing the '625 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Toshiba WLAN-compliant products that practice or embody one or more claims of the '625 Patent.  For example, the Toshiba WLAN-compliant products or other products supporting Block Acknowledgement operation practice or embody Claim 1 of the '625 Patent.  Toshiba also has been and is now contributing to and/or inducing others, such as end users of such Toshiba WLAN-compliant products, to directly infringe one or more claims of the '625 Patent.  Toshiba's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

97.     Belkin has been and is now directly infringing the '625 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Belkin WLAN-compliant products that practice or embody one or more claims of the '625 Patent.  For example, the Belkin WLAN-compliant products or other products supporting Block Acknowledgement operation practice or embody Claim 1 of the '625 Patent.  Belkin also has been and is now contributing to and/or inducing others, such as end users of such Belkin WLAN-compliant products, to directly infringe one or more claims of the '625 Patent.  Belkin's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

98.     Defendants' acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Ericsson and its affiliates for which there is no adequate

remedy at law.   Unless enjoined by this Court, Defendants will continue to infringe the '625 Patent.

## COUNT VI

### Infringement of the '568 Patent

99.     Ericsson repeats and realleges the allegations in paragraphs 1-98 as though fully set forth herein.

100.    D-Link has been and is now directly infringing the '568 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the D-Link WLAN-compliant products that practice or embody one or more claims of the '568 Patent.  For example, the D-Link WLAN-compliant products supporting Quality of Service operation practice or embody Claim 19 of the '568 Patent.  D-Link also has been and is now contributing to and/or inducing others, such as end users of such D-Link WLAN-compliant products, to directly infringe one or more claims of the '568 Patent.  D-Link's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

101.    Netgear has been and is now directly infringing the '568 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Netgear WLAN-compliant products that practice or embody one or more claims of the '568 Patent.  For example, the Netgear WLAN-compliant products supporting Quality of Service operation practice or embody Claim 19 of the '568 Patent.  Netgear also has been and is now contributing to and/or inducing others, such as end users of such Netgear WLAN-compliant products, to directly infringe one or more claims of the '568 Patent.  Netgear's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

102.    Acer has been and is now directly infringing the '568 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Acer WLAN-

compliant products that practice or embody one or more claims of the '568 Patent.  For example, the Acer WLAN-compliant products supporting Quality of Service operation practice or embody Claim 19 of the '568 Patent.  Acer also has been and is now contributing to and/or inducing others, such as end users of such Acer WLAN-compliant products, to directly infringe one or more claims of the '568 Patent.  Acer's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

103.    Gateway has been and is now directly infringing the '568 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Gateway WLAN-compliant products that practice or embody one or more claims of the '568 Patent.  For example, the Gateway WLAN-compliant products supporting Quality of Service operation practice or embody Claim 19 of the '568 Patent.  Gateway also has been and is now contributing to and/or inducing others, such as end users of such Gateway WLAN-compliant products, to directly infringe one or more claims of the '568 Patent.  Gateway's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

104.    Dell has been and is now directly infringing the '568 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Dell WLAN-compliant products that practice or embody one or more claims of the '568 Patent.  For example, the Dell WLAN-compliant products supporting Quality of Service operation practice or embody Claim 19 of the '568 Patent.  Dell also has been and is now contributing to and/or inducing others, such as end users of such Dell WLAN-compliant products, to directly infringe one or more claims of the '568 Patent.  Dell's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

105.    Toshiba has been and is now directly infringing the '568 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Toshiba WLAN-

compliant products that practice or embody one or more claims of the '568 Patent.  For example, the Toshiba WLAN-compliant products supporting Quality of Service operation practice or embody Claim 19 of the '568 Patent.  Toshiba also has been and is now contributing to and/or inducing others, such as end users of such Toshiba WLAN-compliant products, to directly infringe one or more claims of the '568 Patent.  Toshiba's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

106.    Belkin has been and is now directly infringing the '568 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Belkin WLAN-compliant products that practice or embody one or more claims of the '568 Patent.  For example, the Belkin WLAN-compliant products supporting Quality of Service operation practice or embody Claim 19 of the '568 Patent.  Belkin also has been and is now contributing to and/or inducing others, such as end users of such Belkin WLAN-compliant products, to directly infringe one or more claims of the '568 Patent.  Belkin's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

107.    Defendants' acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Ericsson and its affiliates for which there is no adequate remedy at law.  Unless enjoined by this Court, Defendants will continue to infringe the '568 Patent.

