**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **ERICSSON INC. et al.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 6:10-CV-473** |
| | § | |
| **D-LINK CORPORATION, et al.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

**AGREED PROTECTIVE ORDER**

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over the confidentiality of discovery materials, to adequately protect the parties' confidential information, to ensure that only materials that are confidential are treated as such, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby **ORDERED THAT**:

**MATERIAL DESIGNATED AS "CONFIDENTIAL"[1]**

1.     A Producing Party may designate material as "**CONFIDENTIAL**" information if the Producing Party considers the material to contain or reflect non-public: trade secrets, research, development, or commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons.  Unless otherwise ordered by the Court, Discovery Material designated as "**CONFIDENTIAL**" may be disclosed only to the following:

(a)     The Receiving Party's Outside Counsel;

---

[1] The headings as provided herein are included as convenient references only.

(b)    Outside Counsel's paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(c)    Employees of Parties having responsibility for supervising this action;

(d)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (i) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (ii) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 9 below;

(e)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(f)    The Court, jury, and court personnel;

(g)    Graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(h)    Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Confidential Information and to keep any information concerning Protected Material confidential;

(i)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(j)    Any other person with the prior written consent of the Producing Party.

AGREED PROTECTIVE ORDER
Page 2

## MATERIAL DESIGNATED
## "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY"

2.      A Producing Party may designate material as **"CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY"** if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.   The Parties agree that the following information, if non-public, shall be presumed to merit the **"CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY"** designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.   Unless otherwise ordered by the Court, Discovery Material designated as **"CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY"** may be disclosed only to:

(a)      The Receiving Party's Outside Counsel;

(b)      Outside Counsel's paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(c)      Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (i) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (ii) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 9 below;

(d)      Court reporters, stenographers and videographers retained to record testimony taken in this action;

(e)     The Court, jury, and court personnel;

(f)     Graphics, translation, design, and/or trial consulting services, etc., having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(g)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(h)     Any other person with the prior written consent of the Producing Party.

## DEPOSITION TESTIMONY AND TRANSCRIPTS

3.     Any Party may designate as "**CONFIDENTIAL**" or "**CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY**" documents or information that is disclosed at a deposition by indicating on the record at the deposition that the testimony is "**CONFIDENTIAL**" or "**CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY**" and is subject to the provisions of this Protective Order. Any Party may also designate documents or information as "**CONFIDENTIAL**" or "**CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY**" by notifying the court reporter and all of the parties, in writing within seven (7) days after receipt of the final deposition transcript, of the specific pages and lines of the final transcript that should be treated thereafter as "**CONFIDENTIAL**" or "**CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY.**" Each Party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his/her possession, custody, or control. All deposition transcripts shall be treated as "**CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY**" for at least a period of seven (7) days after receipt of the final transcript unless otherwise designated ahead of such time period.

## MATERIAL DESIGNATED AS "SOURCE CODE"

4.      A Producing Party may designate material as "**SOURCE CODE**" if it comprises or includes confidential, proprietary, and/or trade secret source code.  Unless otherwise ordered by the Court, Discovery Material designated as "**SOURCE CODE**" shall be subject to the review provisions set forth in Paragraph 5 below, and may be disclosed, subject to Paragraphs 12-14, 16-17 below, solely to:

(a)      The Receiving Party's Outside Counsel;

(b)      Outside Counsel's paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(c)      Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (i) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (ii) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 6 below.

(d)      Court reporters, stenographers and videographers retained to record testimony taken in this action;

(e)      The Court, jury, and court personnel;

(f)      Graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(g)      Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(h)      Any other person with the prior written consent of the Producing Party.

