# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **ERICSSON INC. et al.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 6:10-CV-473** |
| | § | |
| **D-LINK CORPORATION, et al.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

### PLAINTIFFS ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON'S FIRST SET OF INTERROGATORIES (NOS. 1-4) TO ACER, INC.

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson ("Plaintiffs") serve its First Set of Interrogatories (Nos. 1-4) on Acer, Inc..  A written response to the Interrogatories is due within thirty (30) days of service.

Dallas 325323v1

## DEFINITIONS

1.      The term "Acer, Inc." shall mean or refer to Defendant Acer, Inc. and shall include its agents, representatives, attorneys or anyone authorized or purportedly authorized to act on their behalf.

2.      "You" and "your" refers to Acer, Inc. including without limitation all of its corporate locations, and all predecessors, subsidiaries, parents, and affiliates and all past or present directors, officers, agents, representatives, and employees.

3.      "Plaintiffs" means Ericsson Inc. and Telefonaktiebolaget LM Ericsson, together with all past and present parents, controlled and affiliated companies, subsidiaries and subdivisions of any of the foregoing, and all actual or alleged predecessors and successors to the foregoing, and all past and present agents, directors, principals, officers, employees, representatives, consultants, attorneys, and anyone acting on behalf of the foregoing.

4.      "Defendants" means D-Link Systems, Inc., Netgear, Inc., Acer, Inc., Acer America Corp., Gateway, Inc., Dell, Inc., Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, LLC, and Belkin International, Inc. collectively.

5.      The term "party" shall mean any natural person, corporation, partnership, association, joint venture, government body, or other legal entity, including Plaintiffs and Defendants.

6.      The term "third party" shall mean any natural person, corporation, partnership, association, joint venture, government body, or other legal entity other than the Plaintiffs and Defendants.

7.      The term "documents" or "document" shall have the same broad meaning as

defined in Rule 34 of the Fed. R. Civ. P., include, without limitation, writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained or translated, if necessary, by Acer, Inc. through detection devices into reasonably usable form.  "Document" or "documents" also include all drafts and copies that are not identical to the original in any way whatsoever, including copies or drafts with notations on the front or back of any of the pages thereof of any written, recorded or graphic matter, including, but not limited to, any notebook, book, pamphlet, periodical, letter, correspondence, telegram, contract, purchase order, bill, invoice, estimate, report, appraisal, memorandum, docket, diary, calendar, interoffice or intraoffice communication, specification, record, study, work sheet, desk calendar, graph, computer run, computer diskette, computer tape, print-out, chart, check register, canceled check, blue print, income tax return, receipt, deed, trust agreement, note, budget, telephone log or record, statement of account, ledger, journal, financial statement, map, check, tape recording, transcription or any other memorial of any conversation, meeting, conference or telephone call, however produced or reproduced, any other form of notation of events or intentions, and any other printed, written, or reproduced matter.  To the extent that information requested is stored as computer data or computer-readable data, "documents" shall mean electronic, printed or "hard copy" versions of such data.

8.    The term "all documents" shall include each and every document that refers, reflects, or relates, directly or indirectly, in whole or in part, to the subject matters described in a given document request.  Where originals are not available, authentic copies of such documents may be produced; but, if a document has been prepared in separate copies, or additional copies have been made and the copies are not identical (or which, by reason of subsequent modification of a copy or by the addition of notations, are no longer identical), each non-identical copy is a

separate document and should be identified or produced.

9.      The terms "relate to" or "relating to" shall mean constituting, discussing, mentioning, containing, embodying, reflecting, identifying, incorporating, referring to, dealing with, or pertaining to in any way.

10.     The terms "concerning," "referring" and "relating to" mean analyzing, containing, dealing with, constituting, defining, describing, discussing, embodying, evidencing, explaining, identifying, mentioning, reflecting, setting forth, showing, stating, summarizing, supporting, or in any way pertaining to the subject matter of the request.

11.     The terms "communication" or "communications" shall include the disclosure, transfer, or exchange of information by every manner or means, whether orally, by document, face-to-face, by telephone, mail, e-mail, personal delivery, instant message, or otherwise.

12.     The terms "infringe" and "infringement" refer to direct infringement, contributory infringement, or active inducement of infringement, any of which can be either literal or under the doctrine of equivalents.

13.     The singular of all definitions and terms also includes the plural of such definitions and terms whenever such a change would result in any additional document being responsive to a request or any additional persons, business entities, articles or products, or communications being identified.

14.     "Identify," or "identity" when used with reference to:

(a)      an individual person, means to state his full name, present or last known employer, job title, present or last known residence, address and telephone number, and present or last known business addresses and telephone number, and any other information which would establish his/her relationship to you; and

Dallas 325323v1

(b)     a business entity, means to state the full name and address of the entity and the names and positions of the individual or individuals connected with such entity who have knowledge of the information requested.

