# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2010 MAR -5 PM 2:59

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

BANDSPEED, INC., §
      PLAINTIFF, §
           §  CAUSE NO. A-09-CA-593-LY
V. §
           §
SONY ELECTRONICS INC.; SONY §
COMPUTER ENTERTAINMENT §
AMERICA, INC.; APPLE INC.; LEGO §
SYSTEMS, INC.; PARROT, INC.; AND §
SCOSCHE INDUSTRIES, INC., §
      DEFENDANTS. §

## ORDER

Before the Court are the following motions: Cambridge Silicon Radio Limited's Motion to Intervene filed December 9, 2009 (Doc. #80); Plaintiff's Motion for Enlargement of Time to Respond to Motion to Intervene and for Leave to Take Limited Discovery filed December 21, 2009 (Doc. #101); Plaintiff's Response to Cambridge Silicon Radio Limited's Motion to Intervene filed December 23, 2009 (Doc. #106); Cambridge Silicon Radio Limited's Reply in Support of its Motion to Intervene filed January 20, 2010 (Doc. #121); Plaintiff's February 4, 2010 letter filed February 8, 2010 (Doc. #136); Cambridge Silicon Radio Limited's February 5, 2010 letter received by the Court on February 8, 2010; Plaintiff's Declarations in Opposition to Cambridge Silicon Radio Limited's Motion to Intervene filed February 19, 2010 (Doc. #139); and Plaintiff's Motion for Leave to File Under Seal Declaration in Opposition to Cambridge Silicon Radio Limited's Motion to Intervene filed February 19, 2010 (Doc. #140).

A hearing was held before the Court on February 22, 2010, at which time Cambridge Silicon Radio Limited ("CSR") orally moved to strike Plaintiff's declarations in opposition to the motion

to intervene. During the hearing, the Court rendered the following rulings now memorialized in this order.

**IT IS ORDERED** that Plaintiff's Motion for Enlargement of Time to Respond to Motion to Intervene and for Leave to Take Limited Discovery filed December 21, 2009 (Doc. #101) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Under Seal Declaration in Opposition to Cambridge Silicon Radio Limited's Motion to Intervene filed February 19, 2010 (Doc. #140) is **GRANTED**. The Clerk is instructed to file under seal the declaration attached to Plaintiff's motion as Attachment 1 in the record in this cause.

**IT IS FURTHER ORDERED** that Cambridge Silicon Radio Limited's oral motion to strike Plaintiff's declarations in opposition to the motion to intervene is **DENIED**.

At the conclusion of the hearing, the Court took the motion to intervene under advisement. Having considered the motion, response, reply, letters submitted and filed with the Court, argument of counsel, applicable law, and the record in this cause, the Court finds that Cambridge Silicon Radio Limited's Motion to Intervene should be granted for the reasons to follow.

On October 9, 2009, Plaintiff Bandspeed, Inc. ("Bandspeed") filed its Second Amended Complaint and Application for Permanent Injunction against Defendants Sony Electronics Inc.; Sony Computer Entertainment America Inc. ("Sony"); Nintendo of America, Inc.; Apple, Inc. ("Apple"); Lego Systems, Inc. ("Lego"); Parrot, Inc.; and Scosche Industries, Inc. (collectively, "Defendants"). Bandspeed alleges that each of the Defendants' products infringe Bandspeed's U.S. Patent No 7,027,418 ("the '418 patent") and U.S. Patent No. 7,570,614 ("the '614 patent") related to wireless communication. The '418 and '614 patents list various patent claims, including "method claims"

2

(i.e., process claims that define an invention that is an act, or series of acts, to be followed) and "apparatus claims" (i.e., product or device claims that define the invention as a structure or composition). Bandspeed contends that currently intends to assert only method claims and no apparatus claims that CSR might directly infringe in this case, and for the purposes of its infringement analysis and testing, has not focused on CSR's "chip" products. CSR supplies chips that provide wireless functionality for Defendants Sony, Apple, and Lego's accused devices.

Rule 24 of the Federal Rules of Civil Procedure allows a party to intervene as a matter of right or by permission of the Court in certain circumstances. *See* FED. R. CIV. P. 24. CSR seeks intervention by permission, arguing that (1) there exists common questions of fact and law with respect to the issues in this cause, (2) that Bandspeed's claims implicitly accuse CSR of infringement because the functionality of CSR's chip is the basis for Bandspeed's allegations, and (3) that CSR has potential independent liability to Bandspeed. Permissive intervention is allowed (1) when a statute confers a conditional right to intervene or (2) when an applicant's claim or defense and the main cause of action have a question of law or fact in common. FED. R. CIV. P. 24(b). The Court's determination under Rule 24(b) is wholly discretionary. *See New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470-71 (5th Cir. 1984); *Reid v. General Motors Corp.*, 240 F.R.D. 257, 259 (E.D. Tex. 2006).

In response, Bandspeed argues that CSR's proposed complaint in intervention fails to state a valid declaratory-judgment action, that CSR's claims do not involve common issues of law and fact; and the CSR's intervention would unfairly prejudice Bandspeed by impermissibly expapnding the field of claims asserted in Bandspeed's claim. The Court finds that CSR's claims share common questions of law and fact with the Bandspeed's cause of action against Defendants. Bandspeed

concedes that CSR's chips provide wireless functionality that is used by Defendants Sony, Apple, and Lego, but assert that it intends to assert only method claims against Defendants' end products, not specific claims against chips and chip manufacturers such as CSR. The Court finds, however, that at least at this point in the litigation, it would appear that CSR's chips may be a intregal factor in the functionality of Defendants' end products and therefore, the claims asserted in CSR's proposed complaint in intervention may raise questions of law and fact as similar claims asserted by Defendants in this cause. In addition, the Court finds that CSR's intervention will not "unduly burden or prejudice the adjudication" of Bandspeed's rights. FED. R. CIV. P. 24(b). Because this cause remains in the early stages of litigation, the Court is satisfied that the parties and the Court can accommodate the intervention of CSR in this cause. Accordingly, the Court will allow permissive intervention of CSR as a defendant in this cause pursuant to Rule 24(b)(2).

**IT IS THEREFORE ORDERED** that Cambridge Silicon Radio Limited's Motion to Intervene filed December 9, 2009 (Doc. #80) is **GRANTED**. The Clerk is instructed to file Intervenor Cambridge Silicon Radio Limited's Original Complaint, attached to its motion to intervene, in the record in this cause.

SIGNED this _____5th_____ day of March, 2010.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE