**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| ERICSSON INC., et al. | |
|    Plaintiff, | |
| v. | |
| D-LINK CORPORATION, et al. | CIVIL ACTION NO. 6:10-CV-473 |
|    Defendants. | JUDGE: Hon. Leonard E. Davis |
| | **JURY TRIAL DEMANDED** |

**<u>BELKIN INTERNATIONAL, INC.'S FIRST AMENDED ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS</u>**

Defendant Belkin International, Inc. ("Belkin") hereby provides its First Amended

Answer, Affirmative Defenses and Counterclaims to the First Amended Complaint filed on

June 8, 2011 ("Complaint") by Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson

(collectively, "Plaintiffs" or "Ericsson").

**<u>PARTIES</u>**

1.  Belkin is without sufficient information to admit or deny the allegations of

paragraph 1, and on that basis denies them.

2.  Belkin is without sufficient information to admit or deny the allegations of

paragraph 2, and on that basis denies them.

3.  The allegations of paragraph 3 are not directed to Belkin, and therefore no answer

is required. Belkin is without sufficient information to admit or deny the allegations of

paragraph 3, and on that basis denies them.

4.  The allegations of paragraph 4 are not directed to Belkin, and therefore no answer

is required. Belkin is without sufficient information to admit or deny the allegations of

paragraph 4, and on that basis denies them.

5.    The allegations of paragraph 5 are not directed to Belkin, and therefore no answer is required.    Belkin is without sufficient information to admit or deny the allegations of paragraph 5, and on that basis denies them.

6.    The allegations of paragraph 6 are not directed to Belkin, and therefore no answer is required.    Belkin is without sufficient information to admit or deny the allegations of paragraph 6, and on that basis denies them.

7.    The allegations of paragraph 7 are not directed to Belkin, and therefore no answer is required.    Belkin is without sufficient information to admit or deny the allegations of paragraph 7, and on that basis denies them.

8.    The allegations of paragraph 8 are not directed to Belkin, and therefore no answer is required.    Belkin is without sufficient information to admit or deny the allegations of paragraph 8, and on that basis denies them.

9.    The allegations of paragraph 9 are not directed to Belkin, and therefore no answer is required.    Belkin is without sufficient information to admit or deny the allegations of paragraph 9, and on that basis denies them.

10.    The allegations of paragraph 10 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 10, and on that basis denies them.

11.    The allegations of paragraph 11 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 11, and on that basis denies them.

12.	The allegations of paragraph 12 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 12, and on that basis denies them.

13.	The allegations of paragraph 13 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 13, and on that basis denies them.

14.	The allegations of paragraph 14 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 14, and on that basis denies them.

15.	The allegations of paragraph 15 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 15, and on that basis denies them.

16.	The allegations of paragraph 16 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 16, and on that basis denies them.

17.	The allegations of paragraph 17 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 17, and on that basis denies them.

18.	The allegations of paragraph 18 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 18, and on that basis denies them.

19. The allegations of paragraph 19 are not directed to Belkin, and therefore no answer is required. Belkin is without sufficient information to admit or deny the allegations of paragraph 19, and on that basis denies them.

20. The allegations of paragraph 20 are not directed to Belkin, and therefore no answer is required. Belkin is without sufficient information to admit or deny the allegations of paragraph 20, and on that basis denies them.

21. The allegations of paragraph 21 are not directed to Belkin, and therefore no answer is required. Belkin is without sufficient information to admit or deny the allegations of paragraph 21, and on that basis denies them.

22. The allegations of paragraph 22 are not directed to Belkin, and therefore no answer is required. Belkin is without sufficient information to admit or deny the allegations of paragraph 22, and on that basis denies them.

23. The allegations of paragraph 23 are not directed to Belkin, and therefore no answer is required. Belkin is without sufficient information to admit or deny the allegations of paragraph 23, and on that basis denies them.

24. The allegations of paragraph 24 are not directed to Belkin, and therefore no answer is required. Belkin is without sufficient information to admit or deny the allegations of paragraph 24, and on that basis denies them.

25. The allegations of paragraph 25 are not directed to Belkin, and therefore no answer is required. Belkin is without sufficient information to admit or deny the allegations of paragraph 25, and on that basis denies them.

26.    The allegations of paragraph 26 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 26, and on that basis denies them.

27.    The allegations of paragraph 27 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 27, and on that basis denies them.

28.    The allegations of paragraph 28 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 28, and on that basis denies them.

29.    The allegations of paragraph 29 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 29, and on that basis denies them.

30.    The allegations of paragraph 30 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 30, and on that basis denies them.

31.    The allegations of paragraph 31 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 31, and on that basis denies them.

