# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **ERICSSON INC., et al.,** | |
| **Plaintiffs,** | **Civil Action No. 6:10-cv-473** |
| **vs.** | |
| **D-LINK CORPORATION, et al.,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## DELL INC.'S FIRST AMENDED ANSWER, DEFENSES AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT

Defendant Dell Inc. ("Dell") answers the First Amended Complaint for Patent Infringement ("First Amended Complaint") of Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson") and provides additional defenses and counterclaims as follows:

## PARTIES

1.     Dell admits, on information and belief, the allegations of Paragraph 1 of the First Amended Complaint.

2.     Dell admits, on information and belief, the allegations of Paragraph 2 of the First Amended Complaint.

3.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the First Amended Complaint, and therefore denies those allegations.

4.      Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the First Amended Complaint, and therefore denies those allegations.

5.      Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the First Amended Complaint, and therefore denies those allegations.

6.      Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the First Amended Complaint, and therefore denies those allegations.

7.      Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the First Amended Complaint, and therefore denies those allegations.

8.      Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the First Amended Complaint, and therefore denies those allegations.

9.      Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the First Amended Complaint, and therefore denies those allegations.

10.      Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the First Amended Complaint, and therefore denies those allegations.

11.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the First Amended Complaint, and therefore denies those allegations.

12.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the First Amended Complaint, and therefore denies those allegations.

13.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the First Amended Complaint, and therefore denies those allegations.

14.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the First Amended Complaint, and therefore denies those allegations.

15.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the First Amended Complaint, and therefore denies those allegations.

16.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the First Amended Complaint, and therefore denies those allegations.

17.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the First Amended Complaint, and therefore denies those allegations.

18.     Dell admits the allegations of Paragraph 18.

19.     Dell admits that it offers products with wireless functionality, but the allegations of Paragraph 19 fail to set forth definitions for the terms in the allegations, and, at least because of such ambiguities, Dell lacks information sufficient to form a belief as to the truth of the matters asserted and therefore denies the allegations. Except as expressly admitted herein, Dell denies each and every remaining allegation of Paragraph 19 of the First Amended Complaint.

20.     Dell denies that it has infringed, either directly or indirectly, any of the patent claims involved in this action by making, using, selling, importing, and/or offering for sale any devices, or by transacting any other business, in the United States or in this District. Dell admits that it has done business in the United States, including in this District. Dell admits that it may be served with process by serving its registered agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218. Except as expressly admitted herein, Dell denies each and every remaining allegation of Paragraph 20 of the First Amended Complaint, and specifically denies all allegations of patent infringement and that Ericsson is entitled to any relief.

21.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the First Amended Complaint, and therefore denies those allegations.

22.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the First Amended Complaint, and therefore denies those allegations.

23.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the First Amended Complaint, and therefore denies those allegations.

4

24. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the First Amended Complaint, and therefore denies those allegations.

25. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the First Amended Complaint, and therefore denies those allegations.

26. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the First Amended Complaint, and therefore denies those allegations.

27. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the First Amended Complaint, and therefore denies those allegations.

28. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the First Amended Complaint, and therefore denies those allegations.

29. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the First Amended Complaint, and therefore denies those allegations.

30. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the First Amended Complaint, and therefore denies those allegations.

31.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the First Amended Complaint, and therefore denies those allegations.

32.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the First Amended Complaint, and therefore denies those allegations.

33.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the First Amended Complaint, and therefore denies those allegations.

34.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the First Amended Complaint, and therefore denies those allegations.

35.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the First Amended Complaint, and therefore denies those allegations.

## JURISDICTION AND VENUE

36.     Dell admits that Ericsson purports to bring a civil action for alleged patent infringement and that the Court has subject matter jurisdiction over this dispute under 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted herein, Dell denies each and every remaining allegation of Paragraph 36 of the First Amended Complaint.

37.     To the extent the allegations in Paragraph 37 of the First Amended Complaint relate to Dell, Dell admits that the Amended Complaint asserts that venue is proper in the Tyler Division of the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391, 1400(b), however, Dell

6

denies that the Tyler Division of the Eastern District of Texas is the most convenient venue. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the First Amended Complaint as to the other Defendants, and therefore denies them.

38.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the First Amended Complaint, and therefore denies those allegations.

39.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the First Amended Complaint, and therefore denies those allegations.

40.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the First Amended Complaint, and therefore denies those allegations.

41.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the First Amended Complaint, and therefore denies those allegations.

