IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **ERICSSON INC. et al.** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 6:10-CV-473 |
| **D-LINK CORPORATION, et al.** | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF TOSHIBA
CORPORATION AND TOSHIBA AMERICA INFORMATION SYSTEMS, INC., AND
FIRST AMENDED COUNTERCLAIMS OF TOSHIBA AMERICA INFORMATION
SYSTEMS, INC. TO
<u>FIRST AMENDED COMPLAINT</u>**

Toshiba Corporation ("TC") and Toshiba America Information Systems, Inc. ("TAIS", collectively "Toshiba[1]") answer the First Amended Complaint (D.I. 77) of Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively "Ericsson" or "Plaintiffs") as follows. As between TC and TAIS, each of these parties separately answers allegations in the Amended Complaint that are specific to such party. Ericsson's opening paragraph does not contain any allegations requiring a response. Toshiba denies that it has infringed any valid and enforceable patent claim or that Ericsson is entitled to any relief for its claims. Toshiba's responses to the

---

[1] As stated in the parties' separate stipulated motion to dismiss filed on August 12, 2011, Toshiba America Consumer Products, LLP ("TACP") no longer exists as it merged with and into TAIS. Thus, no separate answer is being filed for TACP.

4845-3289-9343.1

remaining numbered allegations are set forth below, using paragraph numbers matching Ericsson's allegations.

## **PARTIES**

1. Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2. Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies them.

3. The allegations of paragraph 3 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 3 and therefore denies them.

4. The allegations of paragraph 4 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore denies them.

5. The allegations of paragraph 5 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore denies them.

6. The allegations of paragraph 6 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 6 and therefore denies them.

7. The allegations of paragraph 7 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore denies them.

4845-3289-9343.1

8. The allegations of paragraph 8 are not directed to Toshiba, and therefore no answer is required. Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore denies them.

9. The allegations of paragraph 9 are not directed to Toshiba, and therefore no answer is required. Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore denies them.

10. The allegations of paragraph 10 are not directed to Toshiba, and therefore no answer is required. Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies them.

11. The allegations of paragraph 11 are not directed to Toshiba, and therefore no answer is required. Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 11 and therefore denies them.

12. The allegations of paragraph 12 are not directed to Toshiba, and therefore no answer is required. Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies them.

13. The allegations of paragraph 13 are not directed to Toshiba, and therefore no answer is required. Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 13 and therefore denies them.

14. The allegations of paragraph 14 are not directed to Toshiba, and therefore no answer is required. Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefore denies them.

4845-3289-9343.1

15.    The allegations of paragraph 15 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies them.

16.    The allegations of paragraph 16 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore denies them.

17.    The allegations of paragraph 17 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore denies them.

18.    The allegations of paragraph 18 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore denies them.

19.    The allegations of paragraph 19 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore denies them.

20.    The allegations of paragraph 20 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 20 and therefore denies them.

21.    TC admits that Toshiba Corporation ("TC") is a corporation organized under the laws of Japan with its principal place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan.

22.    TC admits that it makes products having wireless functionality related to 802.11, but the allegations in paragraph 22 fail to set forth definitions for terms (such as "compliant") as

4

used in the allegations, and, in light of such ambiguities, TC lacks information sufficient to form a belief as to the truth of the matters asserted and therefore denies the allegations. TC denies the remaining allegations in paragraph 22.

23. The allegations in paragraph 23 fail to set forth definitions for terms (such as "doing business" and "compliant"). Based on TC's understanding of the allegations, it denies the allegations of paragraph 23.

24. The parties have agreed by stipulation to dismiss Toshiba America, Inc. ("TAI") from this case, so that it will not be a defendant. And, the allegations of paragraph 24 are not directed to TC or TAIS. It is therefore understood that no answer to this paragraph is required. Nonetheless, TC's understanding is that TAI is Delaware Corporation with its principal place of business in New York.

25. The parties have agreed to dismiss TAI from this case, so that it will not be a defendant. And, the allegations of paragraph 25 are not directed to TC or TAIS. It is therefore understood that no answer to this paragraph is required. Nonetheless, to the best of TC's knowledge, the allegations are denied.

26. The parties have agreed to dismiss TAI from this case, so that it will not be a defendant. And, the allegations of paragraph 26 are not directed to TC or TAIS. It is therefore understood that no answer to this paragraph is required. Nonetheless, TC understands that TAI conducts some business in the U.S. TC denies all allegations of infringement of the patents in suit. TC denies all the remaining allegations of paragraph 26.

27. Toshiba America Information Systems, Inc. ("TAIS") admits that it is a corporation organized under the laws of California with its principal place of business at 9740 Irvine Boulevard, Irvine, California 92618.

4845-3289-9343.1

28. Answering paragraph 28's list of activities that are stated in the alternative, TAIS admits that it is at least directly or indirectly sells and offers to sell products in the U.S. that have wireless functionality related to 802.11, but the allegations in paragraph 28 fail to set forth definitions for terms (such as "compliant") as used in the allegations, and, in light of such ambiguities, TAIS lacks information sufficient to form a belief as to the truth of the matters asserted and therefore denies the allegations.

29. TAIS admits that it conducts business in the U.S. Answering paragraph 29's list of activities that are stated in the alternative, TAIS admits it at least directly or indirectly sells and offers to sell products in the U.S. and in this District that have wireless functionality related to 802.11 and personal computers including physical switches related to the wireless functionality. TAIS admits that its sells and offers to sell televisions and Blu-ray players at least having wireless functionality capability related to 802.11. But, the allegations in paragraph 29 fail to set forth definitions for terms (such as "compliant") as used in the allegations, and, in light of such ambiguities, TAIS lacks information sufficient to form a belief as to the truth of the matters asserted and therefore denies the allegations. TAIS admits that a registered agent for it is CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201. TAIS denies that it has infringed any patents in suit. TAIS denies the remaining allegations of paragraph 29.

30. Toshiba America Consumer Products, LLC ("TACP") no longer exists. TACP merged with and into TAIS. TAIS denies that TACP is currently a New Jersey corporation with a principal place of business in New Jersey.

31. TACP no longer exists. It merged with and into TAIS. TAIS denies the allegations of paragraph 31 that are stated in the present form as to TACP. TAIS has responded to the analogous allegations as to TAIS for paragraph 28 above.

32.    TACP no longer exists.  It merged with and into TAIS.  TAIS denies the allegations of paragraph 32 that are stated in the present form as to TACP.  TAIS has responded to the analogous allegations as to TAIS for paragraph 29 above.

33.    The allegations of paragraph 33 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 33 and therefore denies them.

34.    The allegations of paragraph 34 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 34 and therefore denies them.

35.    The allegations of paragraph 35 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 35 and therefore denies them.

## JURISDICTION AND VENUE

36.    Toshiba admits that the Complaint purports to state a cause of action under the patent laws of the United States, Title 35, United States Code, §§  271 and 281-285, and 28 U.S.C. §§ 1331 and 1338(a) but denies the legal sufficiency of Plaintiffs' claims and allegations.

37.    For purposes of the present action, to the extent that the allegations in paragraph 37 are directed to Toshiba, Toshiba does not deny that venue is proper in this district.  However, Toshiba denies that this District is the most convenient, so that venue should be transferred under 28 U.S.C. § 1404 as being requested by Toshiba in a separate, soon to be filed motion.  As to the allegations of paragraph 37 that are not directed to Toshiba, no answer is required, and Toshiba is without knowledge sufficient to form a belief as to the truth of such allegations and therefore denies them.

