UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON, <br><br> Plaintiffs <br><br> v. <br><br> D-LINK CORPORATION, D-LINK SYSTEMS, INC., Acer Defendants, INC., ACER, INC., ACER AMERICA CORPORATION, and GATEWAY, INC. <br><br> Defendants. | Civil Action No. 6:10-cv-473 <br><br><br> JURY TRIAL DEMANDED |

## ACER, INC., ACER AMERICA CORPORATION AND GATEWAY, INC.'S FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

Defendants Acer, Inc. ("Acer"), Acer America Corporation ("Acer America") and Gateway, Inc. ("Gateway") (collectively "Acer Defendants") respond to the First Amended Complaint of Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson") as follows:

## ANSWER

### PARTIES

1.      Acer Defendants admit, on information and belief, the allegations of Paragraph 1 of the First Amended Complaint.

2.      Acer Defendants admit, on information and belief, the allegations of Paragraph 2 of the First Amended Complaint.

3.      The allegations of Paragraph 3 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form

a belief as to the truth of the allegations of Paragraph 3 of the First Amended Complaint, and

therefore deny those allegations.

4.      The allegations of Paragraph 4 are not directed to Acer Defendants, and therefore

no answer is required.  Acer Defendants are without knowledge or information sufficient to form

a belief as to the truth of the allegations of Paragraph 4 of the First Amended Complaint, and

therefore deny those allegations.

5.      The allegations of Paragraph 5 are not directed to Acer Defendants, and therefore

no answer is required.  Acer Defendants are without knowledge or information sufficient to form

a belief as to the truth of the allegations of Paragraph 5 of the First Amended Complaint, and

therefore deny those allegations.

6.      The allegations of Paragraph 6 are not directed to Acer Defendants, and therefore

no answer is required.  Acer Defendants are without knowledge or information sufficient to form

a belief as to the truth of the allegations of Paragraph 6 of the First Amended Complaint, and

therefore deny those allegations.

7.      The allegations of Paragraph 7 are not directed to Acer Defendants, and therefore

no answer is required.  Acer Defendants are without knowledge or information sufficient to form

a belief as to the truth of the allegations of Paragraph 7 of the First Amended Complaint, and

therefore deny those allegations.

8.      The allegations of Paragraph 8 are not directed to Acer Defendants, and therefore

no answer is required.  Acer Defendants are without knowledge or information sufficient to form

a belief as to the truth of the allegations of Paragraph 8 of the First Amended Complaint, and

therefore deny those allegations.

9.      Acer Defendants admit the allegations of Paragraph 9 of the First Amended

US_ACTIVE-109120435.2

Complaint.

10.     Acer Defendants admit that Acer has sold products with 802.11 wireless functionality, but the allegations in Paragraph 10 fail to set forth definitions for terms in the allegations, and, in light of such ambiguities, Acer Defendants lack information sufficient to form a belief as to the truth of the matters asserted and therefore deny the allegations.  Except as expressly admitted herein, Acer Defendants deny each and every remaining allegation of Paragraph 10 of the First Amended Complaint.

11.     Acer Defendants deny that Acer has infringed, either directly or indirectly, any of the patent claims involved in this action by making, using, selling, importing, and /or offering for sale any products in the United States, including in the Eastern District of Texas.  Acer Defendants deny each and every remaining allegation of Paragraph 11 of the First Amended Complaint, and specifically deny all allegations of patent infringement and that Plaintiffs are entitled to any relief.

12.     Acer Defendants admit the allegations of Paragraph 12 of the First Amended Complaint.

13.     Acer Defendants admit that Acer America has sold products with 802.11 wireless functionality, but the allegations in Paragraph 13 fail to set forth definitions for terms in the allegations, and, in light of such ambiguities, Acer Defendants lack information sufficient to form a belief as to the truth of the matters asserted and therefore deny the allegations.  Except as expressly admitted herein, Acer Defendants deny each and every remaining allegation of Paragraph 13 of the First Amended Complaint.

14.     Acer Defendants deny that Acer America has infringed, either directly or indirectly, any of the patent claims involved in this action by making, using, selling, importing,

US_ACTIVE-109120435.2

and/or offering for sale any products in the United States, including in the Eastern District of Texas.  Acer Defendants admit that Acer America may be served with process by serving its registered agent, CT Corporation at 350 North St. Paul Street, Dallas, Texas 75201.  Except as expressly admitted herein, Acer Defendants deny each and every remaining allegation of Paragraph 14 of the First Amended Complaint, and specifically deny all allegations of patent infringement and that Plaintiffs are entitled to any relief.

15.     Acer Defendants admit the allegations of paragraph 15 of the First Amended Complaint.

16.     Acer Defendants admit that Gateway has sold products with 802.11 wireless functionality, but the allegations in Paragraph 16 fail to set forth definitions for terms in the allegations, and, in light of such ambiguities, Acer Defendants lack information sufficient to form a belief as to the truth of the matters asserted and therefore deny the allegations.  Except as expressly admitted herein, Acer Defendants deny each and every remaining allegation of Paragraph 16 of the First Amended Complaint.

17.     Acer Defendants deny that Gateway has infringed, either directly or indirectly, any of the patent claims involved in this action by making, using, selling, importing, and /or offering for sale any products in the United States, including in the Eastern District of Texas.  Acer Defendants admit that Gateway may be served with process by serving its registered agent, CT Corporation System at 818 West Seventh Street, Los Angeles, California 90017.  Except as expressly admitted herein, Acer Defendants deny each and every remaining allegation of Paragraph 17 of the First Amended Complaint, and specifically deny all allegations of patent infringement and that Plaintiffs are entitled to any relief.

18.     The allegations of Paragraph 18 are not directed to Acer Defendants, and

US_ACTIVE-109120435.2

therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the First Amended Complaint, and therefore deny those allegations.

19.     The allegations of Paragraph 19 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the First Amended Complaint, and therefore deny those allegations.

20.     The allegations of Paragraph 20 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the First Amended Complaint, and therefore deny those allegations.

21.     The allegations of Paragraph 21 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the First Amended Complaint, and therefore deny those allegations.

22.     The allegations of Paragraph 22 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the First Amended Complaint, and therefore deny those allegations.

23.     The allegations of Paragraph 23 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the First Amended Complaint, and therefore deny those allegations.

US_ACTIVE-109120435.2

24.     The allegations of Paragraph 24 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the First Amended Complaint, and therefore deny those allegations.

25.     The allegations of Paragraph 25 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the First Amended Complaint, and therefore deny those allegations.

26.     The allegations of Paragraph 26 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the First Amended Complaint, and therefore deny those allegations.

27.     The allegations of Paragraph 27 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the First Amended Complaint, and therefore deny those allegations.

28.     The allegations of Paragraph 28 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the First Amended Complaint, and therefore deny those allegations.

29.     The allegations of Paragraph 29 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the First Amended

US_ACTIVE-109120435.2

Complaint, and therefore deny those allegations.

30.     The allegations of Paragraph 30 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the First Amended Complaint, and therefore deny those allegations.

31.     The allegations of Paragraph 31 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the First Amended Complaint, and therefore deny those allegations.

32.     The allegations of Paragraph 32 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the First Amended Complaint, and therefore deny those allegations.

33.     The allegations of Paragraph 33 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the First Amended Complaint, and therefore deny those allegations.

34.     The allegations of Paragraph 34 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the First Amended Complaint, and therefore deny those allegations.

35.     The allegations of Paragraph 35 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information

US_ACTIVE-109120435.2

sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the First Amended Complaint, and therefore deny those allegations.

## JURISDICTION AND VENUE

36.      Acer Defendants admit that this is a civil action for alleged patent infringement and that the Court has subject matter jurisdiction over this dispute under 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted herein, Acer Defendants deny each and every remaining allegation of Paragraph 36 of the First Amended Complaint.

