UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

|  |  |
|---|---|
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>Plaintiffs<br><br>v.<br><br>D-LINK CORPORATION, D-LINK SYSTEMS, INC., NETGEAR, INC., ACER, INC., ACER AMERICA CORPORATION, and GATEWAY, INC.<br><br>Defendants. | Civil Action No. 6:10-cv-473<br><br><br>JURY TRIAL DEMANDED |

## D-LINK SYSTEMS, INC.'S FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

Defendant D-Link Systems, Inc. ("D-Link Systems") responds to the First Amended Complaint of Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson"):

## ANSWER

## PARTIES

1.      D-Link Systems admits, on information and belief, the allegations of Paragraph 1 of the First Amended Complaint.

2.      D-Link Systems admits, on information and belief, the allegations of Paragraph 2 of the First Amended Complaint.

3.      D-Link Systems admits the allegations of Paragraph 3 of the First Amended Complaint.

4.      D-Link Systems admits that it offers products with wireless functionality, but the allegations in Paragraph 4 fail to set forth definitions for terms in the allegations, and, in light of such ambiguities, D-Link Systems lacks information sufficient to form a belief as to the truth of the matters asserted and therefore denies the allegations. Except as expressly admitted herein, D-

- 1 -

US_ACTIVE-109134875.3

Link Systems denies each and every remaining allegation of Paragraph 4 of the First Amended Complaint.

5.      D-Link Systems denies that it has infringed, either directly or indirectly, any of the patent claims involved in this action by making, using, selling, importing, and /or offering for sale any devices, or by transacting any other business.  D-Link Systems admits that it has done business in the United States.  D-Link Systems admits that it might be served with process by serving its former agent, Nancy Lemm, at 17595 Mt. Hermann Street, Fountain Valley, California 92708.  Except as expressly admitted herein, D-Link Systems denies each and every remaining allegation of Paragraph 5 of the First Amended Complaint, and specifically denies all allegations of patent infringement and that Plaintiffs are entitled to any relief.

6.      The allegations of Paragraph 6 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the First Amended Complaint, and therefore denies those allegations.

7.      The allegations of Paragraph 7 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the First Amended Complaint, and therefore denies those allegations.

8.      The allegations of Paragraph 8 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the First Amended Complaint, and therefore denies those allegations.

9.      The allegations of Paragraph 9 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the First Amended Complaint, and therefore denies those allegations.

10.      The allegations of Paragraph 10 are not directed to D-Link Systems, and therefore

US_ACTIVE-109134875.3

no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the First Amended Complaint, and therefore denies those allegations.

11.     The allegations of Paragraph 11 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the First Amended Complaint, and therefore denies those allegations.

12.     The allegations of Paragraph 12 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the First Amended Complaint, and therefore denies those allegations.

13.     The allegations of Paragraph 13 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the First Amended Complaint, and therefore denies those allegations.

14.     The allegations of Paragraph 14 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the First Amended Complaint, and therefore denies those allegations.

15.     The allegations of Paragraph 15 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the First Amended Complaint, and therefore denies those allegations.

16.     The allegations of Paragraph 16 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the First Amended Complaint, and therefore denies those allegations.

US_ACTIVE-109134875.3

17.    The allegations of Paragraph 17 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the First Amended Complaint, and therefore denies those allegations.

18.    The allegations of Paragraph 18 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the First Amended Complaint, and therefore denies those allegations.

19.    The allegations of Paragraph 19 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the First Amended Complaint, and therefore denies those allegations.

20.    The allegations of Paragraph 20 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the First Amended Complaint, and therefore denies those allegations.

21.    The allegations of Paragraph 21 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the First Amended Complaint, and therefore denies those allegations.

22.    The allegations of Paragraph 22 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the First Amended Complaint, and therefore denies those allegations.

23.    The allegations of Paragraph 23 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the First Amended Complaint, and

US_ACTIVE-109134875.3

therefore denies those allegations.

24.    The allegations of Paragraph 24 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the First Amended Complaint, and therefore denies those allegations.

25.    The allegations of Paragraph 25 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the First Amended Complaint, and therefore denies those allegations.

26.    The allegations of Paragraph 26 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the First Amended Complaint, and therefore denies those allegations.

27.    The allegations of Paragraph 27 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the First Amended Complaint, and therefore denies those allegations.

28.    The allegations of Paragraph 28 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the First Amended Complaint, and therefore denies those allegations.

29.    The allegations of Paragraph 29 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the First Amended Complaint, and therefore denies those allegations.

30.    The allegations of Paragraph 30 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a

US_ACTIVE-109134875.3

belief as to the truth of the allegations of Paragraph 30 of the First Amended Complaint, and therefore denies those allegations.

31.    The allegations of Paragraph 31 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the First Amended Complaint, and therefore denies those allegations.

32.    The allegations of Paragraph 32 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the First Amended Complaint, and therefore denies those allegations.

33.    The allegations of Paragraph 33 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the First Amended Complaint, and therefore denies those allegations.

34.    The allegations of Paragraph 34 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the First Amended Complaint, and therefore denies those allegations.

35.    The allegations of Paragraph 35 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the First Amended Complaint, and therefore denies those allegations.

## JURISDICTION AND VENUE

36.    D-Link Systems admits that this is a civil action for alleged patent infringement and that the Court has subject matter jurisdiction over this dispute under 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted herein, D-Link Systems denies each and every remaining

US_ACTIVE-109134875.3

allegation of Paragraph 36 of the First Amended Complaint.

37.     This Paragraph 37 contains conclusions of law to which no response is required. D-Link Systems further reserves the right to move, and has moved, for a change of venue under 28 U.S.C. § 1404, as the interests and convenience of the parties and witnesses would be better served by transferring this case to the Northern District of California.

38.     This Paragraph 38 contains conclusions of law to which no response is required. To the extent this Paragraph contains factual allegations requiring a response, D-Link Systems denies the allegations of Paragraph 38 of the First Amended Complaint, and specifically denies all allegations of patent infringement and that Plaintiffs are entitled to any relief.

39.     The allegations of Paragraph 39 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the First Amended Complaint, and therefore denies those allegations.

40.     The allegations of Paragraph 40 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the First Amended Complaint, and therefore denies those allegations.

41.     The allegations of Paragraph 41 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the First Amended Complaint, and therefore denies those allegations.

42.     The allegations of Paragraph 42 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the First Amended Complaint, and therefore denies those allegations.

43.     The allegations of Paragraph 43 are not directed to D-Link Systems, and therefore

US_ACTIVE-109134875.3

no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the First Amended Complaint, and therefore denies those allegations.

44.     The allegations of Paragraph 44 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the First Amended Complaint, and therefore denies those allegations.

### GENERAL ALLEGATIONS

45.     D-Link Systems admits that U.S. Patent No. 5,771,468 ("the '468 patent") is entitled "Multi-Purpose Base Station" and bears an issuance date of June 23, 1998.  D-Link Systems further admits that the '468 patent states that Per Stein is the inventor, and Telefonaktiebolaget LM Ericsson, is the assignee of the '468 patent.  D-Link Systems further admits that the '468 patent was issued by the U.S. Patent and Trademark Office, but, on information and belief, D-Link Systems denies that the '468 patent was duly and legally issued. D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45 of the First Amended Complaint, and on that basis denies those allegations.

