IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>Plaintiffs,<br><br>v.<br><br>D-LINK CORPORATION, D-LINK SYSTEMS, INC., NETGEAR, INC., ACER, INC., ACER AMERICA CORPORATION, and GATEWAY, INC.<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § §  CIVIL ACTION NO. 6:10-CV-473-LED<br><br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' REPLY TO ACER'S FIRST AMENDED COUNTERCLAIMS**

Plaintiffs ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON, ("Ericsson") hereby respond to Defendant/Counterclaimant Plaintiff Acer, Inc., Acer America Corporation and Gateway, Inc. (collectively "Acer") on its counterclaims against Ericsson and states as follows:

**The Parties**

1. Ericsson admits paragraph 1.

2. Ericsson admits paragraph 2.

3. Ericsson admits paragraph 3.

4. Ericsson admits paragraph 4.

5. Ericsson admits paragraph 5.

**Jurisdiction and Venue**

-2-

6. Ericsson admits paragraph 1.[1]

7. Ericsson admits paragraph 2.

8. Ericsson admits paragraph 3.

### Factual Background

9. Ericsson admits paragraph 4.

10. Ericsson denies paragraph 5.

### Count I - Declaratory Judgment of Non-Infringement of the '352 Patent

11. Ericsson incorporates by reference paragraphs 1-10 of its Reply.

12. Ericsson admits paragraph 7.

13. Ericsson admits paragraph 8 insofar as a judicial declaration of infringement is necessary.

14. Ericsson denies paragraph 9.

### Count II - Declaratory Judgment of Invalidity of the '352 Patent

15. Ericsson incorporates by reference paragraphs 1-14 of its Reply.

16. Ericsson admits paragraph 11.

17. Ericsson admits paragraph 12 insofar as a judicial declaration of infringement is necessary.

18. Ericsson denies paragraph 13.

### Count III - Declaratory Judgment of Non-Infringement of the '516 Patent

19. Ericsson incorporates by reference paragraphs 1-18 of its Reply.

20. Ericsson admits paragraph 15.

---

[1] Ericsson notes that it has adopted the partially duplicative numbering of the paragraphs contained within Acer's counterclaims for clarity.

