## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

|  |  |  |
|---|---|---|
| **ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON,** | § § § § § | |
| **Plaintiffs,** | § § § | **CIVIL ACTION NO. 6:10-CV-473-LED** |
| **v.** | § § § | |
| **D-LINK CORPORATION, D-LINK SYSTEMS, INC., NETGEAR, INC., ACER, INC., ACER AMERICA CORPORATION, and GATEWAY, INC.** | § § § § § § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § § | |

### PLAINTIFFS' REPLY TO DELL'S COUNTERCLAIMS

Plaintiffs ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON, ("Ericsson") hereby respond to Defendant/Counterclaimant Plaintiff Dell Inc. ("Dell") on its counterclaims against Ericsson and states as follows:

### The Parties

1.      Ericsson admits paragraph 1.

2.      Ericsson admits paragraph 2.

3.      Ericsson admits paragraph 3.

### Jurisdiction and Venue

4.      Ericsson admits paragraph 4.

5.      Ericsson admits paragraph 5.

6.      Ericsson admits paragraph 6.

**Factual Background**

7.      Ericsson admits paragraph 7.

8.      Ericsson denies paragraph 8.

9.      Ericsson admits paragraph 9.

**Count One**
**Breach of Contract**

10.     Ericsson incorporates by reference paragraphs 1-9 of its Reply.

11.     Ericsson admits paragraph 11.

12.     The allegations of paragraph 12 are not directed toward Ericsson, and therefore no answer is required.  Ericsson is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies them.

13.     Ericsson denies paragraph 13.

14.     The allegations of paragraph 14 are not directed toward Ericsson, and therefore no answer is required.  Ericsson is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefore denies them.

15.     The allegations of paragraph 15 are not directed toward Ericsson, and therefore no answer is required.  Ericsson is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies them.

16.     The allegations of paragraph 16 are not directed toward Ericsson, and therefore no answer is required.  Ericsson is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore denies them.

17.     Ericsson admits that it is a member of the IEEE.  Ericsson also admits that certain of its individual employees participated in certain aspects of the standards setting process for 802.11. Ericsson denies the remainder of paragraph 17.

18.     Ericsson admits that it executed a document titled "Letter of Assurance for Essential Patents" on or about January 29, 2003 identifying the "IEEE Standard or Proposed IEEE Standard" as "802.11a, 802.11b, 802.11e, 802.11f, 802.11g, 802.11h 802.11i."  Ericsson admits that such document states that Ericsson "was prepared to grant a license to an unrestricted number of applicants on a worldwide, non-discriminatory basis and on reasonable terms and conditions to comply with the [Proposed] IEEE standard."  Ericsson admits that a document titled "Free form LoA Ericsson IP Statement for IEEE 802.11a . . ." was attached which states that "Ericsson will, upon written request of any applicant (the "requester"), grant such applicant a personal, non-exclusive license on fair, reasonable, and non-discriminatory terms (which includes Ericsson's current royalty rates and other terms)."  Ericsson denies the remainder of paragraph 18.

19.     Ericsson admits that it executed a document titled "Letter of Assurance for Essential Patent Claims," referring to IEEE standard 802.11n.  Ericsson admits that the letter stated that it "may own, control, or have the ability to license Patent Claims that might be or become Essential Patent Claims." Ericsson admits that the letter further states, "[t]he Submitter [Ericsson] will grant a license under reasonable rates to an unrestricted number of applicants on a worldwide basis with reasonable terms and conditions that are demonstrably free of unfair discrimination" and that "users and implementers of the [Proposed] IEEE Standard identified in part C above are relying or will rely upon and may seek enforcement of the terms of this LOA." Ericsson denies the remainder of paragraph 19.

20.     Ericsson denies paragraph 20.

21.     The allegations of paragraph 21 are not directed toward Ericsson, and therefore no answer is required.  Ericsson is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 21 and therefore denies them.

22.     Ericsson denies paragraph 22.

23.     Ericsson denies paragraph 23.

## Count Two
## Promissory Estoppel

24.     Ericsson incorporates by reference paragraphs 1-23 of its Reply.

25.     Ericsson denies paragraph 25.

26.     Ericsson denies paragraph 26.

27.     Ericsson denies paragraph 27.

28.     Ericsson denies paragraph 28.

## Reservation of Rights

Ericsson denies that Dell may reserve the right to add additional defenses or counterclaims.

## Prayer for Relief

Ericsson denies all allegations in the Prayer for Relief, and further denies that any relief should be granted to Dell, either as requested in its Counterclaims or otherwise.

## Demand for Jury Trial

This paragraph sets forth Dell's demand for a jury trial, to which no response is required.

Dated:  April 26, 2012                Respectfully submitted,

**MCKOOL SMITH P.C.**

By:  /s/ Theodore Stevenson III
Theodore Stevenson III, Lead Attorney
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Bradley W. Caldwell
Texas State Bar No. 24040630
bcaldwell@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile:  (903) 923-9099

**ATTORNEYS FOR PLAINTIFFS
ERICSSON INC. and
TELEFONAKTIEBOLAGET LM ERICSSON**

## CERTIFICATE OF SERVICE

The foregoing document and attachments were served upon counsel for all parties who have consented to service via the Court's ECF System today, April 26, 2012.

/s/ Bradley W. Caldwell

McKool 442390v1