**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON,** §§§§§ | |
| **Plaintiffs,** §§§ | **CIVIL ACTION NO. 6:10-CV-473-LED** |
| **v.** §§§ | |
| **D-LINK CORPORATION, D-LINK SYSTEMS, INC., NETGEAR, INC., ACER, INC., ACER AMERICA CORPORATION, and GATEWAY, INC.** §§§§§§§ | **JURY TRIAL DEMANDED** |
| **Defendants.** §§§ | |

## PLAINTIFFS' REPLY TO TOSHIBA'S FIRST AMENDED COUNTERCLAIMS

Plaintiffs ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON,

("Ericsson") hereby respond to Defendant/Counterclaimant Plaintiff Toshiba America

Information Systems, Inc. ("TAIS") on its counterclaims against Ericsson and states as follows:

### The Parties

1.    Ericsson admits paragraph 1.

2.    Ericsson admits paragraph 2.

3.    Ericsson admits paragraph 3.

### Jurisdiction and Venue

4.    Ericsson admits paragraph 4.

5.    Ericsson admits that venue is proper.

**Factual Background**

6.      Ericsson admits paragraph 6.

7.      Ericsson denies paragraph 7.

8.      Ericsson admits paragraph 8.

**Count I - Declaratory Judgment of Non-Infringement of the '516 Patent**

9.      Ericsson incorporates by reference paragraphs 1-8 of its Reply.

10.     Ericsson admits paragraph 10.

11.     Ericsson admits paragraph 11 insofar as a judicial declaration of infringement is necessary.

12.     Ericsson denies paragraph 12.

**Count II - Declaratory Judgment of Non-Infringement of the '019 Patent**

13.     Ericsson incorporates by reference paragraphs 1-12 of its Reply.

14.     Ericsson admits paragraph 14.

15.     Ericsson admits paragraph 15 insofar as a judicial declaration of infringement is necessary.

16.     Ericsson denies paragraph 16.

**Count III - Declaratory Judgment of Non-Infringement of the '435 Patent**

17.     Ericsson incorporates by reference paragraphs 1-16 of its Reply.

18.     Ericsson admits paragraph 18.

19.     Ericsson admits paragraph 19 insofar as a judicial declaration of infringement is necessary.

20.     Ericsson denies paragraph 20.

### Count IV - Declaratory Judgment of Non-Infringement of the '625 Patent

21.     Ericsson incorporates by reference paragraphs 1-20 of its Reply.

22.     Ericsson admits paragraph 22.

23.     Ericsson admits paragraph 23 insofar as a judicial declaration of infringement is necessary.

24.     Ericsson denies paragraph 24.

### Count V - Declaratory Judgment of Non-Infringement of the '568 Patent

25.     Ericsson incorporates by reference paragraphs 1-24 of its Reply.

26.     Ericsson admits paragraph 26.

27.     Ericsson admits paragraph 27 insofar as a judicial declaration of infringement is necessary.

28.     Ericsson denies paragraph 28.

### Count VI - Declaratory Judgment of Non-Infringement of the '223 Patent

29.     Ericsson incorporates by reference paragraphs 1-28 of its Reply.

30.     Ericsson admits paragraph 30.

31.     Ericsson admits paragraph 31 insofar as a judicial declaration of infringement is necessary.

32.     Ericsson denies paragraph 32.

### Count VII - Declaratory Judgment of Non-Infringement of the '215 Patent

33.     Ericsson incorporates by reference paragraphs 1-32 of its Reply.

34.     Ericsson admits paragraph 34.

35.     Ericsson admits paragraph 35 insofar as a judicial declaration of infringement is necessary.

36.     Ericsson denies paragraph 36.

**Count VIII - Declaratory Judgment of Non-Infringement of the '352 Patent**

37.     Ericsson incorporates by reference paragraphs 1-36 of its Reply.

38.     Ericsson admits paragraph 38.

39.     Ericsson admits paragraph 39 insofar as a judicial declaration of infringement is necessary.

40.     Ericsson denies paragraph 40.

**Count IX - Declaratory Judgment of the Invalidity of the '516 Patent**

41.     Ericsson incorporates by reference paragraphs 1-40 of its Reply.

42.     Ericsson admits paragraph 42.

43.     Ericsson denies paragraph 43.

**Count X - Declaratory Judgment of the Invalidity of the '019 Patent**

44.     Ericsson incorporates by reference paragraphs 1-43 of its Reply.

45.     Ericsson admits paragraph 45.

46.     Ericsson denies paragraph 46.

**Count XI - Declaratory Judgment of the Invalidity of the '435 Patent**

47.     Ericsson incorporates by reference paragraphs 1-46 of its Reply.

48.     Ericsson admits paragraph 48.

49.     Ericsson denies paragraph 49.

**Count XII - Declaratory Judgment of the Invalidity of the '625 Patent**

50.     Ericsson incorporates by reference paragraphs 1-49 of its Reply.

51.     Ericsson admits paragraph 51.

52.     Ericsson denies paragraph 52.

**Count XIII - Declaratory Judgment of the Invalidity of the '568 Patent**

53.     Ericsson incorporates by reference paragraphs 1-52 of its Reply.

54.     Ericsson admits paragraph 54.

55.     Ericsson denies paragraph 55.

**Count XIV - Declaratory Judgment of the Invalidity of the '223 Patent**

56.     Ericsson incorporates by reference paragraphs 1-55 of its Reply.

57.     Ericsson admits paragraph 57.

58.     Ericsson denies paragraph 58.

**Count XV - Declaratory Judgment of the Invalidity of the '215 Patent**

59.     Ericsson incorporates by reference paragraphs 1-58 of its Reply.

60.     Ericsson admits paragraph 60.

61.     Ericsson denies paragraph 61.

