# EXHIBIT 11



#13/C

Patent

Attorney's Docket No. 040010-490  S-1702

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re Patent Application of | ) | **BOX AF** |
| | ) | |
| Alex Krister RAITH et al. | ) | Group Art Unit: 2664 |
| | ) | |
| Application No.: 09/399,771 | ) | Examiner: F. Duong |
| | ) | |
| Filed: September 21, 1999 | ) | |
| | ) | |
| For: MULTI-RATE | ) | |
| RADIOCOMMUNICATION | ) | |
| SYSTEMS AND TERMINALS | ) | |

**RECEIVED**

MAY 1 6 2002

Technology Center 2600

### AMENDMENT

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

In response to the Office Action issued on February 11, 2002, the Examiner's approval is respectfully requested to amend the above-identified application as follows.

### IN THE CLAIMS:

*Kindly cancel claims 26-36 and 52-66 without prejudice or disclaimer.*

*Kindly replace claim 45 as follows.*

45. (Twice Amended) A communication station comprising:

a processor for arranging information for transmission including providing at least one first field in which payload information is disposed and providing at least one second field, separate from said first field, which includes a service type identifier which identifies a type of payload information provided in said at least one first field; and

a transmitter for transmitting information received from said processor including said at least one first field and said at least one second field.

Application No. 09/399,771
Attorney's Docket No. 040010-490
Page 2

## REMARKS

Reconsideration and allowance of the above-identified application are respectfully requested. Claims 45-51 remain pending, wherein it is proposed to amend claim 45 and to cancel claims 26-44 and 52-66. Entry of these amendments is appropriate because they would not require further search and/or consideration.

Initially, Applicants would like to thank Examiner Duong for his time and courtesy during the personal interview conducted with the undersigned on May 6, 2002. The following discussion elaborates upon the issues discussed during the personal interview.

In the first and second paragraphs of the Office Action it is noted that non-elected claims 26-36 and 52-66 have not been canceled. Upon entry of the amendment above these claims will be canceled thereby addressing this concern.

In the third paragraph of the Office Action claim 45 is objected to for minor informalities. It is proposed to amend claim 45 to address this informality. Accordingly, entry of the amendment to claim 45 and withdrawal of this ground of objection is respectfully requested. It is respectfully submitted that the amendment to claim 45 does not narrow the scope of coverage of this claim, or of any element of this claim.

In the fourth paragraph of the Office Action the proposed drawing changes filed on November 21, 2001 have been approved. Accordingly, attached herewith is a Submission of Formal Drawings incorporating the approved drawing changes.

In the fifth paragraph of the Office Action claims 45-51 are rejected under 35 U.S.C. § 102(e) as allegedly being anticipated by U.S. Patent No. 5,757,813 to Raith ("Raith"). This ground of rejection is respectfully traversed.

Application No. 09/399,771
Attorney's Docket No. 040010-490
Page 3

Prior to addressing this ground of rejection in detail, a brief description of the present invention is presented to highlight advantageous characteristics thereof.

The present invention is directed to radiocommunications systems, and more particularly to methods and apparatus for identifying the type of payload information in a transmission payload. As commercial radiocommunications continues to grow, many other types of information in addition to voice information are being transmitted using radiocommunications systems. For example, in addition to voice information, video and data communications are being implemented in radiocommunications systems. Each of these types of information has different transmission characteristics, for example, the amount of channel coding required and the ability to tolerate delay. Accordingly, it would be desirable to provide sufficient flexibility in radiocommunications systems for the variety of information.

Due to the different transmission characteristics associated with the different types of information, it would be desirable to provide an ability for a transmitter to be able to inform a receiver of the type of information in a transmission payload. One conventional technique for identifying the type of information in a transmission payload is to employ call control signaling over the Fast Associated Control Channel (FACCH) to identify which type of instantaneous service is to be supported over the channel. One technique for discriminating between different types of information in a transmission payload on a slot by slot basis requires a mobile station to discriminate based upon the differences in channel coding. Although discrimination based upon channel coding may be sufficient in systems in which there are two different types of information possible in a transmission payload, as

Application No. 09/399,771
Attorney's Docket No. 040010-490
Page 4

the number of different types of information expands beyond two, the complexity of discriminating between different types of information in this manner becomes excessive.

Accordingly, the present invention overcomes the above-identified and other deficiencies of the prior art by employing a field which identifies the type of payload information in another field. In accordance with one embodiment of the present invention, the fast out-of-band channel (FOC) can be employed to include a service type identifier to identify the type of payload information in another field. By providing the service type identifier, the present invention overcomes the complexity required of discrimination based upon channel coding when more then two different types of information are employed in a radiocommunications system.

Raith does not anticipate Applicants' claim 1 because Raith does not disclose or suggest all of the elements of Applicants' claim 45. For example, Raith does not disclose or suggest a processor for "providing at least one second field, separate from said first field, which includes a service type identifier which identifies the type of payload information provided in said at least one first field" as recited in Applicants' claim 45.

