# EXHIBIT 1



Reed Smith LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
+1 415 543 8700
Fax +1 415 391 8269
reedsmith.com

**John P. Bovich**
Direct Phone:  +1 415 659 5926
Email:  jbovich@reedsmith.com

May 25, 2012

The Honorable Leonard Davis, Chief Judge
Eastern District of Texas
211 West Ferguson, 3rd Floor
Tyler, Texas 75702

Re:  Ericsson Inc., et al. v. D-Link Systems, Inc., et al., Case No. 6:10CV473

Dear Judge Davis:

Ericsson's *Markman* and Responsive Letter Briefs confirm the fatal defects in claim 1 of the '468 patent and claim 45 of the '215 patent.  Defendants respectfully request leave to file their summary judgment motion re indefiniteness.

1.    Claim 45 of the '215 patent is Indefinite At Least Under Ericsson's Construction

Ericsson appears to argue that the disclosed structure for claim 45's "means for receiving . . . and constructing" limitation is separately a bitmap, a compressed bitmap, or a list feedback response, as well as a "feedback response message that combines the list and bitmap methods."  [Responsive Letter Brief at 2.]  However, Ericsson's position fails to meet its own statement of corresponding structure, in which "different mechanisms can be used to indicate erroneous data units so as to optimize performance."  Ericsson identifies no such algorithm.  Instead, Ericsson cites to sections of the specification that include various prior art ARQ messages, each of which Ericsson seems to assert is a separate algorithm.[1]  [JCCS, Dkt. 187-1 at 2.]  But Ericsson's citations do not separately or in combination constitute an algorithm.  Moreover, Ericsson has disclosed no algorithm that carries out constructing a message to optimize performance for any particular circumstance.  [*Id*.; Resp. Letter Brief at 2.]  Thus, at least under Ericsson's construction, the "means for receiving . . . and constructing" limitation is invalid as indefinite and summary judgment is appropriate. *Ergo Licensing v. Carefusion*, 673 F.3d 1361, 1364, 1364 (Fed. Cir. 2012).

2.    Claim 1 of the '468 patent is Indefinite

Ericsson concedes that claim 1 of the '468 patent, as drafted, is "meaningless" and "lacks antecedent basis," and thus absent substantial revisions, it is undisputed that claim 1 is invalid as indefinite. [Ericsson's Markman Brief at 23-24.]  In a desperate attempt to avoid this result, Ericsson erroneously asserts that the claim's defects are the result of "an obvious administrative error" that should be "corrected" by the Court.  But it is well-settled that "courts may not redraft claims, whether to make them operable or to sustain their validity." *Chef Am., Inc. v. Lamb-Weston, Inc.*, 358 F.3d 1371, 1374

---

[1] Although Ericsson's proposed function is difficult to discern, if the function is merely to construct *any* feedback response message – rather than a message to minimize feedback responses – this limitation is disclosed in prior art and the claim is invalid.

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ WASHINGTON, D.C. ♦ BEIJING ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ SHANGHAI ♦ PITTSBURGH
MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ SILICON VALLEY ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE ♦ OAKLAND

US_ACTIVE-109556590.1

Hon. Leonard Davis
**May 25, 2012**
Page 2

ReedSmith

(Fed. Cir. 2004); *Quantum Corp. v.Rodime, PLC*, 65 F.3d 1577, 1584 (Fed. Cir. 1995) ("[I]t is well settled that no matter how great the temptations of fairness or policy making, courts do not redraft claims" ).  Moreover, a court may correct an error in a patent, but "only if (1) the correction is not subject to reasonable debate based on consideration of the claim language and the specification and (2) the prosecution history does not suggest a different interpretation of the claims." *Novo Indus. L.P v. Micro Molds Corp.*, 350 F.3d 1348, 1354, 1358 (Fed. Cir. 2003) ("[I]n order to make sense out of the patent, the district court was required to guess as to what was intended. That is beyond its authority."require).  And, where, as here, the parties agree that a claim lacks an antecedent basis, "the question presented to the Court is whether one of skill in the art would be able to ascertain the missing antecedent for the limitation upon review of the specification." *Synqor,* 2010 WL 2991037, *citing Energizer Holdings, Inc. v. Int'l Trade Comm'n,* 435 F.3d 1366, 1370-71 (Fed.Cir.2006).  Here, the claim defects are neither typographical nor clerical mistakes, and Ericsson has proposed substantive changes to the claim.  *See Novo*, 350 F.3d at 1357 ("The present case does not fall within the ambit of the district court' s authority, for the nature of the error is not apparent from the face of the patent.").  Ericsson's proposal to re-draft claim 1 should be rejected for at least three reasons.[2]

