# EXHIBIT H

Jc518 U.S. PTO
09/399771
09/21/99

Class 370   Subclass 347
ISSUE CLASSIFICATION

PATENT NUMBER

**6466568**

6466568

## U.S. UTILITY PATENT APPLICATION

| | O.I.P.E. | PATENT DATE |
|---|---|---|
| 3 SCANNED | Q.A. | OCT 15 2002 |

| SECTOR | CLASS | SUBCLASS | ART UNIT | EXAMINER |
|---|---|---|---|---|
| | 370 | 847 | 2736 2731 | Duong |

FILED WITH: ☐ DISK (CRF)  ☐ FICHE
(Attached in pocket on right inside flap)

---

## PREPARED AND APPROVED FOR ISSUE

### ISSUING CLASSIFICATION

| ORIGINAL | | CROSS REFERENCE(S) | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| CLASS | SUBCLASS | CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | | | | |
| 370 | 347 | 370 | 328 | 471 | | | | | |
| INTERNATIONAL CLASSIFICATION | | 455 | 422 | | | | | | |
| G 0 6 F | 11/00 | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

☐ Continued on Issue Slip Inside File Jacket

---

| ☐ TERMINAL DISCLAIMER | DRAWINGS | | | CLAIMS ALLOWED | |
|---|---|---|---|---|---|
| | Sheets Drwg. | Figs. Drwg. | Print Fig. | Total Claims | Print Claim for O.G. |
| | 8 | 15 | 1 | 7 | 1 |

| ☐ a) The term of this patent subsequent to _____ (date) has been disclaimed. | FRANK DUONG  05/4/02 (Assistant Examiner) | NOTICE OF ALLOWANCE MAILED |
|---|---|---|
| ☐ b) The term of this patent shall not extend beyond the expiration date of U.S Patent. No. _____ | WELLINGTON CHIN SUPERVISORY PATENT EXAMINER TECHNOLOGY CENTER 2600 6/3/02 (Primary Examiner) (Date) | 6-5-02 |
| | | ISSUE FEE |
| | | Amount Due $1340  Date Paid 9-4-02 |
| ☐ c) The terminal _____ months of this patent have been disclaimed. | M. Rowdon 6/6/02 (Legal Instruments Examiner) (Date) | ISSUE BATCH NUMBER |

**WARNING:**
The information disclosed herein may be restricted. Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368. Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only.

Form PTO-436A
(Rev. 6/98)

ISSUE SLIP TO WITH

Formal Drawings (_____ shts) set _____

MG

(LABEL AREA)

(FACE)



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:    COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 09/399,771 | 09/21/99 | RAITH | A | 040010-490 |

| | EXAMINER |
|---|---|
| 021839 WM01/0723 | DUONG,F |
| BURNS DOANE SWECKER & MATHIS L. L. P | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2664 | |

POST OFFICE BOX 1404
ALEXANDRIA VA 22313-1404

DATE MAILED:
07/23/01

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 09/399,771 | RAITH ET AL. |
| | Examiner | Art Unit |
| | Frank Duong | 2664 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>26 April 2001</u> .

2a)☐ This action is FINAL.          2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>45-51</u> is/are pending in the application.

    4a) Of the above claim(s) <u>26-36 and 52-66</u> is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>45-51</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☒ The specification is objected to by the Examiner.

10)☒ The drawing(s) filed on <u>21 September 1999</u> is/are: a)☐ accepted or b)☒ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11)☐ The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved by the Examiner.

    If approved, corrected drawings are required in reply to this Office action.

12)☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____ .

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

14)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

    a) ☐ The translation of the foreign language provisional application has been received.

15)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☒ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3) ☒ Information Disclosure Statement(s) (PTO-1449) Paper No(s) <u>5</u> .

4) ☐ Interview Summary (PTO-413) Paper No(s). _____ .

5) ☐ Notice of Informal Patent Application (PTO-152)

6) ☐ Other:

U.S. Patent and Trademark Office
PTO-326 (Rev. 04-01)          Office Action Summary          Part of Paper No. 7

Application/Control Number: 09/399,771 Page 2

Art Unit: 2664

## DETAILED ACTION

1. This Office Action is a response to the communication dated 04/26/2001. Elected claims 45-51 are pending in the application. Non-elected claims 26-36 and 52-66 are withdrawn from further consideration.

### *Information Disclosure Statement*

2. The information disclosure statement filed 04/26/2001 complies with the provisions of 37 CFR 1.97, 1.98 and MPEP § 609. It has been considered and placed in the application file.

### *Drawings*

3. Figures 3 and 10 should be designated by a legend such as --Prior Art-- because only that which is old is illustrated. See MPEP § 608.02(g).

