# EXHIBIT I

Jc518 U.S. PTO
09/399771
09/21/99

| | Subclass | 347 |
| ISSUE CLASSIFICATION | Class | 370 |

PATENT NUMBER

**6466568**

6466568

## U.S. UTILITY PATENT APPLICATION

| | O.I.P.E. | PATENT DATE |
| SCANNED | Q.A. | OCT 1 5 2002 |

| SECTOR | CLASS | SUBCLASS | ART UNIT | EXAMINER |
|---|---|---|---|---|
| | 370 | 847 | | Duong |

FILED WITH: ☐ DISK (CRF)  ☐ FICHE
(Attached in pocket on right inside flap)

## PREPARED AND APPROVED FOR ISSUE

### ISSUING CLASSIFICATION

| ORIGINAL | | CROSS REFERENCE(S) | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **CLASS** | **SUBCLASS** | **CLASS** | **SUBCLASS (ONE SUBCLASS PER BLOCK)** | | | | | | |
| 370 | 347 | 370 | 328 | 471 | | | | | |
| **INTERNATIONAL CLASSIFICATION** | | 455 | 422 | | | | | | |
| G 0 6 F | 11/00 | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

☐ Continued on Issue Slip Inside File Jacket

| ☐ **TERMINAL DISCLAIMER** | **DRAWINGS** | | | **CLAIMS ALLOWED** | |
|---|---|---|---|---|---|
| | Sheets Drwg. | Figs. Drwg. | Print Fig. | Total Claims | Print Claim for O.G. |
| | 8 | 15 | 1 | 7 | 1 |

☐ a) The term of this patent subsequent to _____ (date) has been disclaimed.

FRANK DUONG  05/4/02
(Assistant Examiner) (Date)

**NOTICE OF ALLOWANCE MAILED**

6-5-02

☐ b) The term of this patent shall not extend beyond the expiration date of U.S Patent. No. _____

WELLINGTON CHIN
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 2600
(Primary Examiner)  6/3/02 (Date)

**ISSUE FEE**

| Amount Due | Date Paid |
| $1300 | 9-4-02 |

☐ c) The terminal _____ months of this patent have been disclaimed.

M. Bowden  6/6/02
(Legal Instruments Examiner) (Date)

**ISSUE BATCH NUMBER**

**WARNING:**
The information disclosed herein may be restricted. Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368. Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only.

Form **PTO-436A**
(Rev. 6/98)

Formal Drawings (___ sheets) set _____

MG

(LABEL AREA)

(FACE)

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/399,771 | 09/21/1999 | ALEX KRISTER RAITH | 040010-490 | 2684 |

21839      7590      02/11/2002
BURNS DOANE SWECKER & MATHIS L L P
POST OFFICE BOX 1404
ALEXANDRIA, VA   22313-1404

| EXAMINER |
|---|
| DUONG, FRANK |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2664 | |

DATE MAILED: 02/11/2002

//

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C  (Rev. 07-01)

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 09/399,771 | RAITH ET AL. |
| | Examiner | Art Unit |
| | Frank Duong | 2664 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE _3_ MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on _21 November 2001_ .

2a) ☒ This action is **FINAL**.    2b) ☐ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) _26-66_ is/are pending in the application.

    4a) Of the above claim(s) _26-44 and 52-66_ is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) _45-51_ is/are rejected.

7) ☐ Claim(s) _____ is/are objected to.

8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11) ☒ The proposed drawing correction filed on _21 November 2001_ is: a)☒ approved b)☐ disapproved by the Examiner.

    If approved, corrected drawings are required in reply to this Office action.

12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____ .

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

14) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

    a) ☐ The translation of the foreign language provisional application has been received.

15) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .
4) ☐ Interview Summary (PTO-413) Paper No(s). _____ .
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: _____

Application/Control Number: 09/399,771                                    Page 2

Art Unit: 2664

## DETAILED ACTION

1. This Office Action is a response to the communication dated 11/21/2001. Elected claims 45-51 and non-elected claims 26-36 and 52-66 are pending in the application. Non-elected claims 26-36 and 52-66 are withdrawn from further consideration.

2. This application contains claims 26-36 and 52-66 are drawn to an invention nonelected with traverse in Paper No. 6. A complete reply to the final rejection must include cancelation of nonelected claims or other appropriate action (37 CFR 1.144) See MPEP § 821.01.

### *Claim Objections*

3. Claim 45 is objected to because of the following informalities:

    Line 3, "at lest" should read --at least--.

Appropriate correction is required.

### *Drawings*

4. The corrected or substitute drawings were received on 11/21/2001. These drawings are approved.

### *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

Application/Control Number: 09/399,771                    Page 3

Art Unit: 2664

(e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, or on an international application by another who has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371(c) of this title before the invention thereof by the applicant for patent.

