**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **ERICSSON INC., et al.,** | |
| **Plaintiffs,** | **Civil Action No. 6:10-cv-473** |
| **vs.** | **JURY TRIAL DEMANDED** |
| **D-LINK CORPORATION, et al.,** | |
| **Defendants.** | |

**ERICSSON'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT OF INVALIDITY [DKT. NO. 224]**

McKool 448648v1

# TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................................................1

II.   STATEMENT OF ISSUES ...................................................................................................2

III.  LEGAL FRAMEWORK .......................................................................................................2

IV.   ARGUMENT..........................................................................................................................2

V.    CONCLUSION.......................................................................................................................3

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Default Proof Credit Card Sys. v. Home Depot U.S.A., Inc.*,
    412 F.3d 1291 (Fed. Cir. 2005)..................................................................................2, 3

*Intel Corp. v. VIA Techs., Inc.*, 319 F.3d 1357 (Fed. Cir. 2003).......................................................3

*Medtronic, Inc. v. Advanced Cardiovascular Sys., Inc.*, 248 F.3d 1303 (Fed. Cir. 2001)...............2

*Micro Chem., Inc. v. Great Plains Chemical Co., Inc.*,
    194 F.3d 1250 (Fed. Cir. 1999)..................................................................................3


**STATUTES**

FED. R. CIV. P. 56(c)(1)(B)..................................................................................................2

35 U.S.C. § 112, ¶ 6..........................................................................................................2, 3

McKool 448648v1

## I.  INTRODUCTION

In their letter brief, the Defendants requested permission to file a motion for summary judgment of indefiniteness against certain claims of U.S. Patent No. 6,772,215 (the "'215 patent").[1]  *See* Dkt. No. 208-1.  In that brief, the Defendants asserted that claim 45 of the '215 patent was invalid due to indefiniteness.  Specifically, the Defendants argued that the means-plus function claim term "means for receiving said plurality of first data units, and constructing one to several message fields . . ." was invalid for allegedly lacking sufficient structure for the "constructing" part of the recited function.  *See* Dkt. No. 208-1 at 3-4.  In response, Ericsson submitted an answering letter brief demonstrating that the '215 patent does, in fact, disclose corresponding structure.  *See* Dkt. No. 215-1 at 3 (citing the '215 patent at 6:8–11, which reads, "a basic message to be used for minimizing feedback responses in an ARQ protocol **can be constructed as follows**. . . .") (emphasis added).

Even though the Court granted the Defendants permission to file their letter brief, <u>the Defendants have changed their theory as to why claim 45 is allegedly indefinite.</u>  Now, instead of arguing that there is insufficient structure for performing the "constructing" part of the recited function, the Defendants now argue that the '215 patent is invalid for failing to disclose adequate structure for the function of "optimizing performance."  *See* Dkt. No. 224 (the Defendants' Motion for Summary Judgment, "Motion" or "Mot.") at 12.  The Court did not grant the Defendants leave to file a motion on this theory, and it should be stricken.  In any event, because the Defendants' indefiniteness theory is legally flawed—as "optimizing performance" is not part of the recited function—the Court should deny the Defendants' motion for summary judgment.

---

[1] Ericsson intends to dismiss U.S. Patent No. 5,771,468 (the "'468 patent") from the case.  As such, this brief does not address Defendants' arguments regarding the '468 patent.

## II.  STATEMENT OF ISSUES

The Defendants have incorrectly framed the issue in their Motion.[2]  The issue before the Court is:  Must a claim term governed by 35 U.S.C. § 112 ¶ 6 disclose structure to perform a function that is not recited in the claim term?

