**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| ERICSSON INC., et al., | ) | Case No. 6:10-CV-473-LED |
| | ) | |
| Plaintiffs, | ) | JURY TRIAL DEMANDED |
| | ) | |
| v. | ) | |
| | ) | HONORABLE LEONARD DAVIS |
| D-LINK SYSTEMS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**DEFENDANTS' REPLY BRIEF RE MOTION FOR SUMMARY JUDGMENT OF
INVALIDITY OF CLAIM 45 OF
U.S. PATENT NO. 6,772,215**

US_ACTIVE-109813655.3

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................................................1

II.    ANALYSIS............................................................................................................................2

    A.     The disputed element relates to system optimization ..............................................2

    B.     Defendants' theory of indefiniteness remains the same .........................................3

III.   CONCLUSION.....................................................................................................................4

US_ACTIVE-109813655.3

# TABLE OF AUTHORITIES

*Aristocrat Technologies Australia Pty Ltd. v. International Game Technology*,
   521 F.3d 1328 (Fed. Cir. 2008) ................................................................................. 3

*Ballard Medical Products v. Allegiance Healthcare Corp.*,
   268 F.3d 1352 (Fed. Cir. 2001) ................................................................................. 2

*Blackboard, Inc. v. Desire2Learn Inc.*,
   574 F.3d 1371 (Fed. Cir. 2009) ................................................................................. 3

*Cardiac Pacemakers, Inc. v. St. Jude Medical Inc.*,
   296 F.3d 1106 (Fed. Cir. 2002) ................................................................................. 3

*Chemical Separation Technology, Inc. v. U.S.*,
   51 Fed. Cl. 771 (Fed. Cl. 2002) ................................................................................. 2

*Cordis Corp v. Boston Scientific Corp.*,
   561 F.3d 1319 (Fed. Cir. 2009) ................................................................................. 4

*Ergo Licensing v. Carefusion*,
   673 F.3d 1361 (Fed. Cir. 2012) ......................................................................... 2, 3, 4

*Mettler-Toledo, Inc. v. Fairbanks Scales Inc.*,
   551 F.Supp.2d 576 (E.D. Tex. 2008) ......................................................................... 3

*Noah Systems, Inc. v. Intuit*,
   -- F.3d --, 2012 WL 1150216  (Fed. Cir. April 9, 2012) ........................................... 2

US_ACTIVE-109813655.3

## I.   **INTRODUCTION**

Ericsson concedes that to be properly construed and survive an indefiniteness challenge, the "means for receiving . . . and constructing . . ." element of claim 45 of the '215 patent must enjoy complete algorithmic support in the specification.[1] Yet Ericsson's Response fails to address, much less refute, its failure to identify such fulsome support. As set forth in Defendants' Motion, Ericsson's mere identification of various different prior art ARQ protocols concerning how to construct a BITMAP, LIST, etc. fails to provide sufficient algorithmic structure for constructing a message to minimize feedback responses so as to optimize performance under claim 45. Indeed, Ericsson's Response does not *attempt* to establish how its proposed structure provides this algorithm, let alone why it has omitted the additional structures set forth in Defendants' proposed construction.

Instead, Ericsson posits two arguments in an attempt to defeat this motion, both of which fail to survive scrutiny. First, ignoring its own proposed construction, Ericsson argues that claim 45 does not, in fact, relate to minimizing feedback responses to optimize performance. But even Ericsson's own construction acknowledges that the algorithmic support for this element must specify how "different mechanisms can be used to indicate erroneous data units *so as to optimize performance*." [JCCS, (Dkt. 187-1) at p. 2.] Second, based on selective excerpts and an incomplete reading of Defendants' Motion and letter briefs, Ericsson argues that Defendants have "changed their theory" – an argument easily dismissed based on a cursory review of the record.

What Ericsson utterly fails to do is identify a complete algorithm necessary to support the function of the "means for receiving . . . and constructing" limitation. Because Ericsson's

---

[1] The parties have dismissed their claims and counterclaims related to the '468 patent, and thus the Court need not address Defendants' Motion with respect to that patent.

