## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON,**<br><br>Plaintiffs,<br><br>v.<br><br>**D-LINK CORPORATION, D-LINK SYSTEMS, INC., NETGEAR, INC., ACER, INC., ACER AMERICA CORPORATION, and GATEWAY, INC.**<br><br>Defendants. | § § § § § § § § § § § § § § § § § § §<br><br>**CIVIL ACTION NO. 6:10-CV-473-LED**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS' ANSWER TO INTEL'S COMPLAINT IN INTERVENTION AND COUNTERCLAIMS

1.      Plaintiffs Ericsson Inc. and Telefonaktiebolaget Lm Ericsson, ("Ericsson") hereby respond to the Complaint in Intervention of Plaintiff Intel Corp. ("Intel") and states as follows:

## NATURE OF THE ACTION

2.      Ericsson admits paragraph 2.

3.      Ericsson admits that Intel has asserted a claim for breach of contract.  Ericsson denies the remainder of paragraph 3.

## THE PARTIES

4.      Ericsson admits, on information and belief, paragraph 4.

5.      Ericsson admits paragraph 5.

6.      Ericsson admits paragraph 6.

## JURISDICTION AND VENUE

McKool 449853v3

7.      Ericsson admits paragraph 7.

8.      Ericsson admits paragraph 8.

9.      Ericsson admits paragraph 9.

10.     Ericsson admits that venue in this judicial district is proper.  Ericsson denies the remainder of paragraph 10.

### BACKGROUND AND INTEL'S INTEREST IN THIS LAWSUIT

11.     Ericsson admits paragraph 11.

12.     Ericsson admits paragraph 12.

13.     Ericsson admits paragraph 13.

14.     The allegations of paragraph 14 are not directed toward Ericsson, and therefore no answer is required.

15.     Ericsson denies paragraph 15.

16.     Ericsson denies paragraph 16.

### COUNT 1 - Non-Infringement '516 Patent

17.     Ericsson incorporates by reference paragraphs 1-16 of its Answer.

18.     Ericsson denies paragraph 16.

19.     Ericsson denies paragraph 16.

20.     Ericsson denies paragraph 16.

21.     Ericsson denies paragraph 16.

### COUNT 2 - Invalidity '516 Patent

22.     Ericsson incorporates by reference paragraphs 1-21 of its Answer.

23.     Ericsson denies paragraph 23.

24.     Ericsson denies paragraph 24.

McKool 449853v3

25. Ericsson denies paragraph 25.

## COUNT 3 - Non-Infringement '019 Patent

26. Ericsson incorporates by reference paragraphs 1-25 of its Answer.

27. Ericsson denies paragraph 27.

28. Ericsson denies paragraph 28.

29. Ericsson denies paragraph 29.

30. Ericsson denies paragraph 30.

## COUNT 4 - Invalidity '019 Patent

31. Ericsson incorporates by reference paragraphs 1-30 of its Answer.

32. Ericsson denies paragraph 32.

33. Ericsson denies paragraph 33.

34. Ericsson denies paragraph 34.

## COUNT 5 - Non-Infringement '435 Patent

35. Ericsson incorporates by reference paragraphs 1-34 of its Answer.

36. Ericsson denies paragraph 35.

37. Ericsson denies paragraph 36.

38. Ericsson denies paragraph 37.

39. Ericsson denies paragraph 38.

## COUNT 6 - Invalidity '435 Patent

40. Ericsson incorporates by reference paragraphs 1-39 of its Answer.

41. Ericsson denies paragraph 41.

42. Ericsson denies paragraph 42.

43. Ericsson denies paragraph 43.

McKool 449853v3

### COUNT 7 - Non-Infringement '625 Patent

44.   Ericsson incorporates by reference paragraphs 1-43 of its Answer.

45.   Ericsson denies paragraph 45.

46.   Ericsson denies paragraph 46.

47.   Ericsson denies paragraph 47.

48.   Ericsson denies paragraph 48.

### COUNT 8 - Invalidity '625 Patent

49.   Ericsson incorporates by reference paragraphs 1-48 of its Answer.

50.   Ericsson denies paragraph 50.

51.   Ericsson denies paragraph 51.

52.   Ericsson denies paragraph 52.

### COUNT 9 - Non-Infringement '568 Patent

53.   Ericsson incorporates by reference paragraphs 1-52 of its Answer.

54.   Ericsson denies paragraph 54.

55.   Ericsson denies paragraph 55.

56.   Ericsson denies paragraph 56.

57.   Ericsson denies paragraph 57.

### COUNT 10 - Invalidity '568 Patent

58.   Ericsson incorporates by reference paragraphs 1-57 of its Answer.

59.   Ericsson denies paragraph 59.

60.   Ericsson denies paragraph 60.

61.   Ericsson denies paragraph 61.

