# McKool Smith

Theodore Stevenson III
Direct Dial: (214) 978-4974
tstevenson@mckoolsmith.com

300 Crescent Court
Suite 1500
Dallas, Texas 75201

Telephone: (214) 978-4000
Facsimile: (214) 978-4044

July 11, 2012

The Honorable Leonard Davis
Chief District Judge
William M Steger Federal Building and
United States Courthouse
211 W. Ferguson
Third Floor
Tyler, TX 75702

RE:    *Ericsson Inc., et al. v. D-Link Systems, Inc., et al.*, Case No. 6:10-cv-473

Dear Judge Davis:

Plaintiffs Ericsson Inc. ("Ericsson US") and Telefonaktiebolaget LM Ericsson ("LM Ericsson") (collectively, "Ericsson") respectfully submit this answering letter brief in opposition to Defendants' letter brief requesting permission to file a Motion for Summary Judgment of Invalidity of Claims 1 and 6 of U.S. Patent 6,673,352 ("the '352 patent"). (Dkt. No. 247-1).

Summary judgment is proper only upon a showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. A court must view facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence. *Thomas v. LTV Corp.,* 39 F.3d 611, 616 (5th Cir. 1994). Defendants advance both anticipation and obviousness arguments, and each fails independently. As such, Defendants' request for permission should be denied.

Claim 1 of the '352 patent discloses the following:

1. An apparatus for enabling and disabling a wireless communication device, the wireless communication device internally located within a mobile computer comprising:

a switch extending through and mounted directly to an exterior housing of the computer, the switch having no affect on enablement or disablement of the mobile computer, the switch having a first position associated with enablement of the wireless communication device and being indicative of a wireless communication device enabled status, the switch having a second position associated with disablement of the wireless communication device internally located within the

July 11, 2012
Page 2

mobile computer and being indicative of a wireless communication device disabled status; and

circuitry for enabling the wireless communication device when the switch is in the first position and disabling the wireless communication device when the switch is in the second position.

Claim 6 of the '352 patent discloses the following:

6. An apparatus for indicating the status of a wireless communication device incorporated internally within into a mobile computer comprising:

a switch directly mounted to an external housing of the mobile computer, the switch having no affect on enablement or disablement of the mobile computer, the switch having a disabled position wherein the wireless communication device is disabled, the switch further having an enabled position wherein the wireless communication device is enabled; and

a visual indicator for identifying whether the wireless communication device is enabled or disabled.

*The Asserted Claims Are Not Anticipated by U.S. Patent No. 4,991,197.*

U.S. Patent No. 4,991,197 ("the '197 patent") discloses "a communication system comprising at least a cellular phone, a telephone-type headset, a cellular transmit/receive unit (TRU), a cellular (CU) handset and a computer having at least a communications software pro-gram, a keyboard and an 1/0 port for communications." '197 patent at 1:53–56. The switch identified by Defendants is the cellular TRU power-on switch 78 in Figure 4 below:



'197 patent at Fig. 4.

Defendants summarily assert that the indication requirements of claims 1 and 6 are met because the cellular TRU power-on switch 78 has both "ON" and "OFF" positions, each of which purportedly "represents and is associated with the corresponding 'ON' or 'OFF' status of the internally located cellular transceiver unit 16." Dkt. No. 247-1 at 3. However, the orientation of the cellular TRU power-on switch 78, in and of itself, is not indicative of a wireless communication device enabled status as required by claim 1. Although a particular position may be *associated* with either an on or off status of the cellular transceiver unit 16 as

July 11, 2012
Page 3

Defendants suggest, neither status is *indicated* by the mere position of the switch 78.  Indeed, the '197 patent does not even disclose which position corresponds to which status.

For the same reasons, Defendants cannot reasonably contend that the orientation of the cellular TRU power-on switch 78 provides a "visual indicator for identifying whether the wireless communication device is enabled or disabled" as required by claim 6.  Defendants posit that "[b]y observing the position of cellular transceiver unit power-on switch 78 with their eyes, a user would be able to ascertain the status of the cellular transceiver unit, i.e. wither it was 'ON' or 'OFF.'"  Dkt. No. 247-1 at 3.  This is simply incorrect.  A user viewing only the position of the cellular transceiver unit power-on switch 78, i.e. whether it is oriented to the left or the right, would have no idea whether the cellular transceiver unit 16 was turned on or off.

