# Exhibit

# 14



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

3000 K STREET, N.W. SUITE 600
WASHIINGTON, D.C. 20007-5101
202.672.5300 TEL
202.672.5399 FAX
foley.com

WRITER'S DIRECT LINE
202-672-5403
jfeldhaus@foley.com EMAIL

CLIENT/MATTER NUMBER
016910-0567

May 11, 2012

**VIA EMAIL**

Justin Nemunaitis
McKool Smith
300 Crescent Court, Suite 1500
Dallas, Texas 75201

> *Re:    Ericsson Inc., et al. v. D-Link Systems, Inc., et al.*, **Civil Action No. 6:10-cv-00473-LED (E.D. Tex.)**

Dear Justin:

This letter shall serve as part of Defendants' efforts in good faith pursuant to the Local and Federal Rules to reach an agreement with you regarding what we perceive are significant deficiencies in Ericsson's Infringement Contentions. Defendants reserve the right to seek to compel sufficient responses from the Ericsson if the parties are unable to reach agreement.

Local Patent Rule 3-1(d) requires, in part, "A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality." As you are no doubt aware, for many of the asserted claims or claim limitations Ericsson fails to identify where the element is present within each of the Accused Instrumentalities. Instead, Ericsson's citations rely solely on references to various 802.11 standards. Reference to standards only is insufficient, especially where many portions of the standard are optional or are able to be implemented in numerous ways. See Linex Technologies, Inc. v. Belkin Intern., Inc. 628 F. Supp. 2d 703 (E.D.Tex. 2008). These deficiencies are present throughout Ericsson's infringement contentions, and include, but are not limited to the following:

- '516 Patent – Except for the preamble, every claim limitation for all of the asserted claims relies only on citations to the IEEE Std. 802.11-2007 and not to anything specific within each of the Accused Instrumentalities. Moreover, the standard referred to by Ericsson identifies many optional sections.

- '019 and '568 Patents – Except for the preamble, every claim limitation for asserted claims 19 and 22 of the '019 Patent and claims 1 and 2 of the '568 Patent relies only on citations to IEEE Std. 802.11-2007 and IEEE Std. 802.11n-2009. Ericsson fails to cite to anything specific within each of the Accused Instrumentalities.

- '625 Patent – Except for the preamble, every claim limitation for asserted claim 1 relies only on citations to IEEE Std. 802.11n-2009, a book by Perahia and Stacey, IEEE Std. 802.11-2007. Ericsson fails to cite to anything specific within each of the Accused Instrumentalities.

- '223 Patent – Except for the preamble, every claim limitation for every asserted claim relies only on citations to IEEE Std. 802.11-2007, IEEE 802.11n-2009, a book by Perahia

BOSTON           JACKSONVILLE      NEW YORK          SAN FRANCISCO     TOKYO
BRUSSELS          LOS ANGELES       ORLANDO           SHANGHAI          WASHINGTON, D.C.
CENTURY CITY      MADISON           SACRAMENTO        SILICON VALLEY
CHICAGO           MIAMI             SAN DIEGO         TALLAHASSEE
DETROIT           MILWAUKEE         SAN DIEGO/DEL MAR TAMPA

4827-0339-5087.1



**FOLEY & LARDNER LLP**

May 11, 2012
Page 2

and Stacey, and a Microsoft.com website. Ericsson fails to cite to anything specific within each of the Accused Instrumentalities.

- '435 Patent - Except for the preamble, every claim limitation for every asserted claim rely only on citations to IEEE Std. 802.11-2007, IEEE 802.11n-2009, and a book by Perahia and Stacey. Ericsson fails to cite to anything specific within each of the Accused Instrumentalities.

- '215 Patent - Except for the preamble, every claim limitation for every asserted claim rely only on citations to IEEE Std. 802.11-2007 and IEEE 802.11n-2009. Ericsson fails to cite to anything specific within each of the Accused Instrumentalities.

- '468 Patent – Ericsson fails to identify any accused instrumentality with regard to the last element ("an interface for allowing electrical communication . . ."). Ericsson states in conclusory fashion that the accused products "include an interface for allowing electrical communication between the PC card slot," without any identification of the interface or the device with which the PC card slot is permitted to communicate through the interface.

