**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| ERICSSON INC., et al., | ) |
| Plaintiff, | ) Case No. 6:10-CV-473-LED |
| v. | ) Hon. Leonard E. Davis |
| D-LINK SYSTEMS, INC., et al | ) JURY TRIAL DEMANDED |
| Defendants, | ) |
| and | ) |
| INTEL CORPORATION, | ) |
| Intervenor. | ) |

## INTEL CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO ERICSSON'S COUNTERCLAIMS

Intel Corporation ("Intel") answers Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson's (collectively "Ericsson") Counterclaims as follows:

1. This paragraph does not appear to require an answer; Intel admits, however, that Ericsson's pleading purports to contain counterclaims.

## PARTIES

2. On information and belief, Intel admits that Ericsson Inc. is a Delaware corporation with its principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

3. On information an belief, Intel admits that Telefonaktiebolaget LM Ericsson is a corporation organized under the laws of the country of Sweden with its principal place of business at Torshamnsgatan 23, Kista, 164 83 Stockholm, Sweden.

4. Admitted.

K&E .

5. Intel admits that it supplies products that are incorporated into products made by one or more of Defendants D-Link Systems, Inc. ("D-Link"); Netgear, Inc. ("Netgear"), Acer, Inc. and Acer America Corporation (collectively "Acer"), Gateway, Inc. ("Gateway"), Dell, Inc. ("Dell"), Toshiba Corporation, Toshiba America, Inc., Toshiba American Information Systems, Inc., and Toshiba America Consumer Products, LLC (collectively "Toshiba"), and Belkin International, Inc. ("Belkin"). Intel denies all other allegations in this paragraph.

## JURISDICTION AND VENUE

6. Intel admits that Ericsson's complaint alleges infringement under the United States patent laws and that the Court has subject matter jurisdiction over this case. Intel denies any remaining allegations in this paragraph.

7. Intel admits that venue for Intel's Complaint in Intervention and Ericsson's counterclaims thereto is proper in this action. Intel denies any remaining allegations in this paragraph.

8. Intel admits that this Court has personal jurisdiction over it for purposes of this particular action by virtue of the Complaint in Intervention that Intel filed with the Court. Intel denies any remaining allegations in this paragraph.

9. Intel admits that U.S. Patent No. 5,790,516 (the "'516 patent") is entitled "Pulse Shaping for a Data Transmission in an Orthogonal Frequency Division Multiplexed System," bears an issuance date of August 4, 1998, and lists Perols Leif Mikael Gudmunson, Lars Gustav Brismark, and Per-Olof Anderson as inventors. Intel admits that the face of the '516 patent lists Telefonaktiebolaget LM Ericsson as assignee, but Intel is without knowledge or information sufficient to form a belief as to whether Telefonaktiebolaget LM Ericsson is the owner of the

'516 patent and therefore denies the same. Intel denies any remaining allegations in this paragraph.

10. Intel admits that U.S. Patent No. 5,987,019 (the "'019 patent") is entitled "Multi-Rate Radiocommunication Systems and Terminals," bears an issuance date of November 16, 1999, and lists Alex Krister Raith, James Ragsdale, and John Diachina as inventors. Intel admits that the face of the '019 patent lists Telefonaktiebolaget LM Ericsson as assignee, but Intel is without knowledge or information sufficient to form a belief as to whether Telefonaktiebolaget LM Ericsson is the owner of the '019 patent and therefore denies the same. Intel denies any remaining allegations in this paragraph.

11. Intel admits that U.S. Patent No. 6,330,435 (the "'435 patent") is entitled "Data Packet Discard Notification," bears an issuance date of December 11, 2001, and lists Tawfik Lazraq and Farooq Khan as inventors. Intel admits that the face of the '435 patent lists Telefonaktiebolaget LM Ericsson as assignee, but Intel is without knowledge or information sufficient to form a belief as to whether Telefonaktiebolaget LM Ericsson is the owner of the '435 patent and therefore denies the same. Intel denies any remaining allegations in this paragraph.

