

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **ERICSSON, INC.,** *et al.*, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:10-CV-473** |
| | § | |
| **D-LINK SYSTEMS, INC.,** *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION
## ON MOTION FOR SUMMARY JUDGMENT

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, the District Court referred this proceeding the undersigned United States Magistrate for consideration of claim construction issues. *See Order* (doc. #233). Pending before the Court is the *Defendants' Motion for Summary Judgment of Invalidity of Claim 45 of U.S. Patent No. 6,772,215* (doc. #224).[1] The matter has been fully briefed and this Court heard argument on the Motion on June 27, 2012, at the time of the *Markman* hearing. *See Transcript* (doc. #255). For the reasons stated below, the

---

[1]The defendant originally also sought summary judgment of invalidity on Claim 1 of U.S. Patent No. 5,771,468, but that argument was rendered moot by the plaintiffs' voluntary dismissal of the causes of action on the '468 patent and the defendants' corresponding voluntary dismissal of the counterclaims for a declaratory judgment of invalidity on that patent. *See Stipulations* (doc. #234, doc. #235).

Court **RECOMMENDS** that Defendants' Motion be **DENIED**.

**I.        Background**

A.        The Patent and Claim at Issue

United States Patent No. 6,772,215 ("the '215 patent") provides a specific method for minimizing feedback responses in Automatic Repeat Request (ARQ) protocols.  *See '215 patent, at abstract, claim 45, Filed as Exhibit B to Motion for Summary Judgment.*  Claim 45 of the '215 patent states in relevant part, with relevant portions in bold:

"45. A system *for minimizing feedback responses* in an ARQ protocol, comprising:

* * * * *

said second peer entity including *means for receiving said plurality of first data units, and constructing one to several message fields* for a second data unit, said one to several message fields including a type identifier field and at least one of a sequence number field, a length field, a content field, a plurality of erroneous sequence number fields, and a plurality of erroneous sequence number length fields, each of said plurality of erroneous sequence number fields associated with a respective one of said plurality of erroneous sequence number length fields."

'215 patent at 12:25-26, 28-34.

B.        Issue Presented in the Motion for Summary Judgment

 In their motion, the defendants represent that the parties agree that the "means for receiving. . .and constructing" element is computer implemented, governed by 35 U.S.C. §

112, ¶ 6, and requires construction. *See Motion for Summary Judgment*, at p. 4. The defendants contend that the undisputed facts and controlling law mandate the entry of summary judgment of invalidity because the '215 patent does not contain an algorithm to support the function of this limitation under Ericsson's proposed construction. *See id.* More specifically, in their motion, defendants argue that claim 45 is invalid because Ericsson's proposals for corresponding structure do not include portions of the specification necessary to support Ericsson's interpretation of the claimed function. Defendants argue that Ericsson's proposed structure is incomplete because it omits portions of the specification relating to the claimed optimization. In response, Ericsson proffers a function and corresponding structure for the claimed function and contends that there is no "optimization" claimed in the recited function, and it would be error to import any function other than what is explicitly recited in the claim

## II.    Legal Standards

### A.    Summary Judgment Standard of Review

"Summary judgment is appropriate in a patent case, as in other cases, when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Nike Inc. v. Wolverine World Wide, Inc.,* 43 F.3d 644, 646 (Fed. Cir. 1994); FED. R. CIV. P. 56(c). Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  This rule places the initial burden on the moving party to identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548 (1986) (quoting Rule 56(c)); *Stults v. Conoco, Inc.,* 76 F.3d 651, 655-56 (5th Cir. 1996) (citations omitted).  An issue is *genuine* if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-56, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).  A fact is *material* when it is relevant or necessary to the ultimate conclusion of the case.  *Anderson*, 477 U.S. at 248.   The movant's burden is only to point out the absence of evidence supporting the nonmovant's case.  *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir.); 5th Cir.), *cert. denied*, 506 U.S. 832, 113 S. Ct. 98, 121 L. Ed.2d 59 (1992).

When the moving party has carried its burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party bears the burden of coming forward with "specific facts showing that there is a genuine issue for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In considering a motion for summary judgment, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505 (1986).  However, the non-movant may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial.  *Webb v. Cardiothoracic Surgery Assocs. of North Texas, P.A.*, 139 F.3d 532, 536 (5th

Cir. 1998).  The Court must consider all of the evidence but refrain from making any credibility determinations or weighing the evidence.  *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citation omitted).

When a moving party makes an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue.  *Matsushita*, 475 U.S. at 586.  Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment.  *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).  Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence.  *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994).  The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim.  *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment.  *Id.*; *see also Skotak.*, 953 F.2d at 915-16 & n. 7.  If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted.  *Celotex*, 477 U.S. at 322-23.

B.      Applicable Law Regarding Indefiniteness

A party seeking to invalidate a patent must overcome a presumption that the patent is valid. *See* 35 U.S.C. § 282; *United States Gypsum Co. v. National Gypsum Co.,* 74 F.3d 1209, 1212 (Fed. Cir. 1996); *Hibritech Inc. v. Monoclonal Antibodies, Inc.,* 802 F.2d 1367, 1375 (Fed. Cir. 1986). This presumption places the burden on the challenging party to prove the patent's invalidity by clear and convincing evidence. *United States Gypsum Co.,* 74 F.3d at 1212. Close questions of indefiniteness "are properly resolved in favor of the patentee." *Datamize, LLC v. Plumtree Software, Inc*., 417 F.3d 1342, 1348 (Fed. Cir. 2005); *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1380 (Fed. Cir. 2001).