## COUNT VII

### Infringement of the '223 Patent

108.    Ericsson repeats and realleges the allegations in paragraphs 1-107 as though fully set forth herein.

109.    D-Link has been and is now directly infringing the '223 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the D-Link WLAN-

compliant products that practice or embody one or more claims of the '223 Patent.  For example, the D-Link WLAN-compliant products or other products supporting MSDU Lifetime timer operation practice or embody Claims 11 and 30 of the '223 Patent.  D-Link also has been and is now contributing to and/or inducing others, such as end users of such D-Link WLAN-compliant products, to directly infringe one or more claims of the '223 Patent.  D-Link's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

110.   Netgear has been and is now directly infringing the '223 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Netgear WLAN-compliant products that practice or embody one or more claims of the '223 Patent.  For example, the Netgear WLAN-compliant products or other products supporting MSDU Lifetime timer operation practice or embody Claims 11 and 30 of the '223 Patent.  Netgear also has been and is now contributing to and/or inducing others, such as end users of such Netgear WLAN-compliant products, to directly infringe one or more claims of the '223 Patent.  Netgear's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

111.   Acer has been and is now directly infringing the '223 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Acer WLAN-compliant products that practice or embody one or more claims of the '223 Patent.  For example, the Acer WLAN-compliant products or other products supporting MSDU Lifetime timer operation practice or embody Claims 11 and 30 of the '223 Patent.  Acer also has been and is now contributing to and/or inducing others, such as end users of such Acer WLAN-compliant products, to directly infringe one or more claims of the '223 Patent.  Acer's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

112.   Gateway has been and is now directly infringing the '223 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Gateway

WLAN-compliant products that practice or embody one or more claims of the '223 Patent.  For example, the Gateway WLAN-compliant products or other products supporting MSDU Lifetime timer operation practice or embody Claims 11 and 30 of the '223 Patent.  Gateway also has been and is now contributing to and/or inducing others, such as end users of such Gateway WLAN-compliant products, to directly infringe one or more claims of the '223 Patent.  Gateway's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

113.    Dell has been and is now directly infringing the '223 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Dell WLAN-compliant products that practice or embody one or more claims of the '223 Patent.  For example, the Dell WLAN-compliant products or other products supporting MSDU Lifetime timer operation practice or embody Claims 11 and 30 of the '223 Patent.  Dell also has been and is now contributing to and/or inducing others, such as end users of such Dell WLAN-compliant products, to directly infringe one or more claims of the '223 Patent.  Dell's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

114.    Toshiba has been and is now directly infringing the '223 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Toshiba WLAN-compliant products that practice or embody one or more claims of the '223 Patent.  For example, the Toshiba WLAN-compliant products or other products supporting MSDU Lifetime timer operation practice or embody Claims 11 and 30 of the '223 Patent.  Toshiba also has been and is now contributing to and/or inducing others, such as end users of such Toshiba WLAN-compliant products, to directly infringe one or more claims of the '223 Patent.  Toshiba's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

115.    Belkin has been and is now directly infringing the '223 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Belkin WLAN-compliant products that practice or embody one or more claims of the '223 Patent.  For example, the Belkin WLAN-compliant products or other products supporting MSDU Lifetime timer operation practice or embody Claims 11 and 30 of the '223 Patent.  Belkin also has been and is now contributing to and/or inducing others, such as end users of such Belkin WLAN-compliant products, to directly infringe one or more claims of the '223 Patent.  Belkin's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

116.    Defendants' acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Ericsson and its affiliates for which there is no adequate remedy at law.  Unless enjoined by this Court, Defendants will continue to infringe the '223 Patent.

## COUNT VIII

### Infringement of the '215 Patent

117.    Ericsson repeats and realleges the allegations in paragraphs 1-116 as though fully set forth herein.

118.    D-Link has been and is now directly infringing the '215 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the D-Link WLAN-compliant products that practice or embody one or more claims of the '215 Patent.  For example, the D-Link WLAN-compliant products or other products supporting Block Acknowledgement with compressed bitmap control field operation practice or embody Claims 1-4, 6, 8-9, and 14 of the '215 Patent.  D-Link also has been and is now contributing to and/or inducing others, such as end users of such D-Link WLAN-compliant products, to directly infringe one or more claims of

the '215 Patent.  D-Link's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

119.    Netgear has been and is now directly infringing the '215 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Netgear WLAN-compliant products that practice or embody one or more claims of the '215 Patent.  For example, the Netgear WLAN-compliant products or other products supporting Block Acknowledgement with compressed bitmap control field operation practice or embody Claims 1-4, 6, 8-9, and 14 of the '215 Patent.  Netgear also has been and is now contributing to and/or inducing others, such as end users of such Netgear WLAN-compliant products, to directly infringe one or more claims of the '215 Patent.  Netgear's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

120.    Acer has been and is now directly infringing the '215 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Acer WLAN-compliant products that practice or embody one or more claims of the '215 Patent.  For example, the Acer WLAN-compliant products or other products supporting Block Acknowledgement with compressed bitmap control field operation practice or embody Claims 1-4, 6, 8-9, and 14 of the '215 Patent.  Acer also has been and is now contributing to and/or inducing others, such as end users of such Acer WLAN-compliant products, to directly infringe one or more claims of the '215 Patent.  Acer's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

121.    Gateway has been and is now directly infringing the '215 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Gateway WLAN-compliant products that practice or embody one or more claims of the '215 Patent.  For example, the Gateway WLAN-compliant products or other products supporting Block

Acknowledgement with compressed bitmap control field operation practice or embody Claims 1-4, 6, 8-9, and 14 of the '215 Patent.  Gateway also has been and is now contributing to and/or inducing others, such as end users of such Gateway WLAN-compliant products, to directly infringe one or more claims of the '215 Patent.  Gateway's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

122.    Dell has been and is now directly infringing the '215 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Dell WLAN-compliant products that practice or embody one or more claims of the '215 Patent.  For example, the Dell WLAN-compliant products or other products supporting Block Acknowledgement with compressed bitmap control field operation practice or embody Claims 1-4, 6, 8-9, and 14 of the '215 Patent.  Dell also has been and is now contributing to and/or inducing others, such as end users of such Dell WLAN-compliant products, to directly infringe one or more claims of the '215 Patent.  Dell's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

123.    Toshiba has been and is now directly infringing the '215 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Toshiba WLAN-compliant products that practice or embody one or more claims of the '215 Patent.  For example, the Toshiba WLAN-compliant products or other products supporting Block Acknowledgement with compressed bitmap control field operation practice or embody Claims 1-4, 6, 8-9, and 14 of the '215 Patent.  Toshiba also has been and is now contributing to and/or inducing others, such as end users of such Toshiba WLAN-compliant products, to directly infringe one or more claims of the '215 Patent.  Toshiba's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

124.     Belkin has been and is now directly infringing the '215 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Belkin WLAN-compliant products that practice or embody one or more claims of the '215 Patent.  For example, the Belkin WLAN-compliant products or other products supporting Block Acknowledgement with compressed bitmap control field operation practice or embody Claims 1-4, 6, 8-9, and 14 of the '215 Patent.  Belkin also has been and is now contributing to and/or inducing others, such as end users of such Belkin WLAN-compliant products, to directly infringe one or more claims of the '215 Patent.  Belkin's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

125.     Defendants' acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Ericsson and its affiliates for which there is no adequate remedy at law.  Unless enjoined by this Court, Defendants will continue to infringe the '215 Patent.

## COUNT IX

### Infringement of the '352 Patent

126.     Ericsson repeats and realleges the allegations in paragraphs 1-125 as though fully set forth herein.

127.     Acer has been and is now directly infringing the '352 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting Acer products that practice or embody one or more claims of the '352 Patent.  For example, Acer's personal computers including physical wireless enablement switches, such as Acer's Ferrari 4000 Series products, embody Claim 6 of the '352 Patent.  Acer also has been and is now contributing to and/or inducing others, such as end users of such Acer products, to directly infringe one or more

claims of the '352 Patent.  Acer's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

128.   Gateway has been and is now directly infringing the '352 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting Gateway products that practice or embody one or more claims of the '352 Patent.  For example, Gateway's personal computers including physical wireless enablement switches, such as Gateway's P-17, P-63, and P-68 Series products, embody Claim 6 of the '352 Patent.  Gateway also has been and is now contributing to and/or inducing others, such as end users of such Gateway products, to directly infringe one or more claims of the '352 Patent.  Gateway's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

129.   Dell has been and is now directly infringing the '352 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting Dell products that practice or embody one or more claims of the '352 Patent.  For example, Dell's personal computers including physical wireless enablement switches, such as Dell's Latitude, Vostro, Inspiron, Studio, XPS, Studio XPS, Precision, and Alienware series products, embody Claim 6 of the '352 Patent.  Dell also has been and is now contributing to and/or inducing others, such as end users of such Dell products, to directly infringe one or more claims of the '352 Patent.  Dell's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

130.   Toshiba has been and is now directly infringing the '352 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting Toshiba's products that practice or embody one or more claims of the '352 Patent.  For example, Toshiba's personal computers including physical wireless enablement switches, such as Toshiba's Satellite, Qosmio Portege, Satellite Pro, and Tecra series products, embody Claim 6 of the '352 Patent.  Toshiba

also has been and is now contributing to and/or inducing others, such as end users of such Toshiba products, to directly infringe one or more claims of the '352 Patent.  Toshiba's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

131.    Acer, Gateway, Dell, and Toshiba's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Ericsson and its affiliates for which there is no adequate remedy at law.  Unless enjoined by this Court, Acer, Gateway, Dell, and Toshiba will continue to infringe the '352 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Ericsson requests the following relief:

132.    that Defendants and their parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be enjoined from making, importing, using, offering for sale, selling, or causing to be sold any product or service falling within the scope of any claim of the Ericsson WLAN Patents, or otherwise infringing or contributing to or inducing infringement of any claim of the Ericsson WLAN Patents;

133.    that D-Link and Netgear and their parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be enjoined from making, importing, using, offering for sale, selling, or causing to be sold any product or service falling within the scope of any claim of the '468 Patent, or otherwise infringing or contributing to or inducing infringement of any claim of the '468 Patent;

134.    that Acer, Gateway, Dell, and Toshiba and their parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be enjoined from making, importing,

using, offering for sale, selling, or causing to be sold any product or service falling within the scope of any claim of the '352 Patent, or otherwise infringing or contributing to or inducing infringement of any claim of the '352 Patent;

135.    a finding that Defendants have directly infringed, and/or indirectly infringed by way of inducement and/or contributory infringement, the Ericsson WLAN Patents;

136.    a finding that D-Link and Netgear have directly infringed, and/or indirectly infringed by way of inducement and/or contributory infringement, the '468 Patent;

137.    a finding that Acer, Gateway, Dell, and Toshiba have directly infringed, and/or indirectly infringed by way of inducement and/or contributory infringement, the '352 Patent;

138.    that Ericsson be awarded its actual damages;

139.    that Ericsson be awarded enhanced damages pursuant to 35 U.S.C. § 284;

140.    that Ericsson be awarded pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

141.    that the Court order an accounting for damages;

142.    that the Court declare this to be an exceptional case pursuant to 35 U.S.C. § 285 and award Ericsson its attorneys' fees;

143.    alternatively, that the Court award a compulsory future royalty, in the event that an injunction does not issue;

144.    that Ericsson be awarded costs of court; and

145.    that Ericsson be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Ericsson demands a trial by jury on all issues triable of right by a jury.

Dated:  June 8, 2011

Respectfully submitted,

**MCKOOL SMITH, P.C.**

By:  */s/ Theodore Stevenson III*
Theodore Stevenson III
Lead Attorney
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Bradley W. Caldwell
Texas State Bar No. 24040630
bcaldwell@mckoolsmith.com
Ashley N. Moore
Texas State Bar No. 24074748
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile:  (903) 923-9099

**ATTORNEYS FOR PLAINTIFFS
ERICSSON INC. and
TELEFONAKTIEBOLAGET  LM
ERICSSON**

## CERTIFICATE OF SERVICE

The foregoing document was served upon counsel for all parties who have consented to service via the Court's ECF System on June 8, 2011.


/s/ Justin Nemunaitis