## <u>REVIEW OF SOFTWARE CODE</u>

5.      Access to the machine-readable version of code may be permitted only to those persons authorized to receive **SOURCE CODE** (as defined in paragraph 4) and subject to the **PROSECUTION BAR** in Paragraph 8, and only on "stand-alone" computers (that is, computers not connected to a network, internet or peripheral device, except that the stand-alone computers may be connected to a printer or printers) at the offices of the producing party's counsel, the facilities of the producing party, or another mutually agreeable location, to be made available during regular business hours (9:00 a.m. to 6:00 p.m. local time) on three 3 business days notice until the close of expert discovery in this action, subject to the requirements of Paragraph 9.  A Producing Party will meet and confer with the Receiving Party regarding accommodating reasonable requests for access to such secure locations on Saturdays and Sundays, and access during weekdays past 6:00 p.m. local time with sufficient lead time. Two stand-alone computers, as defined above, must be provided at the offices of the producing party's counsel, the facilities of the producing party, or the mutually agreeable location for review of source code.  No recording devices (e.g., cell phones, cameras) shall be permitted inside the source code review room.  The Producing Party must secure the source code reviewer's cell phone and other personal effects not allowed in the source code computer room and the Producing Party must also provide a room in which the source code reviewer can talk on his cell phone in private.

(a) At the pretrial conference in this case, a party may ask the Court for access to the source code under the same conditions and with the same limitations and restrictions as provided in this Paragraph 5 herein in Tyler, Texas one week prior to the beginning of trial and continuing through the end of trial.  However, there is no agreement, stipulation or obligation for the parties

to address this issue at the pretrial conference, or to grant access to the source code beyond the expert discovery period absent an order from the Court.

(b)      The parties must produce code in computer-searchable format in its native format and in a file structure that mirrors the file structure of the **SOURCE CODE** as maintained by the Producing Party.  If requested by the Receiving Party, the producing party shall install tools reasonably necessary to review the source code on the Source Code Computers including, but not limited to: Grep, Understand C, Visual Slick Edit, Source-Navigator, PowerGrep and/or ExamDiff Pro.  Licensed copies of agreed upon tool software shall be paid for or provided by the Receiving Party.  If the Producing Party does not possess an appropriate license to any such software tools, then, if the Requesting Party desires to use such software tools it will provide the Producing Party with a licensed copy of such software tools, and the Producing Party shall install such software tools on the source code computers.  The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least five (5) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computers.

(c)      The Producing Party must allow printing of limited aspects of code that are reasonably related to this case at the time of inspection by the requesting party.  At the election of the Producing Party, the Requesting Party, upon completing an inspection, may take away copies of the printed code printed on yellow, pre-Bates numbered paper to be provided by the Producing Party (as discussed below), or alternatively, the Producing Party may provide yellow paper copies of the requested code within two (2) business days of a request for copies following a code review.  Outside Counsel for the Producing Party shall keep the originals of the printed code.  The Producing Party must provide yellow, pre-Bates-labeled, pre-**SOURCE CODE**

labeled paper for printing source code.  The party receiving paper copies of such code must keep that code in a secured container or location at all times.  Subject to the foregoing, the Receiving Party may make three copies (on yellow paper) of printed source code.  The Receiving Party must keep printed source code in a secured container unless in a secured, private area.  Attorneys may make copies of the paper copies of code for use as exhibits in court proceedings, expert reports, and at depositions and trial.  Furthermore, the parties will also exchange (by hand delivery) copies of the paper copies of code used as exhibits for court proceedings, expert reports, and at depositions, when so used.  Any additional copies will be treated the same as the original print-outs.  No electronic copies of the source code shall be made by the receiving party except for in connection with (i) filing (under seal) and service of papers, motions, and pleadings; (ii) expert reports; and (iii) a hearing or trial in this matter.  The Requesting Party must maintain a complete log of bates numbered pages printed, and must produce such log at the time its burden expert reports are served, regardless of the restrictions on expert discovery provided below.  The log must be supplemented with each new expert report and within 10 days after trial.  For security purposes, a copy of the log must be produced to the producing party at the time its burden expert reports are served.

(d)     Paper copies of code must include bates number and confidentiality labels when printed, but the Producing Party may not undertake any effort to track or otherwise determine which pages of code have been printed. The Producing Party may not videotape or otherwise monitor review of code by the Requesting Party.  However, Counsel for the Producing Party may visually monitor the Receiving Party's review of source code, but only to ensure that there is no unauthorized recording, copying or transmission of the code.

AGREED PROTECTIVE ORDER
Page 8

(e)     Within sixty (60) days after the issuance of a final, non-appealable decision resolving all issues in the case, the Receiving Party must either serve upon the Producing Party, or certify the destruction of, all paper copies of the Producing Party's source code as well as documents, pleadings, reports, and notes reflecting or referring to such source code.

(f)     Access to and review of source code shall be strictly for the purpose of investigating the claims and defenses at issue in the above-styled case.  No person shall review or analyze source code for purposes unrelated to this case.

(g)     Nothing herein shall be deemed a waiver of a Party's right to object to the production of source code.  Absent a subsequent and specific court order, nothing herein shall obligate a Party to breach any agreement with a third party relating to such source code.

(h)     Non-parties who may have relevant source code may have different requirements for and objections to producing source code.  Nothing in this Agreed Protective Order shall affect or be deemed a waiver of any non-party's right to object to the production of source code or to object to the manner of any such production.  The existing parties to this litigation who have negotiated this Agreed Protective Order acknowledge that this Agreed Protective Order may need to be amended or supplemented to accommodate such non-parties' requirements and/or objections.

## MAKING OF CONFIDENTIALITY DESIGNATIONS

6.     The designation of documents, discovery responses, or other tangible materials (other than depositions or other pre-trial testimony) shall be made by the Designating Party by conspicuously affixing (physically or electronically) the legend "**CONFIDENTIAL,**" "**CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY,**" or "**SOURCE CODE**" on each page containing information to which the designation applies (or in the case of computer

medium on the medium label and/or cover). To the extent practical, the legend shall be placed near the Bates number identifying the document. If a document has more than one designation, the more restrictive or higher designation applies.  Further, in the case of electronic documents, a party may provide a confidentiality designation by appending or pre-pending a confidentiality designation onto the filename of the electronic documents.

7.      The term "Designated Materials" shall be used to refer to any documents, discovery responses, or other materials designated with one of the following legends: "**CONFIDENTIAL**," "**CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY,**" or "**SOURCE CODE**." All Designated Materials that are not reduced to documentary, tangible, or physical form or that cannot be conveniently designated in the manner set forth above shall be designated by the Designating Party by informing the Receiving Party in writing.

## PROSECUTION BAR

8.      Any document designated as **CONFIDENTIAL**, **CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY**, or **SOURCE CODE**, is automatically designated as subject to a **PROSECUTION BAR**.   Any person who reviews a document designated subject to a **PROSECUTION BAR** may not participate, directly or indirectly, in the drafting, preparation, or amending of any patent claim on behalf of any named party to this action relating to any method, system, or apparatus for the manipulation, either separately or jointly, of wireless signal processing directed to the claimed subject matter of the patents-in-suit from the time of receipt of such information through and including one (1) year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action or (2) year after the person ceases to represent a party in this action, whichever occurs first.  In addition to and notwithstanding the preceding sentence, any person subject to the

**PROSECUTION BAR** shall not draft or assist in the drafting of any claim or amendment to any claim of the patents-in-suit pursuant to a re-examination proceeding for a period ending one (1) year after the final resolution of this litigation (including any appeals).  Outside Counsel or experts qualified by this Protective Order who have seen or reviewed the contents of **CONFIDENTIAL**, **CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY**, or **SOURCE CODE** materials are permitted to review communications from the United States Patent & Trademark Office regarding a reexamination proceeding, to discuss claim interpretation issues or ways of distinguishing claims in any such reexamination from any cited prior art, including with reexamination patent counsel, and to assist in discharging duties of candor and good faith.   However, such Outside Counsel and experts may not prosecute any such reexamination and may not reveal the content of **CONFIDENTIAL**, **CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY**, or **SOURCE CODE** materials to reexamination counsel or agents.

## QUALIFICATION OF EXPERTS

9.     Prior to disclosing any material designated by any confidentiality designation to an expert pursuant to §§ 1(d), 2(c), or 4(c), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes: (i) the name of the expert; (ii) the present employer and title of the expert, and whether the expert has current plans to become an employee of any of the parties to this lawsuit, or their competitors; (iii) an identification of all of the expert's past or current employment or consulting relationships, including direct relationships and relationships through entities owned or controlled by the expert within the last 6 years, and all past or current employment or consulting relationships, including direct relationships and relationships through entities owned or controlled by the expert with any named party to this

AGREED PROTECTIVE ORDER
Page 11

litigation; (iv) an up-to-date curriculum vitae of the expert; and (v) a list of the cases in which the expert has testified at deposition or trial within the last four (4) years.  Within ten calendar (10) days of receipt of the disclosure of the expert, the Producing Party may object in writing to the expert for good cause.  For the purposes of this paragraph, "good cause" is an objectively reasonable concern that the expert will use or disclose information protected by this Order in a way that would violate this Order.  In the absence of a written objection at the end of the ten (10) day period, the expert shall be deemed approved to receive information protected by all designations under this Protective Order.  There shall be no disclosure of Protected Material to the expert prior to expiration of this ten (10) day period.  If the Producing Party objects in writing to disclosure to the expert within such ten (10) day period, the Parties shall meet and confer via telephone or in person within five business (5) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have five business (5) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn and waived.  If relief is sought, designated materials shall not be disclosed to the expert in question until the Court resolves the objection.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

10.    The parties must reasonably designate documents or information as **CONFIDENTIAL**, **CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY**, or **SOURCE CODE**.  Nothing in this Order prevents a receiving party from contending that any or all documents or information designated as **CONFIDENTIAL OR CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY**, have been improperly designated.  A receiving party

may, at any time, request that the producing party cancel or modify such designation with respect to any document or information contained in it.

11.     A party need not challenge a **CONFIDENTIAL**, **CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY** or **SOURCE CODE** designation when made and failure to do so will not preclude a later challenge to such designation.  A challenge must be in writing, served on counsel for the producing party and specify the documents or information that the receiving party contends have been incorrectly designated.  The parties must use their best efforts to resolve promptly and informally such disputes.  If agreement cannot be reached, the receiving party may request that the Court cancel or modify the designation.

### LIMITATIONS ON THE USE OF DESIGNATED MATERIALS

12.     Information designated as **CONFIDENTIAL**, **CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY** or **SOURCE CODE** must be held in confidence by each person to whom it is disclosed, may be used only for purposes of litigation between the parties, may not be used for any business purpose, and may not be disclosed to any person who is not permitted by this Order to receive such information.  A producing party's information designated as **CONFIDENTIAL, CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY** or **SOURCE CODE** must be carefully maintained by the receiving party to prevent access by persons who are not permitted to receive it.  However, nothing in this Order prevents any court reporter, videographer, mediator, or their employees, or the Court, any employee of the Court or any juror from reviewing any evidence in this case for the purpose of these proceedings.  Further, nothing in this Order affects the admissibility of any document or other evidence at any hearing or at trial.

13.     Except as the Court otherwise orders, any person may be examined as a witness at a deposition, hearing or trial and may testify concerning all information designated as **CONFIDENTIAL CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY**, and **SOURCE CODE** of which such person has prior personal knowledge.  Specifically, but without limitation:

(a)     A present director, officer, and/or employee of a Producing Party may be examined and may testify concerning all information designated as **CONFIDENTIAL, CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY**, and **SOURCE CODE** which has been produced by that party;

(b)     A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all information designated as **CONFIDENTIAL, CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY**, and **SOURCE CODE** of which he or she has prior personal knowledge; and

(c)     Nonparties may be examined or testify concerning any document designated as **CONFIDENTIAL**, **CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY**, or **SOURCE CODE** if it appears on its face or from other documents or testimony to have been received from or communicated to the nonparty as a result of any contact or relationship with the producing party, or a representative of such producing party.  Any person other than the witness, his or her attorney(s), and any person qualified to receive documents designated as **CONFIDENTIAL**, **CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY**, or **SOURCE CODE** under this Order must be excluded from the portion of the examination concerning such information, unless the producing party consents to such persons being present at the examination.  If the witness is represented by an attorney who is not permitted under this

AGREED PROTECTIVE ORDER
Page 14

Order to receive such information, then prior to the examination, the attorney must be requested to provide a Confidentiality Agreement in the form of Attachment A to this Order.  If such attorney refuses to sign such a Confidentiality Agreement, the parties, by their attorneys, may prior to the examination, jointly seek a protective Order from the Court prohibiting such attorney from disclosing such documents designated as **CONFIDENTIAL**, **CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY**, or **SOURCE CODE**.

14.     All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court designated as **CONFIDENTIAL**, **CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY**, or **SOURCE CODE** which contain information so designated, must be filed under seal.

15.     Nothing in this Order prohibits transmission or communication of information designated as **CONFIDENTIAL** or **CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY** between or among qualified recipients:

(a)     by hand-delivery;

(b)     in sealed envelopes or containers via the mails or an established freight, delivery or messenger service; or

(c)     by telephone, email, telegraph, facsimile or other electronic transmission system; where, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

16.     **SOURCE CODE** shall only be transmitted by hand delivery or sealed envelope using courier services that provide tracking numbers.

17.     **SOURCE CODE** that is used as an exhibit to a deposition shall not be provided to the Court reporter or attached to the deposition transcript.  The deposition transcript shall identify the **SOURCE CODE** exhibit by its production number.

### UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL

18.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Confidentiality Agreement" that is attached hereto as Exhibit A.

### NONPARTY USE OF THIS PROTECTIVE ORDER

19.     A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and will enjoy the same level of protection under this Order as any party to this action.  Production of information or material by a nonparty shall not automatically create the right to access any information produced by any party to this action.  Information produced by Non-Parties under the terms of this Order is protected by the remedies and relief provided in the Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

## PROTECTED MATERIAL SUBPOENAED OR
## ORDERED PRODUCED IN OTHER LITIGATION

20.     If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any Designated Material, the Receiving Party must so notify the Producing Party (and, if not the same person or entity, the Designating Party), in writing (by hand delivery, fax, or email) promptly and in no event more than ten (10) days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue that some or all the material covered by the subpoena or order is subject to this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Producing or Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## PRIVILEGE LOG

21.     The Parties shall not be required to log on a privilege log any protected communications after the filing date of this action of September 14, 2010.

## **MISCELLANEOUS PROVISIONS**

22.     Any of the notice requirements provided in this Order may be waived, in whole or in part, but such waiver must be in writing.

23.     Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party must, at its option, either return to the producing party or destroy, and certify such destruction, of all physical objects and documents designated as **CONFIDENTIAL** and/or **CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY** from the producing party.  Notwithstanding the foregoing, counsel may maintain copies of all pleadings (including all supporting and exhibits, motion, opposing papers and exhibits), trial slides, trial demonstratives, hearing slides, hearing demonstratives, written discovery requests and responses (including exhibits), deposition transcripts and exhibits, expert reports and exhibits, trial transcripts, trial exhibits offered or introduced into evidence at trial, and attorney notes and analyses or, and other work product.  However, a producing party may, within thirty (30) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, request the redaction or destruction of exhibits to motions, exhibits to briefs, written discovery responses, exhibits to written discovery responses, deposition transcripts and exhibits, exhibits to expert reports, and trial exhibits offered or introduced into evidence at trial that contain **CONFIDENTIAL** and/or **CONFIDENTIAL-OUTSIDE ATTORNEY EYES' ONLY** information, including **CONFIDENTIAL** and/or **CONFIDENTIAL-OUTSIDE ATTORNEY EYES' ONLY** information if such information was copied and pasted into a motion, brief, or expert report.  The receiving party must certify in writing, compliance with such request within the sixty (60) day period for destruction of documents.

AGREED PROTECTIVE ORDER
Page 18

24.     This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.  The Court will take appropriate measures to protect information designated as **CONFIDENTIAL, CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY**, and **SOURCE CODE** at trial and any hearing in this case.

25.     The United States District Court for the Eastern District of Texas, Tyler Division, is responsible for interpreting and enforcing this Order.  Disputes concerning **CONFIDENTIAL, CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY**, or **SOURCE CODE** produced under the protection of this Order will be resolved by the United States District Court for the Eastern District of Texas, Tyler Division.  The terms of this Protective Order shall survive the final termination of this action to the extent that any Designated Material is not or does not become known to the public.

26.     Nothing in this Order modifies the limitations on expert discovery agreed to by the parties in Paragraph 4(E) of the Discovery Order.

27.     Any documents (including physical objects) made available for initial inspection by counsel for the receiving party will be considered as **CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY**, and treated accordingly under this Order.  Thereafter, the producing party may for a reasonable period of time review and designate the appropriate documents as **CONFIDENTIAL or CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY** before furnishing copies to the receiving party.

28.     Inspection or production of documents (including physical objects) will not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, as soon as reasonably possible after the

AGREED PROTECTIVE ORDER
Page 19

producing party becomes aware of any inadvertent or unintentional disclosure, the producing party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests return of such documents to the producing party.  Upon request by the Producing Party, the receiving party must immediately return or destroy all copies of such inadvertently produced document(s), and the receiving party shall not undertake review of the inadvertently produced document(s) after receiving such notification of the inadvertent production.  A Receiving Party may, after returning or destroying all copies of the inadvertently produced document(s), challenge the propriety of the asserted privilege or immunity by submitting a written challenge to the Court, but cannot use the fact of the inadvertent production as a ground for such challenge.

29.    The inadvertent failure by a Producing Party to designate material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order promptly after the Producing Party learns of the inadvertent failure to so designate.  A Receiving Party shall not be in breach of this Order for any use of such material before the Receiving Party receives notice of the inadvertent failure to designate.  Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order, but the **PROSECUTION BAR** will not be invoked based on reviewing material that was inadvertently failed to be designated.

30.    The parties acknowledge that any breach of this Protective Order may result in immediate and irreparable injury for which there is no adequate remedy at law. If anyone violates or threatens to violate the terms of this Protective Order, the parties agree that the

aggrieved Party may immediately apply to obtain injunctive relief against any such violation or threatened violation, and if the aggrieved Party does so, any respondent who is subject to the provisions of this Protective Order may not employ as a defense that the aggrieved Party possesses an adequate remedy at law.

31.     Nothing in this Order changes or alters the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules or Rules of Practice for Patent Cases before the Honorable Leonard Davis, United States District Court for the Eastern District of Texas, and the Court's Deadlines for Docket Control Order and Discovery Order.   Identification of any individual pursuant to this Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules or Rules of Practice for Patent Cases before the Honorable Leonard Davis, United States District Court for the Eastern District of Texas, and the Court's Deadlines for Docket Control Order and Discovery Order.

**So ORDERED and SIGNED this 18th day of October, 2011.**



**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

AGREED PROTECTIVE ORDER
Page 21

## ATTACHMENT A

## CONFIDENTIALITY AGREEMENT

I, _____, state:

      I reside at / my business address is _____;

      My present employer is _____;

      My present occupation or job description is _____;

      I agree to keep confidential all information provided to me in the matter of *Ericsson Inc. et al. v. D-Link Corporation, et al.*, Case No. 6:10-cv-473 (E.D. Tex.), and I agree to be subject to the authority of the United States District Court for the Eastern District of Texas, Tyler Division in the event of any violation of this agreement or dispute related to this agreement.

      I have read the Agreed Protective Order entered in this case, and I will not divulge any confidential information to persons other than those specifically authorized by said Order.

      I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Executed on _____.

_____
[Print Name]
_____
[Title]

_____
[Company Name]