(c)     a document, means to give, to the extent known, the following information:  (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the authors, addressees, and recipients of the document; (v) the location of the document; (vi) any Bates numbering associated with the document; (vii) the identity of the person who has custody of the document; and (viii) whether the document has been destroyed and, if so, the date of its destruction, the reason for its destruction, and the identity of the person who destroyed it.

## **INSTRUCTIONS**

1.     The interrogatories must be answered fully in writing in accordance with Rules 33 and 11 of the Federal Rules of Civil Procedure.

2.     In the event any information is withheld on a claim of attorney-client privilege, attorney work-product immunity, or any other privilege from disclosure, please provide sufficient detail regarding the nature of the information, its source, the general subject matter, and the names and addresses of all persons to whom that information was disclosed, and a statement of the grounds for refusal to answer the interrogatories, such as would enable an assessment of the applicability of the privilege or protection.

3.     The interrogatories call for not only your knowledge, but also all information that is available to you by reasonable inquiry and due diligence, including inquiry of your directors, officers, managing agents, representatives, and attorneys.

**Dallas 325323v1**

4.      If you cannot respond to the interrogatories fully, after a diligent attempt to obtain the requested information, answer the interrogatories to the extent possible, specifying which portion you are able to answer, and provide whatever information you have regarding the unanswered portion.

5.      If, in responding to the following interrogatories, or with respect to any definition or instruction applicable hereto, you claim ambiguity in interpreting the interrogatories, definition or instruction, each such claim should not be utilized by you as a basis for refusing to respond, but should be set forth as part of your response regarding the language deemed to be ambiguous and the interpretation chosen or used by you in responding to the interrogatories.

6.      In the event you claim that the interrogatories are overbroad, you are to respond to that portion of the request believed to be unobjectionable and specifically identify that aspect of the interrogatories that you believe is overbroad.

7.      If the interrogatories are silent as to the time period for which a response is sought, please respond by providing all information, regardless of time.

8.      The definition of each defined term herein shall be used regardless of whether or not the term is capitalized.

9.      Acer, Inc. is advised that this discovery request is continuing and require further and supplemental responses by Acer, Inc., in accordance with Rule 26(e) of the Federal Rules of Civil Procedure, as and whenever Acer, Inc. acquires, makes or discovers additional responsive information, between the time of initial response and the conclusion of the trial of this action.

**Dallas 325323v1**

## INTERROGATORIES

**INTERROGATORY NO. 1**:

Identify every product that you have made, used, offered to sell, or sold in the United States, or imported into the United States, that is compliant with the 802.11(a), 802.11(e), 802.11(g), or 802.11(n) standards.  For every product, your identification must include: (i) the product name (*e.g.*, series name and model name); (ii) your internal name for the product, and (iii) all 802.11 standards (*e.g.*, 802.11(a), 802.11(e), 802.11(g), and 802.11(n)) that that product complies with.

**ANSWER:**


**INTERROGATORY NO. 2**:

Separately for each product identified in response to Interrogatory No. 1, identify the first and last dates on which each product was made, used, offered for sale, or sold in the United States or imported into the United States.

**ANSWER:**


**INTERROGATORY NO. 3**:

Separately for each product identified in response to Interrogatory No. 1, identify that product's microchip(s) that provides wireless communication functionality, including wireless communication functionality compliant with the 802.11(a), 802.11(e), 802.11(g), or 802.11(n) standards.  Your microchip identification must be as specific as possible and must include at a minimum: (i) the microchip's manufacturer; (ii) the microchip's series name; and (iii) the microchip's model number.

**ANSWER:**

**INTERROGATORY NO. 4**:

For the time period beginning six years before Plaintiffs filed their complaint naming Acer, Inc. as a Defendant through the present and separately for each product identified in response to Interrogatory No. 1, identify on a monthly basis (i) the volume of that product that you have sold in the United States, (ii) the volume of that product that you have made in the United States; and (iii) the volume of that product that you have imported into the United States. If any product was made, sold, or imported with different microchips, you must give a separate response for each product-microprocessor combination.   If you do not account for the information requested by this interrogatory on a monthly basis, your response must disclose the requested volumes at whatever frequency you actually account for the requested volumes as well as the corresponding time periods.

**ANSWER:**

Dated:  June 28, 2011

Respectfully submitted,

**MCKOOL SMITH, P.C.**

By:  */s/ Theodore Stevenson III*
Theodore Stevenson III
Lead Attorney
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Bradley W. Caldwell
Texas State Bar No. 24040630
bcaldwell@mckoolsmith.com
Ashley N. Moore
Texas State Bar No. 24074748
amoore@mckoolsmith.com
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile:  (903) 923-9099

**ATTORNEYS FOR PLAINTIFFS
ERICSSON INC. and
TELEFONAKTIEBOLAGET LM
ERICSSON**

**Dallas 325323v1**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on June 28, 2011 the foregoing document was served via

electronic mail to counsel for Acer, Inc. in this matter.


 */s/ Austin Curry*
John Austin Curry

**Dallas 325323v1**