32.    The allegations of paragraph 32 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 32, and on that basis denies them.

33.    Belkin admits that it is a Delaware corporation with its principal place of business at 12045 E. Waterfront Drive, Playa Vista, California 90094.

34.    Belkin admits that it offers products with wireless functionality, but the allegations of paragraph 34 fail to set forth definitions for terms in the allegations, and, in light of such ambiguities, Belkin lacks information sufficient to form a belief as to the truth of the matters asserted and therefore denies the allegations.  Except as expressly admitted herein, Belkin denies each and every remaining allegation of paragraph 34.

35.    Belkin admits that it does business in the United States.  Belkin further admits that it offers for sale products with wireless functionality in the Eastern District of Texas.  The allegations of paragraph 35, however, fail to set forth definitions for terms in the allegations, and in light of such ambiguities Belkin lacks information sufficient to form a belief as to the truth of the matters asserted and therefore denies the allegations.  Belkin also specifically denies that it has infringed, either directly or indirectly, any of the patent claims involved in this action by making, using, selling, importing, and/or offering for sale any devices, or by transacting other business.  Belkin admits that it may be served with process by serving its registered agent, National Registered Agents, Inc. at 2875 Michelle Drive, Suite 100, Irvine, California 92606. Belkin denies any remaining allegations of paragraph 35.

## JURISDICTION AND VENUE

36.    Belkin admits that Ericsson's Complaint alleges infringement under the United States patent laws.  Belkin denies any remaining allegations in paragraph 36.

37.    Belkin admits that venue is proper in the Eastern District of Texas for purposes of this particular action.

38.    The allegations of paragraph 38 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 38, and on that basis denies them.

6

39.     The allegations of paragraph 39 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 39, and on that basis denies them.

40.     The allegations of paragraph 40 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 40, and on that basis denies them.

41.     The allegations of paragraph 41 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 41, and on that basis denies them.

42.     The allegations of paragraph 42 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 42, and on that basis denies them.

43.     The allegations of paragraph 43 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 43, and on that basis denies them.

44.     Belkin admits that this Court has personal jurisdiction over it in this particular action, and that it has conducted business in the State of Texas.  Belkin specifically denies that any of its products infringe the patent claims involved in this action.  Belkin likewise specifically denies within the context of this action that it has committed the tort of patent infringement within the State of Texas or the Eastern District of Texas.

**GENERAL ALLEGATIONS**

45.     Belkin admits that U.S. Patent No. 5,771,468 (the "'468 Patent") is entitled "Multi-Purpose Base Station," that the patent bears an issuance date of June 23, 1998, and that the inventor is listed as Per Stein.  Belkin further admits that Telefonaktiebolaget LM Ericsson is

listed as the assignee on the face of the patent.  Belkin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45, and on that basis denies them.

46.     Belkin admits that U.S. Patent No. 5,790,516 (the "'516 Patent") is entitled "Pulse Shaping for a Data Transmission in an Orthogonal Frequency Division Multiplexed System," that the patent bears an issuance date of August 4, 1998, and that the inventors are listed as Perols Leif Mikael Gudmundson, Lars Gustav Brismark, and Per-Olof Anderson.  Belkin further admits that Telefonaktiebolaget LM Ericsson is listed as the assignee on the face of the patent.  Belkin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46, and on that basis denies them.

47.     Belkin admits that U.S. Patent No. 5,987,019 (the "'019 Patent") is entitled "Multi-Rate Radiocommunication Systems and Terminals," that the patent bears an issuance date of November 16, 1999, and that the inventors are listed as Alex Krister Raith, James Ragsdale, and John Diachina.  Belkin further admits that Telefonaktiebolaget LM Ericsson is listed as the assignee on the face of the patent.  Belkin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47, and on that basis denies them.

48.     Belkin admits that U.S. Patent No. 6,330,435 (the "'435 Patent") is entitled "Data Packet Discard Notification," that the patent bears an issuance date of December 11, 2001, and that the inventors are listed as Tawfik Lazraq and Farooq Khan.  Belkin further admits that Telefonaktiebolaget LM Ericsson is listed as the assignee on the face of the patent.  Belkin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48, and on that basis denies them.

49. Belkin admits that U.S. Patent No. 6,424,625 (the "'625 Patent") is entitled "Method and Apparatus for Discarding Packets in a Data Network Having Automatic Repeat Request," that the patent bears an issuance date of July 23, 2002, and that the inventors are listed as Peter Larsson and Mikael Larsson. Belkin further admits that Telefonaktiebolaget LM Ericsson is listed as the assignee on the face of the patent. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49, and on that basis denies them.

50. Belkin admits that U.S. Patent No. 6,466,568 (the "'568 Patent") is entitled "Multi-Rate Radiocommunication Systems and Terminals," that the patent bears an issuance date of October 15, 2002, and that the inventors are listed as Alex Krister Raith, James Ragsdale, and John Diachina. Belkin further admits that Telefonaktiebolaget LM Ericsson is listed as the assignee on the face of the patent. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 50, and on that basis denies them.

51. Belkin admits that U.S. Patent No. 6,519,223 (the "'223 Patent") is entitled "System and Method for Implementing a Semi Reliable Retransmission Protocol," that the patent bears an issuance date of February 11, 2003, and that the inventors are listed as Stefan Henrik Andreas Wager and Reiner Ludwig. Belkin further admits that Telefonaktiebolaget LM Ericsson is listed as the assignee on the face of the patent. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51, and on that basis denies them.

52. Belkin admits that U.S. Patent No. 6,772,215 (the "'215 Patent") is entitled "Method for Minimizing Feedback Responses in ARQ Protocols," that the patent bears an issuance date of August 3, 2004, and that the inventors are listed as Bela Rathonyi, Joachim

Sachs, Michael Meyer, Per Beming, Mathias Johansson, Christiaan Roobol, Erik Schon, and Kazuhiko Inoue. Belkin further admits that Telefonaktiebolaget LM Ericsson is listed as the assignee on the face of the patent. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52, and on that basis denies them.

53. Belkin admits that U.S. Patent No. 6,173,352 (the "'352 Patent") is entitled "Mobile Computer Mounted Apparatus for Controlling Enablement and Indicating Operational Status of a Wireless Communication Device Associated with the Mobile Computer," that the patent bears an issuance date of January 9, 2001, and that the inventor is listed as Billy Gayle Moon. Belkin further admits that Ericsson, Inc. is listed as the assignee on the face of the patent. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53, and on that basis denies them.

54. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54, and on that basis denies them.

55. Belkin specifically denies that the '516, '019, '435, '625, '568, '223, or '215 patents are valid or enforceable. Because the First Amended Complaint does not accuse Belkin of infringement of the '468 or '352 patents, the allegations in this paragraph regarding those patents are not relevant to Belkin, and no response is required. Belkin is without sufficient information to admit or deny the allegations of paragraph 55, and on that basis denies them.

56. Belkin specifically denies that it has infringed or is infringing any valid claim of the '516, '019, '435, '625, '568, '223, or '215 patents. No answer is required to the allegations of paragraph 56 that are not directed to Belkin. Specifically, because the First Amended Complaint does not accuse Belkin of infringement of the '468 or '352 patents, the allegations in paragraph 56 relating to those patents are not relevant to Belkin, and no response is required.

Belkin is without sufficient information to admit or deny the allegations of paragraph 56, and on that basis denies them. Belkin denies any remaining allegations of paragraph 56.

57.    Belkin admits that it is aware of one or more of the asserted patents, but denies engaging in any infringing activity or willfulness whatsoever. Except as expressly admitted herein, Belkin denies each and every remaining allegation stated in paragraph 57, and specifically denies all allegations of patent infringement and that Plaintiffs are entitled to any relief.

58.    Belkin denies the allegations of paragraph 58, and specifically denies all allegations of patent infringement and denies that Plaintiffs have been damaged and are entitled to any relief. No answer is required to the allegations of paragraph 58 that are not directed to Belkin. Belkin is without sufficient information to admit or deny those allegations of paragraph 58, and on that basis denies them.

## COUNT I

### Alleged Infringement of the '468 Patent

59.    Belkin incorporates its responses in paragraphs 1-58 in response to the allegations of paragraph 59.

60.    The allegations of paragraph 60 are not directed to Belkin, and therefore no answer is required. Belkin is without sufficient information to admit or deny the allegations of paragraph 60, and on that basis denies them.

61.    The allegations of paragraph 61 are not directed to Belkin, and therefore no answer is required. Belkin is without sufficient information to admit or deny the allegations of paragraph 61, and on that basis denies them.

62.    The allegations of paragraph 62 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 62, and on that basis denies them.

## COUNT II

### Alleged Infringement of the '516 Patent

63.    Belkin incorporates its responses in paragraphs 1-62 in response to the allegations of paragraph 63.

64.    The allegations of paragraph 64 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 64, and on that basis denies them.

65.    The allegations of paragraph 65 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 65, and on that basis denies them.

66.    The allegations of paragraph 66 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 66, and on that basis denies them.

67.    The allegations of paragraph 67 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 67, and on that basis denies them.

68.    The allegations of paragraph 68 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 68, and on that basis denies them.

69. The allegations of paragraph 69 are not directed to Belkin, and therefore no answer is required. Belkin is without sufficient information to admit or deny the allegations of paragraph 69, and on that basis denies them.

70. Belkin denies each and every allegation contained in paragraph 70, and specifically denies that it has infringed or is infringing any valid claim of the '516 Patent.

71. Belkin denies that Ericsson has been damaged as a result of Belkin's conduct, and denies that Ericsson is entitled to any of the relief requested with respect to Belkin. No answer is required to the allegations of paragraph 71 that are not directed to Belkin. Belkin is without sufficient information to admit or deny those allegations of paragraph 71, and on that basis denies them. Belkin denies any remaining allegations of paragraph 71.

## COUNT III

### Alleged Infringement of the '019 Patent

72. Belkin incorporates its responses in paragraphs 1-71 in response to the allegations of paragraph 72.

73. The allegations of paragraph 73 are not directed to Belkin, and therefore no answer is required. Belkin is without sufficient information to admit or deny the allegations of paragraph 73, and on that basis denies them.

74. The allegations of paragraph 74 are not directed to Belkin, and therefore no answer is required. Belkin is without sufficient information to admit or deny the allegations of paragraph 74, and on that basis denies them.

75. The allegations of paragraph 75 are not directed to Belkin, and therefore no answer is required. Belkin is without sufficient information to admit or deny the allegations of paragraph 75, and on that basis denies them.

76.     The allegations of paragraph 76 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 76, and on that basis denies them.

77.     The allegations of paragraph 77 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 77, and on that basis denies them.

78.     The allegations of paragraph 78 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 78, and on that basis denies them.

79.     Belkin denies each and every allegation contained in paragraph 79, and specifically denies that it has infringed or is infringing any valid claim of the '019 Patent.

80.     Belkin denies that Ericsson has been damaged as a result of Belkin's conduct, and denies that Ericsson is entitled to any of the relief requested with respect to Belkin.  No answer is required to the allegations of paragraph 80 that are not directed to Belkin.  Belkin is without sufficient information to admit or deny those allegations of paragraph 80, and on that basis denies them.  Belkin denies any remaining allegations of paragraph 80.

## COUNT IV

### Alleged Infringement of the '435 Patent

81.     Belkin incorporates its responses in paragraphs 1-80 in response to the allegations of paragraph 81.

82.     The allegations of paragraph 82 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 82, and on that basis denies them.

14

83.     The allegations of paragraph 83 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 83, and on that basis denies them.

84.     The allegations of paragraph 84 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 84, and on that basis denies them.

85.     The allegations of paragraph 85 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 85, and on that basis denies them.

86.     The allegations of paragraph 86 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 86, and on that basis denies them.

87.     The allegations of paragraph 87 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 87, and on that basis denies them.

88.     Belkin denies each and every allegation contained in paragraph 88, and specifically denies that it has infringed or is infringing any valid claim of the '435 Patent.

89.     Belkin denies that Ericsson has been damaged as a result of Belkin's conduct, and denies that Ericsson is entitled to any of the relief requested with respect to Belkin.  No answer is required to the allegations of paragraph 89 that are not directed to Belkin.  Belkin is without sufficient information to admit or deny those allegations of paragraph 89, and on that basis denies them.  Belkin denies any remaining allegations of paragraph 89.

## COUNT V

### Alleged Infringement of the '625 Patent

90.    Belkin incorporates its responses in paragraphs 1-89 in response to the allegations of paragraph 90.

91.    The allegations of paragraph 91 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 91, and on that basis denies them.

92.    The allegations of paragraph 92 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 92, and on that basis denies them.

93.    The allegations of paragraph 93 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 93, and on that basis denies them.

94.    The allegations of paragraph 94 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 94, and on that basis denies them.

95.    The allegations of paragraph 95 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 95, and on that basis denies them.

96.    The allegations of paragraph 96 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 96, and on that basis denies them.

97.    Belkin denies each and every allegation contained in paragraph 97, and specifically denies that it has infringed or is infringing any valid claim of the '625 Patent.

16

98.    Belkin denies that Ericsson has been damaged as a result of Belkin's conduct, and denies that Ericsson is entitled to any of the relief requested with respect to Belkin.  No answer is required to the allegations of paragraph 98 that are not directed to Belkin.  Belkin is without sufficient information to admit or deny those allegations of paragraph 98, and on that basis denies them.  Belkin denies any remaining allegations of paragraph 98.

## COUNT VI

### Alleged Infringement of the '568 Patent

99.    Belkin incorporates its responses in paragraphs 1-98 in response to the allegations of paragraph 99.

100.    The allegations of paragraph 100 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 100, and on that basis denies them.

101.    The allegations of paragraph 101 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 101, and on that basis denies them.

102.    The allegations of paragraph 102 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 102, and on that basis denies them.

103.    The allegations of paragraph 103 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 103, and on that basis denies them.

104.    The allegations of paragraph 104 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 104, and on that basis denies them.

105.     The allegations of paragraph 105 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 105, and on that basis denies them.

106.     Belkin denies each and every allegation contained in paragraph 106, and specifically denies that it has infringed or is infringing any valid claim of the '568 Patent.

107.     Belkin denies that Ericsson has been damaged as a result of Belkin's conduct, and denies that Ericsson is entitled to any of the relief requested with respect to Belkin.  No answer is required to the allegations of paragraph 107 that are not directed to Belkin.  Belkin is without sufficient information to admit or deny those allegations of paragraph 107, and on that basis denies them.  Belkin denies any remaining allegations of paragraph 107.

## COUNT VII

### Alleged Infringement of the '223 Patent

108.     Belkin incorporates its responses in paragraphs 1-107 in response to the allegations of paragraph 108.

109.     The allegations of paragraph 109 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 109, and on that basis denies them.

110.     The allegations of paragraph 110 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 110, and on that basis denies them.

111.     The allegations of paragraph 111 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 111, and on that basis denies them.

112.    The allegations of paragraph 112 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 112, and on that basis denies them.

113.    The allegations of paragraph 113 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 113, and on that basis denies them.

114.    The allegations of paragraph 114 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 114, and on that basis denies them.

115.    Belkin denies each and every allegation contained in paragraph 115, and specifically denies that it has infringed or is infringing any valid claim of the '223 Patent.

116.    Belkin denies that Ericsson has been damaged as a result of Belkin's conduct, and denies that Ericsson is entitled to any of the relief requested with respect to Belkin.  No answer is required to the allegations of paragraph 116 that are not directed to Belkin.  Belkin is without sufficient information to admit or deny those allegations of paragraph 116, and on that basis denies them.  Belkin denies any remaining allegations of paragraph 116.

## COUNT VIII

### Alleged Infringement of the '215 Patent

117.    Belkin incorporates its responses in paragraphs 1-116 in response to the allegations of paragraph 117.

118.    The allegations of paragraph 118 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 118, and on that basis denies them.

119.    The allegations of paragraph 119 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 119, and on that basis denies them.

120.    The allegations of paragraph 120 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 120, and on that basis denies them.

121.    The allegations of paragraph 121 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 121, and on that basis denies them.

122.    The allegations of paragraph 122 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 122, and on that basis denies them.

123.    The allegations of paragraph 123 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 123, and on that basis denies them.

124.    Belkin denies each and every allegation contained in paragraph 124, and specifically denies that it has infringed or is infringing any valid claim of the '215 Patent.

125.    Belkin denies that Ericsson has been damaged as a result of Belkin's conduct, and denies that Ericsson is entitled to any of the relief requested with respect to Belkin.  No answer is required to the allegations of paragraph 125 that are not directed to Belkin.  Belkin is without sufficient information to admit or deny those allegations of paragraph 125, and on that basis denies them.  Belkin denies any remaining allegations of paragraph 125.

## COUNT IX

### Alleged Infringement of the '352 Patent

126.    Belkin incorporates its responses in paragraphs 1-125 in response to the allegations of paragraph 126.

127.    The allegations of paragraph 127 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 127, and on that basis denies them.

128.    The allegations of paragraph 128 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 128, and on that basis denies them.

129.    The allegations of paragraph 129 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 129, and on that basis denies them.

130.    The allegations of paragraph 130 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 130, and on that basis denies them.

131.    The allegations of paragraph 131 are not directed to Belkin, and therefore no answer is required.  Belkin is without sufficient information to admit or deny the allegations of paragraph 131, and on that basis denies them.

### PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Ericsson to which no response is required.  Belkin denies that Ericsson is entitled to any of the requested relief and denies any allegations.

21

## DEMAND FOR JURY TRIAL

This paragraph sets forth Ericsson's request for a jury trial to which no response is required.

## GENERAL DENIAL

To the extent that any allegations of the Complaint are not specifically admitted, Belkin hereby denies them.

## BELKIN'S AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, Belkin pleads the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Noninfringement)

132.    Belkin has not infringed and is not infringing the '516 patent, the '019 patent, the '435 patent, the '625 patent, the '568 patent, the '223 patent, or the '215 patent (collectively the "Patents-in-Suit"), either directly, indirectly, literally, or under the Doctrine of Equivalents, and has not induced or contributed to any activities of another which could possibly constitute an infringement of any of the claims of the Patents-in-Suit.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

133.    The claims of the Patents-in-Suit are invalid and/or unenforceable for failure to comply with one or more of the requirements of Title 35, United States Code, including without limitation §§ 101, 102, 103, 111, 112, 116, 132, and/or 251.

### THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

134.    The claims of the Patents-in-Suit are and were limited by amendment, by the prior art and/or by the statements made during the prosecution thereof in the United States Patent and

22

Trademark Office ("USPTO"), such that Plaintiffs are now estopped and otherwise precluded from maintaining that the claims of the Patens in Suit are of sufficient scope to cover the accused products and methods, either literally or under the application of the doctrine of equivalents.

### FOURTH AFFIRMATIVE DEFENSE
### (Waiver, Laches, Estoppel)

135.    The claims of the Patents-in-Suit are unenforceable as asserted, in whole or in part, by the doctrines of waiver, laches, and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

136.    The claims of the Patents-in-Suit are unenforceable as asserted, in whole or in part, by the doctrine of equitable estoppel, because Plaintiffs have acquiesced to Belkin's conduct as alleged in the First Amended Complaint.

### SIXTH AFFIRMATIVE DEFENSE
### (Implied License)

137.    Belkin has an implied license to practice the claims of the Patents-in-Suit and otherwise engage in the conduct as alleged in the First Amended Complaint.

### SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

138.    Plaintiffs' alleged damages are limited because it has not satisfied the requirements for obtaining damages under 35 U.S.C. § 287, and the limitations period further bars past damages claims.

### EIGHTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

139.    Plaintiffs' claims for relief and prayer for damages are limited by 35 U.S.C. § 286.

### NINTH AFFIRMATIVE DEFENSE
#### (No Injunction)

140. Plaintiffs cannot satisfy the requirements applicable to their request for injunctive relief and have an adequate remedy at law.

### TENTH AFFIRMATIVE DEFENSE
#### (Costs)

141. Plaintiffs' requested relief is barred or otherwise limited pursuant to 35 U.S.C. § 288.

### ELEVENTH AFFIRMATIVE DEFENSE
#### (Standing)

142. Upon information and belief, Plaintiffs lack standing to bring the claims and/or requests for relief set forth in the First Amended Complaint.

### TWELFTH AFFIRMATIVE DEFENSE
#### (Patent Exhaustion)

143. Plaintiffs' claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and Plaintiff is not entitled to a double recovery.

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (Reservation of Additional Defenses)

144. Belkin reserves the right to assert additional defenses that may be developed through discovery in this action.

### BELKIN'S COUNTERCLAIMS

145. Counterclaim-Plaintiff Belkin International, Inc. ("Belkin"), for its counterclaims against Counterclaim-Defendants Ericsson, Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Counterclaim-Defendants" or "Ericsson"), alleges as follows:

## PARTIES

146.    Belkin International, Inc. is a Delaware corporation with its principal place of business at 12045 E. Waterfront Drive, Playa Vista, California 90094.

147.    In its First Amended Complaint, Ericsson alleges that Plaintiff Ericsson, Inc. is a Delaware corporation with its principal place of business at 6300 Legas Drive, Plano, Texas 75024.

148.    In its First Amended Complaint, Ericsson alleges that Plaintiff Ericsson Telefonaktiebolaget LM Ericsson is a corporation organized under the laws of the country of Sweden with its principal place of business at Torshamnsgatan 23, Kista, 164 83 Stockholm, Sweden.

## JURISDICTION AND VENUE

149.    These are counterclaims for breach of contract and promissory estoppel, for which this Court has pendent and supplemental jurisdiction under 28 U.S.C. § 1367 because the state and federal claims arise from a common nucleus of operative facts.

150.    This Court has personal jurisdiction over Ericsson, Inc. and Ericsson Telefonaktiebolaget LM Ericsson by virtue of the First Amended Complaint that Ericsson filed in this Court, and Ericsson's admittedly significant contacts with this forum.

151.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)-(c )    and    § 1400(b).

## COUNTERCLAIM ALLEGATIONS

152.    The Institute of Electrical and Electronics Engineers Standards Association ("IEEE") is a professional association and leading developer of technical standards.    IEEE members include engineers, scientists, and allied professionals whose technical interests relate to

25

electrical and computer sciences, engineering and related disciplines. Members may participate in the standards-setting process in working groups and/or subgroups called task groups.

153. To protect against unscrupulous conduct by any member who seeks to benefit unfairly from, or to manipulate to its advantage, the IEEE's standard-setting process, and to enable the IEEE and its members to develop standards free from potentially blocking patents, the IEEE instituted policies and rules regarding the disclosure and licensing of patents.

154. The IEEE's rules and policies required fairness and candor with respect to intellectual property. By way of example only, the IEEE requires members to submit letters of assurance including either a general disclaimer to the effect that the patentee will not enforce any of its present or future patents whose use would be required to implement the proposed IEEE standard against any person or entity using the patents incident to practice of the standard or a statement that a license will be made available to all applicants without compensation or under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination. The IEEE's Standards Board Bylaws stated at relevant times, for instance, that "IEEE standards may include the known use of patent(s), including patent applications, provided the IEEE receives assurance from the patent holder or applicant with respect to patents essential for compliance with both mandatory and optional portions of the standard. This assurance shall be provided without coercion and prior to approval of the standard (or reaffirmation when a patent becomes known after initial approval of the standard)." The IEEE Bylaws further state that the assurance "shall be a letter that is in the form of either a) A general disclaimer to the effect that the patentee will not enforce any of its present or future patent(s) whose use would be required to implement the proposed IEEE standard against any person or entity using the patent(s) to comply with the standard or b) A statement that a license will be made available

26

without compensation or under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination."

155. The IEEE formed the 802.11 working group in 1990. The IEEE 802.11 standard is titled "Wireless LAN Media Access Control (MAC) and Physical Layer (PHY) Specifications" and concerns wireless local area networking ("wireless LAN").

156. In 1997, the IEEE formed a task group related to 802.11a. In subsequent years, the IEEE formed additional task groups for 802.11, including 802.11g, and also for 802.11n.

157. Ericsson is an alleged member of the IEEE and claims that it participated in the standards setting process for 802.11. As a result of its alleged membership, Ericsson agreed, both explicitly and implicitly, that it would abide by the rules and policies of the IEEE.

158. On or about January 29, 2003, Ericsson submitted a letter of assurance to the IEEE relating to 802.11. In this document titled "Letter of Assurance for Essential Patents," Ericsson identified the "IEEE Standard or Proposed IEEE Standard" as "802.11a, 802.11b, 802.11e, 802.11f, 802.11g, 802.11h 802.11i." Ericsson further stated that it "was prepared to grant a license to an unrestricted number of applicants on a worldwide, non-discriminatory basis and on reasonable terms and conditions to comply with the [Proposed] IEEE standard." Ericsson also attached a document to its letter of assurance titled "Free form LoA Ericsson IP Statement for IEEE 802.11a . . ." in which Ericsson committed to licensing any patents it contends are required to operate in accordance with the standards on "fair, reasonable, and non-discriminatory terms."

159. On or about April 18, 2011, Ericsson submitted another letter of assurance to the IEEE for 802.11n. In that letter of assurance, Ericsson stated that it "may own, control, or have the ability to license Patent Claims that might be or become Essential Patent Claims." The letter

further states, "The Submitter [Ericsson] will grant a license under reasonable rates to an unrestricted number of applicants on a worldwide basis with reasonable terms and conditions that are demonstrably free of unfair discrimination" and that "users and implementers of the [Proposed] IEEE Standard identified in part C above are relying or will rely upon and may seek enforcement of the terms of this LOA."

160.    For consideration, including IEEE membership and participation, Ericsson entered into an express and/or implied contract with the IEEE's members, or alternatively with the IEEE, to which IEEE members and others are third party beneficiaries, in which Ericsson agreed, among other things, to abide by the IEEE's policies and rules. The IEEE's rules and policies, whether formal or informal, including all stipulations, requirements and representations in any form, constitute a contract between Ericsson and the IEEE's members, or alternatively between Ericsson and the IEEE, to which IEEE members and others are third party beneficiaries.

161.    In accordance with the foregoing, the IEEE's rules and policies require its members to submit letters of assurance including a general disclaimer to the effect that the patent holder will not enforce any of its present or future patents whose use would be required to implement the proposed IEEE standard against any person or entity using the patents to make, use, sell, import, or offer for sale in the U.S. any product that operates in accordance with the standard, or  to provide statements that a license will be offered and made available to all applicants without compensation or under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination.

162.    Ericsson's conduct including, without limitation, its letters of assurance offering licenses on fair, reasonable, and non-discriminatory terms, created express and/or implied

28

contracts with the IEEE and its members, or alternatively between Ericsson and the IEEE, to which IEEE members and others are third party beneficiaries.

163.    Ericsson breached its contractual obligations, including by, among other things, failing to offer licenses for the Patents-in-Suit on fair, reasonable and non-discriminatory terms, and by seeking to enjoin Belkin from making and selling products that operate in accordance with at least the 802.11a, 802.11g, and 802.11n standards.

## FIRST COUNTERCLAIM
### (Breach of Contract - Third Party Beneficiary)

164.    Belkin incorporates by reference the allegations of ¶¶ 1-163 as though fully set forth herein.

165.    Ericsson entered into express and/or implied contractual commitments with the IEEE's members, or alternatively with the IEEE, to which IEEE members and others are third party beneficiaries.

166.    Each potential third party implementing these standards, including Belkin, was an intended beneficiary of those contracts.

167.    Ericsson breached those contracts by refusing to offer licenses on the Patents-in-Suit on fair, reasonable, and non-discriminatory terms and instead demanding unfair, unreasonable, and discriminatory royalties and threatening to seek an injunction preventing Belkin from making and selling products that operate in accordance with at least one or more of the 802.11a, 802.11g, or 802.11n standards unless Belkin agrees to license the Patents-in-Suit.

168.    Ericsson's refusal constitutes a breach of its contractual obligations to IEEE and/or its members or affiliates and deprives third parties of their right to be granted licenses under Ericsson's patents.

29

169.    Belkin has incurred damages, and will be further damaged in the future due to Ericsson's breach of its contractual obligations.

170.    Belkin will suffer irreparable injury by reason of the acts, practices, and conduct of Ericsson alleged above until and unless the Court enjoins such acts, practices, and conduct.

## SECOND COUNTERCLAIM
### (Promissory Estoppel)

171.    Belkin incorporates by reference the allegations of ¶¶ 1-170 as though fully set forth herein.

172.    Ericsson made clear and definite promises to potential licensees through its commitments to the IEEE that it would license the Patents-in-Suit on fair, reasonable, and non-discriminatory terms.

173.    The intended purpose of Ericsson's promises was to induce reliance.  Ericsson knew or should have reasonably expected that this promise would induce manufacturers of wireless products, like Belkin, to develop products that operate in accordance with at least one or more of the 802.11a, 802.11g, or 802.11n standards.

174.    Belkin developed and marketed its products in reasonable reliance on Ericsson's promises, as described above, including making products that operate in accordance with at least one or more of the 802.11a, 802.11g, or 802.11n standards.

175.    Ericsson is estopped from reneging on these promises to the IEEE under the doctrine of promissory estoppel.

176.    Belkin has been damaged as a result of its reasonable reliance as provided herein such that injustice can only be avoided by enforcement of Ericsson's promises.

177.    Belkin will suffer irreparable injury by reason of the acts and conduct of Ericsson alleged above until and unless the court enjoins such acts, practices and conduct.

**DEMAND FOR JURY TRIAL**

178.    Belkin demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Belkin requests entry of judgment in its favor and against Ericsson as follows:

A.    That the Court enter judgment against Ericsson and in favor of Belkin, and that Ericsson's First Amended Complaint be dismissed with prejudice;

B.    That Ericsson take nothing by reason of this lawsuit;

C.    That the Court award Belkin damages in an amount to be proven at trial on account of Ericsson's breach of contract, including without limitation expectancy damages and restitution;

D.    That the Court enter a judgment requiring Ericsson's specific performance under its contract with the IEEE and third parties to grant licenses to the Patents-in-Suit, to the extent such licenses are required, on fair, reasonable and non-discriminatory terms and conditions;

E.    That the Court enter a judgment requiring that Ericsson grant Belkin a royalty-free license to make, use, sell, offer for sale, and import within the U.S. any Wi-Fi products that are covered by any claim of the Patents-in-Suit to the extent such a license is required;

F.    That the Court adjudge and decree that Ericsson's patents are unenforceable in equity;

G.    That the Court declare this an exceptional case under 35 U.S.C. § 285;

H.    That the Court award attorneys' fees and costs to Belkin; and

31

I.     That the Court award Belkin such other and further relief as this Court may deem just and appropriate.

Dated:  April 12, 2012

Respectfully submitted,

*/s/ Kristopher M. Dawes*
Ryan K. Yagura (Bar No. 24075933)
Vision Winter (*Pro Hac Vice*)
Eric Chan (*Pro Hac Vice*)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Kristopher M. Dawes (*Pro Hac Vice*)
O'MELVENY & MYERS LLP
610 Newport Center Drive
Newport Beach, California 92660-6429
Tel: (949) 760-9600
Fax: (949) 823-6994

Attorneys for Belkin International, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 12th day of April, 2012.  Any other counsel of record will be served by facsimile transmission and/or first class mail.


*/s/ Eric Chan*
Eric Chan


OMM_US:70658923.3