42.     Dell admits that this Court has personal jurisdiction over Dell. Dell further admits that it has conducted business, including selling products, in the United States, within the State of Texas, and in this District. Dell admits that it has sold and/or offered for sale products that incorporated a third-party component having wireless capability. Dell denies the remaining allegations of Paragraph 42 of the First Amended Complaint, and specifically denies all allegations of patent infringement and that Ericsson is entitled to any relief.

43. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the First Amended Complaint, and therefore denies those allegations.

44. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the First Amended Complaint, and therefore denies those allegations.

### GENERAL ALLEGATIONS

45. Dell admits that U.S. Patent No. 5,771,468 ("the '468 patent") is entitled "Multi-Purpose Base Station" and bears an issuance date of June 23, 1998. Dell further admits that the '468 patent states that Per Stein is the inventor, and Telefonaktiebolaget LM Ericsson is the assignee, of the '468 patent. Dell further admits that the '468 patent was issued by the U.S. Patent and Trademark Office, but, on information and belief, Dell denies that the '468 patent was duly and legally issued. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45 of the First Amended Complaint, and on that basis denies those allegations.

46. Dell admits that U.S. Patent No. 5,790,516 ("the '516 patent") is entitled "Pulse Shaping for a Data Transmission in an Orthogonal Frequency Division Multiplexed System" and bears an issuance date of August 4, 1998. Dell further admits that the '516 patent states that Perols Lief Mikael Gudmundson, Lars Gustav Brismark, and Per-Olof Anderson are the inventors, and Telefonaktiebolaget LM Ericsson is the assignee, of the '516 patent. Dell further admits that the '516 patent was issued by the U.S. Patent and Trademark Office, but, on information and belief, Dell denies that the '516 patent was duly and legally issued. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining

8

allegations of Paragraph 46 of the First Amended Complaint, and on that basis denies those allegations.

47.     Dell admits that U.S. Patent No. 5,987,019 ("the '019 patent") is entitled "Multi-Rate Radiocommunication Systems and Terminals" and bears an issuance date of November 16, 1999. Dell further admits that the '019 patent states that Alex Krister Raith, James Ragsdale, and John Diachina are the inventors, and Telefonaktiebolaget LM Ericsson is the assignee, of the '019 patent. Dell further admits that the '019 patent was issued by the U.S. Patent and Trademark Office, but, on information and belief, Dell denies that the '019 patent was duly and legally issued. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 47 of the First Amended Complaint, and on that basis denies those allegations.

48.     Dell admits that U.S. Patent No. 6,330,435 ("the '435 patent") is entitled "Data Packet Discard Notification" and bears an issuance date of December 11, 2001. Dell further admits that the '435 patent states that Tawfik Lazraq and Farooq Khan are the inventors, and Telefonaktiebolaget LM Ericsson is the assignee, of the '435 patent. Dell further admits that the '435 patent was issued by the U.S. Patent and Trademark Office, but, on information and belief, Dell denies that the '435 patent was duly and legally issued. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 48 of the First Amended Complaint, and on that basis denies those allegations.

49.     Dell admits that U.S. Patent No. 6,424,625 ("the '625 patent") is entitled "Method and Apparatus for Discarding Packets in a Data Network Having Automatic Repeat Request" and bears an issuance date of July 23, 2002. Dell further admits that the '625 patent states that Peter Larsson and Mikael Larsson are the inventors, and Telefonaktiebolaget LM Ericsson is the

9

assignee, of the '625 patent. Dell further admits that the '625 patent was issued by the U.S. Patent and Trademark Office, but, on information and belief, Dell denies that the '625 patent was duly and legally issued. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 49 of the First Amended Complaint, and on that basis denies those allegations.

50.    Dell admits that U.S. Patent No. 6,466,568 ("the '568 patent") is entitled "Multi-Rate Radiocommunication Systems and Terminals" and bears an issuance date of October 15, 2002. Dell further admits that the '568 patent states that Alex Krister Raith, James Ragsdale, and John Diachina are the inventors, and Telefonaktiebolaget LM Ericsson is the assignee, of the '568 patent. Dell further admits that the '568 patent was issued by the U.S. Patent and Trademark Office, but, on information and belief, Dell denies that the '568 patent was duly and legally issued. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 50 of the First Amended Complaint, and on that basis denies those allegations.

51.    Dell admits that U.S. Patent No. 6,519,223 ("the '223 patent") is entitled "System and Method for Implementing a Semi Reliable Retransmission Protocol" and bears an issuance date of February 11, 2003. Dell further admits that the '223 patent states that Stefan Henrik Andreas Wager and Reiner Ludwig are the inventors, and Telefonaktiebolaget LM Ericsson is the assignee, of the '223 patent. Dell further admits that the '223 patent was issued by the U.S. Patent and Trademark Office, but, on information and belief, Dell denies that the '223 patent was duly and legally issued. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 51 of the First Amended Complaint, and on that basis denies those allegations.

52.    Dell admits that U.S. Patent No. 6,772,215 ("the '215 patent") is entitled "Method for Minimizing Feedback Responses in ARQ Protocols" and bears an issuance date of August 3, 2004. Dell further admits that the '215 patent states that Bela Rathonyi, Joachim Sachs, Michael Meyer, Per Beming, Mathias Johnasson, Christiaan Roobol, Erik Schon, and Kazuhiko Inoue are the inventors, and Telefonaktiebolaget LM Ericsson is the assignee, of the '215 patent. Dell further admits that the '215 patent was issued by the U.S. Patent and Trademark Office, but, on information and belief, Dell denies that the '215 patent was duly and legally issued. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 52 of the First Amended Complaint, and on that basis denies those allegations.

53.    Dell admits that U.S. Patent No. 6,173,352 ("the '352 patent") is entitled "Mobile Computer Mounted Apparatus for Controlling Enablement and Indicating Operational Status of a Wireless Communication Device Associate with the Mobile Computer" and bears an issuance date of January 9, 2001. Dell further admits that the '352 patent states that Billy Gayle Moon is the inventor, and Ericsson Inc. is the assignee, of the '352 patent, but, on information and belief, denies that Ericsson Inc. is the current assignee of the '352 patent. Dell further admits that the '352 patent was issued by the U.S. Patent and Trademark Office, but, on information and belief, Dell denies that the '352 patent was duly and legally issued. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 53 of the First Amended Complaint, and on that basis denies those allegations.

54.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the First Amended Complaint, and on that basis denies

those allegations. Dell denies all allegations of patent infringement and that Ericsson is entitled to relief.

55. On information and belief, Dell denies the allegations of Paragraph 55 of the First Amended Complaint.

56. To the extent that Paragraph 56 of the First Amended Complaint states allegations against Dell, Dell denies those allegations, and specifically denies all allegations of patent infringement. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 56 of the First Amended Complaint and, on that basis, denies those allegations. Except as expressly admitted herein, Dell denies each and every remaining allegation stated in Paragraph 56 of the First Amended Complaint.

57. To the extent that Paragraph 57 of the First Amended Complaint states allegations against Dell, Dell admits that it is aware of one or more of the asserted patents, but denies engaging in any infringing activities whatsoever. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 57 of the First Amended Complaint regarding other Defendants and, on that basis, denies those allegations. Except as expressly admitted herein, Dell denies each and every remaining allegation stated in Paragraph 57 of the First Amended Complaint.

58. To the extent that Paragraph 58 of the First Amended Complaint states allegations against Dell, Dell denies such allegations, and specifically denies all allegations of patent infringement. Dell also denies that Ericsson has been damaged and is entitled to any relief. Except as expressly admitted herein, Dell denies each and every remaining allegation stated in Paragraph 58 of the First Amended Complaint.

## COUNT I

### Alleged Infringement of the '468 Patent

59.    Dell incorporates its responses to each of the foregoing Paragraphs in response to the allegations of Paragraph 59 of the First Amended Complaint.

60.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the First Amended Complaint, and therefore denies those allegations.

61.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the First Amended Complaint, and therefore denies those allegations.

62.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the First Amended Complaint, and therefore denies those allegations.

## COUNT II

### Alleged Infringement of the '516 Patent

63.    Dell incorporates its responses to each of the foregoing Paragraphs in response to the allegations of Paragraph 63 of the First Amended Complaint.

64.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the First Amended Complaint, and therefore denies those allegations.

65.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the First Amended Complaint, and therefore denies those allegations.

13

66.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the First Amended Complaint, and therefore denies those allegations.

67.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the First Amended Complaint, and therefore denies those allegations.

68.     Dell denies the allegations of Paragraph 68 of the First Amended Complaint, and specifically denies all allegations of patent infringement.

69.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the First Amended Complaint, and therefore denies those allegations.

70.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 of the First Amended Complaint, and therefore denies those allegations.

71.     To the extent Paragraph 71 of the First Amended Complaint states allegations against Dell, Dell denies such allegations, and specifically denies all allegations of patent infringement and denies that Ericsson has been, or will be, damaged, in any sum or manner, or at all, as a result of any alleged wrongdoing by Dell.  Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 71 and, on that basis, denies those allegations.

## COUNT III

### Alleged Infringement of the '019 Patent

72.    Dell incorporates its responses to each of the foregoing Paragraphs in response to the allegations of Paragraph 72 of the First Amended Complaint.

73.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 of the First Amended Complaint, and therefore denies those allegations.

74.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 of the First Amended Complaint, and therefore denies those allegations.

75.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 of the First Amended Complaint, and therefore denies those allegations.

76.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 of the First Amended Complaint, and therefore denies those allegations.

77.    Dell denies the allegations of Paragraph 77 of the First Amended Complaint, and specifically denies all allegations of patent infringement.

78.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 of the First Amended Complaint, and therefore denies those allegations.

79.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 of the First Amended Complaint, and therefore denies those allegations.

80.     To the extent Paragraph 80 of the First Amended Complaint states allegations against Dell, Dell denies such allegations and specifically denies all allegations of patent infringement and denies that Ericsson has been, or will be, damaged, in any sum or manner, or at all, as a result of any alleged wrongdoing by Dell.  Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 80 and, on that basis, denies those allegations.

**COUNT IV**

**Alleged Infringement of the '435 Patent**

81.     Dell incorporates its responses to each of the foregoing Paragraphs in response to the allegations of Paragraph 81 of the First Amended Complaint.

82.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 of the First Amended Complaint, and therefore denies those allegations.

83.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 of the First Amended Complaint, and therefore denies those allegations.

84.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 of the First Amended Complaint, and therefore denies those allegations.

16

85. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 of the First Amended Complaint, and therefore denies those allegations.

86. Dell denies the allegations of Paragraph 86 of the First Amended Complaint, and specifically denies all allegations of patent infringement.

87. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 of the First Amended Complaint, and therefore denies those allegations.

88. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88 of the First Amended Complaint, and therefore denies those allegations.

89. To the extent that Paragraph 89 of the First Amended Complaint states allegations against Dell, Dell denies those allegations, and specifically denies all allegations of patent infringement and denies that Ericsson has been, or will be, damaged, in any sum or manner, or at all, as a result of any alleged wrongdoing by Dell. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 89 of the First Amended Complaint and, on that basis, denies those allegations.

## COUNT V

### Alleged Infringement of the '625 Patent

90. Dell incorporates its responses to each of the foregoing Paragraphs in response to the allegations of Paragraph 90 of the First Amended Complaint.

91.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 of the First Amended Complaint, and therefore denies those allegations.

92.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 of the First Amended Complaint, and therefore denies those allegations.

93.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93 of the First Amended Complaint, and therefore denies those allegations.

94.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 of the First Amended Complaint, and therefore denies those allegations.

95.     Dell denies the allegations of Paragraph 95 of the First Amended Complaint, and specifically denies all allegations of patent infringement.

96.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96 of the First Amended Complaint, and therefore denies those allegations.

97.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97 of the First Amended Complaint, and therefore denies those allegations.

98.     To the extent that Paragraph 98 of the First Amended Complaint states allegations against Dell, Dell denies those allegations, and specifically denies all allegations of patent infringement and denies that Ericsson has been, or will be, damaged, in any sum or manner, or at

18

all, as a result of any alleged wrongdoing by Dell.  Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 98 of the First Amended Complaint and, on that basis, denies those allegations.

## COUNT VI

### Alleged Infringement of the '568 Patent

99.     Dell incorporates its responses to each of the foregoing Paragraphs in response to the allegations of Paragraph 99 of the First Amended Complaint.

100.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 of the First Amended Complaint, and therefore denies those allegations.

101.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101 of the First Amended Complaint, and therefore denies those allegations.

102.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 of the First Amended Complaint, and therefore denies those allegations.

103.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103 of the First Amended Complaint, and therefore denies those allegations.

104.     Dell denies the allegations of Paragraph 104 of the First Amended Complaint, and specifically denies all allegations of patent infringement.

19

105.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105 of the First Amended Complaint, and therefore denies those allegations.

106.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106 of the First Amended Complaint, and therefore denies those allegations.

107.    To the extent that Paragraph 107 of the First Amended Complaint states allegations against Dell, Dell denies those allegations, and specifically denies all allegations of patent infringement and denies that Ericsson has been, or will be, damaged, in any sum or manner, or at all, as a result of any alleged wrongdoing by Dell.  Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 107 of the First Amended Complaint and, on that basis, denies those allegations.

## COUNT VII

### Alleged Infringement of the '223 Patent

108.    Dell incorporates its responses to each of the foregoing Paragraphs in response to the allegations of Paragraph 108 of the First Amended Complaint.

109.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109 of the First Amended Complaint, and therefore denies those allegations.

110.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110 of the First Amended Complaint, and therefore denies those allegations.

111.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 111 of the First Amended Complaint, and therefore denies those allegations.

112.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 112 of the First Amended Complaint, and therefore denies those allegations.

113.    Dell denies the allegations of Paragraph 113 of the First Amended Complaint, and specifically denies all allegations of patent infringement.

114.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 114 of the First Amended Complaint, and therefore denies those allegations.

115.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 115 of the First Amended Complaint, and therefore denies those allegations.

116.    To the extent that Paragraph 116 of the First Amended Complaint states allegations against Dell, Dell denies those allegations, and specifically denies all allegations of patent infringement and denies that Ericsson has been, or will be, damaged, in any sum or manner, or at all, as a result of any alleged wrongdoing by Dell.  Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 116 of the First Amended Complaint and, on that basis, denies those allegations

## COUNT VIII

### Alleged Infringement of the '215 Patent

117.    Dell incorporates its responses to each of the foregoing Paragraphs in response to the allegations of Paragraph 117 of the First Amended Complaint.

118.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118 of the First Amended Complaint, and therefore denies those allegations.

119.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119 of the First Amended Complaint, and therefore denies those allegations.

120.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 120 of the First Amended Complaint, and therefore denies those allegations.

121.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 121 of the First Amended Complaint, and therefore denies those allegations.

122.    Dell denies the allegations of Paragraph 122 of the First Amended Complaint, and specifically denies all allegations of patent infringement.

123.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 123 of the First Amended Complaint, and therefore denies those allegations.

124.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 124 of the First Amended Complaint, and therefore denies those allegations.

125.    To the extent that Paragraph 125 of the First Amended Complaint states allegations against Dell, Dell denies those allegations, and specifically denies all allegations of patent infringement and denies that Ericsson has been, or will be, damaged, in any sum or manner, or at all, as a result of any alleged wrongdoing by Dell.  Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 125 of the First Amended Complaint and, on that basis, denies those allegations.

## COUNT IX

### Alleged Infringement of the '352 Patent

126.    Dell incorporates its responses to each of the foregoing Paragraphs in response to the allegations of Paragraph 126 of the First Amended Complaint.

127.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 127 of the First Amended Complaint, and therefore denies those allegations.

128.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 128 of the First Amended Complaint, and therefore denies those allegations.

129.    Dell denies the allegations of Paragraph 129 of the First Amended Complaint, and specifically denies all allegations of patent infringement.

130.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 130 of the First Amended Complaint, and therefore denies those allegations.

131.    To the extent that Paragraph 131 of the First Amended Complaint states allegations against Dell, Dell denies those allegations, and specifically denies all allegations of patent infringement and denies that Ericsson has been, or will be, damaged, in any sum or manner, or at all, as a result of any alleged wrongdoing by Dell.  Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 131 of the First Amended Complaint and, on that basis, denies those allegations.

## PRAYER FOR RELIEF

132-145.    Paragraphs 132 through 145 of the First Amended Complaint set forth the statement of relief that Ericsson requests, and to the extent a response is required, Dell denies any and all allegations of patent infringement contained in the Prayer for Relief, and specifically denies that Ericsson is entitled to any of the relief requested.

## DEMAND FOR A JURY TRIAL

Plaintiffs' Demand for a Jury Trial requires no response.

## GENERAL DENIAL

Except as expressly admitted herein, Dell denies each and every allegation contained in Ericsson's First Amended Complaint.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), without assuming any burden that they would not otherwise bear, and reserving the right to assert other defenses, Dell asserts the following defenses against Ericsson's First Amended Complaint:

24

**First Defense**

1.      Dell does not and has not infringed any valid and enforceable claim of the '516 patent, the '019 patent, the '435 patent, the '625 patent, the '568 patent, the '223 patent, the '215 patent, or the '352 patent (collectively, "the Patents-in-Suit") directly, indirectly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

**Second Defense**

2.      The claims of the Patents-in-Suit are invalid and/or unenforceable for failure to satisfy or comply with one or more of the requirements of 35 U.S.C. and 37 C.F.R., including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Third Defense**

3.      Ericsson's claims of infringement under the Patents-in-Suit are barred, in whole or in part, by the doctrine of prosecution history estoppel.

**Fourth Defense**

4.      Ericsson's claims of infringement under the Patents-in-Suit are barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver (express and/or implied), and/or unclean hands.

**Fifth Defense**

5.      Ericsson's claims for damages are barred, in whole or in part, under 35 U.S.C. § 286 (six year limitation), and/or 35 U.S.C. § 287 (failure to give adequate notice of the Patents-in-Suit, to mark, or to have its licensees mark).

**Sixth Defense**

6.      Ericsson's claims for relief are barred by the doctrines of express or implied license and/or patent exhaustion.

25

**Seventh Defense**

7.      Ericsson fails to state a claim on which relief can be granted.

**Eighth Defense**

8.      Dell is not willfully infringing and has not willfully infringed any claim of the Patents-in-Suit.

**Ninth Defense**

9.      Ericsson is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

**Tenth Defense**

10.     Dell has engaged in all of its activities in good faith, and Ericsson cannot prove that this is an exceptional case justifying an award of attorney fees against Dell pursuant to 35 U.S.C. § 285, even if it prevails.

**Eleventh Defense**

11.     Ericsson is not entitled to injunctive relief because Ericsson cannot prove (1) that it has suffered irreparable injury; (2) that there is no adequate remedy at law; (3) that a remedy in equity is warranted; and (4) that the public interest warrants an injunction.

**Twelfth Defense**

12.     Ericsson has waived any claims against Dell or any objection to Dell's conduct as alleged in the First Amended Complaint.

**Thirteenth Defense**

13.     Upon information and belief, Ericsson lacks standing to bring the claims and/or requests for relief set forth in the First Amended Complaint.

**Fourteenth Defense**

14.    Ericsson's claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and Plaintiff is not entitled to a double recovery.

**Fifteenth Defense**

15.    Ericsson has acquiesced to Dell's conduct as alleged in the First Amended Complaint.

**Sixteenth Defense**

16.    To the extent that certain products accused of infringing the Patents-in-Suit are used by and/or manufactured for the United States government, Ericsson's claims are subject to additional limitations pursuant to 28 U.S.C. § 1498.

**COUNTERCLAIMS**

Dell, for its Counterclaims against Ericsson and upon information and belief, states as follows:

**THE PARTIES**

1.    Defendant-Counterclaimant Dell Inc. ("Dell) is a Delaware corporation with its principal place of business at 1 Dell Way, Round Rock, Texas 78682-2222.

2.    On information and belief, Plaintiff-Counterdefendant Ericsson Inc. is a Delaware corporation with its principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

3.    On information and belief, Plaintiff-Counterdefendant Telefonaktiebolaget LM Ericsson is a corporation organized under the laws of the country of Sweden with its principal place of business at Torshamnsgatan 23, Kista, 164 83 Stockholm, Sweden.  Plaintiff-Counterdefendants Ericsson Inc. and Telefonaktiebolaget LM Ericsson shall be referred to, collectively, as "Ericsson."

27

**JURISDICTION AND VENUE**

4.     These are counterclaims for breach of contract and promissory estoppel, for which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because these claims arise from a common nucleus of operative facts and are so related to the original claims in the action that they form part of the same case or controversy under Article III of the United States Constitution.

5.     This Court has personal jurisdiction over Ericsson, Inc. and Telefonaktiebolaget LM Ericsson by virtue of the First Amended Complaint that Ericsson filed in this Court, and Ericsson's admittedly significant contacts with this forum.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)-(c) and § 1400(b).

**FACTUAL BACKGROUND**

7.     In its First Amended Complaint, Ericsson asserts that Dell has infringed U.S. Patent Nos. 5,790,516 ("the 516 Patent"), 5,987,019 ("the 019 Patent"), 6,330,435 ("the 435 Patent"), 6,424,625 ("the 625 Patent"), 6,466,568 ("the 568 Patent"), 6,519,223 ("the 223 Patent"), and 6,772,215 ("the 215 Patent").

8.     The 516, 019, 435, 625, 568, 223 and 215 patents are invalid and/or have not been and are not infringed by Dell, directly or indirectly.  In addition, Ericsson has engaged in misconduct rendering the patents unenforceable.

9.     There is accordingly an actual case or controversy between Dell and Ericsson over the non-infringement, invalidity, and/or unenforceability of the 516, 019, 435, 625, 568, 223 and 215 patents.

28

## COUNT ONE

### Breach of Contract

10. Dell incorporates and realleges paragraphs 1 through 9 above as if set forth fully herein.

11. In this action, Ericsson has alleged that certain products having wireless capability operating in accordance with IEEE 802.11 standards infringe the 516, 019, 435, 625, 568, 223 and 215 patents.

12. The IEEE is a professional association and leading developer of technical standards. IEEE members include engineers, scientists and allied professionals whose technical interests relate to electrical and computer sciences, engineering and related disciplines. Members may participate in the standards-setting process in working groups and/or subgroups called task groups.

13. To protect against unscrupulous conduct by any member who seeks to benefit unfairly from, or to manipulate to its advantage, the IEEE's standard-setting process, and to enable the IEEE and its members to develop standards free from potentially blocking patents, the IEEE instituted policies and rules regarding the disclosure and licensing of patents.

14. The IEEE's rules and policies required fairness and candor with respect to intellectual property. By way of example only, the IEEE requires members to submit letters of assurance including either a general disclaimer to the effect that the patentee will not enforce any of its present or future patents whose use would be required to implement the proposed IEEE standard against any person or entity using the patents incident to practice of the standard or a statement that a license will be made available to all applicants without compensation or under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination. The IEEE's Standards Board Bylaws stated at relevant times, for instance, that

29

"IEEE standards may include the known use of patent(s), including patent applications, provided the IEEE receives assurance from the patent holder or applicant with respect to patents essential for compliance with both mandatory and optional portions of the standard." The IEEE Bylaws further state that the assurance "shall be a letter that is in the form of either a) A general disclaimer to the effect that the patentee will not enforce any of its present or future patent(s) whose use would be required to implement the proposed IEEE standard against any person or entity using the patent(s) to comply with the standard; or b) A statement that a license will be made available without compensation or under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination."

15.     The IEEE formed the 802.11 Working Group in 1990. The IEEE 802.11 standard is entitled "Wireless LAN Media Access Control (MAC) and Physical Layer (PHY) Specifications" and concerns wireless local area networking ("wireless LAN").

16.     In 1997, the IEEE formed a task group related to 802.11a. In subsequent years, the IEEE formed additional task groups for 802.11, including 802.11g, and also for 802.11n.

17.     Ericsson is an alleged member of the IEEE and claims that it participated in the standards setting process for 802.11. As a result of its alleged membership in the IEEE, Ericsson agreed, both explicitly and implicitly, that it would abide by the rules and policies of the IEEE.

18.     On or about January 29, 2003, Telefonaktiebolaget LM Ericsson submitted a document titled "Letter of Assurance for Essential Patents" to the IEEE Standards Board, identifying the "IEEE Standard or Proposed IEEE Standard" as "802.11a, 802.11b, 802.11e, 802.11f, 802.11g, 802.11h 802.11i." Ericsson further stated that it "was prepared to grant a license to an unrestricted number of applicants on a worldwide, non-discriminatory basis and on reasonable terms and conditions to comply with the [Proposed] IEEE standard." Ericsson also

30

attached a document to its letter of assurance titled "Free form LoA Ericsson IP Statement for IEEE 802.11a, . . .", in which Ericsson committed to licensing any patents it contends are required to operate in accordance with the standards on "fair, reasonable, and non-discriminatory terms."

19.    On April 11, 2011, Ericsson submitted a document titled "Letter of Assurance for Essential Patent Claims" to the IEEE Standards Board, referring to IEEE standard 802.11n. The letter was a Blanket Letter of Assurance, and stated that Ericsson will license its Essential Patent Claims under reasonable rates with reasonable terms and conditions that are demonstrably free of unfair discrimination. The letter further states that "users and implementers of the [Proposed] IEEE Standard identified in part C above are relying or will rely upon and may seek enforcement of the terms of this LOA."

20.    For consideration, including IEEE membership and participation, Ericsson entered into an express and/or implied contract with the IEEE's members, or alternatively, with the IEEE, to which IEEE members and others are third-party beneficiaries, in which Ericsson agreed, among other things, to abide by the IEEE's policies and rules. The IEEE rules and policies, whether formal or informal, including all stipulations, requirements and representations in any form, constitute a contract between Ericsson and the IEEE's members, or alternatively between Ericsson and the IEEE, to which IEEE members and others are third-party beneficiaries.

21.    Ericsson's representations and/or other conduct, including the letters of assurance offering licenses on fair, reasonable and non-discriminatory terms, created express and/or implied contracts with the IEEE and its members, or alternatively between Ericsson and the IEEE, to which IEEE members and others are third-party beneficiaries.

22.     Ericsson breached its contractual obligations, including by failing to offer licenses for the 516, 019, 435, 625, 568, 223 and 215 patents on fair, reasonable and non-discriminatory terms, and by seeking to enjoin Dell from making and/or selling products that operate in accordance with the accused 802.11 standards.

23.     Dell has incurred damages, and will be further damaged in the future due to Ericsson's breach of its contractual obligations.

**COUNT TWO**

**Promissory Estoppel**

24.     Dell incorporates by reference the allegations of paragraphs 1 through 23 herein.

25.     Ericsson made representations and engaged in other conduct, including Ericsson's submission of letters of assurance to the IEEE that obligated Ericsson to license any patents Ericsson may own that Ericsson alleges are required to operate in accordance with the accused 802.11a, 802.11g, and 802.11n standards on terms that are fair, reasonable, and non-discriminatory.

26.     Ericsson's conduct constituted promises to the IEEE, its members, their customers and other third party beneficiaries.  By making such promises, Ericsson knew or reasonably should have known they would be relied upon.

27.     The IEEE, its members, their customers and other third party beneficiaries, including Dell, reasonably relied upon Ericsson's promises.  In so relying, Dell invested substantial resources including, but not limited to, integrating and incorporating products that operate in accordance with the accused 802.11 standards into its products.

28.     Dell has been damaged as a result of its reasonable reliance as provided herein such that injustice can only be avoided by enforcement of Ericsson's promises.

## RESERVATION OF RIGHTS

Dell reserves the right to add any additional defenses or counterclaims that discovery may reveal.

## PRAYER FOR RELIEF

Dell respectfully requests that Ericsson's First Amended Complaint be dismissed with prejudice, that this case be found exceptional under 35 U.S.C. § 285, and that Dell be awarded their reasonable attorneys' fees, costs, and such further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Dell respectfully demands a jury trial of all issues triable to a jury in this action.

Dated:  April 12, 2012                                  Respectfully submitted,

                                                        */s/ Michael J. Newton*
                                                        Michael J. Newton (Texas Bar No. 24003844)
                                                        Dwayne C. Norton (Texas Bar No. 24076139)
                                                        Shaun W. Hassett (Texas Bar No. 24074372)
                                                        Brady Cox (Texas Bar No. 24074084)
                                                        ALSTON & BIRD LLP
                                                        2828 N. Harwood St., Suite 1800
                                                        Dallas, TX 75201
                                                        Phone:      (214) 922-3400
                                                        Fax:        (214) 922-3899
                                                        Email:      mike.newton@alston.com
                                                        Email:      dwayne.norton@alston.com
                                                        Email:      shaun.hassett@alston.com
                                                        Email:      brady.cox@alston.com

                                                        Marsha E. Mullin (California Bar No. 93709)
                                                        ALSTON & BIRD LLP
                                                        333 South Hope Street, 16th Floor
                                                        Los Angeles, CA 90071
                                                        Phone:      (213) 576-1000
                                                        Fax:        (213) 576-1100
                                                        Email:      marsha.mullin@alston.com

33

Frank G. Smith (Georgia Bar No. 657550)
Kamran Jivani (Georgia Bar No. 510908)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Phone:       (404) 881-7000
Fax:          (404) 881-7777
Email:       frank.smith@alston.com
Email:       kamran.jivani@alston.com

Deron R. Dacus (Texas Bar No. 00790553)
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Phone:       (903) 705-1117
Fax:          (903) 581-2543
Email:       ddacus@dacusfirm.com

*Attorneys for Defendant Dell Inc.*

34

## Certificate of Service

The undersigned certifies that a true and correct copy of Defendant Dell Inc's Answer and Defenses to Plaintiffs First Amended Complaint for Patent Infringement was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service on April 12, 2012.

*/s/ Michael J. Newton*
Michael J. Newton