4845-3289-9343.1

38.    The allegations of paragraph 38 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 38 and therefore denies them.

39.    The allegations of paragraph 39 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore denies them.

40.    The allegations of paragraph 40 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 40 and therefore denies them.

41.    The allegations of paragraph 41 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 41 and therefore denies them.

42.    The allegations of paragraph 42 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 42 and therefore denies them.

43.    For the purposes of the present action, TAIS admits that this court has personal jurisdiction over TAIS.  TC denies that this court has personal jurisdiction over TC.  TACP no longer exists and TAI is being dismissed, so no separate response is required for them.  Toshiba specifically denies committing any act of patent infringement of the patent claims involved in this case.  TAIS admits that it has at least sold and/or offered to sell one or more of its products having wireless functionality related to 802.11 and one or more computer products having a physical switch related to wireless functionality in the U.S., including in Texas and in the Eastern District of Texas, and that customers buy them.  As to the allegations of paragraph 43 that are not

8

directed to Toshiba, no answer is required, and Toshiba is without knowledge sufficient to form a belief as to the truth of such allegations and therefore denies them.

44. The allegations of paragraph 44 are not directed to Toshiba, and therefore no answer is required. Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 44 and therefore denies them.

## GENERAL ALLEGATIONS

45. Toshiba admits that the face of U.S. Pat. No. 5,771,468 ("the '468 Patent") identifies that the patent is entitled "Multi-Purpose Base Station." Toshiba admits that the face of the '468 Patent identifies that it was issued on June 23, 1998 with Per Stein as the inventor and Telefonaktiebolaget LM Ericsson as the assignee. Toshiba denies that the '468 Patent was duly and legally issued. Toshiba is without knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 45 and therefore denies them.

46. Toshiba admits that the face of U.S. Pat. No 5,790,516 ("the '516 Patent") identifies that the patent is entitled "Pulse Shaping for a [sic] Data Transmission in an Orthogonal Frequency Division Multiplexed System." Toshiba admits that the face of the '516 Patent identifies that it was issued on August 4, 1998 with Perols Leif Mikael Gudmundson, Lars Gustav Brismark, and Per-Olof Anderson as the inventors and Telefonaktiebolaget LM Ericsson as the assignee. Toshiba denies that the '516 Patent was duly and legally issued. Toshiba is without knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 46 and therefore denies them.

47. Toshiba admits that the face of U.S. Pat. No. 5,987,019 ("the '019 Patent") identifies that the patent is entitled "Multi-Rate Radiocommunication Systems and Terminals." Toshiba admits that the face of the '019 Patent identifies that it was issued on November 16,

9

4845-3289-9343.1

1999 with Alex Krister Raith, James Ragsdale, and John Diachina as the inventors and Telefonaktiebolaget LM Ericsson as the assignee. Toshiba denies that the '019 Patent was duly and legally issued. Toshiba is without knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 47 and therefore denies them.

48.     Toshiba admits that the face of U.S. Pat. No. 6,330,435 ("the '435 Patent") identifies that the patent is entitled "Data Packet Discard Notification." Toshiba admits that the face of the '435 Patent identifies that it was issued on December 11, 2001 with Tawfik Lazraq and Farooq Khan as the inventors and Telefonaktiebolaget LM Ericsson as the assignee. Toshiba denies that the '435 Patent was duly and legally issued. Toshiba is without knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 48 and therefore denies them.

49.     Toshiba admits that the face of U.S. Pat. No. 6,424,625 ("the '625 Patent") identifies that the patent is entitled "Method and Apparatus for Discarding Packets in a Data Network Having Automatic Repeat Request." Toshiba admits that the face of the '625 Patent identifies that it was issued on July 23, 2002 with Peter Larsson and Mikael Larsson as the inventors and Telefonaktiebolaget LM Ericsson as the assignee. Toshiba denies that the '625 Patent was duly and legally issued. Toshiba is without knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 49 and therefore denies them.

50.     Toshiba admits that the face of U.S. Pat. No. 6,466,568 ("the '568 Patent") identifies that the patent is entitled "Multi-Rate Radiocommunication Systems and Terminals." Toshiba admits that the face of the '568 Patent identifies that it was issued on October 15, 2002 with Alex Krister Raith, James Ragsdale, and John Diachina as the inventors and Telefonaktiebolaget LM Ericsson as the assignee. Toshiba denies that the '568 Patent was duly

10

and legally issued.  Toshiba is without knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 50 and therefore denies them.

51.    Toshiba admits that the face of U.S. Pat. No. 6,519,223 ("the '223 Patent") identifies that the patent is entitled "System and Method for Implementing a Semi Reliable Retransmission Protocol."  Toshiba admits that the face of the '223 Patent identifies that it was issued on February 11, 2003 with Stefan Henrik Andreas Wager and Reiner Ludwig as the inventors and Telefonaktiebolaget L M Ericsson as the assignee.  Toshiba denies that the '223 Patent was duly and legally issued.  Toshiba is without knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 51 and therefore denies them.

52.    Toshiba admits that the face of U.S. Pat. No. 6,722,215 ("the '215 Patent") identifies that the patent is entitled "Method for Minimizing Feedback Responses in ARQ Protocols."  Toshiba admits that the face of the '215 Patent identifies that it was issued on August 3, 2004 with Bela Rathonyi, Joachim Sachs, Michael Meyer, Per Beming, Mathias Johansson, Christiaan Roobol, Erik Schön, and Kazuhiko Inoue as the inventors and Telefonaktiebolaget LM Ericsson as the assignee.  Toshiba denies that the '215 Patent was duly and legally issued.  Toshiba is without knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 52 and therefore denies them.

53.    Toshiba admits that the face of U.S. Pat. No. 6,173,352 ("the '352 Patent") identifies that the patent is entitled "Mobile Computer Mounted Apparatus for Controlling Enablemenet and Indicating Operational Status of a Wireless Communication Device Associated with the Mobile Computer."  Toshiba admits that the face of the '352 Patent identifies that it was issued on January 9, 2001 with Billy Gayle Moon as the inventor and Ericsson Inc. as the assignee.  Toshiba denies that the '352 Patent was duly and legally issued.  Toshiba is without

11

knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 53 and therefore denies them.

54.     To the extent that paragraph 54 purports to allege infringement by Toshiba, it is denied.  Otherwise, Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 54, and therefore denies them.

55.     Toshiba denies the allegations of paragraph 55.

56.     To the extent that the allegations in paragraph 56 are directed to Toshiba, Toshiba denies them.  In this regard, TACP no longer exists, so no answer is required for it separate from TAIS.  The parties have agreed to dismiss TAI, so no response is required for it, and to the extent Toshiba needs to respond as to TAI, the allegations are denied.  As to the allegations of paragraph 56 that are not directed to Toshiba, no answer is required, and Toshiba is without knowledge sufficient to form a belief as to the truth of such allegations and therefore denies them.

57.     To the extent that the allegations in paragraph 57 are directed to Toshiba, TC admits that one or more patents were generally identified to TC, but denies committing any infringing acts and denies any willful infringement.  Toshiba denies all other allegations in paragraph 57 to the extent they are directed to Toshiba.  As to the allegations of paragraph 57 that are not directed to Toshiba, no answer is required, and Toshiba is without knowledge sufficient to form a belief as to the truth of such allegations and therefore denies them.

58.     To the extent that the allegations in paragraph 58 are directed to Toshiba, Toshiba denies them.  As to the allegations of paragraph 58 that are not directed to Toshiba, no answer is required, and Toshiba is without knowledge sufficient to form a belief as to the truth of such allegations and therefore denies them.

12

4845-3289-9343.1

## COUNT I

### (Infringement of the '468 Patent)

59. Toshiba incorporates by reference its answer to paragraphs 1-58 above, as if fully set forth herein.

60. The allegations of paragraph 60 are not directed to Toshiba, and therefore no answer is required. Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 60, and therefore denies them.

61. The allegations of paragraph 61 are not directed to Toshiba, and therefore no answer is required. Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 61, and therefore denies them.

62. The allegations of paragraph 62 are not directed to Toshiba, and therefore no answer is required. Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 62, and therefore denies them.

## COUNT II

### (Infringement of the '516 Patent)

63. Toshiba incorporates by reference its answer to paragraphs 1-62 above, as if fully set forth herein.

64. The allegations of paragraph 64 are not directed to Toshiba, and therefore no answer is required. Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 64, and therefore denies them.

65. The allegations of paragraph 65 are not directed to Toshiba, and therefore no answer is required. Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 65, and therefore denies them.

13

4845-3289-9343.1

66.    The allegations of paragraph 66 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 66, and therefore denies them.

67.    The allegations of paragraph 67 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 67, and therefore denies them.

68.    The allegations of paragraph 68 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 68, and therefore denies them.

69.    Toshiba denies the allegations of paragraph 69.  In this regard, TACP no longer exists, so no answer is required for it separate from TAIS.  The parties have agreed to dismiss TAI, so no response is required for it, and to the extent Toshiba needs to respond as to TAI, the allegations are denied.

70.    The allegations of paragraph 70 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 70, and therefore denies them.

71.    To the extent the allegations of paragraph 71 are directed to Toshiba, Toshiba denies them.  In this regard, TACP no longer exists, so no answer is required for it separate from TAIS.  The parties have agreed to dismiss TAI, so no response is required for it, and to the extent Toshiba needs to respond as to TAI, the allegations are denied. As to the allegations of paragraph 71 that are not directed to Toshiba, no answer is required, and Toshiba is without knowledge sufficient to form a belief as to the truth of such allegations and therefore denies them.

4845-3289-9343.1

## COUNT III

### (Infringement of the '019 Patent)

72.     Toshiba incorporates by reference its answer to paragraphs 1-71 above, as if fully set forth herein.

73.     The allegations of paragraph 73 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 73, and therefore denies them.

74.     The allegations of paragraph 74 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 74, and therefore denies them.

75.     The allegations of paragraph 75 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 75, and therefore denies them.

76.     The allegations of paragraph 76 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 76, and therefore denies them.

77.     The allegations of paragraph 77 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 77, and therefore denies them.

78.     Toshiba denies the allegations of paragraph 78.  In this regard, TACP no longer exists, so no answer is required for it separate from TAIS.  The parties have agreed to dismiss TAI, so no response is required for it, and to the extent Toshiba needs to respond as to TAI, the allegations are denied.

4845-3289-9343.1

79. The allegations of paragraph 79 are not directed to Toshiba, and therefore no answer is required. Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 79, and therefore denies them.

80. To the extent the allegations of paragraph 80 are directed to Toshiba, Toshiba denies them. In this regard, TACP no longer exists, so no answer is required for it separate from TAIS. The parties have agreed to dismiss TAI, so no response is required for it, and to the extent Toshiba needs to respond as to TAI, the allegations are denied. As to the allegations of paragraph 80 that are not directed to Toshiba, no answer is required, and Toshiba is without knowledge sufficient to form a belief as to the truth of such allegations and therefore denies them.

## COUNT IV

### (Infringement of the '435 Patent)

81. Toshiba incorporates by reference its answer to paragraphs 1-80 above, as if fully set forth herein.

82. The allegations of paragraph 82 are not directed to Toshiba, and therefore no answer is required. Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 82, and therefore denies them.

83. The allegations of paragraph 83 are not directed to Toshiba, and therefore no answer is required. Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 83, and therefore denies them.

84. The allegations of paragraph 84 are not directed to Toshiba, and therefore no answer is required. Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 84, and therefore denies them.

16

85.     The allegations of paragraph 85 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 85, and therefore denies them.

86.     The allegations of paragraph 86 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 86, and therefore denies them.

87.     Toshiba denies the allegations of paragraph 87.  In this regard, TACP no longer exists, so no answer is required for it separate from TAIS.  The parties have agreed to dismiss TAI, so no response is required for it, and to the extent Toshiba needs to respond as to TAI, the allegations are denied.

88.     The allegations of paragraph 88 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 88, and therefore denies them.

89.     To the extent the allegations of paragraph 89 are directed to Toshiba, Toshiba denies them.  In this regard, TACP no longer exists, so no answer is required for it separate from TAIS.  The parties have agreed to dismiss TAI, so no response is required for it, and to the extent Toshiba needs to respond as to TAI, the allegations are denied. As to the allegations of paragraph 89 that are not directed to Toshiba, no answer is required, and Toshiba is without knowledge sufficient to form a belief as to the truth of such allegations and therefore denies them.

### COUNT V

### (Infringement of the '625 Patent)

90.     Toshiba incorporates by reference its answer to paragraphs 1-89 above, as if fully set forth herein.

17

4845-3289-9343.1

91.     The allegations of paragraph 91 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 91, and therefore denies them.

92.     The allegations of paragraph 92 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 92, and therefore denies them.

93.     The allegations of paragraph 93 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 93, and therefore denies them.

94.     The allegations of paragraph 94 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 94, and therefore denies them.

95.     The allegations of paragraph 95 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 95, and therefore denies them.

96.     Toshiba denies the allegations of paragraph 96.  In this regard, TACP no longer exists, so no answer is required for it separate from TAIS.  The parties have agreed to dismiss TAI, so no response is required for it, and to the extent Toshiba needs to respond as to TAI, the allegations are denied.

97.     The allegations of paragraph 97 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 97, and therefore denies them.

18

98.     To the extent the allegations of paragraph 98 are directed to Toshiba, Toshiba denies them.  In this regard, TACP no longer exists, so no answer is required for it separate from TAIS.  The parties have agreed to dismiss TAI, so no response is required for it, and to the extent Toshiba needs to respond as to TAI, the allegations are denied. As to the allegations of paragraph 98 that are not directed to Toshiba, no answer is required, and Toshiba is without knowledge sufficient to form a belief as to the truth of such allegations and therefore denies them.

## COUNT VI

### (Infringement of the '568 Patent)

99.     Toshiba incorporates by reference its answer to paragraphs 1-98 above, as if fully set forth herein.

100.    The allegations of paragraph 100 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 100, and therefore denies them.

101.    The allegations of paragraph 101 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 101, and therefore denies them.

102.    The allegations of paragraph 102 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 102, and therefore denies them.

103.    The allegations of paragraph 103 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 103, and therefore denies them.

104.    The allegations of paragraph 104 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 104, and therefore denies them.

105.    Toshiba denies the allegations of paragraph 105.  In this regard, TACP no longer exists, so no answer is required for it separate from TAIS.  The parties have agreed to dismiss TAI, so no response is required for it, and to the extent Toshiba needs to respond as to TAI, the allegations are denied.

106.    The allegations of paragraph 106 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 106, and therefore denies them.

107.    To the extent the allegations of paragraph 107 are directed to Toshiba, Toshiba denies them. In this regard, TACP no longer exists, so no answer is required for it separate from TAIS.  The parties have agreed to dismiss TAI, so no response is required for it, and to the extent Toshiba needs to respond as to TAI, the allegations are denied. As to the allegations of paragraph 107 that are not directed to Toshiba, no answer is required, and Toshiba is without knowledge sufficient to form a belief as to the truth of such allegations and therefore denies them.

**COUNT VII**

**(Infringement of the '223 Patent)**

108.    Toshiba incorporates by reference its answer to paragraphs 1-107 above, as if fully set forth herein.

109.    The allegations of paragraph 109 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 109, and therefore denies them.

20

110.    The allegations of paragraph 110 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 110, and therefore denies them.

111.    The allegations of paragraph 111 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 111, and therefore denies them.

112.    The allegations of paragraph 112 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 112, and therefore denies them.

113.    The allegations of paragraph 113 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 113, and therefore denies them.

114.    Toshiba denies the allegations of paragraph 114.  In this regard, TACP no longer exists, so no answer is required for it separate from TAIS.  The parties have agreed to dismiss TAI, so no response is required for it, and to the extent Toshiba needs to respond as to TAI, the allegations are denied.

115.    The allegations of paragraph 115 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 115, and therefore denies them.

116.    To the extent the allegations of paragraph 116 are directed to Toshiba, Toshiba denies them. In this regard, TACP no longer exists, so no answer is required for it separate from TAIS.  The parties have agreed to dismiss TAI, so no response is required for it, and to the extent Toshiba needs to respond as to TAI, the allegations are denied. As to the allegations of paragraph

21

116 that are not directed to Toshiba, no answer is required, and Toshiba is without knowledge sufficient to form a belief as to the truth of such allegations and therefore denies them.

## COUNT VIII

### (Infringement of the '215 Patent)

117.    Toshiba incorporates by reference its answer to paragraphs 1-116 above, as if fully set forth herein.

118.    The allegations of paragraph 118 are not directed to Toshiba, and therefore no answer is required. Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 118, and therefore denies them.

119.    The allegations of paragraph 119 are not directed to Toshiba, and therefore no answer is required. Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 119, and therefore denies them.

120.    The allegations of paragraph 120 are not directed to Toshiba, and therefore no answer is required. Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 120, and therefore denies them.

121.    The allegations of paragraph 121 are not directed to Toshiba, and therefore no answer is required. Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 121, and therefore denies them.

122.    The allegations of paragraph 122 are not directed to Toshiba, and therefore no answer is required. Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 122, and therefore denies them.

123.    Toshiba denies the allegations of paragraph 123. In this regard, TACP no longer exists, so no answer is required for it separate from TAIS. The parties have agreed to dismiss

22

TAI, so no response is required for it, and to the extent Toshiba needs to respond as to TAI, the allegations are denied.

124.    The allegations of paragraph 124 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 124, and therefore denies them.

125.    To the extent the allegations of paragraph 125 are directed to Toshiba, Toshiba denies them. In this regard, TACP no longer exists, so no answer is required for it separate from TAIS.  The parties have agreed to dismiss TAI, so no response is required for it, and to the extent Toshiba needs to respond as to TAI, the allegations are denied. As to the allegations of paragraph 125 that are not directed to Toshiba, no answer is required, and Toshiba is without knowledge sufficient to form a belief as to the truth of such allegations and therefore denies them.

## COUNT IX

### (Infringement of the '352 Patent)

126.    Toshiba incorporates by reference its answer to paragraphs 1-125 above, as if fully set forth herein.

127.    The allegations of paragraph 127 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 127, and therefore denies them.

128.    The allegations of paragraph 128 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 128, and therefore denies them.

23

4845-3289-9343.1

129.    The allegations of paragraph 129 are not directed to Toshiba, and therefore no answer is required.  Toshiba is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 129, and therefore denies them.

130.    Toshiba denies the allegations in paragraph 130.  In this regard, TACP no longer exists, so no answer is required for it separate from TAIS.  The parties have agreed to dismiss TAI, so no response is required for it, and to the extent Toshiba needs to respond as to TAI, the allegations are denied.

131.    To the extent the allegations of paragraph 131 are directed to Toshiba, Toshiba denies them.  In this regard, TACP no longer exists, so no answer is required for it separate from TAIS.  The parties have agreed to dismiss TAI, so no response is required for it, and to the extent Toshiba needs to respond as to TAI, the allegations are denied. As to the allegations of paragraph 131 that are not directed to Toshiba, no answer is required, and Toshiba is without knowledge sufficient to form a belief as to the truth of such allegations and therefore denies them.

## PRAYER FOR RELIEF

No response to the "Prayer for Relief" is necessary.  To the extent a response is deemed necessary, Toshiba denies any allegations contained in the "Prayer for Relief", and denies that Ericsson is entitled to any of the requested relief.

## DEMAND FOR JURY TRIAL

No response to the "Demand for Jury Trial" is necessary.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Toshiba alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In

24

4845-3289-9343.1

addition to the affirmative defenses described below, subject to their responses above, Toshiba specifically reserves the right to allege additional affirmative defenses that become known through the course of discovery.

## Non-Infringement

132.    Toshiba does not directly infringe, indirectly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not directly infringed, indirectly infringed, contributorily infringed, or induced infringement (either literally or under the doctrine of equivalents) of any valid and enforceable claim of the '516 Patent, the '019 Patent, the '435 Patent, the '625 Patent, the '568 Patent, the '223 Patent, the '215 Patent or the '352 Patent (collectively, the "patents-in-suit").

## Invalidity

133.    The claims of the patents-in-suit are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 101, 102, 103, and 112.

## No Personal Jurisdiction Over TC

134.    The Court does not have personal jurisdiction over Defendant TC.

## No Entitlement to Injunctive Relief

135.    Ericsson cannot satisfy the requirements applicable to its request for injunctive relief and has an adequate remedy at law.

## Promissory Estoppel

136.    Ericsson's claims are barred, in whole or in part, by the doctrine of promissory estoppel.

137.    Ericsson made representations and engaged in other conduct, including Ericsson's submission of letters of assurance to the IEEE that obligated Ericsson to license any patents

Ericsson may own that Ericsson alleges are required to operate in accordance with the accused 802.11a, 802.11g, and 802.11n standards on terms that are fair, reasonable, and non-discriminatory.

138.    Ericsson's conduct constituted promises to the IEEE and its members, including TAIS. By making those promises, Ericsson knew or reasonably should have known that they would be relied upon.

139.    The IEEE and its members, including TAIS, reasonably relied on the foregoing promises in adopting 802.11 standards.  TAIS further reasonably relied on the foregoing promises, and/or the 802.11 standards, in investing substantial resources developing and marketing products that operate in accordance with the accused 802.11 standards.  TAIS's investment and development included, without limitation, working with suppliers such as Intel that are themselves members of the IEEE and who manufacture and sell the components providing certain 802.11 functionality in TAIS's products

140.    TAIS has been damaged as a result of its reasonable reliance as provided herein such that injustice can only be avoided by enforcement of Ericsson's promises.

### Limitation on Damages and Costs

141.    Any claims for damages for alleged infringement of the patents-in-suit are barred or limited by 35 U.S.C. § 286.  Ericsson is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

### Not an Exceptional Case

142.    Ericsson cannot prove that this is an exceptional case justifying award of attorney fees against Toshiba pursuant to 35 U.S.C. § 285.

**Patent Office Estoppel**

143.     Because of proceedings in the United States Patent and Trademark Office ("U.S. PTO") during the prosecution of the application that resulted in the patents-in-suit, including the specification, claims and acts and representations to the U.S. PTO, Ericsson is estopped to claim a construction of the patents-in-suit that would cause any valid claim thereof to be or have been infringed, literally or under the doctrine of equivalents, by Toshiba.

**Failure to Mark**

144.     Any claims for damages for alleged infringement of the patents-in-suit are barred or limited due to the failure to satisfy the requirements of 35 U.S.C. § 287.

**Laches, Estoppel, Waiver, and Unclean Hands**

145.     All or some of Ericsson's claims for relief are barred by the doctrine of one or more of laches, waiver, equitable estoppel, and unclean hands.

**Breach of Contract**

146.     The claims of the patents-in-suit are unenforceable because Ericsson has breached its contractual obligations.

147.     In this action, Ericsson has alleged that certain products having wireless capability operating in accordance with IEEE 802.11 standards infringe the '516, '019, '435, '625, '568, '223, and '215 patents.

148.     The IEEE is a professional association and leading developer of technical standards. IEEE members include engineers, scientists, and allied professionals whose technical interests relate to electrical and computer sciences, engineering and related disciplines.  Members may participate in the standards-setting process in working groups and/or subgroups called task groups.

4845-3289-9343.1

149.    To protect against unscrupulous conduct by any member who seeks to benefit unfairly from, or to manipulate to its advantage, the IEEE's standard-setting process, and to enable the IEEE and its members to develop standards free from potentially blocking patents, the IEEE instituted policies and rules regarding the disclosure and licensing of patents.

150.    The IEEE's rules and policies required fairness and candor with respect to intellectual property.  By way of example only, the IEEE requires members to submit letters of assurance including either a general disclaimer to the effect that the patentee will not enforce any of its present or future patents whose use would be required to implement the proposed IEEE standard against any person or entity using the patents incident to practice of the standard or a statement that a license will be made available to all applicants without compensation or under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination.  The IEEE's Standards Board Bylaws stated at relevant times, for instance, that "IEEE standards may include the known use of patent(s), including patent applications, provided the IEEE receives assurance from the patent holder or applicant with respect to patents essential for compliance with both mandatory and optional portions of the standard.  This assurance shall be provided without coercion and prior to approval of the standard (or reaffirmation when a patent becomes known after initial approval of the standard)."  The IEEE Bylaws further state that the assurance "shall be a letter that is in the form of either a) A general disclaimer to the effect that the patentee will not enforce any of its present or future patent(s) whose use would be required to implement the proposed IEEE standard against any person or entity using the patent(s) to comply with the standard or b) A statement that a license will be made available without compensation or under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination."

28

151.    The IEEE formed the 802.11 working group in 1990.  The IEEE 802.11 standard is titled "Wireless LAN Media Access Control (MAC) and Physical Layer (PHY) Specifications" and concerns wireless local area networking ("wireless LAN").

152.    In 1997, the IEEE formed a task group related to 802.11a.  In subsequent years, the IEEE formed additional task groups for 802.11, including 802.11g, and also for 802.11n.

153.    Toshiba is a member in IEEE and its representatives have participated in IEEE meetings regarding setting 802.11 standards.

154.    Toshiba works with its suppliers, such as Intel, who are also members and beneficiaries of IEEE, to produce products for consumers that operate in accordance with various of the 802.11 standards, including aspects of 802.11a, 802.11g, and 802.11n.

155.    Ericsson is an alleged member of the IEEE and claims that it participated in the standards setting process for 802.11.  As a result of its alleged membership, Ericsson agreed, both explicitly and implicitly, that it would abide by the rules and policies of the IEEE.

156.    On or about January 29, 2003, Ericsson submitted a letter of assurance to the IEEE relating to 802.11.  In this document titled "Letter of Assurance for Essential Patents," Ericsson identified the "IEEE Standard or Proposed IEEE Standard" as "802.11a, 802.11b, 802.11e, 802.11f, 802.11g, 802.11h 802.11i."  Ericsson further stated that it "was prepared to grant a license to an unrestricted number of applicants on a worldwide, non-discriminatory basis and on reasonable terms and conditions to comply with the [Proposed] IEEE standard."  Ericsson also attached a document to its letter of assurance titled "Free form LoA Ericsson IP Statement for IEEE 802.11a, . . .", in which Ericsson committed to licensing any patents it contends are required to operate in accordance with the standards on "fair, reasonable, and non-discriminatory terms."

29

157.   On April 18, 2011, Ericsson submitted another letter of assurance to the IEEE for 802.11n.  In that letter of assurance, Ericsson stated that it "may own, control, or have the ability to license Patent Claims that might be or become Essential Patent Claims."  The letter further states, "The Submitter [Ericsson] will grant a license under reasonable rates to an unrestricted number of applicants on a worldwide basis with reasonable terms and conditions that are demonstrably free of unfair discrimination"  and  that "users and implementers of the [Proposed] IEEE Standard identified in part C above are relying or will rely upon and may seek enforcement of the terms of this LOA."

158.   For consideration, including IEEE membership and participation, Ericsson entered into an express and/or implied contract with the IEEE's members, or alternatively with the IEEE, to which IEEE members and others are third party beneficiaries, in which Ericsson agreed, among other things, to abide by the IEEE's rules and policies.  The IEEE's rules and policies, whether formal or informal, including all stipulations, requirements and representations in any form, constitute a contract between Ericsson and the IEEE's members, or alternatively between Ericsson and the IEEE, to which the IEEE's members and others are third-party beneficiaries.

159.   In accordance with the foregoing, the IEEE's rules and policies require its members to submit letters of assurance including a general disclaimer to the effect that the patent holder will not enforce any of its present or future patents whose use would be required to implement the proposed IEEE standard against any person or entity using the patents to make, use, sell, import, or offer for sale in the U.S. any product that operates in accordance with the standard, or  to provide statements that a license will be offered and made available to all

applicants without compensation or under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination.

160.   Ericsson's conduct, including the letters of assurance offering licenses on fair, reasonable and non-discriminatory terms, created express and/or implied contracts with the IEEE and its members, or alternatively between Ericsson and the IEEE, to which IEEE members and others are third-party beneficiaries.

161.   Ericsson breached its contractual obligations, including by, among other things refusing to offer licenses for the '516, '019, '435, '625, '568, '223, and '215 patents on fair, reasonable and non-discriminatory terms to TAIS and to TAIS's suppliers such as Intel who Toshiba relies on to make end products that operate in accordance with the 802.11 standards and seeking to enjoin TAIS from making and selling such products.

162.   TAIS has incurred damages and will be further damages in the future due to Ericsson's breach of its contractual obligations.

### Inadequate Evidence of Ownership and Standing

163.   Ericsson Inc. and Telefonaktiebolaget LM Ericsson have failed to provide adequate evidence of ownership of the patents-in-suit, such as providing evidence that each entity has ownership for every patent-in-suit and/or otherwise has sufficient standing to bring suit, and therefore lack standing to bring suit.

### Exhaustion and License

164.   Ericsson's claims for patent infringement are precluded in whole or in part by an express or implied license to the patents-in-suit and/or the doctrine of patent exhaustion, and Ericsson is not entitled to double recovery.

31

4845-3289-9343.1

**Products Manufactured for the United States Government**

165.   To the extent that any products accused of infringing the patents-in-suit are used by and/or manufactured for the United States Government, Ericsson's claims against Toshiba with respect to such products may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

**COUNTERCLAIMS OF TOSHIBA AMERICA INFORMATION SYSTEMS, INC.**

Defendant/Counterclaimant Plaintiff Toshiba America Information Systems, Inc. ("TAIS") for its counterclaims against Ericsson Inc. and Telefonaktiebolaget LM Ericsson ("Ericsson") states as follows:

**The Parties**

1.   TAIS is a corporation organized under the laws of California with its principal place of business at 9740 Irvine Boulevard, Irvine, California 92618.

2.   On information and belief, Plaintiff Ericsson Inc. is a Delaware corporation with its principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

3.   On information and belief, Telefonaktiebolaget LM Ericsson is a corporation organized under the laws of the country of Sweden with its principal place of business at Torshamnsgatan 23, Kista, 164 83 Stockholm, Sweden.

**Jurisdiction and Venue**

4.   Subject to TAIS's affirmative defenses and denials, TAIS alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.  This Court also has supplemental jurisdiction over TAIS's Counterclaims under 28 U.S.C. § 1367

4845-3289-9343.1

5.     Subject to TAIS's soon to be filed request to seek transfer of venue under 28 U.S.C § 1404, personal jurisdiction and venue in this District are proper under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

### Factual Background

6.     In its First Amended Complaint, Ericsson asserts that TAIS has infringed the patents-in-suit.

7.     The patents-in-suit are invalid and have not been and are not infringed by TAIS, directly (either literally or under the doctrine of equivalents), indirectly, contributorily, or by inducement.

8.     An actual controversy exists between Ericsson and TAIS by virtue of the infringement allegations in Ericsson's First Amended Complaint, and TAIS's denial of such allegations.

### Count I - Declaratory Judgment of Non-Infringement of the '516 Patent

9.     TAIS realleges and incorporates by reference paragraphs 1-8 of its Counterclaims.

10.     An actual case or controversy exists between TAIS and Ericsson as to whether the '516 Patent is not infringed by TAIS.

11.     A judicial declaration is necessary and appropriate so that TAIS may ascertain its rights regarding the '516 Patent.

12.     TAIS does not either literally or under doctrine of equivalents directly infringe, indirectly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not either literally or under doctrine of equivalents directly infringed, indirectly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '516 Patent.

33

4845-3289-9343.1

## Count II - Declaratory Judgment of Non-Infringement of the '019 Patent

13.     TAIS realleges and incorporates by reference paragraphs 1-12 of its Counterclaims.

14.     An actual case or controversy exists between TAIS and Ericsson as to whether the '019 Patent is not infringed by TAIS.

15.     A judicial declaration is necessary and appropriate so that TAIS may ascertain its rights regarding the '019 Patent.

16.     TAIS does not either literally or under doctrine of equivalents directly infringe, indirectly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not either literally or under doctrine of equivalents directly infringed, indirectly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '019 Patent.

## Count III - Declaratory Judgment of Non-Infringement of the '435 Patent

17.     TAIS realleges and incorporates by reference paragraphs 1-16 of its Counterclaims.

18.     An actual case or controversy exists between TAIS and Ericsson as to whether the '435 Patent is not infringed by TAIS.

19.     A judicial declaration is necessary and appropriate so that TAIS may ascertain its rights regarding the '435 Patent.

20.     TAIS does not either literally or under doctrine of equivalents directly infringe, indirectly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not either literally or under doctrine of equivalents directly infringed, indirectly

4845-3289-9343.1

infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '435 Patent.

### Count IV - Declaratory Judgment of Non-Infringement of the '625 Patent

21.    TAIS realleges and incorporates by reference paragraphs 1-20 of its Counterclaims.

22.    An actual case or controversy exists between TAIS and Ericsson as to whether the '625 Patent is not infringed by TAIS.

23.    A judicial declaration is necessary and appropriate so that TAIS may ascertain its rights regarding the '625 Patent.

24.    TAIS does not either literally or under doctrine of equivalents directly infringe, indirectly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not either literally or under doctrine of equivalents directly infringed, indirectly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '625 Patent.

### Count V - Declaratory Judgment of Non-Infringement of the '568 Patent

25.    TAIS realleges and incorporates by reference paragraphs 1-24 of its Counterclaims.

26.    An actual case or controversy exists between TAIS and Ericsson as to whether the '568 Patent is not infringed by TAIS.

27.    A judicial declaration is necessary and appropriate so that TAIS may ascertain its rights regarding the '568 Patent.

28.    TAIS does not either literally or under doctrine of equivalents directly infringe, indirectly infringe, contributorily infringe, or induce infringement of, and at all relevant times to

this action, has not either literally or under doctrine of equivalents directly infringed, indirectly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '568 Patent.

## Count VI - Declaratory Judgment of Non-Infringement of the '223 Patent

29. TAIS realleges and incorporates by reference paragraphs 1-28 of its Counterclaims.

30. An actual case or controversy exists between TAIS and Ericsson as to whether the '223 Patent is not infringed by TAIS.

31. A judicial declaration is necessary and appropriate so that TAIS may ascertain its rights regarding the '223 Patent.

32. TAIS does not either literally or under doctrine of equivalents directly infringe, indirectly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not either literally or under doctrine of equivalents directly infringed, indirectly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '223 Patent.

## Count VII - Declaratory Judgment of Non-Infringement of the '215 Patent

33. TAIS realleges and incorporates by reference paragraphs 1-32 of its Counterclaims.

34. An actual case or controversy exists between TAIS and Ericsson as to whether the '215 Patent is not infringed by TAIS.

35. A judicial declaration is necessary and appropriate so that TAIS may ascertain its rights regarding the '215 Patent.

36

4845-3289-9343.1

36.     TAIS does not either literally or under doctrine of equivalents directly infringe, indirectly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not either literally or under doctrine of equivalents directly infringed, indirectly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '215 Patent.

### Count VIII - Declaratory Judgment of Non-Infringement of the '352 Patent

37.     TAIS realleges and incorporates by reference paragraphs 1-36 of its Counterclaims.

38.     An actual case or controversy exists between TAIS and Ericsson as to whether the '352 Patent is not infringed by TAIS.

39.     A judicial declaration is necessary and appropriate so that TAIS may ascertain its rights regarding the '352 Patent.

40.     TAIS does not either literally or under doctrine of equivalents directly infringe, indirectly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not either literally or under doctrine of equivalents directly infringed, indirectly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '352 Patent.

### Count IX - Declaratory Judgment of the Invalidity of the '516 Patent

41.     TAIS realleges and incorporates by reference paragraphs 1-40 of its Counterclaims.

42.     An actual case or controversy exists between TAIS and Ericsson concerning the validity of the '516 Patent by virtue of Ericsson's assertion of infringement of that patent by TAIS.

43.     The claims of the '516 Patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 101, 102, 103, and 112.

### **Count X - Declaratory Judgment of the Invalidity of the '019 Patent**

44.     TAIS realleges and incorporates by reference paragraphs 1-43 of its Counterclaims.

45.     An actual case or controversy exists between TAIS and Ericsson concerning the validity of the '019 Patent by virtue of Ericsson's assertion of infringement of that patent by TAIS.

46.     The claims of the '019 Patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 101, 102, 103, and 112.

### **Count XI - Declaratory Judgment of the Invalidity of the '435 Patent**

47.     TAIS realleges and incorporates by reference paragraphs 1-46 of its Counterclaims.

48.     An actual case or controversy exists between TAIS and Ericsson concerning the validity of the '435 Patent by virtue of Ericsson's assertion of infringement of that patent by TAIS.

49.     The claims of the '435 Patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 101, 102, 103, and 112.

### **Count XII - Declaratory Judgment of the Invalidity of the '625 Patent**

50.     TAIS realleges and incorporates by reference paragraphs 1-49 of its Counterclaims.

4845-3289-9343.1

51. An actual case or controversy exists between TAIS and Ericsson concerning the validity of the '625 Patent by virtue of Ericsson's assertion of infringement of that patent by TAIS.

52. The claims of the '625 Patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 101, 102, 103, and 112.

### Count XIII - Declaratory Judgment of the Invalidity of the '568 Patent

53. TAIS realleges and incorporates by reference paragraphs 1-52 of its Counterclaims.

54. An actual case or controversy exists between TAIS and Ericsson concerning the validity of the '568 Patent by virtue of Ericsson's assertion of infringement of that patent by TAIS.

55. The claims of the '568 Patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 101, 102, 103, and 112.

### Count XIV - Declaratory Judgment of the Invalidity of the '223 Patent

56. TAIS realleges and incorporates by reference paragraphs 1-55 of its Counterclaims.

57. An actual case or controversy exists between TAIS and Ericsson concerning the validity of the '223 Patent by virtue of Ericsson's assertion of infringement of that patent by TAIS.

58. The claims of the '223 Patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 101, 102, 103, and 112.

4845-3289-9343.1

### Count XV - Declaratory Judgment of the Invalidity of the '215 Patent

59.     TAIS realleges and incorporates by reference paragraphs 1-58 of its Counterclaims.

60.     An actual case or controversy exists between TAIS and Ericsson concerning the validity of the '215 Patent by virtue of Ericsson's assertion of infringement of that patent by TAIS.

61.     The claims of the '215 Patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 101, 102, 103, and 112.

### Count XVI - Declaratory Judgment of the Invalidity of the '352 Patent

62.     TAIS realleges and incorporates by reference paragraphs 1-61 of its Counterclaims.

63.     An actual case or controversy exists between TAIS and Ericsson concerning the validity of the '352 Patent by virtue of Ericsson's assertion of infringement of that patent by TAIS.

64.     The claims of the '352 Patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 101, 102, 103, and 112.

### Count XVII – Breach of Contract

65.     TAIS realleges and incorporates by reference paragraphs 1-64 of its Counterclaims.

66.     In this action, Ericsson has alleged that certain products having wireless capability operating in accordance with IEEE 802.11 standards infringe the '516, '019, '435, '625, '568, '223, and '215 patents.

40

67.    The IEEE is a professional association and leading developer of technical standards. IEEE members include engineers, scientists, and allied professionals whose technical interests relate to electrical and computer sciences, engineering and related disciplines.  Members may participate in the standards-setting process in working groups and/or subgroups called task groups.

68.    To protect against unscrupulous conduct by any member who seeks to benefit unfairly from, or to manipulate to its advantage, the IEEE's standard-setting process, and to enable the IEEE and its members to develop standards free from potentially blocking patents, the IEEE instituted policies and rules regarding the disclosure and licensing of patents.

69.    The IEEE's rules and policies required fairness and candor with respect to intellectual property.  By way of example only, the IEEE requires members to submit letters of assurance including either a general disclaimer to the effect that the patentee will not enforce any of its present or future patents whose use would be required to implement the proposed IEEE standard against any person or entity using the patents incident to practice of the standard or a statement that a license will be made available to all applicants without compensation or under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination.  The IEEE's Standards Board Bylaws stated at relevant times, for instance, that "IEEE standards may include the known use of patent(s), including patent applications, provided the IEEE receives assurance from the patent holder or applicant with respect to patents essential for compliance with both mandatory and optional portions of the standard.  This assurance shall be provided without coercion and prior to approval of the standard (or reaffirmation when a patent becomes known after initial approval of the standard)."  The IEEE Bylaws further state that the assurance "shall be a letter that is in the form of either a) A general disclaimer to the

41

effect that the patentee will not enforce any of its present or future patent(s) whose use would be required to implement the proposed IEEE standard against any person or entity using the patent(s) to comply with the standard or b) A statement that a license will be made available without compensation or under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination."

70.   The IEEE formed the 802.11 working group in 1990.  The IEEE 802.11 standard is titled "Wireless LAN Media Access Control (MAC) and Physical Layer (PHY) Specifications" and concerns wireless local area networking ("wireless LAN").

71.   In 1997, the IEEE formed a task group related to 802.11a.  In subsequent years, the IEEE formed additional task groups for 802.11, including 802.11g, and also for 802.11n.

72.   Toshiba is a member in IEEE and its representatives have participated in IEEE meetings regarding setting 802.11 standards.

73.   Toshiba works with its suppliers, such as Intel, who are also members and beneficiaries of IEEE, to produce products for consumers that operate in accordance with various of the 802.11 standards, including aspects of 802.11a, 802.11g, and 802.11n.

74.   Ericsson is an alleged member of the IEEE and claims that it participated in the standards setting process for 802.11.  As a result of its alleged membership, Ericsson agreed, both explicitly and implicitly, that it would abide by the rules and policies of the IEEE.

75.   On or about January 29, 2003, Ericsson submitted a letter of assurance to the IEEE relating to 802.11.  In this document titled "Letter of Assurance for Essential Patents," Ericsson identified the "IEEE Standard or Proposed IEEE Standard" as "802.11a, 802.11b, 802.11e, 802.11f, 802.11g, 802.11h 802.11i."  Ericsson further stated that it "was prepared to grant a license to an unrestricted number of applicants on a worldwide, non-discriminatory basis

42

and on reasonable terms and conditions to comply with the [Proposed] IEEE standard." Ericsson also attached a document to its letter of assurance titled "Free form LoA Ericsson IP Statement for IEEE 802.11a, . . .", in which Ericsson committed to licensing any patents it contends are required to operate in accordance with the standards on "fair, reasonable, and non-discriminatory terms."

76.    On April 18, 2011, Ericsson submitted another letter of assurance to the IEEE for 802.11n. In that letter of assurance, Ericsson stated that it "may own, control, or have the ability to license Patent Claims that might be or become Essential Patent Claims." The letter further states, "The Submitter [Ericsson] will grant a license under reasonable rates to an unrestricted number of applicants on a worldwide basis with reasonable terms and conditions that are demonstrably free of unfair discrimination" and that "users and implementers of the [Proposed] IEEE Standard identified in part C above are relying or will rely upon and may seek enforcement of the terms of this LOA."

77.    For consideration, including IEEE membership and participation, Ericsson entered into an express and/or implied contract with the IEEE's members, or alternatively with the IEEE, to which IEEE members and others are third party beneficiaries, in which Ericsson agreed, among other things, to abide by the IEEE's rules and policies. The IEEE's rules and policies, whether formal or informal, including all stipulations, requirements and representations in any form, constitute a contract between Ericsson and the IEEE's members, or alternatively between Ericsson and the IEEE, to which the IEEE's members and others are third-party beneficiaries.

78.    In accordance with the foregoing, the IEEE's rules and policies require its members to submit letters of assurance including a general disclaimer to the effect that the patent

43

holder will not enforce any of its present or future patents whose use would be required to implement the proposed IEEE standard against any person or entity using the patents to make, use, sell, import, or offer for sale in the U.S. any product that operates in accordance with the standard, or to provide statements that a license will be offered and made available to all applicants without compensation or under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination.

79.   Ericsson's conduct, including the letters of assurance offering licenses on fair, reasonable and non-discriminatory terms, created express and/or implied contracts with the IEEE and its members, or alternatively between Ericsson and the IEEE, to which IEEE members and others are third-party beneficiaries.

80.   Ericsson breached its contractual obligations, including by, among other things refusing to offer licenses for the '516, '019, '435, '625, '568, '223, and '215 patents on fair, reasonable and non-discriminatory terms to TAIS and to TAIS's suppliers such as Intel who Toshiba relies on to make end products that operate in accordance with the 802.11 standards and seeking to enjoin TAIS from making and selling such products.

81.   TAIS has incurred damages and will be further damages in the future due to Ericsson's breach of its contractual obligations.

### Count XVIII – Promissory Estoppel

82.   TAIS realleges and incorporates by reference paragraphs 1-81 of its Counterclaims.

83.   Ericsson made representations and engaged in other conduct, including Ericsson's submission of letters of assurance to the IEEE that obligated Ericsson to license any patents Ericsson may own that Ericsson alleges are required to operate in accordance with the accused

44

802.11a, 802.11g, and 802.11n standards on terms that are fair, reasonable, and non-discriminatory.

84.    Ericsson's conduct constituted promises to the IEEE and its members, including TAIS. By making those promises, Ericsson knew or reasonably should have known that they would be relied upon.

85.    The IEEE and its members, including TAIS, reasonably relied on the foregoing promises in adopting 802.11 standards.  TAIS further reasonably relied on the foregoing promises, and/or the 802.11 standards, in investing substantial resources developing and marketing products that operate in accordance with the accused 802.11 standards.  TAIS's investment and development included, without limitation, working with suppliers such as Intel that are themselves members of the IEEE and who manufacture and sell the components providing certain 802.11 functionality in TAIS's products

86.    TAIS has been damaged as a result of its reasonable reliance as provided herein such that injustice can only be avoided by enforcement of Ericsson's promises.

## **RESERVATION OF RIGHTS AND OTHER DEFENSES**

TC and TAIS expressly reserve the right to add any additional defenses or counterclaims that discovery may reveal and adopts and incorporates by reference, as if fully set forth herein, any affirmative defense asserted by any other defendant in this action to the extent that such affirmative defense would be applicable to TC and/or TAIS.

## **PRAYER FOR RELIEF**

WHEREFORE, Toshiba prays for:

1.    A judgment dismissing Ericsson's First Amended Complaint with prejudice.

4845-3289-9343.1

2.     A judgment providing that Ericsson shall not be awarded any relief on its First Amended Complaint, including without limitation, any award of damages, attorneys' fees, costs, or injunctive relief.

3.     A judgment in favor of all of TAIS's Counterclaims.

4.     A judgment declaring each claim of the '516 Patent invalid.

5.     A judgment declaring each claim of the '019 Patent invalid.

6.     A judgment declaring each claim of the '435 Patent invalid.

7.     A judgment declaring each claim of the '625 Patent invalid.

8.     A judgment declaring each claim of the '568 Patent invalid.

9.     A judgment declaring each claim of the '223 Patent invalid.

10.    A judgment declaring each claim of the '215 Patent invalid.

11.    A judgment declaring each claim of the '352 Patent invalid.

12.    A judgment that the patents are unenforceable.

13.    A judgment declaring that TAIS does not directly infringe (either literally or under the doctrine of equivalents), indirectly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not directly infringed (either literally or under the doctrine of equivalents), indirectly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '516 Patent.

14.    A judgment declaring that TAIS does not directly infringe (either literally or under the doctrine of equivalents), indirectly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not directly infringed (either literally or under the doctrine of equivalents), indirectly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '019 Patent.

46

15. A judgment declaring that TAIS does not directly infringe (either literally or under the doctrine of equivalents), indirectly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not directly infringed (either literally or under the doctrine of equivalents), indirectly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '435 Patent.

16. A judgment declaring that TAIS does not directly infringe (either literally or under the doctrine of equivalents), indirectly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not directly infringed (either literally or under the doctrine of equivalents), indirectly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '625 Patent.

17. A judgment declaring that TAIS does not directly infringe (either literally or under the doctrine of equivalents), indirectly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not directly infringed (either literally or under the doctrine of equivalents), indirectly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '568 Patent.

18. A judgment declaring that TAIS does not directly infringe (either literally or under the doctrine of equivalents), indirectly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not directly infringed (either literally or under the doctrine of equivalents), indirectly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '223 Patent.

19. A judgment declaring that TAIS does not directly infringe (either literally or under the doctrine of equivalents), indirectly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not directly infringed (either literally

4845-3289-9343.1

or under the doctrine of equivalents), indirectly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '215 Patent.

20.    A judgment declaring that TAIS does not directly infringe (either literally or under the doctrine of equivalents), indirectly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not directly infringed (either literally or under the doctrine of equivalents), indirectly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '352 Patent.

21.    A judgment deeming this to be an exceptional case under 35 U.S.C. § 285 and awarding Toshiba its attorneys' fees, expenses and costs in this action.

22.    Such other and further relief as the Court deems proper.

Dated:  April 12, 2012

_____/s/   Guy N. Harrison_____

Guy Harrison
LAW OFFICES OF GUY N. HARRISON
217 North Center Street
Longview, TX 75601
Telephone: (903) 758-7361
Facsimile: (903) 753-9557

*Attorneys for Defendants Toshiba Corporation and Toshiba America Information Systems, Inc.*

*Of Counsel:*

John J. Feldhaus
Pavan K. Agarwal
Andrew R. Cheslock
FOLEY & LARDNER LLP
3000 K Street, N.W., Sixth Floor
Washington, DC  20007

48

4845-3289-9343.1

(202) 672-5300

Kevin J. Malaney
FOLEY & LARDNER LLP
777 E. Wisconsin Avenue
Milwaukee, WI 53202
(414) 319-7067

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2012, I electronically filed the foregoing Toshiba America

Information Systems, Inc. and Toshiba Corporation's First Amended Answer and Affirmative

Defenses and First Amended Counterclaim to First Amended Complaint of Ericsson Inc., and

Telefonaktiebolaget LM Ericsson with the clerk of Court using the CM/ECF system which will

send notification of such filing via electronic mail to all counsel of record.

/s/ Guy N. Harrison
Guy N. Harrison

4845-3289-9343.1