37.      This Paragraph 37 contains conclusions of law to which no response is required. Acer Defendants further reserve the right to move, and have moved, for a change of venue under 28 U.S.C. § 1404, as the interests and convenience of the parties and witnesses would be better served by transferring this case to the Northern District of California.

38.      The allegations of Paragraph 38 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the First Amended Complaint, and therefore deny those allegations.

39.      The allegations of Paragraph 39 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the First Amended Complaint, and therefore deny those allegations.

40.      Acer Defendants deny the allegations of Paragraph 40 as to Acer.  As to Acer America only, Acer Defendants admit that the Court has personal jurisdiction over Acer America in this action.  Acer Defendants further admit that Acer America has conducted business, including by selling products, within the State of Texas and in this District.  Acer Defendants

US_ACTIVE-109120435.2

deny the remaining allegations of Paragraph 40 of the First Amended Complaint, and specifically deny all allegations of patent infringement and that Plaintiffs are entitled to any relief.

41.     Acer Defendants admit that the Court has personal jurisdiction over Gateway in this action.  Acer Defendants further admit that Gateway has conducted business, including by selling products, within the State of Texas and in this District.  Acer Defendants deny the remaining allegations of Paragraph 41 of the First Amended Complaint, and specifically deny all allegations of patent infringement and that Plaintiffs are entitled to any relief.

42.     The allegations of Paragraph 42 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the First Amended Complaint, and therefore deny those allegations.

43.     The allegations of Paragraph 43 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the First Amended Complaint, and therefore deny those allegations.

44.     The allegations of Paragraph 44 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the First Amended Complaint, and therefore deny those allegations.

## GENERAL ALLEGATIONS

45.     The allegations of Paragraph 45 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants admit that U.S. Patent No. 5,771,468 ("the '468 patent") is entitled "Multi-Purpose Base Station" and bears an issuance date of June 23,

US_ACTIVE-109120435.2

1998.  Acer Defendants further admit that the '468 patent states that Per Stein is the inventor, and Telefonaktiebolaget LM Ericsson, is the assignee of the '468 patent.  Acer Defendants further admit that the '468 patent was issued by the U.S. Patent and Trademark Office, but, on information and belief, Acer Defendants deny that the '468 patent was duly and legally issued.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45 of the First Amended Complaint, and on that basis deny those allegations.

46.     Acer Defendants admit that U.S. Patent No. 5,790,516 ("the '516 patent") is entitled "Pulse Shaping for a Data Transmission in an Orthogonal Frequency Division Multiplexed System" and bears an issuance date of August 4, 1998.  Acer Defendants further admit that the '516 patent states that Perols Leif Mikael Gudmundson, Lars Gustav Bismark, and Per-Olof Anderson are the inventors, and Telefonaktiebolaget LM Ericsson is the assignee, of the '516 patent.  Acer Defendants further admit that the '516 patent was issued by the U.S. Patent and Trademark Office, but, on information and belief, Acer Defendants deny that the '516 patent was duly and legally issued.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 46 of the First Amended Complaint, and on that basis deny those allegations.

47.     Acer Defendants admit that U.S. Patent No. 5,987,019 ("the '019 patent") is entitled "Multi-Rate Radiocommunication Systems and Terminals" and bears an issuance date of November 16, 1999.  Acer Defendants further admit that the '019 patent states that Alex Krister Raith, James Ragsdale, and John Diachina are the inventors, and Telefonaktiebolaget LM Ericsson is the assignee, of the '019 patent.  Acer Defendants further admit that the '019 patent was issued by the U.S. Patent and Trademark Office, but, on information and belief, Acer

- 10 -

Defendants deny that the '019 patent was duly and legally issued.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 47 of the First Amended Complaint, and on that basis deny those allegations.

48.    Acer Defendants admit that U.S. Patent No. 6,330,435 ("the '435 patent") is entitled "Data Packet Discard Notification" and bears an issuance date of December 11, 2001.  Acer Defendants further admit that the '435 patent states that Tawfik Lazraq and Farooq Khan are the inventors, and Telefonaktiebolaget LM Ericsson is the assignee, of the '435 patent.  Acer Defendants further admit that the '435 patent was issued by the U.S. Patent and Trademark Office, but, on information and belief, Acer Defendants deny that the '435 patent was duly and legally issued.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 48 of the First Amended Complaint, and on that basis deny those allegations.

49.    Acer Defendants admit that U.S. Patent No. 6,424,625 ("the '625 patent") is entitled "Method and Apparatus for Discarding Packets in a Data Network Having Automatic Repeat Request" and bears an issuance date of July 23, 2002.  Acer Defendants further admit that the '625 patent states that Peter Larsson and Mikael Larsson are the inventors, and Telefonaktiebolaget LM Ericsson is the assignee, of the '625 patent.  Acer Defendants further admit that the '625 patent was issued by the U.S. Patent and Trademark Office, but, on information and belief, Acer Defendants deny that the '625 patent was duly and legally issued.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 49 of the First Amended Complaint, and on that basis deny those allegations.

50.    Acer Defendants admit that U.S. Patent No. 6,466,568 ("the '568 patent") is

US_ACTIVE-109120435.2

entitled "Multi-Rate Radiocommunication Systems and Terminals" and bears an issuance date of October 15, 2002.  Acer Defendants further admit that the '568 patent states that Alex Krister Raith, James Ragsdate, and John Diachina are the inventors, and Telefonaktiebolaget LM Ericsson is the assignee, of the '568 patent.  Acer Defendants further admit that the '568 patent was issued by the U.S. Patent and Trademark Office, but, on information and belief, Acer Defendants deny that the '568 patent was duly and legally issued.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 50 of the First Amended Complaint, and on that basis deny those allegations.

51.     Acer Defendants admit that U.S. Patent No. 6,519,223 ("the '223 patent") is entitled "System and Method for Implementing a Semi Reliable Retransmission Protocol" and bears an issuance date of February 11, 2003.  Acer Defendants further admit that the '223 patent states that Stefan Henrik Andreas Wager and Reiner Ludwig are the inventors, and Telefonaktiebolaget LM Ericsson is the assignee, of the '223 patent.  Acer Defendants further admit that the '223 patent was issued by the U.S. Patent and Trademark Office, but, on information and belief, Acer Defendants deny that the '223 patent was duly and legally issued. Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 51 of the First Amended Complaint, and on that basis deny those allegations.

52.     Acer Defendants admit that U.S. Patent No. 6,772,215 ("the '215 patent") is entitled "Method for Minimizing Feedback Responses in ARQ Protocols" and bears an issuance date of August 3, 2004.  Acer Defendants further admit that the '215 patent states that Bela Rathonyi, Joachim Sachs, Michael Meyer, Per Beming, Mathias Johansson, Christiaan Roobol, Erik Schon, and Kazuhiko Inoue are the inventors, and Telefonaktiebolaget LM Ericsson is the

US_ACTIVE-109120435.2

assignee, of the '215 patent.  Acer Defendants further admit that the '215 patent was issued by

the U.S. Patent and Trademark Office, but, on information and belief, Acer Defendants deny that

the '215 patent was duly and legally issued.  Acer Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 52

of the First Amended Complaint, and on that basis deny those allegations.

53.     Acer Defendants admit that U.S. Patent No. 6,173,352 ("the '352 patent") is

entitled "Mobile Computer Mounted Apparatus for Controlling Enablement and Indicating

Operational Status of a Wireless Communication Device Associated with the Mobile Computer"

and bears an issuance date of January 9, 2001.  Acer Defendants further admit that the '352

patent states that Billy Gayle Moon is the inventor, and Ericsson Inc. is the assignee, of the '352

patent.  Acer Defendants further admit that the '352 patent was issued by the U.S. Patent and

Trademark Office, but, on information and belief, Acer Defendants deny that the '352 patent was

duly and legally issued.  Acer Defendants are without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations of Paragraph 53 of the First Amended

Complaint, and on that basis deny those allegations.

54.     Acer Defendants deny that Ericcson, Inc. is the owner of all rights, title and

interest in and to the '516, '019, '435, '625, '568, '233, '215 and '468 patents, or that Ericsson,

Inc. has any right to sue or recover for alleged infringement of such patents.  Acer Defendants

are without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of Paragraph 54 of the First Amended Complaint, and on that basis deny those

allegations.

55.     Acer Defendants deny all allegations of patent infringement and that Plaintiffs are

entitled to relief.  On information and belief, Acer Defendants deny the allegations of Paragraph

US_ACTIVE-109120435.2

55 of the First Amended Complaint.

56.     Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the First Amended Complaint regarding Defendants D-Link, NETGEAR, Dell and Toshiba, and on that basis, deny those allegations. Acer Defendants deny the remaining allegations of Paragraph 56 of the First Amended Complaint, and specifically deny all allegations of patent infringement and that Plaintiffs are entitled to any relief.

57.     Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the First Amended Complaint regarding Defendants D-Link, NETGEAR, Dell, Toshiba and Belkin, and on that basis, deny those allegations.  Acer Defendants admit that they are aware of one or more of the asserted patents, but deny engaging in any infringing activities whatsoever.   Except as expressly admitted herein, Acer Defendants deny each and every remaining allegation stated in Paragraph 57 of the First Amended Complaint, and specifically deny all allegations of patent infringement and that Plaintiffs are entitled to any relief.

58.     Acer Defendants deny the allegations of Paragraph 58 of the First Amended Complaint, and specifically deny all allegations of patent infringement and deny that Plaintiffs have been damaged and are entitled to any relief.

## COUNT I

### Alleged Infringement of the '468 Patent

59.     Acer Defendants incorporate their responses to each of the foregoing Paragraphs in response to the allegations of Paragraph 59 of the First Amended Complaint.

60.     The allegations of Paragraph 60 are not directed to Acer Defendants, and

- 14 -

US_ACTIVE-109120435.2

therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the First Amended Complaint, and on that basis deny those allegations.

61.     The allegations of Paragraph 61 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the First Amended Complaint, and on that basis deny those allegations.

62.     The allegations of Paragraph 62 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the First Amended Complaint, and on that basis deny those allegations.

## COUNT II

## Alleged Infringement of the '516 Patent

63.     Acer Defendants incorporate their responses to each of the foregoing Paragraphs in response to the allegations of Paragraph 63 of the First Amended Complaint.

64.     The allegations of Paragraph 64 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the First Amended Complaint, and on that basis deny those allegations.

65.     The allegations of Paragraph 65 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the First Amended Complaint, and on that basis deny those allegations.

US_ACTIVE-109120435.2

66.    Acer Defendants deny the allegations of Paragraph 66 of the First Amended Complaint, and specifically deny all allegations of patent infringement.

67.    Acer Defendants deny the allegations of Paragraph 67 of the First Amended Complaint, and specifically deny all allegations of patent infringement.

68.    The allegations of Paragraph 68 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the First Amended Complaint, and on that basis deny those allegations.

69.    The allegations of Paragraph 69 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the First Amended Complaint, and on that basis deny those allegations.

70.    The allegations of Paragraph 70 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 of the First Amended Complaint, and on that basis deny those allegations.

71.    The allegations of Paragraph 71 as to acts by other Defendants are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants deny the allegations of Paragraph 71 of the First Amended Complaint, and specifically deny all allegations of patent infringement and deny that Plaintiffs have been, or will be, damaged, in any sum or manner, or at all, as a result of any alleged wrongdoing by Acer Defendants.

US_ACTIVE-109120435.2

## COUNT III

## Alleged Infringement of the '019 Patent

72.     Acer Defendants incorporate their responses to each of the foregoing Paragraphs in response to the allegations of Paragraph 72 of the First Amended Complaint.

73.     The allegations of Paragraph 73 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 of the First Amended Complaint, and on that basis deny those allegations.

74.     The allegations of Paragraph 74 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 of the First Amended Complaint, and on that basis deny those allegations.

75.     Acer Defendants deny the allegations of Paragraph 75 of the First Amended Complaint, and specifically deny all allegations of patent infringement.

76.     Acer Defendants deny the allegations of Paragraph 76 of the First Amended Complaint, and specifically deny all allegations of patent infringement.

77.     The allegations of Paragraph 77 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 of the First Amended Complaint, and on that basis deny those allegations.

78.     The allegations of Paragraph 78 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 of the First Amended

US_ACTIVE-109120435.2

Complaint, and on that basis deny those allegations.

79.     The allegations of Paragraph 79 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 of the First Amended Complaint, and on that basis deny those allegations.

80.     The allegations of Paragraph 80 as to acts by other Defendants are not directed to Acer Defendants, and therefore no answer is required. Acer Defendants deny the allegations of Paragraph 80 of the First Amended Complaint, and specifically deny all allegations of patent infringement and deny that Plaintiffs have been, or will be, damaged, in any sum or manner, or at all, as a result of any alleged wrongdoing by Acer Defendants.

## COUNT IV

## Alleged Infringement of the '435 Patent

81.     Acer Defendants incorporate their responses to each of the foregoing Paragraphs in response to the allegations of Paragraph 81 of the First Amended Complaint.

82.     The allegations of Paragraph 82 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 of the First Amended Complaint, and on that basis deny those allegations.

83.     The allegations of Paragraph 83 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 of the First Amended Complaint, and on that basis deny those allegations.

84.     Acer Defendants deny the allegations of Paragraph 84 of the First Amended

US_ACTIVE-109120435.2

Complaint, and specifically deny all allegations of patent infringement.

85.     Acer Defendants deny the allegations of Paragraph 85 of the First Amended

Complaint, and specifically deny all allegations of patent infringement.

86.     The allegations of Paragraph 86 are not directed to Acer Defendants, and

therefore no answer is required.  Acer Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations of Paragraph 86 of the First Amended

Complaint, and on that basis deny those allegations.

87.     The allegations of Paragraph 87 are not directed to Acer Defendants, and

therefore no answer is required.  Acer Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations of Paragraph 87 of the First Amended

Complaint, and on that basis deny those allegations.

88.     The allegations of Paragraph 88 are not directed to Acer Defendants, and

therefore no answer is required.  Acer Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations of Paragraph 88 of the First Amended

Complaint, and on that basis deny those allegations.

89.     The allegations of Paragraph 89 as to acts by other Defendants are not directed to

Acer Defendants, and therefore no answer is required. Acer Defendants deny the allegations of

Paragraph 89 of the First Amended Complaint, and specifically deny all allegations of patent

infringement and deny that Plaintiffs have been, or will be, damaged, in any sum or manner, or at

all, as a result of any alleged wrongdoing by Acer Defendants.

## COUNT V

### Alleged Infringement of the '625 Patent

90.     Acer Defendants incorporate their responses to each of the foregoing Paragraphs

US_ACTIVE-109120435.2

in response to the allegations of Paragraph 90 of the First Amended Complaint.

91.     The allegations of Paragraph 91 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 of the First Amended Complaint, and on that basis deny those allegations.

92.     The allegations of Paragraph 92 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 of the First Amended Complaint, and on that basis deny those allegations.

93.     Acer Defendants deny the allegations of Paragraph 93 of the First Amended Complaint, and specifically deny all allegations of patent infringement.

94.     Acer Defendants deny the allegations of Paragraph 94 of the First Amended Complaint, and specifically deny all allegations of patent infringement.

95.     The allegations of Paragraph 95 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 of the First Amended Complaint, and on that basis deny those allegations.

96.     The allegations of Paragraph 96 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96 of the First Amended Complaint, and on that basis deny those allegations.

97.     The allegations of Paragraph 97 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information

US_ACTIVE-109120435.2

sufficient to form a belief as to the truth of the allegations of Paragraph 97 of the First Amended Complaint, and on that basis deny those allegations.

98.     The allegations of Paragraph 98 as to acts by other Defendants are not directed to Acer Defendants, and therefore no answer is required. Acer Defendants deny the allegations of Paragraph 98 of the First Amended Complaint, and specifically deny all allegations of patent infringement and deny that Plaintiffs have been, or will be, damaged, in any sum or manner, or at all, as a result of any alleged wrongdoing by Acer Defendants.

**COUNT VI**

**Alleged Infringement of the '568 Patent**

99.     Acer Defendants incorporate their responses to each of the foregoing Paragraphs in response to the allegations of Paragraph 99 of the First Amended Complaint.

100.    The allegations of Paragraph 100 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 of the First Amended Complaint, and on that basis deny those allegations.

101.    The allegations of Paragraph 101 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101 of the First Amended Complaint, and on that basis deny those allegations.

102.    Acer Defendants deny the allegations of Paragraph 102 of the First Amended Complaint, and specifically deny all allegations of patent infringement.

103.    Acer Defendants deny the allegations of Paragraph 103 of the First Amended Complaint, and specifically deny all allegations of patent infringement.

US_ACTIVE-109120435.2

104.    The allegations of Paragraph 104 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104 of the First Amended Complaint, and on that basis deny those allegations.

105.    The allegations of Paragraph 105 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105 of the First Amended Complaint, and on that basis deny those allegations.

106.    The allegations of Paragraph 106 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106 of the First Amended Complaint, and on that basis deny those allegations.

107.    The allegations of Paragraph 107 as to acts by other Defendants are not directed to Acer Defendants, and therefore no answer is required. Acer Defendants deny the allegations of Paragraph 107 of the First Amended Complaint, and specifically deny all allegations of patent infringement and deny that Plaintiffs have been, or will be, damaged, in any sum or manner, or at all, as a result of any alleged wrongdoing by Acer Defendants.

## COUNT VII

### Alleged Infringement of the '223 Patent

108.    Acer Defendants incorporate their responses to each of the foregoing Paragraphs in response to the allegations of Paragraph 108 of the First Amended Complaint.

109.    The allegations of Paragraph 109 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information

US_ACTIVE-109120435.2

sufficient to form a belief as to the truth of the allegations of Paragraph 109 of the First Amended Complaint, and on that basis deny those allegations.

110.    The allegations of Paragraph 110 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110 of the First Amended Complaint, and on that basis deny those allegations.

111.    Acer Defendants deny the allegations of Paragraph 111 of the First Amended Complaint, and specifically deny all allegations of patent infringement.

112.    Acer Defendants deny the allegations of Paragraph 112 of the First Amended Complaint, and specifically deny all allegations of patent infringement.

113.    The allegations of Paragraph 113 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 113 of the First Amended Complaint, and on that basis deny those allegations.

114.    The allegations of Paragraph 114 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 114 of the First Amended Complaint, and on that basis deny those allegations.

115.    The allegations of Paragraph 115 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 115 of the First Amended Complaint, and on that basis deny those allegations.

116.    The allegations of Paragraph 116 as to acts by other Defendants are not directed

US_ACTIVE-109120435.2

to Acer Defendants, and therefore no answer is required. Acer Defendants deny the allegations of Paragraph 116 of the First Amended Complaint, and specifically deny all allegations of patent infringement and deny that Plaintiffs have been, or will be, damaged, in any sum or manner, or at all, as a result of any alleged wrongdoing by Acer Defendants.

**COUNT VIII**

**Alleged Infringement of the '215 Patent**

117.    Acer Defendants incorporate their responses to each of the foregoing Paragraphs in response to the allegations of Paragraph 117 of the First Amended Complaint.

118.    The allegations of Paragraph 118 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118 of the First Amended Complaint, and on that basis deny those allegations.

119.    The allegations of Paragraph 119 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119 of the First Amended Complaint, and on that basis deny those allegations.

120.    Acer Defendants deny the allegations of Paragraph 120 of the First Amended Complaint, and specifically deny all allegations of patent infringement.

121.    Acer Defendants deny the allegations of Paragraph 121 of the First Amended Complaint, and specifically deny all allegations of patent infringement.

122.    The allegations of Paragraph 122 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 122 of the First Amended

US_ACTIVE-109120435.2

Complaint, and on that basis deny those allegations.

123.     The allegations of Paragraph 123 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 123 of the First Amended Complaint, and on that basis deny those allegations.

124.     The allegations of Paragraph 124 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 124 of the First Amended Complaint, and on that basis deny those allegations.

125.     The allegations of Paragraph 125 as to acts by other Defendants are not directed to Acer Defendants, and therefore no answer is required. Acer Defendants deny the allegations of Paragraph 125 of the First Amended Complaint, and specifically deny all allegations of patent infringement and deny that Plaintiffs have been, or will be, damaged, in any sum or manner, or at all, as a result of any alleged wrongdoing by Acer Defendants.

## COUNT IX

### Alleged Infringement of the '352 Patent

126.     Acer Defendants incorporate their responses to each of the foregoing Paragraphs in response to the allegations of Paragraph 126 of the First Amended Complaint.

127.     Acer Defendants deny the allegations of Paragraph 127 of the First Amended Complaint, and specifically deny all allegations of patent infringement.

128.     Acer Defendants deny the allegations of Paragraph 128 of the First Amended Complaint, and specifically deny all allegations of patent infringement.

129.     The allegations of Paragraph 129 are not directed to Acer Defendants, and

US_ACTIVE-109120435.2

therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 129 of the First Amended Complaint, and on that basis deny those allegations.

130.    The allegations of Paragraph 130 are not directed to Acer Defendants, and therefore no answer is required.  Acer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 130 of the First Amended Complaint, and on that basis deny those allegations.

131.    The allegations of Paragraph 131 as to acts by other Defendants are not directed to Acer Defendants, and therefore no answer is required. Acer Defendants deny the allegations of Paragraph 131 of the First Amended Complaint, and specifically deny all allegations of patent infringement and deny that Plaintiffs have been, or will be, damaged, in any sum or manner, or at all, as a result of any alleged wrongdoing by Acer Defendants

## PRAYER FOR RELIEF

132.    Paragraphs 132 through 145 of the First Amended Complaint set forth the statement of relief that Plaintiffs request, and no response is required.  Acer Defendants deny any and all allegations of patent infringement contained in the Prayer for Relief, and specifically deny that Plaintiffs are entitled to any of the relief requested.

## DEMAND FOR A JURY TRIAL

Plaintiffs' Demand for a Jury Trial requires no response.

## <u>AFFIRMATIVE DEFENSES</u>

## FIRST AFFIRMATIVE DEFENSE

133.    Plaintiffs' First Amended Complaint fails to state a claim against the Acer Defendants upon which relief can be granted.

US_ACTIVE-109120435.2

## SECOND AFFIRMATIVE DEFENSE

134.   The Acer Defendants have not infringed and are not infringing the '516 patent, the '019 patent, the '435 patent, the '625 patent, the '568 patent, the '223 patent, the '215 patent, or the '352 patent (collectively the "Patents-in-Suit"), either directly, indirectly, literally, or under the Doctrine of Equivalents, and have not induced or contributed to any activities of another which could possibly constitute an infringement of any of the claims of the Patents-in-Suit.

## THIRD AFFIRMATIVE DEFENSE

135.   The claims of the Patents-in-Suit are invalid and/or unenforceable for failure to meet requirements of the patent statutes set forth in Title 35 of the United States Code, including Sections 101, 102 , 103, and/or 112 thereof.

## FOURTH AFFIRMATIVE DEFENSE

136.   Plaintiffs' Complaint and the relief requested therein regarding any asserted claims of the Patents-in-Suit are barred by the doctrine of prosecution history estoppel.

## FIFTH AFFIRMATIVE DEFENSE

137.   Plaintiffs' First Amended Complaint and the relief requested therein regarding any asserted claims of the Patents-in-Suit are barred by doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

138.   Plaintiffs are estopped by their conduct from asserting any claims of the Patents-in-Suit against Acer Defendants.  Plaintiffs are estopped at least in part on the following:

139.   The IEEE is a professional association and leading developer of technical standards.  IEEE members include engineers, scientists, and allied professionals whose technical interests relate to electrical and computer sciences, engineering and related disciplines.  Members

US_ACTIVE-109120435.2

may participate in the standards-setting process in working groups and/or subgroups called task groups.

140.    To protect against unscrupulous conduct by any member who seeks to benefit unfairly from, or to manipulate to its advantage, the IEEE's standard-setting process, and to enable the IEEE and its members to develop standards free from potentially blocking patents, the IEEE instituted policies and rules regarding the disclosure and licensing of patents.

141.    The IEEE's rules and policies required fairness and candor with respect to intellectual property.  By way of example only, the IEEE requires members to submit letters of assurance including either a general disclaimer to the effect that the patentee will not enforce any of its present or future patents whose use would be required to implement the proposed IEEE standard against any person or entity using the patents incident to practice of the standard or a statement that a license will be made available to all applicants without compensation or under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination.  The IEEE's Standards Board Bylaws stated at relevant times, for instance, that "IEEE standards may include the known use of patent(s), including patent applications, provided the IEEE receives assurance from the patent holder or applicant with respect to patents essential for compliance with both mandatory and optional portions of the standard.  This assurance shall be provided without coercion and prior to approval of the standard (or reaffirmation when a patent becomes known after initial approval of the standard)."  The IEEE Bylaws further state that the assurance "shall be a letter that is in the form of either a) A general disclaimer to the effect that the patentee will not enforce any of its present or future patent(s) whose use would be required to implement the proposed IEEE standard against any person or entity using the patent(s) to comply with the standard or b)  A statement that a license will be made available

US_ACTIVE-109120435.2

without compensation or under reasonable rates, with reasonable terms and conditions that are

demonstrably free of any unfair discrimination."

142.    The IEEE formed the 802.11 working group in 1990.  The IEEE 802.11 standard

is titled "Wireless LAN Media Access Control (MAC) and Physical Layer (PHY)

Specifications" and concerns wireless local area networking ("wireless LAN").

143.    In 1997, the IEEE formed a task groups related to 802.11a and 802.11b.  In

subsequent years, the IEEE formed additional task groups for 802.11, including 802.11g, and

also for 802.11n.

144.    On information and belief, Ericsson is a member of the IEEE and claims that it

participated in the standards setting process for 802.11.  As a result of its membership in the

IEEE, Ericsson agreed, both explicitly and implicitly, that it would abide by the rules and

policies of the IEEE .

145.    On or about January 29, 2003, Ericsson submitted a letter of assurance to the

IEEE relating to 802.11.  In this document titled "Letter of Assurance for Essential Patents,"

Ericsson identified the "IEEE Standard or Proposed IEEE Standard" as "802.11a, 802.11b,

802.11e, 802.11f, 802.11g, 802.11h 802.11i."

146.    Ericsson further stated in its letter of assurance that it "was prepared to grant a

license to an unrestricted number of applicants on a worldwide, non-discriminatory basis and on

reasonable terms and conditions to comply with the [Proposed] IEEE standard."  Ericsson also

attached a document to its letter of assurance titled "Free form LoA Ericsson IP Statement for

IEEE 802.11a, . . .", in which Ericsson committed to licensing any patents it contends are

required to operate in accordance with the standards on "fair, reasonable, and non-discriminatory

terms."

US_ACTIVE-109120435.2

147.    On or about April 18, 2011, Ericsson submitted a document titled "Letter of Assurance for Essential Patent Claims" to the IEEE Standards Board, referring to IEEE standard 802.11n.  The letter was a Blanket Letter of Assurance, in which Ericsson stated that it "may own, control, or have the ability to license Patent Claims that might be or become Essential Patent Claims."  The letter further states, "[t]he Submitter [Ericsson] will grant a license under reasonable rates to an unrestricted number of applicants on a worldwide basis with reasonable terms and conditions that are demonstrably free of unfair discrimination" and that "users and implementers of the [Proposed] IEEE Standard identified in part C above are relying or will rely upon and may seek enforcement of the terms of this LOA."

148.    For consideration, including IEEE membership and participation, Ericsson entered into an express and/or implied contract with the IEEE's members, or alternatively with the IEEE, to which IEEE members and others are third party beneficiaries, in which Ericsson agreed, among other things, to abide by the IEEE's rules and policies.  The IEEE's rules and policies, whether formal or informal, including all stipulations, requirements and representations in any form, constitute a contract between Ericsson and the IEEE's members, or alternatively between Ericsson and the IEEE, to which the IEEE's members and others are third-party beneficiaries.

149.    In accordance with the foregoing, the IEEE's rules and policies require its members to submit letters of assurance including a general disclaimer to the effect that the patent holder will not enforce any of its present or future patents whose use would be required to implement the proposed IEEE standard against any person or entity using the patents to make, use, sell, import, or offer for sale in the U.S. any product that operates in accordance with the standard, or  to provide statements that a license will be offered and made available to all

US_ACTIVE-109120435.2

applicants without compensation or under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination.

150.    Ericsson's representations and conduct including, without limitation, its letters of assurance offering licenses on fair, reasonable, and non-discriminatory terms, created express and/or implied contracts with the IEEE and its members, or alternatively between Ericsson and the IEEE, to which IEEE members, their customers and others are third-party beneficiaries.

151.    Ericsson made representations and engaged in other conduct, including Ericsson's submission of letters of assurance to the IEEE that obligated Ericsson to license any patents Ericsson may own that Ericsson alleges are required to operate in accordance with the accused 802.11 standards on terms that are fair, reasonable, and non-discriminatory.

152.    Ericsson's conduct constituted promises to the IEEE, its members, their customers and other third party beneficiaries.  By making such promises, Ericsson knew or reasonably should have known they would be relied upon.

153.    The IEEE, its members, their customers and other third party beneficiaries, including the Acer Defendants, reasonably relied upon Ericsson's promises.  In reliance on Ericsson's promises, the Acer Defendants developed and marketed products that operate in accordance with one or more of the accused 802.11 standards.

154.    As result of the Acer Defendants' reliance on Ericsson's promises and conduct, the Acer Defendants will be harmed materially if Ericsson is permitted to assert its alleged patent rights to prevent the Acer Defendants from making, importing and/or selling products that operate in accordance with one or more of the accused 802.11 standards.

## SEVENTH AFFIRMATIVE DEFENSE

155.    Plaintiffs have waived any claims against Acer Defendants or any objections to

- 31 -

Acer Defendants' conduct as alleged in the First Amended Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

156.    Plaintiffs have acquiesced to Acer Defendants' conduct as alleged in the First

Amended Complaint.

## NINTH AFFIRMATIVE DEFENSE

157.    Acer Defendants has an implied license to practice the claims of the Patents-in-

Suit and otherwise engage in the conduct as alleged in the First Amended Complaint.

## TENTH AFFIRMATIVE DEFENSE

158.    Plaintiffs have failed to state facts sufficient to support an award of attorneys' fees

to Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

159.     Upon information and belief, Plaintiffs lack standing to bring the claims and/or

requests for relief set forth in the First Amended Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

160.    Plaintiffs cannot satisfy the requirements applicable to their request for injunctive

relief and have an adequate remedy at law.

## THIRTEENTH AFFIRMATIVE DEFENSE

161.    The claims of the Patents-in-Suit are invalid and unenforceable because of the

applicant's failure to comply with 35 U.S.C. §§ 111 and 116.

## FOURTEENTH AFFIRMATIVE DEFENSE

162.    Plaintiffs' alleged damages are limited because it has not satisfied the

requirements for obtaining damages under 35 U.S.C. § 287, and the limitations period further

bars past damages claims.

US_ACTIVE-109120435.2

## FIFTEENTH AFFIRMATIVE DEFENSE

163.    Plaintiffs' claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and Plaintiffs are not entitled to a double recovery.


## ACER DEFENDANTS' COUNTERCLAIMS AGAINST ERICSSON

The Acer Defendants counterclaim as follows:

## THE PARTIES

1.    Defendant and Counterclaimant Acer, Inc. is a Taiwanese corporation, with its principal place of business at 8F, 88, Sec. 1, Hsin Tai Wud Road, Hsichih 221, Taiwan.

2.    Defendant and Counterclaimant Acer America Corporation is a California corporation, with its principal place of business at 333 W. San Carlos Street, Suite 1500, San Jose, California 95110.

3.    Defendant and Counterclaimant Gateway, Inc. is a Delaware corporation, with its principal place of business at 7565 Irvine Center Drive, Irvine, California 92618.

4.    Plaintiff and Counterdefendant Ericsson Inc. is a Delaware corporation with its principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

5.    Plaintiff and Counterdefendant Telefonaktiebolaget LM Ericsson is a corporation organized under the laws of the country of Sweden with its principal place of business at Torshamnsgatan 23, Kista, 164 83 Stockholm, Sweden.

## JURISDICTION AND VENUE

1.     Subject to the Acer Defendants' affirmative defenses and denials, the Acer Defendants allege Counterclaims which arise under the patent laws of the United States, Title 35 of the United States Code, and the declaratory judgment provisions of Sections 2201 and 2202 of

US_ACTIVE-109120435.2

Title 28 of the United States Code.  The Court's jurisdiction over the subject matter of these Counterclaims is based on 28 U.S.C. Sections 1331, 1367(a), 1338(a), 2201 and 2202.

2.      This Court has personal jurisdiction over Counterdefendants.

3.      Venue for these counterclaims is proper in this judicial district.

## FACTUAL BACKGROUND

4.      In their First Amended Complaint, Counterdefendants assert that the Acer Defendants have infringed U.S. Patent Nos. and 6,173,352 ("the '352 patent"), 5,790,516 ("the '516 patent"), 5,987,019 ("the '019 patent"), 6,330,435 ("the '435 patent"), 6,424,625 ("the '625 patent"), 6,466,568 ("the '568 patent"), 6,519,223 ("the '223 patent") and 6,772,215 ("the '215 patent") (collectively the "Patents-in-Suit").

5.      The Patents-in-Suit are invalid and/or have not been and are not infringed by the Acer Defendants, directly or indirectly.  Consequently, there is an actual case or controversy between the parties over non-infringement and invalidity of the Patents-in-Suit.

## COUNT I

### (Declaratory Judgment of Non-Infringement of the '352 Patent)

6.      Acer Defendants repeat and reallege each and every allegation in the foregoing paragraphs as though fully set forth herein.

7.      An actual case or controversy exists between Acer Defendants and Counterdefendants as to whether the '352 patent is not infringed by Acer Defendants.

8.      A judicial declaration is necessary and appropriate so that Acer Defendants may ascertain its rights regarding the '352 patent.

9.      Acer Defendants has not committed, contributed to, and/or induced any acts that constitute infringement of any valid and enforceable claim of the '352 patent.

- 34 -

US_ACTIVE-109120435.2

## COUNT II

### (Declaratory Judgment of Invalidity of the '352 Patent)

10.     Acer Defendants repeat and reallege each and every allegation in the foregoing paragraphs as though fully set forth herein.

11.     An actual case or controversy exists between Acer Defendants and Counterdefendants as to whether the '352 patent is invalid and/or unenforceable.

12.     A judicial declaration is necessary and appropriate so that Acer Defendants may ascertain its rights as to whether the '352 patent is invalid and/or unenforceable.

13.     The '352 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112, 132 and 251.

## COUNT III

### (Declaratory Judgment of Non-Infringement of the '516 Patent)

14.     Acer Defendants repeat and reallege each and every allegation in the foregoing paragraphs as though fully set forth herein.

15.     An actual case or controversy exists between Acer Defendants and Counterdefendants as to whether the '516 patent is not infringed by Acer Defendants.

16.     A judicial declaration is necessary and appropriate so that Acer Defendants may ascertain its rights regarding the '516 patent.

17.     Acer Defendants has not committed, contributed to, and/or induced any acts that constitute infringement of any valid and enforceable claim of the '516 patent.

US_ACTIVE-109120435.2

## COUNT IV

### (Declaratory Judgment of Invalidity of the '516 Patent)

18.     Acer Defendants repeat and reallege each and every allegation in the foregoing paragraphs as though fully set forth herein.

19.     An actual case or controversy exists between Acer Defendants and Counterdefendants as to whether the '516 patent is invalid and/or unenforceable.

20.     A judicial declaration is necessary and appropriate so that Acer Defendants may ascertain its rights as to whether the '516 patent is invalid and/or unenforceable.

21.     The '516 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112, 132 and 251.

## COUNT V

### (Declaratory Judgment of Non-Infringement of the '019 Patent)

22.     Acer Defendants repeat and reallege each and every allegation in the foregoing paragraphs as though fully set forth herein.

23.     An actual case or controversy exists between Acer Defendants and Counterdefendants as to whether the '019 patent is not infringed by Acer Defendants.

24.     A judicial declaration is necessary and appropriate so that Acer Defendants may ascertain its rights regarding the '019 patent.

25.     Acer Defendants has not committed, contributed to, and/or induced any acts that constitute infringement of any valid and enforceable claim of the '019 patent.

## COUNT VI

### (Declaratory Judgment of Invalidity of the '019 Patent)

US_ACTIVE-109120435.2

26.     Acer Defendants repeat and reallege each and every allegation in the foregoing paragraphs as though fully set forth herein.

27.     An actual case or controversy exists between Acer Defendants and Counterdefendants as to whether the '019 patent is invalid and/or unenforceable.

28.     A judicial declaration is necessary and appropriate so that Acer Defendants may ascertain its rights as to whether the '019 patent is invalid and/or unenforceable.

29.     The '019 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112, 132 and 251.

## COUNT VII

### (Declaratory Judgment of Non-Infringement of the '435 Patent)

30.     Acer Defendants repeat and reallege each and every allegation in the foregoing paragraphs as though fully set forth herein.

31.     An actual case or controversy exists between Acer Defendants and Counterdefendants as to whether the '435 patent is not infringed by Acer Defendants.

32.     A judicial declaration is necessary and appropriate so that Acer Defendants may ascertain its rights regarding the '435 patent.

33.     Acer Defendants has not committed, contributed to, and/or induced any acts that constitute infringement of any valid and enforceable claim of the '435 patent.

## COUNT VIII

### (Declaratory Judgment of Invalidity of the '435 Patent)

34.     Acer Defendants repeat and reallege each and every allegation in the foregoing paragraphs as though fully set forth herein.

US_ACTIVE-109120435.2

35.     An actual case or controversy exists between Acer Defendants and Counterdefendants as to whether the '435 patent is invalid and/or unenforceable.

36.     A judicial declaration is necessary and appropriate so that Acer Defendants may ascertain its rights as to whether the '435 patent is invalid and/or unenforceable.

37.     The '435 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112, 132 and 251.

## COUNT IX

### (Declaratory Judgment of Non-Infringement of the '625 Patent)

38.     Acer Defendants repeat and reallege each and every allegation in the foregoing paragraphs as though fully set forth herein.

39.     An actual case or controversy exists between Acer Defendants and Counterdefendants as to whether the '625 patent is not infringed by Acer Defendants.

40.     A judicial declaration is necessary and appropriate so that Acer Defendants may ascertain its rights regarding the '625 patent.

41.     Acer Defendants has not committed, contributed to, and/or induced any acts that constitute infringement of any valid and enforceable claim of the '625 patent.

## COUNT X

### (Declaratory Judgment of Invalidity of the '625 Patent)

42.     Acer Defendants repeat and reallege each and every allegation in the foregoing paragraphs as though fully set forth herein.

43.     An actual case or controversy exists between Acer Defendants and Counterdefendants as to whether the '625 patent is invalid and/or unenforceable.

US_ACTIVE-109120435.2

44.     A judicial declaration is necessary and appropriate so that Acer Defendants may ascertain its rights as to whether the '625 patent is invalid and/or unenforceable.

45.     The '625 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112, 132 and 251.

## COUNT XI

### (Declaratory Judgment of Non-Infringement of the '568 Patent)

46.     Acer Defendants repeat and reallege each and every allegation in the foregoing paragraphs as though fully set forth herein.

47.     An actual case or controversy exists between Acer Defendants and Counterdefendants as to whether the '568 patent is not infringed by Acer Defendants.

48.     A judicial declaration is necessary and appropriate so that Acer Defendants may ascertain its rights regarding the '568 patent.

49.     Acer Defendants has not committed, contributed to, and/or induced any acts that constitute infringement of any valid and enforceable claim of the '568 patent.

## COUNT XII

### (Declaratory Judgment of Invalidity of the '568 Patent)

50.     Acer Defendants repeat and reallege each and every allegation in the foregoing paragraphs as though fully set forth herein.

51.     An actual case or controversy exists between Acer Defendants and Counterdefendants as to whether the '568 patent is invalid and/or unenforceable.

52.     A judicial declaration is necessary and appropriate so that Acer Defendants may ascertain its rights as to whether the '568 patent is invalid and/or unenforceable.

US_ACTIVE-109120435.2

53.     The '568 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112, 132 and 251.

## COUNT XIII

### (Declaratory Judgment of Non-Infringement of the '223 Patent)

54.     Acer Defendants repeat and reallege each and every allegation in the foregoing paragraphs as though fully set forth herein.

55.     An actual case or controversy exists between Acer Defendants and Counterdefendants as to whether the '223 patent is not infringed by Acer Defendants.

56.     A judicial declaration is necessary and appropriate so that Acer Defendants may ascertain its rights regarding the '223 patent.

57.     Acer Defendants has not committed, contributed to, and/or induced any acts that constitute infringement of any valid and enforceable claim of the '223 patent.

## COUNT XIV

### (Declaratory Judgment of Invalidity of the '223 Patent)

58.     Acer Defendants repeat and reallege each and every allegation in the foregoing paragraphs as though fully set forth herein.

59.     An actual case or controversy exists between Acer Defendants and Counterdefendants as to whether the '223 patent is invalid and/or unenforceable.

60.     A judicial declaration is necessary and appropriate so that Acer Defendants may ascertain its rights as to whether the '223 patent is invalid and/or unenforceable.

61.     The '223 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112, 132 and

US_ACTIVE-109120435.2

251.

## COUNT XV

### (Declaratory Judgment of Non-Infringement of the '215 Patent)

62.     Acer Defendants repeat and reallege each and every allegation in the foregoing paragraphs as though fully set forth herein.

63.     An actual case or controversy exists between Acer Defendants and Counterdefendants as to whether the '215 patent is not infringed by Acer Defendants.

64.     A judicial declaration is necessary and appropriate so that Acer Defendants may ascertain its rights regarding the '215 patent.

65.     Acer Defendants has not committed, contributed to, and/or induced any acts that constitute infringement of any valid and enforceable claim of the '215 patent.

## COUNT XVI

### (Declaratory Judgment of Invalidity of the '215 Patent)

66.     Acer Defendants repeat and reallege each and every allegation in the foregoing paragraphs as though fully set forth herein.

67.     An actual case or controversy exists between Acer Defendants and Counterdefendants as to whether the '215 patent is invalid and/or unenforceable.

68.     A judicial declaration is necessary and appropriate so that Acer Defendants may ascertain its rights as to whether the '215 patent is invalid and/or unenforceable.

69.     The '215 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112, 132 and 251.

US_ACTIVE-109120435.2

## COUNT XVII

### (Breach of Contract)

70.     Acer Defendants repeat and reallege each and every allegation in the foregoing paragraphs as though fully set forth herein.

71.     The IEEE is a professional association and leading developer of technical standards.  IEEE members include engineers, scientists, and allied professionals whose technical interests relate to electrical and computer sciences, engineering and related disciplines.  Members may participate in the standards-setting process in working groups and/or subgroups called task groups.

72.     To protect against unscrupulous conduct by any member who seeks to benefit unfairly from, or to manipulate to its advantage, the IEEE's standard-setting process, and to enable the IEEE and its members to develop standards free from potentially blocking patents, the IEEE instituted policies and rules regarding the disclosure and licensing of patents.

73.     The IEEE's rules and policies required fairness and candor with respect to intellectual property.  By way of example only, the IEEE requires members to submit letters of assurance including either a general disclaimer to the effect that the patentee will not enforce any of its present or future patents whose use would be required to implement the proposed IEEE standard against any person or entity using the patents incident to practice of the standard or a statement that a license will be made available to all applicants without compensation or under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination.  The IEEE's Standards Board Bylaws stated at relevant times, for instance, that "IEEE standards may include the known use of patent(s), including patent applications, provided

US_ACTIVE-109120435.2

the IEEE receives assurance from the patent holder or applicant with respect to patents essential

for compliance with both mandatory and optional portions of the standard.  This assurance shall

be provided without coercion and prior to approval of the standard (or reaffirmation when a

patent becomes known after initial approval of the standard)."  The IEEE Bylaws further state

that the assurance "shall be a letter that is in the form of either a) A general disclaimer to the

effect that the patentee will not enforce any of its present or future patent(s) whose use would be

required to implement the proposed IEEE standard against any person or entity using the

patent(s) to comply with the standard or b)  A statement that a license will be made available

without compensation or under reasonable rates, with reasonable terms and conditions that are

demonstrably free of any unfair discrimination."

74.     The IEEE formed the 802.11 working group in 1990.  The IEEE 802.11 standard

is titled "Wireless LAN Media Access Control (MAC) and Physical Layer (PHY)

Specifications" and concerns wireless local area networking ("wireless LAN").

75.     In 1997, the IEEE formed a task groups related to 802.11a and 802.11b.  In

subsequent years, the IEEE formed additional task groups for 802.11, including 802.11g, and

also for 802.11n.

76.     On information and belief, Ericsson is a member of the IEEE and claims that it

participated in the standards setting process for 802.11.  As a result of its membership in the

IEEE, Ericsson agreed, both explicitly and implicitly, that it would abide by the rules and

policies of the IEEE .

77.     On or about January 29, 2003, Ericsson submitted a letter of assurance to the

IEEE relating to 802.11.  In this document titled "Letter of Assurance for Essential Patents,"

Ericsson identified the "IEEE Standard or Proposed IEEE Standard" as "802.11a, 802.11b,

US_ACTIVE-109120435.2

802.11e, 802.11f, 802.11g, 802.11h 802.11i."

78.     Ericsson further stated in its letter of assurance that it "was prepared to grant a

license to an unrestricted number of applicants on a worldwide, non-discriminatory basis and on

reasonable terms and conditions to comply with the [Proposed] IEEE standard."  Ericsson also

attached a document to its letter of assurance titled "Free form LoA Ericsson IP Statement for

IEEE 802.11a, . . .", in which Ericsson committed to licensing any patents it contends are

required to operate in accordance with the standards on "fair, reasonable, and non-discriminatory

terms."

79.     On or about April 18, 2011, Ericsson submitted a document titled "Letter of

Assurance for Essential Patent Claims" to the IEEE Standards Board, referring to IEEE standard

802.11n.  The letter was a Blanket Letter of Assurance, in which Ericsson stated that it "may

own, control, or have the ability to license Patent Claims that might be or become Essential

Patent Claims."  The letter further states, "[t]he Submitter [Ericsson] will grant a license under

reasonable rates to an unrestricted number of applicants on a worldwide basis with reasonable

terms and conditions that are demonstrably free of unfair discrimination" and that "users and

implementers of the [Proposed] IEEE Standard identified in part C above are relying or will rely

upon and may seek enforcement of the terms of this LOA."

80.     For consideration, including IEEE membership and participation, Ericsson

entered into an express and/or implied contract with the IEEE's members, or alternatively with

the IEEE, to which IEEE members and others are third party beneficiaries, in which Ericsson

agreed, among other things, to abide by the IEEE's rules and policies.  The IEEE's rules and

policies, whether formal or informal, including all stipulations, requirements and representations

in any form, constitute a contract between Ericsson and the IEEE's members, or alternatively

US_ACTIVE-109120435.2

between Ericsson and the IEEE, to which the IEEE's members and others are third-party beneficiaries.

81.     In accordance with the foregoing, the IEEE's rules and policies require its members to submit letters of assurance including a general disclaimer to the effect that the patent holder will not enforce any of its present or future patents whose use would be required to implement the proposed IEEE standard against any person or entity using the patents to make, use, sell, import, or offer for sale in the U.S. any product that operates in accordance with the standard, or  to provide statements that a license will be offered and made available to all applicants without compensation or under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination.

82.     Ericsson's representations and conduct including, without limitation, its letters of assurance offering licenses on fair, reasonable, and non-discriminatory terms, created express and/or implied contracts with the IEEE and its members, or alternatively between Ericsson and the IEEE, to which IEEE members, their customers and others are third-party beneficiaries.

83.     Ericsson breached its contractual obligations, including by, among other things, failing to offer licenses for the Patents on fair, reasonable and non-discriminatory terms, and by seeking to enjoin the Acer Defendants from making and/or selling products that operate in accordance with one or more of the accused 802.11 standards.

84.     As a result of Ericsson's breach of its contractual obligations, the Acer Defendants have incurred damages, and will be further damaged in the future.

## COUNT XVIII

### (Promissory Estoppel)

85.     Acer Defendants repeat and reallege each and every allegation in the foregoing

US_ACTIVE-109120435.2

paragraphs as though fully set forth herein.

86.     Ericsson made representations and engaged in other conduct, including Ericsson's submission of letters of assurance to the IEEE that obligated Ericsson to license any patents Ericsson may own that Ericsson alleges are required to operate in accordance with the accused 802.11 standards on terms that are fair, reasonable, and non-discriminatory.

87.     Ericsson's conduct constituted promises to the IEEE, its members, their customers and other third party beneficiaries.  By making such promises, Ericsson knew or reasonably should have known they would be relied upon.

88.     The IEEE, its members, their customers and other third party beneficiaries, including the Acer Defendants, reasonably relied upon Ericsson's promises.  In reliance on Ericsson's promises, the Acer Defendants developed and marketed products that operate in accordance with one or more of the accused 802.11 standards.

89.     As result of the Acer Defendants' reliance on Ericsson's promises, the Acer Defendants will be harmed materially if Ericsson is permitted to assert its alleged patent rights to prevent the Acer Defendants from making, importing and/or selling products that operate in accordance with one or more of the accused 802.11 standards.

## COUNT XIX

### (Equitable Estoppel)

90.     Acer Defendants repeat and reallege each and every allegation in the foregoing paragraphs as though fully set forth herein.

91.     Ericsson's conduct created a false and misleading impression among the IEEE, its members, their customers and third parties, including the Acer Defendants, that Ericsson would license its patents on fair, reasonable and non-discriminatory terms and conditions.

US_ACTIVE-109120435.2

92.    The IEEE, its members, their customers and other third party beneficiaries, including the Acer Defendants, reasonably relied upon Ericsson's conduct.  In reliance, the Acer Defendants developed and marketed products that operate in accordance with one or more of the accused 802.11 standards.

93.    As result of the Acer Defendants' reliance on Ericsson's conduct, the Acer Defendants will be harmed materially if Ericsson is permitted to assert its alleged patent rights to prevent the Acer Defendants from making, importing and/or selling products that operate in accordance with one or more of the accused 802.11 standards.

## COUNT XX

## (Unclean Hands)

94.    Acer Defendants repeat and reallege each and every allegation in the foregoing paragraphs as though fully set forth herein.

95.    Ericsson's wrongful conduct as alleged herein constitutes unclean hands and renders the Patents-in-Suit unenforceable.

## RESERVATION OF RIGHTS

96.    The Acer Defendants reserve the right to add any additional defenses or counterclaims that discovery may reveal.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Acer Defendants respectfully demand a jury trial of all issues triable to a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, the Acer Defendants pray for judgment as follows:

a.    An order dismissing Plaintiffs' First Amended Complaint against Acer

US_ACTIVE-109120435.2

Defendants with prejudice;

b.      A judgment in favor of Acer Defendants and against Plaintiffs on all the claims asserted against Acer Defendants in the First Amended Complaint;

c.      A declaration that the Acer Defendants have not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid and enforceable claim of the Patents-in-Suit;

d.      A declaration that the claims of the Patents-in-Suit are invalid;

e.      A declaration that the Patents-in-Suit are unenforceable;

f.      A judgment awarding the Acer Defendants damages in an amount to be proven at trial on account of Ericsson's breach of contract, including without limitation expectancy damages and restitution;

g.      A judgment requiring Ericsson's specific performance under its contract with the IEEE and/or IEEE members and third parties to grant licenses to the Patents, to the extent such licenses are required, on fair, reasonable and non-discriminatory terms and conditions;

h.      A declaration requiring Ericsson to grant the Acer Defendants a royalty-free license to make, use, sell, offer for sale, and import within the U.S. any products that are covered by any claim of the Patents to the extent such a license is required;

i.      A declaration that Acer Defendants are the prevailing parties and that this case is exceptional under 35 U.S.C. § 285, Fed. R. Civ. P. 11, and/or other applicable law;

j.      A judgment awarding to Acer Defendants their costs, expenses, disbursements and reasonable attorneys' fees under 35 U.S.C. §285 and any other applicable statutes, rules or common law; and

k.      Such other and further relief as this Court may deem just and proper.

US_ACTIVE-109120435.2

DATED: April 12, 2012                    Respectfully submitted,


                                        */s/ John P. Bovich by Trey Yarbrough with permission*
                                        Scott D. Baker, *Pro Hac Vice* (Cal. SBN 84923)
                                        John P. Bovich, *Pro Hac Vice* (Cal. SBN 150688)
                                        Adaline J. Hilgard, *Pro Hac Vice* (Cal. SBN 173213)
                                        William R. Overend, *Pro Hac Vice* (Cal. SBN 180209)
                                        Jonah D. Mitchell, *Pro Hac Vice* (Cal. SBN 203511)

                                        **REED SMITH LLP**
                                        101 Second Street, Suite 1800
                                        San Francisco, CA  94105
                                        Telephone:  +1 415 543 8700
                                        Facsimile:  +1 415 391 8269
                                        Email:  sbaker@reedsmith.com
                                        Email:  jbovich@reedsmith.com
                                        Email:  ahilgard@reedsmith.com
                                        Email:  woverend@reedsmith.com
                                        Email:  jmitchell@reedsmith.com

                                        Trey Yarbrough (Bar No. 22133500)
                                        Debby E. Gunter(Bar No. 24012752)
                                        YARBROUGH ♦ WILCOX, PLLC
                                        100 E. Ferguson, Ste. 1015
                                        Tyler, Texas 75702
                                        Telephone:          +1 903 595 3111
                                        Facsimile:          +1 903 595 0191
                                        Email:              trey@yw-lawfirm.com
                                        Email:              debby@yw-lawfirm.com

                                        Counsel for Defendants and Counterclaimants
                                        Acer, Inc., Acer America Corporation and Gateway, Inc.

US_ACTIVE-109120435.2

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 12th day of April, 2012.  All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

*/s/ Trey Yarbrough*
Trey Yarbrough

US_ACTIVE-109120435.2