46.     D-Link Systems admits that U.S. Patent No. 5,790,516 ("the '516 patent") is entitled "Pulse Shaping for a Data Transmission in an Orthogonal Frequency Division Multiplexed System" and bears an issuance date of August 4, 1998.  D-Link Systems further admits that the '516 patent states that Perols Leif Mikael Gudmundson, Lars Gustav Bismark, and Per-Olof Anderson are the inventors, and Telefonaktiebolaget LM Ericsson is the assignee, of the '516 patent.  D-Link Systems further admits that the '516 patent was issued by the U.S.

US_ACTIVE-109134875.3

Patent and Trademark Office, but, on information and belief, D-Link Systems denies that the '516 patent was duly and legally issued. D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 46 of the First Amended Complaint, and on that basis denies those allegations.

47.    D-Link Systems admits that U.S. Patent No. 5,987,019 ("the '019 patent") is entitled "Multi-Rate Radiocommunication Systems and Terminals" and bears an issuance date of November 16, 1999. D-Link Systems further admits that the '019 patent states that Alex Krister Raith, James Ragsdale, and John Diachina are the inventors, and Telefonaktiebolaget LM Ericsson is the assignee, of the '019 patent. D-Link Systems further admits that the '019 patent was issued by the U.S. Patent and Trademark Office, but, on information and belief, D-Link Systems denies that the '019 patent was duly and legally issued. D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 47 of the First Amended Complaint, and on that basis denies those allegations.

48.    D-Link Systems admits that U.S. Patent No. 6,330,435 ("the '435 patent") is entitled "Data Packet Discard Notification" and bears an issuance date of December 11, 2001. D-Link Systems further admits that the '435 patent states that Tawfik Lazraq and Farooq Khan are the inventors, and Telefonaktiebolaget LM Ericsson is the assignee, of the '435 patent. D-Link Systems further admits that the '435 patent was issued by the U.S. Patent and Trademark Office, but, on information and belief, D-Link Systems denies that the '435 patent was duly and legally issued. D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 48 of the First Amended Complaint, and on that basis denies those allegations.

49.    D-Link Systems admits that U.S. Patent No. 6,424,625 ("the '625 patent") is

US_ACTIVE-109134875.3

entitled "Method and Apparatus for Discarding Packets in a Data Network Having Automatic Repeat Request" and bears an issuance date of July 23, 2002.  D-Link Systems further admits that the '625 patent states that Peter Larsson and Mikael Larsson are the inventors, and Telefonaktiebolaget LM Ericsson is the assignee, of the '625 patent.  D-Link Systems further admits that the '625 patent was issued by the U.S. Patent and Trademark Office, but, on information and belief, D-Link Systems denies that the '625 patent was duly and legally issued. D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 49 of the First Amended Complaint, and on that basis denies those allegations.

50.     D-Link Systems admits that U.S. Patent No. 6,466,568 ("the '568 patent") is entitled "Multi-Rate Radiocommunication Systems and Terminals" and bears an issuance date of October 15, 2002.  D-Link Systems further admits that the '568 patent states that Alex Krister Raith, James Ragsdate, and John Diachina are the inventors, and Telefonaktiebolaget LM Ericsson is the assignee, of the '568 patent.  D-Link Systems further admits that the '568 patent was issued by the U.S. Patent and Trademark Office, but, on information and belief, D-Link Systems denies that the '568 patent was duly and legally issued.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 50 of the First Amended Complaint, and on that basis denies those allegations.

51.     D-Link Systems admits that U.S. Patent No. 6,519,223 ("the '223 patent") is entitled "System and Method for Implementing a Semi Reliable Retransmission Protocol" and bears an issuance date of February 11, 2003.  D-Link Systems further admits that the '223 patent states that Stefan Henrik Andreas Wager and Reiner Ludwig are the inventors, and Telefonaktiebolaget LM Ericsson is the assignee, of the '223 patent.  D-Link Systems further

US_ACTIVE-109134875.3

admits that the '223 patent was issued by the U.S. Patent and Trademark Office, but, on information and belief, D-Link Systems denies that the '223 patent was duly and legally issued. D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 51 of the First Amended Complaint, and on that basis denies those allegations.

52.     D-Link Systems admits that U.S. Patent No. 6,772,215 ("the '215 patent") is entitled "Method for Minimizing Feedback Responses in ARQ Protocols" and bears an issuance date of August 3, 2004.  D-Link Systems further admits that the '215 patent states that Bela Rathonyi, Joachim Sachs, Michael Meyer, Per Beming, Mathias Johansson, Christiaan Roobol, Erik Schon, and Kazuhiko Inoue are the inventors, and Telefonaktiebolaget LM Ericsson is the assignee, of the '215 patent.  D-Link Systems further admits that the '215 patent was issued by the U.S. Patent and Trademark Office, but, on information and belief, D-Link Systems denies that the '215 patent was duly and legally issued.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 52 of the First Amended Complaint, and on that basis denies those allegations.

53.     The allegations of Paragraph 53 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems admits that U.S. Patent No. 6,173,352 ("the '352 patent") is entitled "Mobile Computer Mounted Apparatus for Controlling Enablement and Indicating Operational Status of a Wireless Communication Device Associated with the Mobile Computer" and bears an issuance date of January 9, 2001.  D-Link Systems further admits that the '352 patent states that Billy Gayle Moon is the inventor, and Ericsson Inc. is the assignee, of the '352 patent.  D-Link Systems further admits that the '352 patent was issued by the U.S. Patent and Trademark Office, but, on information and belief, D-Link Systems denies that the

- 11 -

US_ACTIVE-109134875.3

'352 patent was duly and legally issued.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 53 of the First Amended Complaint, and on that basis denies those allegations.

54.     D-Link Systems denies that Ericcson, Inc. is the owner of all rights, titles, and interest in and to the '516, '019, '435, '625, '568, '223, '215 and '468 patents, or that Ericcson U.S. has any right to sue or recover for alleged infringement.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 54 of the First Amended Complaint, and on that basis denies those allegations.  D-Link Systems denies all allegations of patent infringement and that Plaintiffs are entitled to relief.

55.     On information and belief, D-Link Systems denies the allegations of Paragraph 55 of the First Amended Complaint.

56.     D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the First Amended Complaint regarding Defendants NETGEAR, Inc., Acer American Corporation, Acer, Inc. and Gateway, Inc., Dell and Toshiba and on that basis, denies those allegations.  D-Link Systems denies the remaining allegations of Paragraph 56 of the First Amended Complaint, and specifically denies all allegations of patent infringement and that Plaintiffs are entitled to any relief.

57.     D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the First Amended Complaint regarding Defendants NETGEAR, Inc., Acer American Corporation, Acer, Inc. and Gateway, Inc., Dell, Toshiba and Belkin, and on that basis, denies those allegations.  D-Link Systems admits that it is aware of one or more of the asserted patents, but denies engaging in any infringing activities or

- 12 -

US_ACTIVE-109134875.3

willfulness whatsoever.  Except as expressly admitted herein, D-Link Systems denies each and every remaining allegation stated in Paragraph 57 of the First Amended Complaint, and specifically denies all allegations of patent infringement and that Plaintiffs are entitled to any relief.

58.     D-Link Systems denies the allegations of Paragraph 58 of the First Amended Complaint, and specifically denies all allegations of patent infringement and denies that Plaintiffs have been damaged and are entitled to any relief.

## COUNT I

### Alleged Infringement of the '468 Patent

59.     D-Link Systems incorporates its responses to each of the foregoing Paragraphs in response to the allegations of Paragraph 59 of the First Amended Complaint.

60.     D-Link Systems denies the allegations of Paragraph 60 of the First Amended Complaint, and specifically denies all allegations of patent infringement.

61.     The allegations of Paragraph 61 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the First Amended Complaint, and on that basis denies those allegations.

62.     The allegations of Paragraph 62 as to acts by NETGEAR are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems denies the allegations of Paragraph 62 of the First Amended Complaint, and specifically denies all allegations of patent infringement and denies that Plaintiffs have been, or will be, damaged, in any sum or manner, or at all, as a result of any alleged wrongdoing by D-Link Systems.

## COUNT II

- 13 -

US_ACTIVE-109134875.3

**Alleged Infringement of the '516 Patent**

63.     D-Link Systems incorporates its responses to each of the foregoing Paragraphs in response to the allegations of Paragraph 63 of the First Amended Complaint.

64.     D-Link Systems denies the allegations of Paragraph 64 of the First Amended Complaint, and specifically denies all allegations of patent infringement.

65.     The allegations of Paragraph 65 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the First Amended Complaint, and on that basis denies those allegations.

66.     The allegations of Paragraph 66 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the First Amended Complaint, and on that basis denies those allegations.

67.     The allegations of Paragraph 67 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the First Amended Complaint, and on that basis denies those allegations.

68.     The allegations of Paragraph 68 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the First Amended Complaint, and on that basis denies those allegations.

69.     The allegations of Paragraph 69 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a

US_ACTIVE-109134875.3

belief as to the truth of the allegations of Paragraph 69 of the First Amended Complaint, and on that basis denies those allegations.

70.     The allegations of Paragraph 70 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 of the First Amended Complaint, and on that basis denies those allegations.

71.     The allegations of Paragraph 71 as to acts by other Defendants are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems denies the allegations of Paragraph 71 of the First Amended Complaint, and specifically denies all allegations of patent infringement and denies that Plaintiffs have been, or will be, damaged, in any sum or manner, or at all, as a result of any alleged wrongdoing by D-Link Systems.

**COUNT III**

**Alleged Infringement of the '019 Patent**

72.     D-Link Systems incorporates its responses to each of the foregoing Paragraphs in response to the allegations of Paragraph 72 of the First Amended Complaint.

73.     D-Link Systems denies the allegations of Paragraph 73 of the First Amended Complaint, and specifically denies all allegations of patent infringement.

74.     The allegations of Paragraph 74 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 of the First Amended Complaint, and on that basis denies those allegations.

75.     The allegations of Paragraph 75 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a

- 15 -

belief as to the truth of the allegations of Paragraph 75 of the First Amended Complaint, and on that basis denies those allegations.

76.    The allegations of Paragraph 76 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 of the First Amended Complaint, and on that basis denies those allegations.

77.    The allegations of Paragraph 77 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 of the First Amended Complaint, and on that basis denies those allegations.

78.    The allegations of Paragraph 78 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 of the First Amended Complaint, and on that basis denies those allegations.

79.    The allegations of Paragraph 79 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 of the First Amended Complaint, and on that basis denies those allegations.

80.    The allegations of Paragraph 80 as to acts by other Defendants are not directed to D-Link Systems, and therefore no answer is required. D-Link Systems denies the allegations of Paragraph 80 of the First Amended Complaint, and specifically denies all allegations of patent infringement and denies that Plaintiffs have been, or will be, damaged, in any sum or manner, or at all, as a result of any alleged wrongdoing by D-Link Systems.

US_ACTIVE-109134875.3

## COUNT IV

### Alleged Infringement of the '435 Patent

81.     D-Link Systems incorporates its responses to each of the foregoing Paragraphs in response to the allegations of Paragraph 81 of the First Amended Complaint.

82.     D-Link Systems denies the allegations of Paragraph 82 of the First Amended Complaint, and specifically denies all allegations of patent infringement.

83.     The allegations of Paragraph 83 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 of the First Amended Complaint, and on that basis denies those allegations.

84.     The allegations of Paragraph 84 are not directed to D-Link Systems, and therefore no answer is required. D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 of the First Amended Complaint, and on that basis denies those allegations.

85.     The allegations of Paragraph 85 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 of the First Amended Complaint, and on that basis denies those allegations.

86.     The allegations of Paragraph 86 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 of the First Amended Complaint, and on that basis denies those allegations.

87.     The allegations of Paragraph 87 are not directed to D-Link Systems, and therefore

US_ACTIVE-109134875.3

no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 of the First Amended Complaint, and on that basis denies those allegations.

88.    The allegations of Paragraph 88 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88 of the First Amended Complaint, and on that basis denies those allegations.

89.    The allegations of Paragraph 89 as to acts by other Defendants are not directed to D-Link Systems, and therefore no answer is required. D-Link Systems denies the allegations of Paragraph 89 of the First Amended Complaint, and specifically denies all allegations of patent infringement and denies that Plaintiffs have been, or will be, damaged, in any sum or manner, or at all, as a result of any alleged wrongdoing by D-Link Systems.

## COUNT V

### Alleged Infringement of the '625 Patent

90.    D-Link Systems incorporates its responses to each of the foregoing Paragraphs in response to the allegations of Paragraph 90 of the First Amended Complaint.

91.    D-Link Systems denies the allegations of Paragraph 91 of the First Amended Complaint, and specifically denies all allegations of patent infringement.

92.    The allegations of Paragraph 92 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 of the First Amended Complaint, and on that basis denies those allegations.

93.    The allegations of Paragraph 93 are not directed to D-Link Systems, and therefore

- 18 -

no answer is required. D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93 of the First Amended Complaint, and on that basis denies those allegations.

94. The allegations of Paragraph 94 are not directed to D-Link Systems, and therefore no answer is required. D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 of the First Amended Complaint, and on that basis denies those allegations.

95. The allegations of Paragraph 95 are not directed to D-Link Systems, and therefore no answer is required. D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 of the First Amended Complaint, and on that basis denies those allegations.

96. The allegations of Paragraph 96 are not directed to D-Link Systems, and therefore no answer is required. D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96 of the First Amended Complaint, and on that basis denies those allegations.

97. The allegations of Paragraph 97 are not directed to D-Link Systems, and therefore no answer is required. D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97 of the First Amended Complaint, and on that basis denies those allegations.

98. The allegations of Paragraph 98 as to acts by other Defendants are not directed to D-Link Systems, and therefore no answer is required. D-Link Systems denies the allegations of Paragraph 98 of the First Amended Complaint, and specifically denies all allegations of patent infringement and denies that Plaintiffs have been, or will be, damaged, in any sum or manner, or

US_ACTIVE-109134875.3

at all, as a result of any alleged wrongdoing by D-Link Systems.

## COUNT VI

### Alleged Infringement of the '568 Patent

99.     D-Link Systems incorporates its responses to each of the foregoing Paragraphs in response to the allegations of Paragraph 99 of the First Amended Complaint.

100.     D-Link Systems denies the allegations of Paragraph 100 of the First Amended Complaint, and specifically denies all allegations of patent infringement.

101.     The allegations of Paragraph 101 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101 of the First Amended Complaint, and on that basis denies those allegations.

102.     The allegations of Paragraph 102 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 of the First Amended Complaint, and on that basis denies those allegations.

103.     The allegations of Paragraph 103 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103 of the First Amended Complaint, and on that basis denies those allegations.

104.     The allegations of Paragraph 104 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104 of the First Amended Complaint, and on that basis denies those allegations.

US_ACTIVE-109134875.3

105. The allegations of Paragraph 105 are not directed to D-Link Systems, and therefore no answer is required. D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105 of the First Amended Complaint, and on that basis denies those allegations.

106. The allegations of Paragraph 106 are not directed to D-Link Systems, and therefore no answer is required. D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106 of the First Amended Complaint, and on that basis denies those allegations.

107. The allegations of Paragraph 107 as to acts by other Defendants are not directed to D-Link Systems, and therefore no answer is required. D-Link Systems denies the allegations of Paragraph 107 of the First Amended Complaint, and specifically denies all allegations of patent infringement and that Plaintiffs have been, or will be, damaged, in any sum or manner, or at all, as a result of any alleged wrongdoing by D-Link Systems.

## COUNT VII

### Alleged Infringement of the '223 Patent

108. D-Link Systems incorporates its responses to each of the foregoing Paragraphs in response to the allegations of Paragraph 108 of the First Amended Complaint.

109. D-Link Systems denies the allegations of Paragraph 109 of the First Amended Complaint, and specifically denies all allegations of patent infringement.

110. The allegations of Paragraph 110 are not directed to D-Link Systems, and therefore no answer is required. D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110 of the First Amended Complaint, and on that basis denies those allegations.

US_ACTIVE-109134875.3

111. The allegations of Paragraph 111 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 111 of the First Amended Complaint, and on that basis denies those allegations.

112. The allegations of Paragraph 112 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 112 of the First Amended Complaint, and on that basis denies those allegations.

113. The allegations of Paragraph 113 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 113 of the First Amended Complaint, and on that basis denies those allegations.

114. The allegations of Paragraph 114 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 114 of the First Amended Complaint, and on that basis denies those allegations.

115. The allegations of Paragraph 115 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 115 of the First Amended Complaint, and on that basis denies those allegations.

116. The allegations of Paragraph 116 as to acts by other Defendants are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems denies the allegations of Paragraph 116 of the First Amended Complaint, and specifically denies all allegations of

US_ACTIVE-109134875.3

patent infringement and denies that Plaintiffs have been, or will be, damaged, in any sum or manner, or at all, as a result of any alleged wrongdoing by D-Link Systems.

## COUNT VIII

### Alleged Infringement of the '215 Patent

117.   D-Link Systems incorporates its responses to each of the foregoing Paragraphs in response to the allegations of Paragraph 117 of the First Amended Complaint.

118.   D-Link Systems denies the allegations of Paragraph 118 of the First Amended Complaint, and specifically denies all allegations of patent infringement.

119.   The allegations of Paragraph 119 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119 of the First Amended Complaint, and on that basis denies those allegations.

120.   The allegations of Paragraph 120 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 120 of the First Amended Complaint, and on that basis denies those allegations.

121.   The allegations of Paragraph 121 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 121 of the First Amended Complaint, and on that basis denies those allegations.

122.   The allegations of Paragraph 122 are not directed to D-Link Systems, and therefore no answer is required.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 122 of the First Amended

- 23 -

US_ACTIVE-109134875.3

Complaint, and on that basis denies those allegations.

123. The allegations of Paragraph 123 are not directed to D-Link Systems, and therefore no answer is required. D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 123 of the First Amended Complaint, and on that basis denies those allegations.

124. The allegations of Paragraph 124 are not directed to D-Link Systems, and therefore no answer is required. D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 124 of the First Amended Complaint, and on that basis denies those allegations.

125. The allegations of Paragraph 125 as to acts by other Defendants are not directed to D-Link Systems, and therefore no answer is required. D-Link Systems denies the allegations of Paragraph 125 of the First Amended Complaint, and specifically denies all allegations of patent infringement and that Plaintiffs have been, or will be, damaged, in any sum or manner, or at all, as a result of any alleged wrongdoing by D-Link Systems.

## COUNT IX

### Alleged Infringement of the '352 Patent

126. D-Link Systems incorporates its responses to each of the foregoing Paragraphs in response to the allegations of Paragraph 126 of the First Amended Complaint.

127. The allegations of Paragraph 127 are not directed to D-Link Systems, and therefore no answer is required. D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 127 of the First Amended Complaint, and on that basis denies those allegations.

128. The allegations of Paragraph 128 are not directed to D-Link Systems, and

- 24 -

therefore no answer is required. D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 128 of the First Amended Complaint, and on that basis denies those allegations.

129. The allegations of Paragraph 129 are not directed to D-Link Systems, and therefore no answer is required. D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 129 of the First Amended Complaint, and on that basis denies those allegations.

130. The allegations of Paragraph 130 are not directed to D-Link Systems, and therefore no answer is required. D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 130 of the First Amended Complaint, and on that basis denies those allegations.

131. The allegations of Paragraph 131 are not directed to D-Link Systems, and therefore no answer is required. D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 131 of the First Amended Complaint, and on that basis denies those allegations

### PRAYER FOR RELIEF

132. Paragraphs 132 through 145 of the First Amended Complaint set forth the statement of relief that Plaintiffs request, and no response is required. D-Link Systems denies any and all allegations of patent infringement contained in the Prayer for Relief, and specifically denies that Plaintiffs are entitled to any of the relief requested.

### DEMAND FOR A JURY TRIAL

Plaintiffs' Demand for a Jury Trial requires no response.

US_ACTIVE-109134875.3

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

133.  Plaintiffs' First Amended Complaint fails to state a claim against D-Link Systems upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

134.  D-Link Systems has not infringed and is not infringing the '468 patent, the '516 patent, the '019 patent, the '435 patent, the '625 patent, the '568 patent, the '223 patent, or the '215 patent (collectively the "Patents-in-Suit"), either directly, indirectly, literally, or under the Doctrine of Equivalents, and has not induced or contributed to any activities of another which could possibly constitute an infringement of any of the claims of the Patents-in-Suit.

### THIRD AFFIRMATIVE DEFENSE

135.  The claims of the Patents-in-Suit are invalid and/or unenforceable for failure to meet requirements of the patent statutes set forth in Title 35 of the United States Code, including Sections 101, 102 , 103, and/or 112 thereof.

### FOURTH AFFIRMATIVE DEFENSE

136.  Plaintiffs' First Amended Complaint and the relief requested therein regarding any asserted claims of the Patents-in-Suit are barred by the doctrine of prosecution history estoppel.

### FIFTH AFFIRMATIVE DEFENSE

137.  Plaintiffs' First Amended Complaint and the relief requested therein regarding any asserted claims of the Patents-in-Suit are barred by doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

US_ACTIVE-109134875.3

138.    Plaintiffs are estopped by their conduct from asserting any claims of the Patents-in-Suit against D-Link Systems.  Plaintiffs are estopped at least in part on the following:

139.    The IEEE is a professional association and leading developer of technical standards.  IEEE members include engineers, scientists, and allied professionals whose technical interests relate to electrical and computer sciences, engineering and related disciplines.  Members may participate in the standards-setting process in working groups and/or subgroups called task groups.

140.    To protect against unscrupulous conduct by any member who seeks to benefit unfairly from, or to manipulate to its advantage, the IEEE's standard-setting process, and to enable the IEEE and its members to develop standards free from potentially blocking patents, the IEEE instituted policies and rules regarding the disclosure and licensing of patents.

141.    The IEEE's rules and policies required fairness and candor with respect to intellectual property.  By way of example only, the IEEE requires members to submit letters of assurance including either a general disclaimer to the effect that the patentee will not enforce any of its present or future patents whose use would be required to implement the proposed IEEE standard against any person or entity using the patents incident to practice of the standard or a statement that a license will be made available to all applicants without compensation or under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination.  The IEEE's Standards Board Bylaws stated at relevant times, for instance, that "IEEE standards may include the known use of patent(s), including patent applications, provided the IEEE receives assurance from the patent holder or applicant with respect to patents essential for compliance with both mandatory and optional portions of the standard.  This assurance shall be provided without coercion and prior to approval of the standard (or reaffirmation when a

- 27 -

US_ACTIVE-109134875.3

patent becomes known after initial approval of the standard)." The IEEE Bylaws further state that the assurance "shall be a letter that is in the form of either a) A general disclaimer to the effect that the patentee will not enforce any of its present or future patent(s) whose use would be required to implement the proposed IEEE standard against any person or entity using the patent(s) to comply with the standard or b) A statement that a license will be made available without compensation or under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination."

142. The IEEE formed the 802.11 working group in 1990. The IEEE 802.11 standard is titled "Wireless LAN Media Access Control (MAC) and Physical Layer (PHY) Specifications" and concerns wireless local area networking ("wireless LAN").

143. In 1997, the IEEE formed a task groups related to 802.11a and 802.11b. In subsequent years, the IEEE formed additional task groups for 802.11, including 802.11g, and also for 802.11n.

144. On information and belief, Ericsson is a member of the IEEE and claims that it participated in the standards setting process for 802.11. As a result of its membership in the IEEE, Ericsson agreed, both explicitly and implicitly, that it would abide by the rules and policies of the IEEE .

145. On or about January 29, 2003, Ericsson submitted a letter of assurance to the IEEE relating to 802.11. In this document titled "Letter of Assurance for Essential Patents," Ericsson identified the "IEEE Standard or Proposed IEEE Standard" as "802.11a, 802.11b, 802.11e, 802.11f, 802.11g, 802.11h 802.11i."

146. Ericsson further stated in its letter of assurance that it "was prepared to grant a license to an unrestricted number of applicants on a worldwide, non-discriminatory basis and on

US_ACTIVE-109134875.3

reasonable terms and conditions to comply with the [Proposed] IEEE standard." Ericsson also attached a document to its letter of assurance titled "Free form LoA Ericsson IP Statement for IEEE 802.11a, . . .", in which Ericsson committed to licensing any patents it contends are required to operate in accordance with the standards on "fair, reasonable, and non-discriminatory terms."

147. On or about April 18, 2011, Ericsson submitted a document titled "Letter of Assurance for Essential Patent Claims" to the IEEE Standards Board, referring to IEEE standard 802.11n. The letter was a Blanket Letter of Assurance, in which Ericsson stated that it "may own, control, or have the ability to license Patent Claims that might be or become Essential Patent Claims." The letter further states, "[t]he Submitter [Ericsson] will grant a license under reasonable rates to an unrestricted number of applicants on a worldwide basis with reasonable terms and conditions that are demonstrably free of unfair discrimination" and that "users and implementers of the [Proposed] IEEE Standard identified in part C above are relying or will rely upon and may seek enforcement of the terms of this LOA."

148. For consideration, including IEEE membership and participation, Ericsson entered into an express and/or implied contract with the IEEE's members, or alternatively with the IEEE, to which IEEE members and others are third party beneficiaries, in which Ericsson agreed, among other things, to abide by the IEEE's rules and policies. The IEEE's rules and policies, whether formal or informal, including all stipulations, requirements and representations in any form, constitute a contract between Ericsson and the IEEE's members, or alternatively between Ericsson and the IEEE, to which the IEEE's members and others are third-party beneficiaries.

149. In accordance with the foregoing, the IEEE's rules and policies require its

- 29 -

US_ACTIVE-109134875.3

members to submit letters of assurance including a general disclaimer to the effect that the patent holder will not enforce any of its present or future patents whose use would be required to implement the proposed IEEE standard against any person or entity using the patents to make, use, sell, import, or offer for sale in the U.S. any product that operates in accordance with the standard, or  to provide statements that a license will be offered and made available to all applicants without compensation or under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination.

150.    Ericsson's representations and conduct including, without limitation, its letters of assurance offering licenses on fair, reasonable, and non-discriminatory terms, created express and/or implied contracts with the IEEE and its members, or alternatively between Ericsson and the IEEE, to which IEEE members, their customers and others are third-party beneficiaries.

151.    Ericsson made representations and engaged in other conduct, including Ericsson's submission of letters of assurance to the IEEE that obligated Ericsson to license any patents Ericsson may own that Ericsson alleges are required to operate in accordance with the accused 802.11 standards on terms that are fair, reasonable, and non-discriminatory.

152.    Ericsson's conduct constituted promises to the IEEE, its members, their customers and other third party beneficiaries.  By making such promises, Ericsson knew or reasonably should have known they would be relied upon.

153.    The IEEE, its members, their customers and other third party beneficiaries, including D-Link Systems, reasonably relied upon Ericsson's promises.  In reliance on Ericsson's promises, D-Link Systems developed and marketed products that operate in accordance with one or more of the accused 802.11 standards.

154.    As result of D-Link Systems' reliance on Ericsson's promises and conduct, D-

- 30 -

Link Systems' will be harmed materially if Ericsson is permitted to assert its alleged patent rights to prevent D-Link Systems' from making, importing and/or selling products that operate in accordance with one or more of the accused 802.11 standards.

## SEVENTH AFFIRMATIVE DEFENSE

155. Plaintiffs have waived any claims against D-Link Systems or any objections to D-Link Systems' conduct as alleged in the First Amended Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

156. Plaintiffs have acquiesced to D-Link Systems conduct as alleged in the First Amended Complaint.

## NINTH AFFIRMATIVE DEFENSE

157. D-Link Systems has an implied license to practice the claims of the Patents-in-Suit and otherwise engage in the conduct as alleged in the First Amended Complaint.

## TENTH AFFIRMATIVE DEFENSE

158. Plaintiffs have failed to state facts sufficient to support an award of attorneys' fees to Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

159. Upon information and belief, Plaintiffs lack standing to bring the claims and/or requests for relief set forth in the First Amended Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

160. Plaintiffs cannot satisfy the requirements applicable to their request for injunctive relief and have an adequate remedy at law.

## THIRTEENTH AFFIRMATIVE DEFENSE

161. The claims of the Patents-in-Suit are invalid and unenforceable because of the

US_ACTIVE-109134875.3

applicant's failure to comply with 35 U.S.C. §§ 111 and 116.

## FOURTEENTH AFFIRMATIVE DEFENSE

162.    Plaintiffs' alleged damages are limited because it has not satisfied the requirements for obtaining damages under 35 U.S.C. § 287, and the limitations period further bars past damages claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

163.    Plaintiffs' claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and Plaintiff is not entitled to a double recovery.

## D-LINK SYSTEMS' COUNTERCLAIMS AGAINST ERICSSON

Defendant and Counterclaimant D-Link Systems counterclaims as follows:

## THE PARTIES

1.    Defendant and Counterclaimant D-Link Systems, Inc. is a California corporation, with its principal place of business at 17595 Mt. Hermann Street, Fountain Valley, California 92708.

2.    Plaintiff and Counterdefendant Ericsson Inc. is a Delaware corporation with its principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

3.    Plaintiff and Counterdefendant Telefonaktiebolaget LM Ericsson is a corporation organized under the laws of the country of Sweden with its principal place of business at Torshamnsgatan 23, Kista, 164 83 Stockholm, Sweden.

## JURISDICTION AND VENUE

1.    Subject to D-Link Systems' affirmative defenses and denials, D-Link Systems alleges Counterclaims which arise under the patent laws of the United States, Title 35 of the

- 32 -

United States Code, and the declaratory judgment provisions of Sections 2201 and 2202 of Title 28 of the United States Code.  The Court's jurisdiction over the subject matter of these Counterclaims is based on 28 U.S.C. Sections 1331, 1367(a), 1338(a), 2201 and 2202.

2.     This Court has personal jurisdiction over Counterdefendants.

3.     Venue for these counterclaims is proper in this judicial district.

## FACTUAL BACKGROUND

4.     In their First Amended Complaint, Counterdefendants assert that D-Link Systems has infringed U.S. Patent Nos. 5,771,468 ("the '468 patent"), 5,790,516 ("the '516 patent"), 5,987,019 ("the '019 patent"), 6,330,435 ("the '435 patent"), 6,424,625 ("the '625 patent"), 6,466,568 ("the '568 patent"), 6,519,223 ("the '223 patent") and 6,772,215 ("the '215 patent") (collectively the "Patents-in-Suit").

5.     The Patents-in-Suit are invalid and/or have not been and are not infringed by D-Link Systems, directly or indirectly.  Consequently, there is an actual case or controversy between the parties over non-infringement and invalidity of the Patents-in-Suit.

## COUNT I

**(Declaratory Judgment of Non-Infringement of the '468 Patent)**

6.     D-Link Systems repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

7.     An actual case or controversy exists between D-Link Systems and Counterdefendants as to whether the '468 patent is not infringed by D-Link Systems.

8.     A judicial declaration is necessary and appropriate so that D-Link Systems may ascertain its rights regarding the '468 patent.

9.     D-Link Systems has not committed, contributed to, and/or induced any acts that

- 33 -

US_ACTIVE-109134875.3

constitute infringement of any valid and enforceable claim of the '468 patent.

## COUNT II

### (Declaratory Judgment of Invalidity of the '468 Patent)

10.     D-Link Systems repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

11.     An actual case or controversy exists between D-Link Systems and Counterdefendants as to whether the '468 patent is invalid and/or unenforceable.

12.     A judicial declaration is necessary and appropriate so that D-Link Systems may ascertain its rights as to whether the '468 patent is invalid and/or unenforceable.

13.     The '468 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112, 132 and 251.

## COUNT III

### (Declaratory Judgment of Non-Infringement of the '516 Patent)

14.     D-Link Systems repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

15.     An actual case or controversy exists between D-Link Systems and Counterdefendants as to whether the '516 patent is not infringed by D-Link Systems.

16.     A judicial declaration is necessary and appropriate so that D-Link Systems may ascertain its rights regarding the '516 patent.

17.     D-Link Systems has not committed, contributed to, and/or induced any acts that constitute infringement of any valid and enforceable claim of the '516 patent.

US_ACTIVE-109134875.3

## COUNT IV

### (Declaratory Judgment of Invalidity of the '516 Patent)

18. D-Link Systems repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

19. An actual case or controversy exists between D-Link Systems and Counterdefendants as to whether the '516 patent is invalid and/or unenforceable.

20. A judicial declaration is necessary and appropriate so that D-Link Systems may ascertain its rights as to whether the '516 patent is invalid and/or unenforceable.

21. The '516 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112, 132 and 251.

## COUNT V

### (Declaratory Judgment of Non-Infringement of the '019 Patent)

22. D-Link Systems repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

23. An actual case or controversy exists between D-Link Systems and Counterdefendants as to whether the '019 patent is not infringed by D-Link Systems.

24. A judicial declaration is necessary and appropriate so that D-Link Systems may ascertain its rights regarding the '019 patent.

25. D-Link Systems has not committed, contributed to, and/or induced any acts that constitute infringement of any valid and enforceable claim of the '019 patent.

## COUNT VI

### (Declaratory Judgment of Invalidity of the '019 Patent)

US_ACTIVE-109134875.3

26.     D-Link Systems repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

27.     An actual case or controversy exists between D-Link Systems and Counterdefendants as to whether the '019 patent is invalid and/or unenforceable.

28.     A judicial declaration is necessary and appropriate so that D-Link Systems may ascertain its rights as to whether the '019 patent is invalid and/or unenforceable.

29.     The '019 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112, 132 and 251.

## COUNT VII

### (Declaratory Judgment of Non-Infringement of the '435 Patent)

30.     D-Link Systems repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

31.     An actual case or controversy exists between D-Link Systems and Counterdefendants as to whether the '435 patent is not infringed by D-Link Systems.

32.     A judicial declaration is necessary and appropriate so that D-Link Systems may ascertain its rights regarding the '435 patent.

33.     D-Link Systems has not committed, contributed to, and/or induced any acts that constitute infringement of any valid and enforceable claim of the '435 patent.

## COUNT VIII

### (Declaratory Judgment of Invalidity of the '435 Patent)

34.     D-Link Systems repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

US_ACTIVE-109134875.3

35.     An actual case or controversy exists between D-Link Systems and Counterdefendants as to whether the '435 patent is invalid and/or unenforceable.

36.     A judicial declaration is necessary and appropriate so that D-Link Systems may ascertain its rights as to whether the '435 patent is invalid and/or unenforceable.

37.     The '435 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112, 132 and 251.

## COUNT IX

### (Declaratory Judgment of Non-Infringement of the '625 Patent)

38.     D-Link Systems repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

39.     An actual case or controversy exists between D-Link Systems and Counterdefendants as to whether the '625 patent is not infringed by D-Link Systems.

40.     A judicial declaration is necessary and appropriate so that D-Link Systems may ascertain its rights regarding the '625 patent.

41.     D-Link Systems has not committed, contributed to, and/or induced any acts that constitute infringement of any valid and enforceable claim of the '625 patent.

## COUNT X

### (Declaratory Judgment of Invalidity of the '625 Patent)

42.     D-Link Systems repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

43.     An actual case or controversy exists between D-Link Systems and Counterdefendants as to whether the '625 patent is invalid and/or unenforceable.

US_ACTIVE-109134875.3

44.     A judicial declaration is necessary and appropriate so that D-Link Systems may ascertain its rights as to whether the '625 patent is invalid and/or unenforceable.

45.     The '625 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112, 132 and 251.

## COUNT XI

**(Declaratory Judgment of Non-Infringement of the '568 Patent)**

46.     D-Link Systems repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

47.     An actual case or controversy exists between D-Link Systems and Counterdefendants as to whether the '568 patent is not infringed by D-Link Systems.

48.     A judicial declaration is necessary and appropriate so that D-Link Systems may ascertain its rights regarding the '568 patent.

49.     D-Link Systems has not committed, contributed to, and/or induced any acts that constitute infringement of any valid and enforceable claim of the '568 patent.

## COUNT XII

**(Declaratory Judgment of Invalidity of the '568 Patent)**

50.     D-Link Systems repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

51.     An actual case or controversy exists between D-Link Systems and Counterdefendants as to whether the '568 patent is invalid and/or unenforceable.

52.     A judicial declaration is necessary and appropriate so that D-Link Systems may ascertain its rights as to whether the '568 patent is invalid and/or unenforceable.

US_ACTIVE-109134875.3

53.     The '568 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112, 132 and 251.

## COUNT XIII

### (Declaratory Judgment of Non-Infringement of the '223 Patent)

54.     D-Link Systems repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

55.     An actual case or controversy exists between D-Link Systems and Counterdefendants as to whether the '223 patent is not infringed by D-Link Systems.

56.     A judicial declaration is necessary and appropriate so that D-Link Systems may ascertain its rights regarding the '223 patent.

57.     D-Link Systems has not committed, contributed to, and/or induced any acts that constitute infringement of any valid and enforceable claim of the '223 patent.

## COUNT XIV

### (Declaratory Judgment of Invalidity of the '223 Patent)

58.     D-Link Systems repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

59.     An actual case or controversy exists between D-Link Systems and Counterdefendants as to whether the '223 patent is invalid and/or unenforceable.

60.     A judicial declaration is necessary and appropriate so that D-Link Systems may ascertain its rights as to whether the '223 patent is invalid and/or unenforceable.

61.     The '223 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112, 132 and

US_ACTIVE-109134875.3

251.

## COUNT XV

### (Declaratory Judgment of Non-Infringement of the '215 Patent)

62.     D-Link Systems repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

63.     An actual case or controversy exists between D-Link Systems and Counterdefendants as to whether the '215 patent is not infringed by D-Link Systems.

64.     A judicial declaration is necessary and appropriate so that D-Link Systems may ascertain its rights regarding the '215 patent.

65.     D-Link Systems has not committed, contributed to, and/or induced any acts that constitute infringement of any valid and enforceable claim of the '215 patent.

## COUNT XVI

### (Declaratory Judgment of Invalidity of the '215 Patent)

66.     D-Link Systems repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

67.     An actual case or controversy exists between D-Link Systems and Counterdefendants as to whether the '215 patent is invalid and/or unenforceable.

68.     A judicial declaration is necessary and appropriate so that D-Link Systems may ascertain its rights as to whether the '215 patent is invalid and/or unenforceable.

69.     The '215 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112, 132 and 251.

US_ACTIVE-109134875.3

## COUNT XVII

### (Breach of Contract)

70.     D-Link Systems repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

71.     The IEEE is a professional association and leading developer of technical standards.  IEEE members include engineers, scientists, and allied professionals whose technical interests relate to electrical and computer sciences, engineering and related disciplines.  Members may participate in the standards-setting process in working groups and/or subgroups called task groups.

72.     To protect against unscrupulous conduct by any member who seeks to benefit unfairly from, or to manipulate to its advantage, the IEEE's standard-setting process, and to enable the IEEE and its members to develop standards free from potentially blocking patents, the IEEE instituted policies and rules regarding the disclosure and licensing of patents.

73.     The IEEE's rules and policies required fairness and candor with respect to intellectual property.  By way of example only, the IEEE requires members to submit letters of assurance including either a general disclaimer to the effect that the patentee will not enforce any of its present or future patents whose use would be required to implement the proposed IEEE standard against any person or entity using the patents incident to practice of the standard or a statement that a license will be made available to all applicants without compensation or under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination.  The IEEE's Standards Board Bylaws stated at relevant times, for instance, that "IEEE standards may include the known use of patent(s), including patent applications, provided

- 41 -

US_ACTIVE-109134875.3

the IEEE receives assurance from the patent holder or applicant with respect to patents essential for compliance with both mandatory and optional portions of the standard.  This assurance shall be provided without coercion and prior to approval of the standard (or reaffirmation when a patent becomes known after initial approval of the standard)."  The IEEE Bylaws further state that the assurance "shall be a letter that is in the form of either a) A general disclaimer to the effect that the patentee will not enforce any of its present or future patent(s) whose use would be required to implement the proposed IEEE standard against any person or entity using the patent(s) to comply with the standard or b)  A statement that a license will be made available without compensation or under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination."

74.    The IEEE formed the 802.11 working group in 1990.  The IEEE 802.11 standard is titled "Wireless LAN Media Access Control (MAC) and Physical Layer (PHY) Specifications" and concerns wireless local area networking ("wireless LAN").

75.    In 1997, the IEEE formed a task groups related to 802.11a and 802.11b.  In subsequent years, the IEEE formed additional task groups for 802.11, including 802.11g, and also for 802.11n.

76.    On information and belief, Ericsson is a member of the IEEE and claims that it participated in the standards setting process for 802.11.  As a result of its membership in the IEEE, Ericsson agreed, both explicitly and implicitly, that it would abide by the rules and policies of the IEEE .

77.    On or about January 29, 2003, Ericsson submitted a letter of assurance to the IEEE relating to 802.11.  In this document titled "Letter of Assurance for Essential Patents," Ericsson identified the "IEEE Standard or Proposed IEEE Standard" as "802.11a, 802.11b,

US_ACTIVE-109134875.3

802.11e, 802.11f, 802.11g, 802.11h 802.11i."

78.    Ericsson further stated in its letter of assurance that it "was prepared to grant a license to an unrestricted number of applicants on a worldwide, non-discriminatory basis and on reasonable terms and conditions to comply with the [Proposed] IEEE standard." Ericsson also attached a document to its letter of assurance titled "Free form LoA Ericsson IP Statement for IEEE 802.11a, . . .", in which Ericsson committed to licensing any patents it contends are required to operate in accordance with the standards on "fair, reasonable, and non-discriminatory terms."

79.    On or about April 18, 2011, Ericsson submitted a document titled "Letter of Assurance for Essential Patent Claims" to the IEEE Standards Board, referring to IEEE standard 802.11n. The letter was a Blanket Letter of Assurance, in which Ericsson stated that it "may own, control, or have the ability to license Patent Claims that might be or become Essential Patent Claims." The letter further states, "[t]he Submitter [Ericsson] will grant a license under reasonable rates to an unrestricted number of applicants on a worldwide basis with reasonable terms and conditions that are demonstrably free of unfair discrimination" and that "users and implementers of the [Proposed] IEEE Standard identified in part C above are relying or will rely upon and may seek enforcement of the terms of this LOA."

80.    For consideration, including IEEE membership and participation, Ericsson entered into an express and/or implied contract with the IEEE's members, or alternatively with the IEEE, to which IEEE members and others are third party beneficiaries, in which Ericsson agreed, among other things, to abide by the IEEE's rules and policies. The IEEE's rules and policies, whether formal or informal, including all stipulations, requirements and representations in any form, constitute a contract between Ericsson and the IEEE's members, or alternatively

- 43 -

US_ACTIVE-109134875.3

between Ericsson and the IEEE, to which the IEEE's members and others are third-party beneficiaries.

81.     In accordance with the foregoing, the IEEE's rules and policies require its members to submit letters of assurance including a general disclaimer to the effect that the patent holder will not enforce any of its present or future patents whose use would be required to implement the proposed IEEE standard against any person or entity using the patents to make, use, sell, import, or offer for sale in the U.S. any product that operates in accordance with the standard, or  to provide statements that a license will be offered and made available to all applicants without compensation or under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination.

82.     Ericsson's representations and conduct including, without limitation, its letters of assurance offering licenses on fair, reasonable, and non-discriminatory terms, created express and/or implied contracts with the IEEE and its members, or alternatively between Ericsson and the IEEE, to which IEEE members, their customers and others are third-party beneficiaries.

83.     Ericsson breached its contractual obligations, including by, among other things, failing to offer licenses for the Patents on fair, reasonable and non-discriminatory terms, and by seeking to enjoin D-Link Systems from making and/or selling products that operate in accordance with one or more of the accused 802.11 standards.

84.     As a result of Ericsson's breach of its contractual obligations, D-Link Systems has incurred damages, and will be further damaged in the future.

<u>COUNT XVIII</u>

<u>(Promissory Estoppel)</u>

85.     D-Link Systems repeats and realleges each and every allegation in the foregoing

- 44 -

US_ACTIVE-109134875.3

paragraphs as though fully set forth herein.

86.     Ericsson made representations and engaged in other conduct, including Ericsson's submission of letters of assurance to the IEEE that obligated Ericsson to license any patents Ericsson may own that Ericsson alleges are required to operate in accordance with the accused 802.11 standards on terms that are fair, reasonable, and non-discriminatory.

87.     Ericsson's conduct constituted promises to the IEEE, its members, their customers and other third party beneficiaries.  By making such promises, Ericsson knew or reasonably should have known they would be relied upon.

88.     The IEEE, its members, their customers and other third party beneficiaries, including D-Link Systems, reasonably relied upon Ericsson's promises.  In reliance on Ericsson's promises, D-Link Systems developed and marketed products that operate in accordance with one or more of the accused 802.11 standards.

89.     As result of D-Link Systems' reliance on Ericsson's promises, D-Link Systems will be harmed materially if Ericsson is permitted to assert its alleged patent rights to prevent D-Link Systems from making, importing and/or selling products that operate in accordance with one or more of the accused 802.11 standards.

## COUNT XIX

### (Equitable Estoppel)

90.     D-Link Systems repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

91.     Ericsson's conduct created a false and misleading impression among the IEEE, its members, their customers and third parties, including D-Link Systems, that Ericsson would license its patents on fair, reasonable and non-discriminatory terms and conditions.

US_ACTIVE-109134875.3

92.     The IEEE, its members, their customers and other third party beneficiaries, including D-Link Systems, reasonably relied upon Ericsson's conduct.  In reliance, D-Link Systems developed and marketed products that operate in accordance with one or more of the accused 802.11 standards.

93.     As result of D-Link Systems' reliance on Ericsson's conduct, D-Link Systems will be harmed materially if Ericsson is permitted to assert its alleged patent rights to prevent D-Link Systems from making, importing and/or selling products that operate in accordance with one or more of the accused 802.11 standards.

## COUNT XX

### (Unclean Hands)

94.     D-Link Systems repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

95.     Ericsson's wrongful conduct as alleged herein constitutes unclean hands and renders the Patents-in-Suit unenforceable.

## RESERVATION OF RIGHTS

96.     D-Link Systems reserves the right to add any additional defenses or counterclaims that discovery may reveal.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, D-Link Systems respectfully demands a jury trial of all issues triable to a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, D-Link Systems prays for judgment as follows:

a.      An order dismissing Plaintiffs' First Amended Complaint against D-Link Systems

- 46 -

US_ACTIVE-109134875.3

with prejudice;

b.      A judgment in favor of D-Link Systems and against Plaintiffs on all the claims asserted against D-Link Systems in the First Amended Complaint;

c.      A declaration that D-Link Systems have not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid and enforceable claim of the Patents-in-Suit;

d.      A declaration that the claims of the Patents-in-Suit are invalid;

e.      A declaration that the Patents-in-Suit are unenforceable;

f.      A judgment awarding D-Link Systems damages in an amount to be proven at trial on account of Ericsson's breach of contract, including without limitation expectancy damages and restitution;

g.      A judgment requiring Ericsson's specific performance under its contract with the IEEE and/or IEEE members and third parties to grant licenses to the Patents, to the extent such licenses are required, on fair, reasonable and non-discriminatory terms and conditions;

h.      A declaration requiring Ericsson to grant D-Link Systems a royalty-free license to make, use, sell, offer for sale, and import within the U.S. any products that are covered by any claim of the Patents to the extent such a license is required;

i.      A declaration that D-Link Systems are the prevailing parties and that this case is exceptional under 35 U.S.C. § 285, Fed. R. Civ. P. 11, and/or other applicable law;

j.      A judgment awarding to D-Link Systems their costs, expenses, disbursements and reasonable attorneys' fees under 35 U.S.C. §285 and any other applicable statutes, rules or common law; and

k.      Such other and further relief as this Court may deem just and proper.

US_ACTIVE-109134875.3

DATED: April 12, 2012                    Respectfully submitted,


                                         */s/ John P. Bovich by Trey Yarbrough with permission*
                                         Scott D. Baker, *Pro Hac Vice* (Cal. SBN 84923)
                                         John P. Bovich, *Pro Hac Vice* (Cal. SBN 150688)
                                         Adaline J. Hilgard, *Pro Hac Vice* (Cal. SBN 173213)
                                         William R. Overend, *Pro Hac Vice* (Cal. SBN 180209)
                                         Jonah D. Mitchell, *Pro Hac Vice* (Cal. SBN 203511)

                                         **REED SMITH LLP**
                                         101 Second Street, Suite 1800
                                         San Francisco, CA  941015
                                         Telephone:  +1 415 543 8700
                                         Facsimile:  +1 415 391 8269
                                         Email:  sbaker@reedsmith.com
                                         Email:  jbovich@reedsmith.com
                                         Email:  ahilgard@reedsmith.com
                                         Email:  woverend@reedsmith.com
                                         Email:  jmitchell@reedsmith.com


                                         Trey Yarbrough (Bar No. 22133500)
                                         Debby E. Gunter(Bar No. 24012752)
                                         YARBROUGH ♦ WILCOX, PLLC
                                         100 E. Ferguson, Ste. 1015
                                         Tyler, Texas 75702
                                         Telephone:           +1 903 595 3111
                                         Facsimile:           +1 903 595 0191
                                         Email:               trey@yw-lawfirm.com
                                         Email:               debby@yw-lawfirm.com


                                         S.J. Christine Yang (admitted *pro hac vice*)
                                         Duncan Palmatier (admitted *pro hac vice*)
                                         Victoria Hao (admitted *pro hac vice*)
                                         THE LAW OFFICES OF S.J. CHRISTINE YANG
                                         17220 Newhope Street, Suite 101
                                         Fountain Valley, California 92708
                                         Tel: (714) 641-4022; Fax: (714) 641-2082
                                         E-Mail:  cyang@sjclawpc.com
                                         E-Mail:  dpalm@dpalmlaw.com
                                         E-Mail:  vhao@sjclawpc.com


                                         Counsel for Defendant D-Link Systems, Inc.


- 48 -

US_ACTIVE-109134875.3

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 12th day of April, 2012.  All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

*/s/ Trey Yarbrough*
Trey Yarbrough

US_ACTIVE-109134875.3