21. Ericsson admits paragraph 16 insofar as a judicial declaration of infringement is necessary.

22. Ericsson denies paragraph 17.

### Count IV - Declaratory Judgment of Invalidity of the '516 Patent

23. Ericsson incorporates by reference paragraphs 1-22 of its Reply.

24. Ericsson admits paragraph 19.

25. Ericsson admits paragraph 20 insofar as a judicial declaration of infringement is necessary.

26. Ericsson denies paragraph 21.

### Count V - Declaratory Judgment of Non-Infringement of the '019 Patent

27. Ericsson incorporates by reference paragraphs 1-26 of its Reply.

28. Ericsson admits paragraph 23.

29. Ericsson admits paragraph 24 insofar as a judicial declaration of infringement is necessary.

30. Ericsson denies paragraph 25.

### Count VI - Declaratory Judgment of Invalidity of the '019 Patent

31. Ericsson incorporates by reference paragraphs 1-30 of its Reply.

32. Ericsson admits paragraph 27.

33. Ericsson admits paragraph 28 insofar as a judicial declaration of infringement is necessary.

34. Ericsson denies paragraph 29.

### Count VII - Declaratory Judgment of Non-Infringement of the '435 Patent

35. Ericsson incorporates by reference paragraphs 1-34 of its Reply.

36.   Ericsson admits paragraph 31.

37.   Ericsson admits paragraph 32 insofar as a judicial declaration of infringement is necessary.

38.   Ericsson denies paragraph 33.

### Count VIII - Declaratory Judgment of Invalidity of the '435 Patent

39.   Ericsson incorporates by reference paragraphs 1-38 of its Reply.

40.   Ericsson admits paragraph 35.

41.   Ericsson admits paragraph 36 insofar as a judicial declaration of infringement is necessary.

42.   Ericsson denies paragraph 37.

### Count IX - Declaratory Judgment of Non-Infringement of the '625 Patent

43.   Ericsson incorporates by reference paragraphs 1-42 of its Reply.

44.   Ericsson admits paragraph 39.

45.   Ericsson admits paragraph 40 insofar as a judicial declaration of infringement is necessary.

46.   Ericsson denies paragraph 41.

### Count X - Declaratory Judgment of Invalidity of the '625 Patent

47.   Ericsson incorporates by reference paragraphs 1-46 of its Reply.

48.   Ericsson admits paragraph 43.

49.   Ericsson admits paragraph 44 insofar as a judicial declaration of infringement is necessary.

50.   Ericsson denies paragraph 45.

### Count XI - Declaratory Judgment of Non-Infringement of the '568 Patent

McKool 442392v1

51. Ericsson incorporates by reference paragraphs 1-50 of its Reply.

52. Ericsson admits paragraph 47.

53. Ericsson admits paragraph 48 insofar as a judicial declaration of infringement is necessary.

54. Ericsson denies paragraph 49.

### Count XII - Declaratory Judgment of Invalidity of the '568 Patent

55. Ericsson incorporates by reference paragraphs 1-54 of its Reply.

56. Ericsson admits paragraph 51.

57. Ericsson admits paragraph 52 insofar as a judicial declaration of infringement is necessary.

58. Ericsson denies paragraph 53.

### Count XIII - Declaratory Judgment of Non-Infringement of the '223 Patent

59. Ericsson incorporates by reference paragraphs 1-58 of its Reply.

60. Ericsson admits paragraph 55.

61. Ericsson admits paragraph 56 insofar as a judicial declaration of infringement is necessary.

62. Ericsson denies paragraph 57.

### Count XIV - Declaratory Judgment of Invalidity of the '223 Patent

63. Ericsson incorporates by reference paragraphs 1-62 of its Reply.

64. Ericsson admits paragraph 59.

65. Ericsson admits paragraph 60 insofar as a judicial declaration of infringement is necessary.

66. Ericsson denies paragraph 61.

### Count XV - Declaratory Judgment of the Non-Infringement of the '215 Patent

67. Ericsson incorporates by reference paragraphs 1-66 of its Reply.

68. Ericsson admits paragraph 63.

69. Ericsson admits paragraph 64 insofar as a judicial declaration of infringement is necessary.

70. Ericsson denies paragraph 65.

### Count XVI - Declaratory Judgment of Invalidity of the '215 Patent

71. Ericsson incorporates by reference paragraphs 1-70 of its Reply.

72. Ericsson admits paragraph 67.

73. Ericsson admits paragraph 68 insofar as a judicial declaration of infringement is necessary.

74. Ericsson denies paragraph 69.

### Count XVII - Breach of Contract

75. Ericsson incorporates by reference paragraphs 1-74 of its Reply.

76. The allegations of paragraph 71 are not directed toward Ericsson, and therefore no answer is required.  Ericsson is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 71 and therefore denies them.

77. Ericsson denies paragraph 72.

78. The allegations of paragraph 73 are not directed toward Ericsson, and therefore no answer is required.  Ericsson is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 73 and therefore denies them.

79. The allegations of paragraph 74 are not directed toward Ericsson, and therefore no answer is required. Ericsson is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 74 and therefore denies them.

80. The allegations of paragraph 75 are not directed toward Ericsson, and therefore no answer is required. Ericsson is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 75 and therefore denies them.

81. Ericsson admits that it is a member of the IEEE. Ericsson also admits that certain of its individual employees participated in certain aspects of the standards setting process for 802.11. Ericsson denies the remainder of paragraph 76.

82. Ericsson admits that it executed a document titled "Letter of Assurance for Essential Patents" on or about January 29, 2003 identifying the "IEEE Standard or Proposed IEEE Standard" as "802.11a, 802.11b, 802.11e, 802.11f, 802.11g, 802.11h 802.11i." Ericsson denies the remainder of paragraph 77.

83. Ericsson admits that such document states that Ericsson "was prepared to grant a license to an unrestricted number of applicants on a worldwide, non-discriminatory basis and on reasonable terms and conditions to comply with the [Proposed] IEEE standard." Ericsson admits that a document titled "Free form LoA Ericsson IP Statement for IEEE 802.11a . . ." was attached which states that "Ericsson will, upon written request of any applicant (the "requester"), grant such applicant a personal, non-exclusive license on fair, reasonable, and non-discriminatory terms (which includes Ericsson's current royalty rates and other terms)." Ericsson denies the remainder of paragraph 78.

84. Ericsson admits that it executed a document titled "Letter of Assurance for Essential Patent Claims," referring to IEEE standard 802.11n. Ericsson admits that the

85. Ericsson denies paragraph 80.

86. The allegations of paragraph 81 are not directed toward Ericsson, and therefore no answer is required.  Ericsson is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 81 and therefore denies them

87. Ericsson denies paragraph 82.

88. Ericsson denies paragraph 83.

89. Ericsson denies paragraph 84.

### Count XVIII - Promissory Estoppel

90. Ericsson incorporates by reference paragraphs 1-89 of its Reply.

91. Ericsson denies paragraph 86.

92. Ericsson denies paragraph 87.

93. Ericsson denies paragraph 88.

94. Ericsson denies paragraph 89.

### Count XIX - Equitable Estoppel

95. Ericsson incorporates by reference paragraphs 1-94 of its Reply.

96. Ericsson denies paragraph 91.

97. Ericsson denies paragraph 92.

98. Ericsson denies paragraph 93.

### Count XX - Unclean Hands

99. Ericsson incorporates by reference paragraphs 1-98 of its Reply.

100. Ericsson denies paragraph 95.

### Reservation of Rights

Ericsson denies that Acer may reserve the right to add additional defenses or counterclaims.

### Demand for Jury Trial

This paragraph sets forth Acer's demand for a jury trial, to which no response is required.

### Prayer for Relief

Ericsson denies all allegations in the Prayer for Relief, and further denies that any relief should be granted to Acer, either as requested in its Counterclaims or otherwise.

Dated:  April 26, 2012                               Respectfully submitted,

**MCKOOL SMITH P.C.**

By:  /s/ Theodore Stevenson III
Theodore Stevenson III, Lead Attorney
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Bradley W. Caldwell
Texas State Bar No. 24040630
bcaldwell@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile:  (903) 923-9099

**ATTORNEYS FOR PLAINTIFFS
ERICSSON INC. and
TELEFONAKTIEBOLAGET LM ERICSSON**

## CERTIFICATE OF SERVICE

   The foregoing document and attachments were served upon counsel for all parties who have consented to service via the Court's ECF System today, April 26, 2012.


                                             /s/ Bradley W. Caldwell

McKool 442392v1