**Count XVI - Declaratory Judgment of the Invalidity of the '352 Patent**

62.     Ericsson incorporates by reference paragraphs 1-61 of its Reply.

63.     Ericsson admits paragraph 63.

64.     Ericsson denies paragraph 64.

**Count XVII - Breach of Contract**

65.     Ericsson incorporates by reference paragraphs 1-64 of its Reply.

66.     Ericsson admits paragraph 66.

67.     The allegations of paragraph 67 are not directed toward Ericsson, and therefore no answer is required.  Ericsson is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 67 and therefore denies them.

68.     Ericsson denies paragraph 68.

69.     The allegations of paragraph 69 are not directed toward Ericsson, and therefore no answer is required.  Ericsson is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 69 and therefore denies them.

70.     The allegations of paragraph 70 are not directed toward Ericsson, and therefore no answer is required.  Ericsson is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 70 and therefore denies them.

71.     The allegations of paragraph 71 are not directed toward Ericsson, and therefore no answer is required.  Ericsson is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 71 and therefore denies them.

72.     The allegations of paragraph 72 are not directed toward Ericsson, and therefore no answer is required.  Ericsson is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 72 and therefore denies them.

73.     The allegations of paragraph 73 are not directed toward Ericsson, and therefore no answer is required.  Ericsson is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 73 and therefore denies them.

74.     Ericsson admits that it is a member of the IEEE.  Ericsson also admits that certain of its individual employees participated in certain aspects of the standards setting process for 802.11. Ericsson denies the remainder of paragraph 74.

75.     Ericsson admits that it executed a document titled "Letter of Assurance for Essential Patents" on or about January 29, 2003 identifying the "IEEE Standard or Proposed IEEE Standard" as "802.11a, 802.11b, 802.11e, 802.11f, 802.11g, 802.11h 802.11i."  Ericsson admits that such document states that Ericsson "was prepared to grant a license to an unrestricted number of applicants on a worldwide, non-discriminatory basis and on reasonable terms and

conditions to comply with the [Proposed] IEEE standard."   Ericsson admits that a document titled "Free form LoA Ericsson IP Statement for IEEE 802.11a . . ." was attached which states that "Ericsson will, upon written request of any applicant (the "requester"), grant such applicant a personal, non-exclusive license on fair, reasonable, and non-discriminatory terms (which includes Ericsson's current royalty rates and other terms)."   Ericsson denies the remainder of paragraph 75.

76.     Ericsson admits that it executed a document titled "Letter of Assurance for Essential Patent Claims," referring to IEEE standard 802.11n.  Ericsson admits that the letter stated that it "may own, control, or have the ability to license Patent Claims that might be or become Essential Patent Claims." Ericsson admits that the letter further states, "[t]he Submitter [Ericsson] will grant a license under reasonable rates to an unrestricted number of applicants on a worldwide basis with reasonable terms and conditions that are demonstrably free of unfair discrimination" and that "users and implementers of the [Proposed] IEEE Standard identified in part C above are relying or will rely upon and may seek enforcement of the terms of this LOA." Ericsson denies the remainder of paragraph 76.

77.     Ericsson denies paragraph 77.

78.     The allegations of paragraph 78 are not directed toward Ericsson, and therefore no answer is required.  Ericsson is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 78 and therefore denies them

79.     Ericsson denies paragraph 79.

80.     Ericsson denies paragraph 80.

81.     Ericsson denies paragraph 81.

**Count XVIII - Promissory Estoppel**

82.    Ericsson incorporates by reference paragraphs 1-81 of its Reply.

83.    Ericsson denies paragraph 83.

84.    Ericsson denies paragraph 84.

85.    Ericsson denies paragraph 85.

86.    Ericsson denies paragraph 86.

### Reservation of Rights and Other Defenses

Ericsson denies that Toshiba may reserve the right to add additional defenses or counterclaims.

### Prayer for Relief

Ericsson denies all allegations in the Prayer for Relief, and further denies that any relief should be granted to Toshiba, either as requested in its Counterclaims or otherwise.

Dated:  April 26, 2012

Respectfully submitted,

**MCKOOL SMITH P.C.**

By: /s/ Theodore Stevenson III
Theodore Stevenson III, Lead Attorney
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Bradley W. Caldwell
Texas State Bar No. 24040630
bcaldwell@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile:  (903) 923-9099

**ATTORNEYS FOR PLAINTIFFS**
**ERICSSON INC. and**
**TELEFONAKTIEBOLAGET LM ERICSSON**

## CERTIFICATE OF SERVICE

The foregoing document and attachments were served upon counsel for all parties who have consented to service via the Court's ECF System today, April 26, 2012.

/s/ Bradley W. Caldwell

McKool 442175v1