Raith discloses a method for achieving optimal channel coding in a communication system. Specifically, Raith discloses a method in which the reserved field or the CSFP/PCF field can be provided with an indication bit for indicating the type of channel coding being used in the data field. However, Raith does not disclose a service type identifier which *identifies a type of payload information.* Moreover, there is nothing in Raith which explicitly or inherently discloses that the type of channel coding being used in the data field *identifies a type of payload information.* Accordingly, Raith cannot disclose

Application No. 09/399,771
Attorney's Docket No. 040010-490
Page 5

a processor "providing at least one second field, separate from said first field, which includes a service type identifier which identifies a type of payload information provided in said at least one first field" as recited in Applicants' claim 45.

In the Response to Arguments section of the Office Action it is asserted that since the last paragraph on page 15 of the present application describes that the FOC field can provide information regarding channel coding, that Raith's disclosure of identifying a type of channel coding anticipates the "service type identifier which identifies the type of payload information provided in said at least one first field" recited in Applicants' claim 45. However, as discussed during the personal interview, this section of Applicants' specification states that "the FOC can provide information regarding the type of service which the associated payload is currently supporting, the channel coding *and/or* interleaving associated therewith." (emphasis added). Accordingly, it is clear that the FOC field can provide information regarding three different aspects of the transmission, namely, 1) type of service, 2) channel coding, and 3) interleaving. These different aspects can be alternatives or they can all be indicated by the FOC field. However, Applicants' claim 45 recites that "at least one second field...identifies the type of payload information." Accordingly, the plain language of this claim makes clear that Applicants are claiming the use of a field to identify the type of payload information and not the type of channel coding. Therefore, it is respectfully submitted that a disclosure of the identification of the type of channel coding does not anticipate the "at least one second field" which "identifies the type of payload information" as recited in Applicants' claim 45.

Application No. 09/399,771
Attorney's Docket No. 040010-490
Page 6

During the personal interview, the Examiner discussed that Applicants' specification, at page 15, lines 11-20, describes a prior system which employs discrimination of channel coding to identify a type of transmission payload information, and in view of Raith's disclosure of employing a field to identify the type of channel coding, that the identification of channel coding would necessarily identify the type of transmission payload information. However, Raith does not disclose, expressly or inherently, that channel coding can be employed to identify a type of transmission payload information. Accordingly, reliance upon the disclosure of prior systems in Applicants' specification in combination with Raith is not proper as an anticipation rejection under 35 U.S.C. § 102 since the rejection requires a modification of the disclosure of Raith to allegedly meet the elements of Applicants' claim 45.

Nevertheless, as discussed during the personal interview, the type of channel coding may not necessarily identify the type of payload information. In other words, each different type of payload information may have more than one type of coding, and the types of coding between these different types of payload information may overlap. Accordingly, it may not be possible identify the type of payload information based upon an indication of channel coding since the type of channel coding identified may be employed for different types of information. This argument is intended to illustrate that the identification of the type of channel coding in Raith does not inherently identify the type of payload information because the identification of channel coding does not *necessarily* identify the type of payload information as would be required for a rejection based upon inherency.

Application No. 09/399,771
Attorney's Docket No. 040010-490
Page 7

Since there is nothing in Raith which expressly or inherently discloses a processor "providing at least one second field, separate from said first field, which includes a service type identifier which identifies a type of payload information provided in said at least one first field" as recited in Applicants' claim 45, Raith cannot anticipate Applicants' claim 45.

Claims 46-51 depend from claim 45, and hence, these claims are patentably distinguishable over *Raith* for at least those reasons stated above with regards to Applicants' claim 45. For at least those reasons stated above, it is respectfully requested that the rejection of claims 45-51 as allegedly being anticipated by *Raith* be withdrawn.

All outstanding objections and rejections having been addressed is respectfully submitted that the present application is in condition for allowance. Notice to this affect is respectfully requested. If there are any questions regarding this response or the application in general, the Examiner's is encouraged to contact the undersigned at 703-838-6578.

Respectfully submitted,

BURNS, DOANE, SWECKER & MATIIIS, L.L.P.

By: _____
Stephen W. Palan
Registration No. 43,420

P.O. Box 1404
Alexandria, Virginia 22313-1404
(703) 836-6620

Date: May 10, 2002

Application No. <u>09/399,771</u>
Attorney's Docket No. <u>040010-490</u>
Page 1

**<u>Attachment to Amendment dated May 10, 2002</u>**

**Marked-up Claim 45**

45.    (Twice Amended)  A communication station comprising:

a processor for arranging information for transmission including providing at least one first field in which payload information is disposed and providing at [lest] <u>least</u> one second field, separate from said first field, which includes a service type identifier which identifies a type of payload information provided in said at least one first field; and

a transmitter for transmitting information received from said processor including said at least one first field and said at lease one second field.