    First, the prosecution history establishes that claim 1's defects are more likely the result of *intentional* drafting than any "obvious administrative error," and thus Ericsson's after-the-fact re-write is improper.[3]  The originally-filed claim included *two* distinct means plus function limitations: (1) in the first element, a "means for removably mounting at least one system component" and (2) in the third element, a "means for removably mounting said line interface."  The examiner rejected all original claims as obvious, finding that the prior art disclosed, among other things, both the first and third elements, including specifically, their "means plus function" limitations.  In his rejection, the Examiner *twice* repeated *verbatim* the disputed third element *as originally drafted* (and eventually issued), confirming his view that it was properly drafted, and in fact, *disclosed in the prior art*.  ['468 PH App. at Cl. 1, Rej. at 3-4.]  In response, to overcome the prior art, the applicants addressed and amended *only the first* "means plus function" limitation (and like limitations in other claims) to specify a "PCMCIA card slot", but they left untouched the *entire* third element.  [*Id*. Amend. at 2 (Dkt. 209-13).]  Thus, the applicants also viewed the "means plus function" limitations as referring to *different structures* – not the *same* PCMCIA card slot.  In fact, they never sought to revise or amend the disputed element until Defendants raised indefiniteness in this case.[4]  Indeed, the nature of the error is not apparent from the

---

[2] Contrary to Ericsson's position, Defendants, in their opening letter brief, argued that the claim was "insolubly ambiguous" and recognized the Court's authority to correct claims in limited (inapplicable) circumstances.  [Dkt. 208-1 at 1, 4, 5.]

[3] Even early in this litigation, Ericsson took the position that the claim's recitation of an interface allowing communication "between" a *single* structure (as opposed to between *two* structures) was proper when, in its infringement contentions, it identified in the accused products only *one* structure "between" which the claimed communication was allowed.  ['468 Inf. Cont. to NETGEAR at 4 (asserting that accused products "include an interface for allowing electrical communication *between* the PC card slot" [and no other identified structure]).]

[4] Ericsson's reliance on *Hoffer v. Microsoft Corp*. is misplaced.  In *Hoffer*, the examiner *renumbered* the claims, but failed to change the text of dependent claim 22 to identify the newly numbered antecedent claim 21.  Claim 22 thus stated that it depended from "claim 38" which was a clear administrative error since no claim 38 issued.  Moreover, the patentee in *Hoffer* obtained a Certificate of Correction from the PTO to correct the obvious numbering error.  405 F.3d 1326, 1331 (Fed. Cir. 2005).  In contrast, here, the asserted error is far more substantive than a re-numbering mix-up, the proposed correction would substantially re-draft the claim, and, until now, neither the Examiner nor the applicants ever sought to "correct" the alleged error, whether during prosecution or through the PTO after-the-fact, as in *Hoffer*.

Hon. Leonard Davis
**May 25, 2012**
Page 3



face of the patent, and like the examiner and applicants, a person of ordinary skill would not interpret the claim as proposed by Ericsson.

The second problem with Ericsson's interpretation is that it improperly asks the Court to *completely re-write* the claim element. The recited function of the claimed "PCMCIA card slot" is to removably mount "*at least one system component*," whereas the recited function of the claimed "means for removably mounting" limitation in the third element is substantively different – it is to removably mount "*said line interface*." ['468, claim 1, 3:6-29.] Replacing the third element's "means plus function" limitation with "PCMCIA card slot" would thus substantively alter the claim and its meaning. Ericsson's proposal to delete "said" and add "and" also would substantively change the claim by making the communication occur "between the PCMCIA card slot and the line interface" – a concept that is not present in the claim, as drafted, prosecuted and issued.

Finally, Ericsson's proposed re-write must be rejected because it is not the only possible way to amend the claim. *Novo,* 350 F.3d at 1358; *see Synqor, Inc. v. Artesyn Technologies, Inc.*, 2010 WL 2991037 * 28 (E.D.Tex. 2010). For example, the claimed "means for removably mounting said line interface" could refer to a "wall outlet, or phone jack," which is a means to "removably mount" a phone line (i.e., a "line interface"). ['468 at cl. 1, 6, 1:22-39, 4:8-12.]. The claim element could thus be amended by adding at the end, "and a system of said plurality of telecommunications systems" such that the element recites: "an interface for allowing electrical communication between the means for removably mounting said line interface [i.e., a phone jack] and a system of said plurality of telecommunications systems." Or, the claim could be amended by replacing "said line interface" with "and at least one system component" such that the element recites: "an interface for allowing electrical communication between said at least one means for removably mounting and at least one system component." [*See id*. 2:64-3:5.] Several other possibilities also exist,[5] but all "would either completely rewrite the claims by ignoring express language of the claims or would cover concepts and features where there is no such disclosure in the specification," and thus they must be rejected. *Synqor*, 2010 WL 2991037 at *28. Defendants should be permitted to file their summary judgment re indefiniteness.

Very truly yours,

*/s/ John P. Bovich*

John P. Bovich

---

[5] For example, the word "with" could also replace "between", leaving the remainder of the element (to refer to a phone jack or wall outlet), or replacing the remainder with "said PCMCIA card slot." Other possibilities exist as well.