### *Specification*

4. The disclosure is objected to because of the following informalities:

Page 1, it is required the applicant to fill in the serial number of the copending patent application recited on line 3.

Appropriate correction is required.

### *Claim Rejections - 35 USC § 112*

The following is a quotation of the second paragraph of 35 U.S.C. 112:

Application/Control Number: 09/399,771                                            Page 3

Art Unit: 2664

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

5.  Claims 45-51 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

As per claim 45, line 5, "the type" lacks of antecedent basis.

As per claim 46, line 2, "said type of information" lacks of antecedent basis.

Moreover, it is unclear whether "said type of information" recited thereat is the same as "type of payload information" previously recited in the parent claim.

Claims 47-51 variously depends from their indefinite parent claim.

## Claim Rejections - 35 USC § 102

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, or on an international application by another who has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371(c) of this title before the invention thereof by the applicant for patent.

6.  Claims 45-51 are rejected under 35 U.S.C. 102(e) as being anticipated by Raith (USP 5,757,813).

Regarding claim 1, while the specification discloses providing out of band information regarding the type of service which the associated payload is currently supporting, the channel coding and/or interleaving associated therewith, the claim calls for a communication station comprising:  a processor for arranging information for

Application/Control Number: 09/399,771                                     Page 4
Art Unit: 2664

transmission including providing at least one first field in which payload information is disposed and providing at least one second field, separate from said first field, which includes a service type identifier which identifies a type of payload information provided in said at least one first field; and a transmitter for transmitting information received from said processor including said at least one first field and said at least one second field.

Raith, in according to FIGS. 4, 8 and the disclosure at col. 12, lines 6-30 discloses just that as clearly corresponding below:

The claim calls a communication station (corresponding to FIG. 4, 110 or 120) comprising:  a processor (130 or 180) for arranging information (FIG. 8) for transmission including providing at least one first field (DATA)  in which payload information is disposed and providing at least one second field (PCF or CSFP/PCF), separate from said first field, which includes a service type identifier which identifies a type of payload information provided in said at least one first field (col. 12, lines 16-30); and a transmitter (150 or 170) for transmitting information received from said processor including said at least one first field and said at least one second field.  Thus, the Raith reference reads on the claimed limitations in a manner set forth as claimed.

Regarding claim 46,  in according to the recitation at col. 12, lines 31-57, Raith also discloses that the system can assign the mobile station a new modulation symbol alphabet by sending the indicator (corresponding to "service type identifier") to the mobile station which indicates the modulation symbol alphabet to be used in order to increase change the type of modulations.  Thus, the recitation thereat reads on the claimed limitations set forth as claimed.

Application/Control Number: 09/399,771

Page 5

Art Unit: 2664

Regarding claims 47-48, because Raith's system (FIG. 4) supports various wireless communication systems to include IS-136 that supports multimedia. Therefore, it is inherent that the changing of coding type and modulation type disclosed at col. 12, lines 6-30 by Raith reads on the claimed limitations of "wherein said first type of information is one of video, voice and data and said second type of information is different one of video, voice and data".

Regarding claims 49-50, see FIG. 4, elements 110 and 120.

Regarding claim 51, in according to FIG. 5 and col. 11, lines 21-53, Raith shows on possible mapping sequence performed by the processor (130 or 140). Thus, Raith discloses the claimed limitation set forth as claimed.

### *Response to Arguments*

7. Applicant's arguments filed 04/26/2001 have been fully considered but they are not persuasive.

In the Response to Restriction Requirement dated 04/26/2001, second paragraph, applicants argues that "restriction is not proper because an examination of the entire application can be made without serious burden on the Examiner".

In response, examiner respectfully disagrees. As clearly pointed out in the last Office Action, the present application claims five independent/distinct inventions (Groups I-V). Contrast to the applicant's argument, there must be a serious burden on the Examiner if restriction is not required. Therefore, restriction is proper and within the guideline of MPEP §803.

Application/Control Number: 09/399,771                                        Page 6

Art Unit: 2664

### *Conclusion*

8. The prior art made of record and not relied upon is considered pertinent to

applicant's disclosure.

Raith (USP 5,930,706).

9. Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Frank  Duong whose telephone number is (703) 308-

5428.  The examiner can normally be reached on 7:00AM-3:30PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Wellington  Chin can be reached on (703) 305-4366.  The fax phone

numbers for the organization where this application or proceeding is assigned are (703)

872-9314 for regular communications and (703) 872-9314 for After Final

communications.

Any inquiry of a general nature or relating to the status of this application or

proceeding should be directed to the receptionist whose telephone number is (703) 305-

4700.

Frank Duong
July 12, 2001

WELLINGTON CHIN
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 2600