5. Claims 45-51 are rejected under 35 U.S.C. 102(e) as being anticipated by Raith (USP 5,757,813).

Regarding claim 45, while the specification discloses providing out of band information regarding the type of service which the associated payload is currently supporting, the channel coding and/or interleaving associated therewith, the claim calls for a communication station comprising: a processor for arranging information for transmission including providing at least one first field in which payload information is disposed and providing at least one second field, separate from said first field, which includes a service type identifier which identifies a type of payload information provided in said at least one first field; and a transmitter for transmitting information received from said processor including said at least one first field and said at least one second field.

Raith, in according to FIGS. 4, 8 and the disclosure at col. 12, lines 6-30 discloses just that as clearly corresponding below:

The claim calls a communication station (corresponding to FIG. 4, 110 or 120) comprising: a processor (130 or 180) for arranging information (FIG. 8) for transmission including providing at least one first field (DATA) in which payload information is disposed and providing at least one second field (PCF or CSFP/PCF), separate from said first field, which includes a service type identifier which identifies a type of payload information provided in said at least one first field (col. 12, lines 16-30); and a transmitter (150 or 170) for transmitting information received from said processor

Application/Control Number: 09/399,771                                    Page 4

Art Unit: 2664

including said at least one first field and said at least one second field. Thus, the Raith reference reads on the claimed limitations in a manner set forth as claimed.

Regarding claim 46, in according to the recitation at col. 12, lines 31-57, Raith also discloses that the system can assign the mobile station a new modulation symbol alphabet by sending the indicator (corresponding to "service type identifier") to the mobile station which indicates the modulation symbol alphabet to be used in order to increase change the type of modulations. Thus, the recitation thereat reads on the claimed limitations set forth as claimed.

Regarding claims 47-48, because Raith's system (FIG. 4) supports various wireless communication systems to include IS-136 that supports multimedia. Therefore, it is inherent that the changing of coding type and modulation type disclosed at col. 12, lines 6-30 by Raith reads on the claimed limitations of "wherein said first type of information is one of video, voice and data and said second type of information is different one of video, voice and data".

Regarding claims 49-50, see FIG. 4, elements 110 and 120.

Regarding claim 51, in according to FIG. 5 and col. 11, lines 21-53, Raith shows on possible mapping sequence performed by the processor (130 or 140). Thus, Raith discloses the claimed limitation set forth as claimed.

Application/Control Number: 09/399,771

Page 5

Art Unit: 2664

## Response to Arguments

6.  Applicants' arguments filed 11/21/2001 have been fully considered but they are not persuasive. Applicant's arguments will be addressed hereinbelow in the order in which they appear in the response dated 11/21/2001.

In the Remarks of the outstanding response, on page 4, fourth paragraph and thereinafter, Applicants state that *"Raith discloses a method in which the reserved field or the CSFP/PCF field can be provided with an indication bit for indicating the type of channel coding being used in the data field"* and argue that *"However, Raith does not disclose a service type identifier which identifies a type of payload information. Accordingly, Raith cannot disclose a processor providing at least one second field, separate from said first field, which includes a service type identifier which identifies a type of payload information provided in said at least one first field as recited in Applicants' claim 45"*.

In response Examiner respectfully disagrees and asserts that the interpretation of Raith reference, as clearly pointed out in the Office Action, against the claimed invention is proper because the original specification, on page 15, last paragraph, clearly defined that *"the FOC fields may also serve the purpose of service type identifier"* and *"the FOC can provide information regarding"*, among other things, *"the channel coding"*. Thus, CSFP/PCF field in Raith reference clearly reads on the claimed limitation of "a service type identifier which identifies a type of payload information" in a manner set forth as claimed. Unless the Applicants amend the claim to better distinguish the claimed

Application/Control Number: 09/399,771                                   Page 6

Art Unit: 2664

invention over the Raith reference, the rejection from the last Office Action is

maintained.

Examiner believes an earnest attempt has been made in addressing all of the

applicants' arguments.

### *Conclusion*

7. **THIS ACTION IS MADE FINAL.** Applicant is reminded of the extension of time

policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action. In the event a first reply is filed within

TWO MONTHS of the mailing date of this final action and the advisory action is not

mailed until after the end of the THREE-MONTH shortened statutory period, then the

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action. In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the mailing date of this final action.

8. Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Frank Duong whose telephone number is (703) 308-

5428. The examiner can normally be reached on 7:00AM-3:30PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Wellington Chin can be reached on (703) 305-4366. The fax phone

numbers for the organization where this application or proceeding is assigned are (703)

Application/Control Number: 09/399,771                                          Page 7

Art Unit: 2664

872-9314 for regular communications and (703) 872-9314 for After Final

communications.

Any inquiry of a general nature or relating to the status of this application or

proceeding should be directed to the receptionist whose telephone number is (703) 305-

4700.

Frank Duong
February 6, 2002

WELLINGTON CHIN
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 2600