## III. LEGAL FRAMEWORK

Construing a means-plus-function limitation involves multiple inquiries. "The first step in construing [a means-plus-function] limitation is a determination of the function of the means-plus function limitation."  *Medtronic, Inc. v. Advanced Cardiovascular Sys., Inc.*, 248 F.3d 1303, 1311 (Fed. Cir. 2001).  Once a court has determined the limitation's function, "the next step is to determine the corresponding structure disclosed in the specification and equivalents thereof." *Id.* at 1303.  "While corresponding structure need not include all things necessary to enable the claimed invention to work, it must include all structure that actually performs the recited function."  *Default Proof Credit Card Sys. v. Home Depot U.S.A., Inc.*, 412 F.3d 1291, 1298 (Fed. Cir. 2005).

## IV. ARGUMENT

The claim term in dispute is:

> means for receiving said plurality of first data units, and constructing one to several message fields for a second data unit, said one to several message fields including a type identifier field and at least one of a sequence number field, a length field, a content field, a plurality of erroneous sequence number fields, and a plurality of erroneous sequence number length fields, each of said plurality of erroneous sequence number

---

[2]  Although the Defendants include a section addressing undisputed, material facts in their motion, they do not offer any facts that demonstrate that summary judgment is appropriate. Rather, the Defendants merely recite claim 45 of the '215 patent and Ericsson's proposed construction for the allegedly invalid term before jumping to the conclusion that summary judgment is appropriate.  Because the Defendants did not present facts that demonstrate that summary judgment is appropriate (and the Defendants therefore do not comply with FED. R. CIV. P. 56(c)(1)(B)), Ericsson has no response to this section of the Defendants' brief.

McKool 448648v1

fields associated with a respective one of said plurality of erroneous sequence number length fields.

Claim 45 of the '215 patent.  The recited function is everything after the words "means for."  *See*

*Micro Chem., Inc. v. Great Plains Chemical Co., Inc.*, 194 F.3d 1250, 1258 (Fed. Cir. 1999)

("The statute [35 U.S.C. § 112 ¶ 6] does not permit limitation of a means-plus-function claim by

adopting a function different from that **explicitly recited in the claim**.") (emphasis added).  The

corresponding structures that perform this function are cited in Ericsson's Opening Claim

Construction Brief.  *See* Dkt. No. 209 at 7.

The Defendants argue that this term is indefinite because there is no corresponding

structure for "optimizing performance."  *See* Mot. at 12 ("Ericsson's proposed structure is

incomplete because it omits portions of the specification relating to the claimed optimization.").

However, there is no "optimization" claimed in the recited function, and it would be error to

import any function other that what is "explicitly recited in the claim."  *See Micro Chem.*, 194

F.3d at 1258.  Moreover, the correct inquiry as to whether a patent discloses sufficient structure

depends on whether the disclosed structure (i) actually performs the recited function, *see Default*

*Proof*, 412 F.3d at 1298; and (ii) renders the bounds of the patent understandable to an ordinary

artisan, *see Intel Corp. v. VIA Techs., Inc.*, 319 F.3d 1357, 1366 (Fed. Cir. 2003).  In this way,

the Defendants new theory on indefiniteness completely misses the point.  The '215 patent does

not need to disclose structure to perform the function of "optimization" because "optimization"

is not a claimed function in this term.

## V.  CONCLUSION

For the foregoing reasons, Ericsson respectfully requests that the Court deny Defendants'

Motion for Summary Judgment of Invalidity and adopt Ericsson's proposed construction for this

term.

McKool 448648v1

DATED: June 15, 2012

Respectfully submitted,

**McKOOL SMITH, P.C.**

By: ___/s/ Theodore Stevenson III___

Theodore Stevenson III,
Lead Attorney
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Bradley W. Caldwell
Texas State Bar No. 24040630
bcaldwell@mckoolsmith.com
Ashley N. Moore
Texas State Bar No. 24074748
amoore@mckoolsmith.com
Justin Nemunaitis
Texas State Bar No. 24065815
jnemunaitis@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**ATTORNEYS FOR PLAINTIFFS
ERICSSON INC. and
TELEFONAKTIEBOLAGET LM
ERICSSON**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the forgoing document via the Court's CM/ECF system pursuant to the Court's Local Rules this 15th day of June, 2012.

*/s/ J. Austin Curry*
J. Austin Curry