US_ACTIVE-109813655.3

specification citations are incomplete, claim 45 is indefinite as a matter of law under Ericsson's proposed construction.

## II.   ANALYSIS

Although Ericsson's specification citations may constitute a portion of the structural support for claim 45 under 35 U.S.C. S 112, paragraph 6, they do not constitute complete support because their cited support fails to disclose an algorithm which constructs a feedback response by using different mechanisms *so as to optimize performance*. *Ergo Licensing v. Carefusion*, 673 F.3d 1361, 1364 (Fed. Cir. 2012); *Noah Systems, Inc. v. Intuit*, -- F.3d --, 2012 WL 1150216 *8 (Fed. Cir. April 9, 2012). Thus, Ericsson's construction renders 45 invalid as indefinite. Against this backdrop, summary judgment should be granted for at least two reasons.

### A.   The disputed element relates to system optimization

Ericsson's new assertion that claim 45 is somehow unrelated to minimizing feedback responses to optimize performance is baseless. [Ericsson Response at 3.] Ericsson's apparent current position is contradicted not only by the intrinsic record, including claim 45's express recitation of a "system for *minimizing feedback responses* in an ARQ protocol," but also by Ericsson's own proposed construction of claim 45, which requires different mechanisms to be used "to indicate erroneous data units *so as to optimize performance*." [*See* Defendants' Responsive Claim Construction Brief (Dkt. 225) at 8-15; '215 patent at title, abstract, 4:30-40, 4:41-54, 5:51-59, claim 45; JCCS (Dkt. 187) Exh. A at 2-3.] *See also Chemical Separation Technology, Inc. v. U.S.*, 51 Fed. Cl. 771, 776 (Fed. Cl. 2002) (finding that preamble and summary of the invention that emphasized that the invention related to a *portable* apparatus "exclud[ed] from the meaning of the claimed 'neutralizing supply means' a structure that is not relatively portable"); *Ballard Medical Products v. Allegiance Healthcare Corp.*, 268 F.3d 1352, 1359 (Fed. Cir. 2001) ("statements detailing the shortcoming of the relevant prior art have often

- 2 -

US_ACTIVE-109813655.3

proved useful in construing means-plus-function claims"); *see also Mettler-Toledo, Inc. v. Fairbanks Scales Inc.,* 551 F.Supp.2d 576, 585, 590-91 (E.D. Tex. 2008) (Giblin, J.) (construing functions of means plus function terms based on claim language read in light of specification disclosures).[2]

Here, under Ericsson's own construction, the means for "receiving . . . and constructing" element requires more than simply employing the identified prior art mechanisms for constructing a message such as a BITMAP, LIST, etc.  Ericsson's proposed structure is incomplete, and without directly linked and complete support for the "means for receiving . . . and constructing" element, claim 45 cannot survive an indefiniteness challenge under 35 U.S.C. Section 112, paragraph 6.  *Ergo*, 673 F.3d at 1364 ("That ordinarily skilled artisans could carry out the recited function in a variety of ways is precisely why claims written in 'means-plus-function' form must disclose the particular structure that is used to perform the recited function"), *citing Blackboard, Inc. v. Desire2Learn Inc.*, 574 F.3d 1371, 1385 (Fed. Cir. 2009); *Aristocrat Technologies Australia Pty, Ltd. v. International Game Technology*, 521 F.3d 1328, 1336 (Fed. Cir. 2008).

### B.     Defendants' theory of indefiniteness remains the same

In an attempt to avoid the merits, Ericsson erroneously asserts that Defendants' letter briefs and Motion are based on different theories of indefiniteness.  [Response at 1.]  Not so.  In fact, both Defendants' letter briefs and its Motion are expressly based on (1) claim 45's "means

---

[2] Notably, contrary to Ericsson's position, the Court, in construing the proper function of a means plus function element, is not required to merely re-state "everything after the words 'means for'" in the disputed claim. [Ericsson's Response at 3.]  Indeed, as in construing any patent claim terms, ordinary principles apply, and it is common and often necessary to construe the function of a "means plus function" element using words that properly describe the function, whether or not such words are taken verbatim from the claim language.  *See Mettler-Toledo,* 551 F.Supp. 2d at 585, 590-91 (using words other than verbatim claim language to construe function of various means plus function terms); *see also Cardiac Pacemakers, Inc. v. St. Jude Medical Inc.*, 296 F.3d 1106, 1113-14 (Fed. Cir. 2002) (when determining the function of a means plus function claim, court applies "ordinary principles of claim construction").

- 3 -

US_ACTIVE-109813655.3

for receiving … and constructing" element, which requires that messages are constructed to minimize feedback responses; and (2) Ericsson's proposed construction in which such messages are constructed using "different mechanisms . . . to indicate erroneous data units so as to optimize performance." [*Compare* Motion (Dkt. 224) at 3-4, 11-13 with Opening letter brief (Dkt. 208-1) at 2-3 (excerpting claim 45 and Ericsson's "optimize performance" construction, and stating that "the specification must disclose an algorithm for constructing a feedback response message, <u>which includes a step by step procedure to construct a message to minimize feedback responses</u>." (Emphasis added)) and Reply letter brief (Dkt. 217-1) at 1 (citing claim 45 and Ericsson's proposed construction and asserting that Ericsson's proposed structure is incomplete because "Ericsson has disclosed no algorithm that carries out constructing a message to <u>optimize performance</u> for any particular circumstance." (Emphasis added)).]

Moreover, contrary to Ericsson's assertion that "Defendants did not present facts that demonstrate that summary judgment is appropriate" (Response at n.2), Defendants properly base this motion on the intrinsic patent record and Ericsson's proposed construction, and there is no need for any further "undisputed facts." *See Cordis Corp v. Boston Scientific Corp.*, 561 F.3d 1319, 1331 (Fed. Cir. 2009) (indefiniteness based on U.S.C. Section 112, paragraph 6 is an issue of claim construction and a question of law); *Ergo,* 673 F.3d at 1364 (where algorithmic support in the specification is lacking for computer implemented means plus function element, claim is indefinite as a matter of law). Defendants' Motion is properly presented and summary judgment is appropriate.

## III.    <u>CONCLUSION</u>

Claim 45 is invalid as indefinite under Ericsson's construction because Ericsson's structural citations are incomplete and fail to specify adequate algorithmic support for the

US_ACTIVE-109813655.3

"means for receiving . . . and constructing" limitation.  Defendants respectfully request that summary judgment of invalidity of claim 45 of the '215 patent be entered.

Dated:  June 21, 2012                                    Respectfully submitted,

                                        /s/ Adaline J. Hilgard
                                        Scott D. Baker, *Pro Hac Vice* (Cal. SBN 84923)
                                        John P. Bovich, *Pro Hac Vice* (Cal. SBN 150688)
                                        Christine M. Morgan, *Pro Hac Vice* (Cal. SBN 169350)
                                        Adaline J. Hilgard, *Pro Hac Vice* (Cal. SBN 173213)
                                        William R. Overend, *Pro Hac Vice* (Cal. SBN 180209)
                                        Jonah D. Mitchell, *Pro Hac Vice* (Cal. SBN 203511)
                                        **REED SMITH LLP**
                                        101 Second Street, Suite 1800
                                        San Francisco, CA  941015
                                        Telephone:  +1 415 543 8700
                                        Facsimile:  +1 415 391 8269
                                        Email:  sbaker@reedsmith.com
                                        Email:  jbovich@reedsmith.com
                                        Email:  ahilgard@reedsmith.com
                                        Email:  woverend@reedsmith.com
                                        Email:  jmitchell@reedsmith.com

                                        Trey Yarbrough (Bar No. 22133500)
                                        Debby E. Gunter (Bar No. 24012752)
                                        **YARBROUGH & WILCOX, PLLC**
                                        100 E. Ferguson, Ste. 1015
                                        Tyler, Texas 75702
                                        Telephone:  +1 903 595 3111
                                        Facsimile:  +1 903 595 0191
                                        Email:  trey@yw-lawfirm.com
                                        Email:  debby@yw-lawfirm.com

                                        **Counsel for Defendants, D-LINK SYSTEMS, INC.,
                                        NETGEAR, INC., ACER, INC., ACER AMERICA
                                        CORPORATION, and GATEWAY, INC.**

US_ACTIVE-109813655.3

S.J. Christine Yang (admitted *pro hac vice*)
Duncan Palmatier (admitted *pro hac vice*)
Victoria Hao (admitted *pro hac vice*)
**THE LAW OFFICES OF S.J. CHRISTINE YANG**
17220 Newhope Street, Suite 101
Fountain Valley, California 92708
Tel: (714) 641-4022; Fax: (714) 641-2082
E-Mail:   cyang@sjclawpc.com
E-Mail:   dpalm@dpalmlaw.com
E-Mail:   vhao@sjclawpc.com

**Counsel for Defendant D-LINK SYSTEMS, INC.**


 */s/ Dwayne C. Norton* (with permission)
Michael J. Newton (Texas Bar No. 24003844)
Jason W. Cook (Texas Bar No. 24028537)
Stacey G. White (Texas Bar No. 24053220)
Dwayne C. Norton (Texas Bar No. 24076139)
Shaun W. Hassett (Texas Bar No. 24074372)
Brady Cox (Texas Bar No. 24074084)
**ALSTON & BIRD LLP**
2828 North Harwood St, Suite 1800
Dallas, TX 75201
Phone: (214) 922-3400
Fax: (214) 922-3899
Email: mike.newton@alston.com
Email: jason.cook@alston.com
Email: stacey.white@alston.com
Email: dwayne.norton@alston.com
Email: shaun.hassett@alston.com
Email: brady.cox@alston.com

Marsha E. Mullin (California Bar No. 93709)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Phone: (213) 576-1000
Fax: (213) 576-1100
Email: marsha.mullin@alston.com

Frank G. Smith (Georgia Bar No. 657550)
Kamran Jivani (Georgia Bar No. 510908)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Phone: (404) 881-7000
Fax: (404) 881-7777

- 6 -

US_ACTIVE-109813655.3

Email: frank.smith@alston.com
Email: kamran.jivani@alston.com

Deron R. Dacus (Texas Bar No. 00790553)
**RAMEY & FLOCK, P.C.**
100 East Ferguson, Suite 500
Tyler, TX 75702
Phone: (903) 597-3301
Fax: (903) 597-2413
Email: ddacus@rameyflock.com

**Counsel for DEFENDANT DELL INC.**

*/s/ John Feldhaus* (with permission)
John Feldhaus
Pavan Agarwal
**FOLEY & LARDNER LLP**
3000 K. Street, NW, Suite 500
Washington, DC 20007
PH: (202) 672-5300
Fax: (202) 672-5399
Email: jfeldhaus@foley.com
Email: pagarwal@foley.com

Guy N. Harrison
Attorney at Law
217 N. Center
Longview, TX 75606
PH: (903) 758-7361
Fax: (903) 753-9557
Email: guy@gnhlaw.com

**Counsel for TOSHIBA CORPORATION AND TOSHIBA AMERICA INFORMATION SYSTEMS, INC.**

*/s/ Vision Winter* (with permission)
Ryan K. Yagura (Bar No. 24075933)
Vision Winter (*Pro Hac Vice*)
Eric Chan (*Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

**Attorneys for BELKIN INTERNATIONAL, INC.**

- 7 -

US_ACTIVE-109813655.3

- 8 -

## Certificate of Service

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECD system per Local Rule CV-5(a)(3) on June 21, 2012.  Any other counsel will be served via U.S. mail.

*/s/ Adaline J. Hilgard*
Adaline J. Hilgard

US_ACTIVE-109813655.3