### COUNT 11 - Non-Infringement '223 Patent

McKool 449853v3

62.     Ericsson incorporates by reference paragraphs 1-61 of its Answer.

63.     Ericsson denies paragraph 63.

64.     Ericsson denies paragraph 64.

65.     Ericsson denies paragraph 65.

66.     Ericsson denies paragraph 66.

## COUNT 12 - Invalidity '223 Patent

67.     Ericsson incorporates by reference paragraphs 1-66 of its Answer.

68.     Ericsson denies paragraph 68.

69.     Ericsson denies paragraph 69.

70.     Ericsson denies paragraph 70.

## COUNT 13 - Non-Infringement '215 Patent

71.     Ericsson incorporates by reference paragraphs 1-70 of its Answer.

72.     Ericsson denies paragraph 72.

73.     Ericsson denies paragraph 73.

74.     Ericsson denies paragraph 74.

75.     Ericsson denies paragraph 75.

## COUNT 14 - Invalidity '215 Patent

76.     Ericsson incorporates by reference paragraphs 1-75 of its Answer.

77.     Ericsson denies paragraph 77.

78.     Ericsson denies paragraph 78.

79.     Ericsson denies paragraph 79.

## COUNT 15 - Breach of Contract

80.     Ericsson incorporates by reference paragraphs 1-79 of its Answer.

McKool 449853v3

81.     The allegations of paragraph 81 are not directed toward Ericsson, and therefore no answer is required.  Ericsson is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 81 and therefore denies them.

82.     The allegations of paragraph 82 are not directed toward Ericsson, and therefore no answer is required.  Ericsson denies paragraph 82.

83.     The allegations of paragraph 83 are not directed toward Ericsson, and therefore no answer is required.  Ericsson is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 83 and therefore denies them.

84.     The allegations of paragraph 84 are not directed toward Ericsson, and therefore no answer is required.  Ericsson is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 84 and therefore denies them.

85.     The allegations of paragraph 85 are not directed toward Ericsson, and therefore no answer is required.  Ericsson is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 85 and therefore denies them.

86.     The allegations of paragraph 86 are not directed toward Ericsson, and therefore no answer is required.  Ericsson is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 86 and therefore denies them.

87.     Ericsson admits, on information and belief, that Intel sold or sells Wi-Fi components that operate in accordance with various of the 802.11 standards, including aspects of 802.11a, 802.11g, and 802.11n. Intel's customers, such as the Customer Defendants, purchase these Wi-Fi components and incorporate them into other devices such as laptop computers, which Intel's customers sell to end-users. Ericsson is without knowledge sufficient to form a

-6-

belief as to the truth of the allegations of the remainder of paragraph 87 and therefore denies them.

88.     Ericsson admits that it is a member of the IEEE.  Ericsson also admits that certain of its individual employees participated in certain aspects of the standards setting process for 802.11. Ericsson denies the remainder of paragraph 157.

89.     Ericsson admits that it executed a document titled "Letter of Assurance for Essential Patents" on or about January 29, 2003 identifying the "IEEE Standard or Proposed IEEE Standard" as "802.11a, 802.11b, 802.11e, 802.11f, 802.11g, 802.11h 802.11i."  Ericsson admits that such document states that Ericsson "was prepared to grant a license to an unrestricted number of applicants on a worldwide, non-discriminatory basis and on reasonable terms and conditions to comply with the [Proposed] IEEE standard."  Ericsson admits that a document titled "Free form LoA Ericsson IP Statement for IEEE 802.11a . . ." was attached which states that "Ericsson will, upon written request of any applicant (the "requester"), grant such applicant a personal, non-exclusive license on fair, reasonable, and non-discriminatory terms (which includes Ericsson's current royalty rates and other terms)."  Ericsson denies the remainder of paragraph 89.

90.     Ericsson admits that it executed a document titled "Letter of Assurance for Essential Patent Claims," referring to IEEE standard 802.11n.  Ericsson admits that the letter stated that it "may own, control, or have the ability to license Patent Claims that might be or become Essential Patent Claims." Ericsson admits that the letter further states, "[t]he Submitter [Ericsson] will grant a license under reasonable rates to an unrestricted number of applicants on a worldwide basis with reasonable terms and conditions that are demonstrably free of unfair discrimination" and that "users and implementers of the [Proposed] IEEE Standard identified in

-7-

part C above are relying or will rely upon and may seek enforcement of the terms of this LOA."
Ericsson denies the remainder of paragraph 90.

91.     Ericsson denies paragraph 91.

92.     The allegations of paragraph 91 are not directed toward Ericsson, and therefore no answer is required.  Ericsson is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 91 and therefore denies them.

93.     Ericsson denies paragraph 93.

94.     Ericsson denies paragraph 94.

95.     Ericsson is without knowledge sufficient to form a belief as to the truth of the allegation that Intel's customers have sought recovery and indemnification from Intel.  Ericsson denies the remainder of paragraph 95.

### COUNT 16 - Promissory Estoppel

96.     Ericsson incorporates by reference paragraphs 1-95 of its Answer.

97.     Ericsson denies paragraph 97.

98.     Ericsson denies paragraph 98.

99.     Ericsson denies paragraph 99.

100.    Ericsson denies paragraph 100.

### COUNT 17 - Unclean Hands

101.    Ericsson incorporates by reference paragraphs 1-100 of its Answer.

102.    Ericsson denies paragraph 102.

### REQUEST FOR RELIEF

Ericsson denies all allegations in the Prayer for Relief, and further denies that any relief should be granted to Belkin, either as requested in its Counterclaims or otherwise.

McKool 449853v3

## ERICSSON'S COUNTERCLAIMS

1.     Counterclaim Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Plaintiffs" or "Ericsson") file these counterclaims against Intel, and allege as follows:

## PARTIES

2.     Plaintiff Ericsson Inc. is a Delaware corporation with its principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

3.     Plaintiff Telefonaktiebolaget LM Ericsson is a corporation organized under the laws of the country of Sweden with its principal place of business at Torshamnsgatan 23, Kista, 164 83 Stockholm, Sweden.

4.     Intel alleges that it is a Delaware Corporation with its worldwide headquarters in Santa Clara, California.

5.     Intel is making, using, selling, importing, and/or offering for sale products that are incorporated into products made by one or more of Defendants D-Link Systems, Inc. ("D-Link"), Netgear, Inc. ("Netgear"), Acer, Inc. and Acer America Corporation (collectively, "Acer"), Gateway, Inc. ("Gateway"), Dell, Inc. ("Dell"), Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, LLC (collectively, "Toshiba"), and Belkin International, Inc. ("Belkin") (D-Link, Netgear, Acer, Gateway, Dell, Toshiba, and Belkin collectively, "Defendants").

## JURISDICTION AND VENUE

6.     This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

McKool 449853v3

7.     Venue is proper in the Tyler Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

8.     This Court has personal jurisdiction over Intel by virtue of the Complaint in Intervention that Intel filed with this Court, and Intel's significant contacts with this forum.

### GENERAL ALLEGATIONS

9.     On August 4, 1998, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 5,790,516 ("the '516 Patent"), entitled "Pulse Shaping for a Data Transmission in an Orthogonal Frequency Division Multiplexed System," to Perols Leif Mikael Gudmundson, Lars Gustav Brismark, and Per-Olof Anderson.  Telefonaktiebolaget LM Ericsson is the owner by assignment of the '516 Patent.

10.     On November 16, 1999, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 5,987,019 ("the '019 Patent"), entitled "Multi-Rate Radiocommunication Systems and Terminals," to Alex Krister Raith, James Ragsdale, and John Diachina. Telefonaktiebolaget LM Ericsson is the owner by assignment of the '019 Patent.

11.     On December 11, 2001, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,330,435 ("the '435 Patent"), entitled "Data Packet Discard Notification," to Tawfik Lazraq and Farooq Khan.  Telefonaktiebolaget LM Ericsson is the owner by assignment of the '435 Patent.

12.     On July 23, 2002, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,424,625 ("the '625 Patent"), entitled "Method and Apparatus for Discarding Packets in a Data Network Having Automatic Repeat Request," to Peter Larsson and Mikael Larsson.  Telefonaktiebolaget LM Ericsson is the owner by assignment of the '625 Patent.

-10-

McKool 449853v3

13.    On October 15, 2002, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,466,568 ("the '568 Patent"), entitled "Multi-Rate Radiocommunication Systems and Terminals," to Alex Krister Raith, James Ragsdale, and John Diachina. Telefonaktiebolaget LM Ericsson is the owner by assignment of the '568 Patent.

14.    On February 11, 2003, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,519,223 ("the '223 Patent"), entitled "System and Method for Implementing a Semi Reliable Retransmission Protocol," to Stefan Henrik Andreas Wager and Reiner Ludwig. Telefonaktiebolaget LM Ericsson is the owner by assignment of the '223 Patent.

15.    On August 3, 2004, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,772,215 ("the '215 Patent"), entitled "Method for Minimizing Feedback Responses in ARQ Protocols," to Bela Rathonyi, Joachim Sachs, Michael Meyer, Per Beming, Mathias Johansson, Christiaan Roobol, Erik Schon, and Kazuhiko Inoue. Telefonaktiebolaget LM Ericsson is the owner by assignment of the '215 Patent.

16.    Ericsson is the owner of all rights, title, and interest in and to the '516 Patent, '019 Patent, '435 Patent, '625 Patent, '568 Patent, '223 Patent, and '215 Patent ("the Ericsson WLAN Patents"). Ericsson possesses all rights to sue and recover for past and future infringement.

17.    Each of the Ericsson WLAN Patents are valid and enforceable.

18.    Intel has infringed, and continues to infringe, contributorily and/or through the inducement of others, the claimed methods and apparatuses of the Ericsson WLAN Patents through the IEEE 802.11-compliant products that it makes, uses, imports, exports, sells, and/or offer for sale to or for Defendants ("Intel WLAN-compliant products").

-11-

19.     Intel is aware of the Ericsson WLAN Patents, has knowledge of the infringing nature of its activities, has nevertheless continued its infringing activities, and its infringing activities have been and continue to be willful.

20.     Ericsson has been damaged as a result of Intel's infringing conduct.  Intel is, therefore, liable to Ericsson in an amount that adequately compensates Ericsson for Intel's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT I

### Infringement of the '516 Patent

21.     Ericsson repeats and realleges the allegations in paragraphs 1-20 as though fully set forth herein.

22.     Intel has been and is now indirectly infringing the '516 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting products that are incorporated into Defendants' products that practice or embody one or more claims of the '516 Patent.  For example, the Intel WLAN-compliant products supporting pulseshaping of OFDM signals, when incorporated into Defendants' products, practice or embody Claims 1 and 16 of the '516 Patent.  Intel's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

23.     Intel's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Ericsson and its affiliates for which there is no adequate remedy at law.  Unless enjoined by this Court, Intel will continue to infringe the '516 Patent.

## COUNT II

### Infringement of the '019 Patent

24.    Ericsson repeats and realleges the allegations in paragraphs 1-23 as though fully set forth herein.

25.    Intel has been and is now indirectly infringing the '019 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting products that are incorporated into Defendants' products that practice or embody one or more claims of the '019 Patent.   For example, the Intel WLAN-compliant products supporting Quality of Service operation, when incorporated into Defendants' products, practice or embody Claim19 of the '019 Patent.  Intel's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

26.    Intel's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Ericsson and its affiliates for which there is no adequate remedy at law.  Unless enjoined by this Court, Intel will continue to infringe the '019 Patent.

## COUNT III

### Infringement of the '435 Patent

27.    Ericsson repeats and realleges the allegations in paragraphs 1-26 as though fully set forth herein.

28.    Intel has been and is now indirectly infringing the '435 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting products that are incorporated into Defendants' products that practice or embody one or more claims of the '435 Patent.  For example, the Intel WLAN-compliant products supporting Block Acknowledgement Request operation, when incorporated into Defendants' products, practice or embody Claim 1 of

-13-

McKool 449853v3

the '435 Patent.  Intel's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

29.     Intel's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Ericsson and its affiliates for which there is no adequate remedy at law.  Unless enjoined by this Court, Intel will continue to infringe the '435 Patent.

## COUNT IV

### Infringement of the '625 Patent

30.     Ericsson repeats and realleges the allegations in paragraphs 1-29 as though fully set forth herein.

31.     Intel has been and is now indirectly infringing the '625 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting products that are incorporated into Defendants' products that practice or embody one or more claims of the '625 Patent.  For example, the Intel WLAN-compliant products supporting Block Acknowledgement operation, when incorporated into Defendants' products, practice or embody Claims 1 and 16 of the '625 Patent.  Intel's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

32.     Intel's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Ericsson and its affiliates for which there is no adequate remedy at law.  Unless enjoined by this Court, Intel will continue to infringe the '625 Patent.

## COUNT V

### Infringement of the '568 Patent

33.     Ericsson repeats and realleges the allegations in paragraphs 1-32 as though fully set forth herein.

-14-

McKool 449853v3

34.     Intel has been and is now indirectly infringing the '568 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting products that are incorporated into Defendants' products that practice or embody one or more claims of the '568 Patent.  For example, the Intel WLAN-compliant products supporting Quality of Service operation, when incorporated into Defendants' products, practice or embody Claims 1 and 16 of the '568 Patent.  Intel's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

35.     Intel's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Ericsson and its affiliates for which there is no adequate remedy at law.  Unless enjoined by this Court, Intel will continue to infringe the '568 Patent.

## COUNT VI

### Infringement of the '223 Patent

36.     Ericsson repeats and realleges the allegations in paragraphs 1-35 as though fully set forth herein.

37.     Intel has been and is now indirectly infringing the '223 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting products that are incorporated into Defendants' products that practice or embody one or more claims of the '223 Patent.  For example, the Intel WLAN-compliant products supporting MSDU lifetime timer operation, when incorporated into Defendants' products, practice or embody Claims 1 and 16 of the '223 Patent.  Intel's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

McKool 449853v3

38.    Intel's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Ericsson and its affiliates for which there is no adequate remedy at law.  Unless enjoined by this Court, Intel will continue to infringe the '223 Patent.

## COUNT VII

### Infringement of the '215 Patent

39.    Ericsson repeats and realleges the allegations in paragraphs 1-38 as though fully set forth herein.

40.    Intel has been and is now indirectly infringing the '215 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting products that are incorporated into Defendants' products that practice or embody one or more claims of the '215 Patent.  For example, the Intel WLAN-compliant products supporting compressed bitmap control field operation, when incorporated into Defendants' products, practice or embody Claims 1 and 16 of the '215 Patent.  Intel's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

41.    Intel's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Ericsson and its affiliates for which there is no adequate remedy at law.  Unless enjoined by this Court, Intel will continue to infringe the '215 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Ericsson requests the following relief:

1.    that Intel and its parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be enjoined from making, importing, using, offering for sale, selling, or causing to be sold to or for Defendants any product or service falling within the

-16-

scope of any claim of the Ericsson WLAN Patents, or otherwise infringing or contributing to or inducing infringement of any claim of the Ericsson WLAN Patents;

2.     a finding that Intel has indirectly infringed by way of inducement and/or contributory infringement, the Ericsson WLAN Patents by making, importing, using, offering for sale, selling, or causing to be sold to or for Defendants;

3.     that the Court enter judgment against Intel and in favor of Ericsson, and that Intel's Complaint in Intervention be dismissed with prejudice;

4.     that Ericsson be awarded its actual damages;

5.     that Ericsson be awarded enhanced damages pursuant to 35 U.S.C. § 284;

6.     that Ericsson be awarded pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

7.     that the Court order an accounting for damages;

8.     that the Court declare this to be an exceptional case pursuant to 35 U.S.C. § 285 and award Ericsson its attorneys' fees;

9.     alternatively, that the Court award a compulsory future royalty, in the event that an injunction does not issue;

10.     that Ericsson be awarded costs of court; and

11.     that Ericsson be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Ericsson demands a trial by jury on all issues triable of right by a jury.

McKool 449853v3

Dated: July 3, 2012

Respectfully submitted,

**MCKOOL SMITH P.C.**

By: /s/ Theodore Stevenson III
Theodore Stevenson III, Lead Attorney
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Bradley W. Caldwell
Texas State Bar No. 24040630
bcaldwell@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**ATTORNEYS FOR PLAINTIFFS**
**ERICSSON INC. and**
**TELEFONAKTIEBOLAGET LM ERICSSON**

## CERTIFICATE OF SERVICE

The foregoing document and attachments were served upon counsel for all parties who have consented to service via the Court's ECF System today, July 3, 2012

/s/ Justin Nemunaitis

McKool 449853v3