Furthermore, Defendants' argument presumes that the indication is to a user who is familiar with the mechanics and operation of the system.  However, the specification of the '352 makes clear that "[t]here exists a need for a mechanism to easily power off wireless communication devices within mobile personal computers *and to be able to clearly verify to airline personnel that such wireless communication devices are disabled.*"  '352 patent at 1:38–42 (emphasis added).  Whether a user with detailed knowledge of the system or access to a user manual might be able to reason whether the cellular transceiver unit 16 is on or off based solely upon the orientation of the switch 78 is irrelevant.  Instead, the switch must, itself, provide a visual indication for identifying whether the wireless communication device is enabled or disabled, and Defendants cannot show that the '197 patent discloses such limitation.

### *The Asserted Claims Are Not Anticipated by U.S. Patent No. 5,226,540.*

U.S. Patent No. 5,226,540 ("the '540 patent") discloses an "air and water tight carrying case that is adapted to safely transport a portable work station and permit the work station to be operated in a hostile environment while the case is closed."  '540 patent at 1:7–10.



'540 patent at Fig. 5.

Neither claim 1 nor claim 6 are anticipated by the '540 patent.  First, claims 1 and 6 require that the wireless communication device be internally located within a "mobile computer."  In support of this limitation, Defendants assert that the wireless communication device, the cellular phone, is located within the carrying case.  Dkt. No. 247-1 at 4.  However,

July 11, 2012
Page 4

the carrying case, itself, is not a mobile computer, and the '540 patent makes clear that the cellular phone and notebook computer, which may be contained within the carrying case, are entirely separate components. *See* '540 patent at 1:44–49 ("In general terms, an impact resistant, air and water tight carrying case is disclosed in which to safely transport a portable work station of the type having a notebook computer, printer and other peripherals, such as one or more of a cellular phone, modem, and internal DC power source.").

Second, the '540 patent does not disclose a switch either "extending through and mounted *directly* to an exterior housing of the computer" or "*directly* mounted to an external housing of the mobile computer." *See* '352 patent at claims 1 and 6 (emphasis added). Rather, the switch identified by Defendants, external transceiver power switch 23, is mounted to a carrying case which may contain a mobile computer. *See* '540 patent at Figs. 2, 5. There is, thus, no *direct* mounting of such switch to the mobile computer.

Third, the external transceiver power switch 23 does not have a "first position associated with enablement of the wireless communication device and being indicative of a wireless communication device enabled status" or a "second position associated with disablement of the wireless communication device internally located within the mobile computer and being indicative of a wireless communication device disabled status" as required by claim 1. Defendants contend that there are "open" and "closed" positions associated with the transceiver power switch 23. However, the '540 patent makes no mention of an "open" position, and Figure 2, cited by Defendants, does not suggest such a configuration. *See* '540 patent at Fig. 2. Further, there is no support for Defendants' contention that such a position, if it did exist, is indicative of a wireless communication device enabled status. Figure 2 depicts the transceiver power switch 23 as a round dial, the position of which provides no indication as to the status of the cellular phone. *See id.* For these reasons, neither of the asserted claims of the '352 patent are anticipated by the '540 patent.

### *The Asserted Claims are Not Obvious.*

The Federal Circuit has made clear that "[w]hat a reference teaches, whether there is a trend or demand in the relevant marketplace or design community, the background knowledge of one of skill in the art - these are all questions reserved for the finder of fact." *TriMed, Inc. v. Stryker Corp.*, 608 F.3d 1333, 1339–43 (Fed. Cir. 2010). Furthermore, the legal question of obviousness is based on factual issues, and "when material facts are disputed, and testimonial, documentary, and expert evidence are needed for their resolution, summary adjudication is not indicated." *Quad Envtl. Techs. Corp. v. Union Sanitary Dist.*, 946 F.2d 870, 872 (Fed. Cir. 1991). Here, Defendants' discussion of their obviousness claims are so lacking in detail that Ericsson cannot meaningfully respond. There are material questions of fact as to what a person of ordinary skill would understand and what the numerous references cited by Defendants teach. As such, summary judgment would be improper, and Defendants' request should be denied. .

In light of the issues set forth above, Ericsson respectfully asks the Court to deny Defendants' request for permission to file their proposed motion for summary judgment.

July 11, 2012
Page 5

Respectfully submitted,

Theodore Stevenson III

McKool 452587v1