- '352 Patent – With regard to the accused Acer products, Ericsson fails to identify a switch with "disabled" and "enabled" positions that indicate ("indicative of" or "indicating") whether an internal wireless communication device is either disabled or enabled. Ericsson simply states that such positions exist without any evidentiary support.

Please let Defendants know if Ericsson agrees to supplement its infringement contentions to cure these deficiencies by identifying if and how these various standards are implemented by each of the various Accused Instrumentalities. We are prepared to meet and confer with you by phone on May 16 or 17. 2012 at 2:00 pm EDT to discuss these matters. If these dates/times do not work, please advise as soon as possible with alternative dates.

Very truly yours,

/s/

John J. Feldhaus

4827-0339-5087.1

# McKool Smith

Justin Nemunaitis
Direct Dial: (214) 978-4213
jnemunaitis@mckoolsmith.com

300 Crescent Court
Suite 1500
Dallas, Texas 75201

Telephone: (214) 978-4000
Facsimile: (214) 978-4044

May 17, 2012

*VIA EMAIL*

John Feldhaus
Foley & Lardner LLP
Washington Harbour
3000 K Street, N.W.
Suite 600
Washington, D.C. 20007-5109

      RE:    *Ericsson Inc., et al. v. D-Link Corp., et al.*; 6:10-cv-473

Dear John,

I write in response to your May 11, 2012 letter regarding Ericsson's infringement contentions. We disagree with your characterization of *Linex v. Belkin* as holding that reference to standards only is insufficient for infringement contentions. Rather, the *Linex* Court stated "the use of an industry standard as the basis for infringement contentions is permissible, and in certain cases may even be sufficient to put a defendant on notice of the plaintiff's assertions of infringement." *See Linex Tech., Inc. v. Belkin Intern., Inc.*, 628 F. Supp. 2d 703, 709 (E.D. Tex. 2008). Because Defendants have not identified any substantive problems with Ericsson's infringement contentions during the past eleven months, and because your letter still does not identify any substantive deficiencies in Ericsson's infringement contentions for the 802.11 patents, we disagree that the infringement contentions are deficient.

With regard to the '468 and '352 patents, the infringement contentions identify Ericsson's theories. While your letter appears to offer your potential non-infringement arguments, we disagree that those issues render the infringement contentions deficient. The purpose of infringement contentions is not to provide expert report level infringement proof, but rather to provide notice of Ericsson's theories.

Regards,

Justin Nemunaitis

**McKool Smith**
**A Professional Corporation • Attorneys**

**Austin | Dallas | Houston | Los Angeles | Marshall | New York | Washington, DC**

McKool 445876v1

## Keener, Jason J.

**From:** Feldhaus, John J.

**Sent:** Tuesday, June 26, 2012 9:49 AM

**To:** 'Justin Nemunaitis'; 'Holly E. Engelmann'; 'Ericsson_D-Link'

**Cc:** 'zz-NETGEAR-ERICSSON (S)'; ToshibaDefendants-Ericsson; 'Dell-Ericsson@alston.com'; '#ommericsson-belkin@omm.com'; 'Brad Caldwell'; 'Guy Harrison'

**Subject:** RE: Ericsson v. Intel: Initial Disclosures

Dear Justin and Holly,

This is a request on behalf of the defendants for a meet and confer under Local Rule CV-7 on the topics below. Since the topics relate to discovery issues, Local Rule CV-7 calls for lead and local counsel be available for the meet and confer.

1. The deficiencies in Ericsson's infringement contentions as explained in the letter of May 11, 2012 from John Feldhaus to Justin Nemunaitis. The contentions are clearly defective under case law including *Linex Techs. Inc. v. Belkin Int'l, Inc.*, 628 F. Supp. 2d 703 (E.D. Tex. 2008).

2. The deficiencies in Ericsson's privilege log as outlined in the letters of March 22, 2012 and June 19, 2012 from John Feldhaus to Holly Engelmenn. Ericsson's privilege log is clearly defective under case law including as referenced in the letters.

3. Ericsson's failure to confirm that is has produced "all" documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit as required by L.P.R. 3-2(b) and as initially requested in the letter of September 28, 2011.

4. Ericsson's failure to provide a proper response to Defendants' Common Interrogatory 1 as requested in the letters of September 28, 2011 and May 2, 2012 from John Feldhaus to Justin Nemunaitis. Ericsson's response is deficient as a matter of law. See, e.g. *Invacare Corp. v. Sunrise Medical*, 2005 WL 1750271 (N.D.Ohio).

Please let us have three alternative dates and times when our request can be accommodated late this week or early next week .

Regards,

John J. Feldhaus
Foley & Lardner
3000 K Street, N.W.
Washington, D.C. 20007
email: jfeldhaus@foley.com
phone: 202-672-5403

## Keener, Jason J.

| | |
|---|---|
| **From:** | Ted Stevenson [tstevenson@mckoolsmith.com] |
| **Sent:** | Tuesday, July 03, 2012 6:25 PM |
| **To:** | Keener, Jason J. |
| **Cc:** | Justin Nemunaitis; Brad Caldwell |
| **Subject:** | RE: Ericsson v. D-Linkl: Meet and Confer |


So the record is clear, your account is one-sided and inaccurate.  I am not going to take the time to correct it - we all know what transpired.

-----Original Message-----
From: Keener, Jason J. [mailto:JKeener@foley.com]
Sent: Tuesday, July 03, 2012 5:03 PM
To: Justin Nemunaitis; Feldhaus, John J.; #Intel-Ericsson External; zz-NETGEAR-ERICSSON (S); ToshibaDefendants-Ericsson; Dell-Ericsson@alston.com; #ommericsson-belkin@omm.com; Guy Harrison; trey@yw-lawfirm.com; Brad Caldwell; Ted Stevenson; Holly E. Engelmann; Ericsson_D-Link
Subject: RE: Ericsson v. D-Linkl: Meet and Confer

Dear Justin,

The following is intended to supplement your summary:

1.  John Feldhaus explained that the contentions of Ericsson were deficient for the reasons stated in the Linex case.  When asked for the relief being sought, John explained that the contentions should be withdrawn and Ericsson should seek leave to serve new contentions.  Ted Stevenson said that Ericsson could not agree.  John asked whether Ericsson had an alternate proposal, but none was offered.  John offered to discuss the deficiencies and began with the '516 contentions.  Ted Stevenson said he was not prepared to discuss the individual contentions or explain why he considers them to be sufficient. Ted said there was nothing further to discuss.

Intel and Ericsson had a side discussion regarding contentions against Intel.  John said he would consider whether any agreement between Intel and Ericsson would resolve his clients' concerns, but made no commitment.

2.  John Feldhaus explained that that the defendants had objected to Ericsson's original privilege log and that Ericsson had served a supplemental log, which was the one being discussed.  John explained that the supplemental log continued to suffer from the same deficiencies as the original log.  John gave an example of a document being withheld on A/C grounds in which there was no author and no recipient.  John pointed out that the document custodian was not an attorney.  Ted Stevenson said that there were onesy, twosy examples of such problems but that he had not read the deficiency letter, which contained about 6 pages of A/C entry deficiencies.  Intel joined the discussion and the parties addressed numerous objectionable entries based on work product.
It was agreed the Ericsson would review the letter.  The defendants expect Ericsson to provide feedback as to its ability to supplement by Friday, July 6.

3.  John Feldhaus asked that Ericsson confirm that it had produced "all" documents evidencing the conception, reduction to practice, design, and development of each claimed invention, as required by L.P.R. 3-2(b).
Ted Stevenson responded that the Federal Rules of Civil Procedure require a reasonable search, but that Ericsson has the right to perform further investigations and produce additional documents.  Ted Stevenson also stated that Ericsson had just started interviewing a number of the inventors.  The parties disagreed on the meaning of the requirement in LPR 3-2(b) that "all" documents be produced.

4. Ericsson offered to supplement interrogatory 1 in 45 days to identify dates certain for the claimed dates of invention on a claim by claim basis.  John Feldhaus asked that Ericsson supplement in 10 days based on information currently in its possession and then finally supplement in
45 days if any new information is uncovered.  Ted Stevenson declined to supplement in less

1

than 45 days.  The discussion was cut short when Ted Stevenson had to leave.  No agreement was reached."

Please give us your comments or suggested revisions to the above.

Thank you,

Jason J. Keener
Foley & Lardner LLP
321 North Clark Street, Suite 2800, Chicago, IL 60610-4764
(312) 832-5109 (direct) / (312) 832-4700 (fax)


-----Original Message-----
From: Justin Nemunaitis [mailto:jnemunaitis@McKoolSmith.com]
Sent: Monday, July 02, 2012 6:20 PM
To: Feldhaus, John J.; '#Intel-Ericsson External'; 'zz-NETGEAR-ERICSSON (S)';
ToshibaDefendants-Ericsson; 'Dell-Ericsson@alston.com'; '#ommericsson-belkin@omm.com';
'Guy Harrison'; 'trey@yw-lawfirm.com'; Brad Caldwell; Ted Stevenson; Holly E. Engelmann;
Ericsson_D-Link
Subject: RE: Ericsson v. D-Linkl: Meet and Confer

Counsel,

Below is a summary of the points we discussed during the meet and confer today:

1.  Toshiba proposed that Ericsson drop all of its current infringement contentions and seek leave to serve new infringement contentions over Defendants' objections.  Ericsson explained that it cannot agree to that approach.
Intel proposed that Ericsson agree to supplement its infringement contentions with citations to relevant technical documents and/or source code 30 days after Ericsson gains access to Intel's source code.
Ericsson explained that its current infringement contentions are sufficient.  Ericsson will consider providing supplemental contentions with additional technical detail in a reasonable time frame (which may or may not be more than 30 days after receiving Intel's source code).
Please note, with regard to third party chipmaker production, Ericsson has only received limited document production from the chipmakers.  In addition, although Ericsson has been able to review portions of relevant source code for one Marvell chipset, it has not received complete source code production from any of the chipmakers.

2.  The parties agreed that Ericsson would review the issues raised in John Feldhaus's June 19, 2012 letter, and attempt to bucketize its privilege log entries in response.  Defendants specifically highlighted two primary areas for review: (1) entries where no attorney is listed on the chain; and (2) the work product entries.
To the extent Ericsson reviews its privilege log entries and determines that documents are not privileged, it will produce them.  To the extent Ericsson determines that it can provide additional information in its privilege log entries it will supplement accordingly.

3. Ericsson explained that it has conducted a reasonable investigation for documents within its possession, custody, or control that relate to conception and reduction to practice and that it has produced all non-privileged, responsive documents discovered as a result of that investigation.  Ericsson further explained that if it discovers additional relevant, non-privileged documents (e.g. from a non-employee inventor), it will produce them.  Ericsson reserves the right to rely on any newly discovered documents, and it recognizes that Defendants reserve the right to object if that occurs.

4.  The parties agreed that Ericsson would supplement its interrogatory response to provide specific conception dates.  Ericsson proposed supplementing its response in 45 days.

I think that sums it all up, but please let me know if I left anything out or got anything wrong.

Regards,
Justin


-----Original Message-----
From: Feldhaus, John J. [mailto:JFeldhaus@foley.com]
Sent: Monday, July 02, 2012 9:08 AM
To: '#Intel-Ericsson External'; 'zz-NETGEAR-ERICSSON (S)'; ToshibaDefendants-Ericsson;
'Dell-Ericsson@alston.com'; '#ommericsson-belkin@omm.com'; 'Guy Harrison'; 'trey@yw-
lawfirm.com'; Brad Caldwell; Ted Stevenson; Justin Nemunaitis; Holly E. Engelmann;
Ericsson_D-Link
Subject: FW: Ericsson v. D-Linkl: Meet and Confer

This will confirm that the meet and confer is scheduled for today at 3 pm CT.



-----Original Message-----
From: Brad Caldwell [mailto:bcaldwell@McKoolSmith.com]
Sent: Thursday, June 28, 2012 8:35 PM
To: Feldhaus, John J.; Ted Stevenson
Cc: Justin Nemunaitis; Holly E. Engelmann; Ericsson_D-Link; zz-NETGEAR-ERICSSON (S);
ToshibaDefendants-Ericsson; Dell-Ericsson@alston.com; #ommericsson-belkin@omm.com; Guy
Harrison; Feldhaus, John J.
Subject: Re: Ericsson v. D-Linkl: Meet and Confer

John,
3pm Central on Monday is fine.
-Brad

Brad Caldwell
(From handheld. Please excuse typos.)

On Jun 28, 2012, at 4:26 PM, "Feldhaus, John J." <JFeldhaus@foley.com>
wrote:

Dear Brad,

This is a request for a meet and confer on Monday, July 2, 2012 at 3:00 pm CT under Local
Rule CV-7 with lead and local counsel on the topics
below.    Please use the following call in information:

1. Dial your access number: 1.205.354.0280 (International); 866-234-4460
(U.S.)
2. Enter your MEETING NUMBER: *6953010* preceded and followed by the * key

Regards,

John Feldhaus

-----Original Message-----
From: Feldhaus, John J.
Sent: Tuesday, June 26, 2012 1:33 PM
To: 'Brad Caldwell'
Cc: Justin Nemunaitis; Holly E. Engelmann; Ericsson_D-Link; zz-NETGEAR-ERICSSON (S);
ToshibaDefendants-Ericsson; Dell-Ericsson@alston.com; #ommericsson-belkin@omm.com; Guy
Harrison
Subject: RE: Ericsson v. Intel: Initial Disclosures

Brad,

I will not be attending Markman Hearing, but I am available for a conference call on
Thursday or Friday.  If your team is available in the afternoon of either day, I will try
to coordinate a call with the rest of the defendants.

3

John J. Feldhaus
Foley & Lardner
3000 K Street, N.W.
Washington, D.C. 20007
email: jfeldhaus@foley.com
phone: 202-672-5403

-----Original Message-----
From: Brad Caldwell [mailto:bcaldwell@McKoolSmith.com]
Sent: Tuesday, June 26, 2012 11:59 AM
To: Feldhaus, John J.
Cc: Justin Nemunaitis; Holly E. Engelmann; Ericsson_D-Link; zz-NETGEAR-ERICSSON (S); ToshibaDefendants-Ericsson; Dell-Ericsson@alston.com; #ommericsson-belkin@omm.com; Guy Harrison
Subject: Re: Ericsson v. Intel: Initial Disclosures

John,

Do you want to talk at the courthouse after the markman hearing?

If so, please have a copy of the things you are concerned about so you can show us. Thank you.

Brad Caldwell
(From handheld. Please excuse typos.)

On Jun 26, 2012, at 8:49 AM, "Feldhaus, John J." <JFeldhaus@foley.com<mailto:JFeldhaus@foley.com>> wrote:

Dear Justin and Holly,

This is a request on behalf of the defendants for a meet and confer under Local Rule CV-7 on the topics below. Since the topics relate to discovery issues, Local Rule CV-7 calls for lead and local counsel be available for the meet and confer.

1. The deficiencies in Ericsson's infringement contentions as explained in the letter of May 11, 2012 from John Feldhaus to Justin Nemunaitis.
The contentions are clearly defective under case law including Linex Techs. Inc. v. Belkin Int'l, Inc., 628 F. Supp. 2d 703 (E.D. Tex. 2008).

2. The deficiencies in Ericsson's privilege log as outlined in the letters of March 22, 2012 and June 19, 2012 from John Feldhaus to Holly Engelmenn. Ericsson's privilege log is clearly defective under case law including as referenced in the letters.

3. Ericsson's failure to confirm that is has produced "all" documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit as required by L.P.R.
3-2(b) and as initially requested in the letter of September 28, 2011.

4. Ericsson's failure to provide a proper response to Defendants' Common Interrogatory 1 as requested in the letters of September 28, 2011 and May 2, 2012 from John Feldhaus to Justin Nemunaitis. Ericsson's response is deficient as a matter of law. See, e.g. Invacare Corp. v. Sunrise Medical, 2005 WL 1750271 (N.D.Ohio).

Please let us have three alternative dates and times when our request can be accommodated late this week or early next week .

Regards,

John J. Feldhaus
Foley & Lardner
3000 K Street, N.W.
Washington, D.C. 20007
email: jfeldhaus@foley.com<mailto:jfeldhaus@foley.com>
phone: 202-672-5403

4

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message.
Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons.  If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message.
Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not
be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons.  If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message.
Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not
be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons.  If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message.  Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the

subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.