12. Intel admits that U.S. Patent No. 6,424,625 (the "'625 Patent") is entitled "Method and Apparatus for Discarding Packets in a Data Network Having Automatic Repeat Request," bears an issuance date of July 23, 2002, and lists Peter Larsson and Mikael Larsson as inventors. Intel admits that the face of the '625 patent lists Telefonaktiebolaget LM Ericsson as assignee, but Intel is without knowledge or information sufficient to form a belief as to whether Telefonaktiebolaget LM Ericsson is the owner of the '625 patent and therefore denies the same. Intel denies any remaining allegations in this paragraph.

13. Intel admits that U.S. Patent No. 6,466,568 (the "'568 Patent") is entitled "Multi-Rate Radiocommunication Systems and Terminals," bears an issuance date of October 15, 2002, and lists Alex Krister Raith, James Ragsdale, and John Diachina as inventors. Intel admits that the face of the '568 patent lists Telefonaktiebolaget LM Ericsson as assignee, but Intel is without knowledge or information sufficient to form a belief as to whether Telefonaktiebolaget LM Ericsson is the owner of the '568 patent and therefore denies the same. Intel denies any remaining allegations in this paragraph.

14. Intel admits that U.S. Patent No. 6,519,223 (the "'223 Patent") is entitled "System and Method for Implementing a Semi Reliable Retransmission Protocol," bears an issuance date of February 11, 2003, and lists Stefan Henrik, Andreas Wager, and Reiner Ludwig as inventors. Intel admits that the face of the '223 patent lists Telefonaktiebolaget LM Ericsson as assignee, but Intel is without knowledge or information sufficient to form a belief as to whether Telefonaktiebolaget LM Ericsson is the owner of the '223 patent and therefore denies the same. Intel denies any remaining allegations in this paragraph.

15. Intel admits that U.S. Patent No. 6,772,215 (the "'215 Patent") is entitled "Method for Minimizing Feedback Responses in ARQ Protocols," bears an issuance date of August 3, 2004, and lists Bela Rathonyi, Joachim Sachs, Michael Meyer, Per Beming, Mathias Johansson, Christiaan Roobol, Erik Schön, and Kazuhiko Inoue as inventors. Intel admits that the face of the '215 patent lists Telefonaktiebolaget LM Ericsson as assignee, but Intel is without knowledge or information sufficient to form a belief as to whether Telefonaktiebolaget LM Ericsson is the owner of the '215 patent and therefore denies the same. Intel denies any remaining allegations in this paragraph.

16. Intel is without knowledge or information sufficient to form a belief as to whether Ericsson is the owner of the '516 patent, '019 patent, '435 patent, '625 patent, '568 patent, '223 patent, or the '215 patent ("Patents in Suit") and therefore denies the same. Intel denies any remaining allegations in this paragraph.

17. Denied.

18. Denied.

19. Intel is aware of the Patents in Suit, but denies any remaining allegations in this paragraph.

20. Denied.

## COUNT I

### Infringement of the '516 Patent

21. This paragraph does not appear to require an answer. To the extent any response is required, Intel repeats and realleges the responses to paragraphs 1-20 as if fully set forth herein.

22. Denied.

23. Denied.

## COUNT II

### Infringement of the '019 Patent

24. This paragraph does not appear to require an answer. To the extent any response is required, Intel repeats and realleges the responses to paragraphs 1-23 as if fully set forth herein.

25. Denied.

26. Denied.

## COUNT III

### Infringement of the '435 Patent

27. This paragraph does not appear to require an answer. To the extent any response is required, Intel repeats and realleges the responses to paragraphs 1-26 as if fully set forth herein.

28. Denied.

29. Denied.

## COUNT IV

### Infringement of the '625 Patent

30. This paragraph does not appear to require an answer. To the extent any response is required, Intel repeats and realleges the responses to paragraphs 1-29 as if fully set forth herein.

31. Denied.

32. Denied.

## COUNT V

### Infringement of the '568 Patent

33. This paragraph does not appear to require an answer. To the extent any response is required, Intel repeats and realleges the responses to paragraphs 1-32 as if fully set forth herein.

34. Denied.

35. Denied.

## COUNT VI

### Infringement of the '223 Patent

36. This paragraph does not appear to require an answer. To the extent any response is required, Intel repeats and realleges the responses to paragraphs 1-35 as if fully set forth herein.

37. Denied.

38. Denied.

## COUNT VII

### Infringement of the '215 Patent

39. This paragraph does not appear to require an answer. To the extent any response is required, Intel repeats and realleges the responses to paragraphs 1-38 as if fully set forth herein.

40. Denied.

41. Denied.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Ericsson to which no answer is required. Intel denies that Ericsson is entitled to any of the requested relief and denies any allegations.

## DEMAND FOR JURY TRIAL

This paragraph sets forth Ericsson's request for a jury trial to which no answer is required.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Intel alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to the responses above, Intel specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery or otherwise. Insofar as necessary, Intel incorporates fully by reference herein the averments set forth in Intel's Complaint in Intervention and any amendment or modification thereto.

1. Intel does not infringe and has not infringed (not literally, under the doctrine of equivalents, directly, contributorily, or by inducement) any claim of the '516 patent, '019 patent, '435 patent, '625 patent, '568 patent, '223 patent, or the '215 patent.

2. The claims of the '516 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 100 et seq., 101, 102, 103, and 112.

3. The claims of the '019 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 100 et seq., 101, 102, 103, and 112.

4. The claims of the '435 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 100 et seq., 101, 102, 103, and 112.

5. The claims of the '625 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 100 et seq., 101, 102, 103, and 112.

6. The claims of the '568 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 100 et seq., 101, 102, 103, and 112.

7. The claims of the '223 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 100 et seq., 101, 102, 103, and 112.

8. The claims of the '215 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 100 et seq., 101, 102, 103, and 112.

9. The claims of the '516 patent, '019 patent, '435 patent, '625 patent, '568 patent, '223 patent, and the '215 patent are barred and unenforceable as asserted, in whole or in part, by doctrines of waiver (express or implied), laches, license, and/or estoppel, including prosecution history estoppel.

10. The claims of the '516 patent, '019 patent, '435 patent, '625 patent, '568 patent, '223 patent, and the '215 patent are barred and unenforceable as asserted, in whole or in part, by the doctrine of promissory estoppel.

11. The claims of the '516 patent, '019 patent, '435 patent, '625 patent, '568 patent, '223 patent, and the '215 patent are barred and unenforceable as asserted, in whole or in part, by the doctrine of unclean hands.

12. Intel and its accused products and/or those accused products of Intel's customers are licensed, expressly or impliedly.

13. Ericsson cannot satisfy the requirements applicable to its request for injunctive relief, and Ericsson has an adequate remedy at law.

14. Ericsson's alleged damages are limited because it has not satisfied the requirements set forth under 35 U.S.C. § 287, and the limitations period further bars past damages claims.

Dated: July 24, 2012

Respectfully submitted,

*/s/ Michael E. Jones*
Michael E. Jones
SBN: 10929400
POTTER MINTON, PC
110 North College
Suite 500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
Charles Ainsworth
State Bar No. 00783521
Andrew T. Gorham

State Bar No. 24012715
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
903/531-3535
903/533-9687 - Facsimile
E-mail: rmparker@pbatyler.com
E-mail: rcbunt@pbatyler.com
E-mail: charley@pbatyler.com
E-mail: tgorham@pbatyler.com

Adam Alper
adam.alper@kirkland.com
Sarah Piepmeier
Sarah.piepmeier@kirkland.com
Kirkland & Ellis LLP
555 California Street
San Francisco, CA 94104
Tel:  (415) 439-1876
Fax: (415) 439-1500

Luke Dauchot
luke.dauchot@kirkland.com
Tim Majors
Tim.majors@kirkland.com
KIRKLAND & ELLIS LLP- Los Angeles
333 South Hope Street
Los Angeles, CA 90071
Tel: 213-680-8400
Fax: 213-680-8500

Gregory S. Arovas
Greg.arovas@kirkland.com
KIRKLAND & ELLIS LLP- New York
601 Lexington Ave
New York, NY 10022
Tel: 212-446-4800
Fax: 212-446-4900

**ATTORNEYS FOR INTERVENOR
INTEL CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on July 24, 2012 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Michael E. Jones*
Michael E. Jones