Claims must be particular and distinct.  "The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention."  35 U.S.C. § 112 ¶ 2.  The primary purpose of the requirement of definiteness is to provide notice to those skilled in the art of what will constitute infringement.  *See United Carbon Co. v. Binney Co.,* 317 U.S. 228, 236 (1942). The definiteness standard is one of reasonableness under the circumstances, requiring that, in light of the teachings of the prior art and the invention at issue, the claims apprise those skilled in the art of the utilization and scope of the invention with a reasonable degree of precision and particularity.  *See Shatterproof Glass Corp. v. LibbeyOwens Corp.,* 758 F.2d 613, 624 (Fed. Cir. 1985).  To rule "on a claim of patent indefiniteness, a court must determine whether one skilled in the art would understand what is claimed when the claim

is read in light of the specification." *Bancorp. Servs., L.L.C. v. Hartford Life Ins. Co.*, 359 F.3d 1367, 1372 (Fed. Cir. 2004). "A determination of indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims, [and] therefore, like claim construction, is a question of law." *Amtel Corp. v. Info. Storage Devices, Inc.,* 198 F.3d 1374, 1378 (Fed. Cir. 1999).

A claim limitation expressed in "means plus function" language is governed by 35 U.S.C. § 112 ¶ 6. *Braun Med., Inc. v. Abbott Labs.*, 124 F.3d 1419, 1424 (Fed. Cir. 1997). This statute was intended to permit use of means expressions without recitation of all the possible means that might be used in a claimed apparatus. *O.I. Corp. v. Tekmar Co.*, 115 F.3d 1576, 1583 (Fed. Cir. 1997).

"If there is no structure in the specification corresponding to the means plus function limitation in the claims, the claim will be found invalid as indefinite." *Biomedino, LLC v. Waters Techs. Corp.*, 490 F.3d 946, 950 (Fed. Cir. 2007). "This duty to link or associate structure to function is the *quid pro quo* for the convenience of employing § 112, ¶ 6." *Default Proof Credit Card Sys., Inc. v. Home Depot U.S.A., Inc.*, 412 F.3d 1291, 1298 (Fed. Cir. 2005).

If a patent claim contains a means-plus-function limitation, the patent specification must actually disclose structure capable of performing the specified function. *See id.* at 1300-02 (finding that numerous structures proposed by Plaintiff as corresponding structures either did not perform the recited function or were not disclosed in the specification); *see*

*also Biomedino, LLC*, 490 F.3d at 950 (finding a means-plus-function term indefinite where the alleged corresponding structure was a box labeled "control" and the specification explained that the control function may be accomplished "by known differential pressure, valving and control equipment"). "The inquiry is whether one of skill in the art would understand the specification itself to disclose structure, not simply whether that person would be capable of implementing a structure." *Id.* at 953.  Structure that merely enables other structure to perform the recited function is not corresponding structure. *Asyst Techs., Inc. v. Empak, Inc.*, 268 F.3d 1364, 1371 (Fed. Cir. 2001) ("An electrical outlet enables a toaster to work, but the outlet is not for that reason considered a part of the toaster.").  Furthermore, structure disclosed in the specification must be "clearly linked" to the function recited in the claim. *Medtronic, Inc. v. Advanced Cardiovascular Sys., Inc.*, 248 F.3d 1303, 1313 (Fed. Cir. 2001); *Med. Instrumentation and Diagnostics Corp. v. Elekta AB*, 344 F.3d 1205, 1218-19 (Fed. Cir. 2003).

### III.    Discussion

Defendants allege that Claim 45 of the '215 patent is indefinite under the plaintiffs' proposed construction because it functionally claims software ("means for receiving. . .and constructing") with no corresponding algorithm as required by 35 U.S.C. § 112 ¶ 6. *See Motion*, at p.1.  The Court addressed this issue in its separate claim construction order, issued on this same date, and reiterates the same findings herein.

During the claim construction hearing, Defendants "absolutely concede[d]" that there

is adequate structure disclosed in the specification and that this issue is a claim construction issue and not a summary judgment indefiniteness issue.  *See Transcript*, pp. 61-62.  This Court agrees with Plaintiffs and finds that there is no "optimization" claimed in the recited function, and it would be error to import any function other than what is explicitly recited in the claim.  *See Micro Chemical, Inc. v. Great Plains Chemical Co., Inc.*, 194 F.3d 1250, 1258 (Fed. Cir. 1999).  Accordingly, there is a recited function with corresponding structure as further explained in this court's memorandum opinion and order construing the disputed claims of the patents at issue in this matter, including claim 45 of the '215 patent.

### IV.    Conclusion and Recommendation

Based upon the findings and legal conclusions stated herein, and incorporating the undersigned's findings as set forth in the separate memorandum opinion and order construing the claim terms of patents at issue in this case, the Court **RECOMMENDS** that *Defendants' Motion for Summary Judgment* (doc. #224) be **DENIED**.

### V.    Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), all parties are entitled to serve and file written objections to the report and recommendation of the magistrate judge within fourteen (14) days of service.  Failure to file specific, written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from  appellate review of factual findings and legal conclusions

accepted by the District Court except on grounds of plain error. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1).

**SIGNED this the 8th day of March, 2013.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE