**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| ERICSSON INC., et al., | ) | Case No. 6:10-CV-473-LED |
| | ) | |
| Plaintiffs, | ) | JURY TRIAL DEMANDED |
| | ) | |
| v. | ) | |
| | ) | |
| D-LINK SYSTEMS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE GIBLIN'S CLAIM
CONSTRUCTION ORDER AND MOTION FOR RECONSIDERATION OF SAME[1]**

---

[1] To the extent necessary, this Motion for Reconsideration should also respectfully be considered as Defendants' objections to the Memorandum and Order issued by Magistrate Judge Giblin pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72(a), and/or Eastern District of Texas Local Rule 4(B) in Appendix B of the Eastern District Local Rules. Defendants submit this filing in accordance with any rule applicable to preserving any and all of their appellate rights.

## TABLE OF CONTENTS

**Page**

A.   Objection # 1: The Opinion Is Contrary To Law Because It Does Not Give Weight To The Alleged Inventions As Described In The Specifications................1

B.   Objection # 2: "Responsive To The Receiving Step, Constructing A Message Field . . . Including A Type Identifier Field"............................................4

C.   Objection # 3: "Means For Receiving Said Plurality Of First Data Units, And Constructing One To Several Message Fields . . . Including A Type Identifier Field . . ."..............................................................5

D.   Objection # 4: "Data Packet Discard Notification Message From The Transmitter To The Receiver Indicating Data Packets The Transmitter Has Discarded".......................................................................6

E.   Objection # 5: "Separate From Said First Field".....................................7

**TO UNITED STATES DISTRICT JUDGE DAVIS:**

In order to preserve any and all of their rights to any appeal, and in accordance with the Federal Rules of Civil Procedure including rules 5, 6, and 72, 28 U.S.C. § 636(b)(1), and Rule 4 of Appendix B of the Court's Local Rules, Defendants[2] respectfully submit the following objections to Magistrate Judge Giblin's Memorandum Opinion And Order Construing Claim Terms Of United States Patent Nos. 6,772,215, 6,330,435, 5,987,019, 6,466,568, and 5,790,516 (Dkt.# 341) (herein "Opinion"). As set forth below, certain of the Opinion's claim constructions include clearly erroneous factual determinations and conclusions that are contrary to law. As such, Defendants respectfully seek an order issuing the constructions previously proposed by Defendants in Docket No. 225.[3]

## A.    Objection # 1: The Opinion Is Contrary To Law Because It Does Not Give Weight To The Alleged Inventions As Described In The Specifications

Defendants respectfully object to the constructions of the disputed terms of the patents in suit because the Opinion does not give weight to the relevant aspects of the specification. In particular, the Opinion erroneously concludes that the specification is not entitled to weight unless "the inventor acted his own lexicographer or intentionally disclaimed or disavowed claim scope." Opinion at 8.

To the contrary, the Federal Circuit has consistently held that claims "must be read in view of the specification, of which they are a part." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005) (citing *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir.

---

[2]    "Defendants" shall refer herein to D-Link, Netgear, Acer, Gateway, Dell, Toshiba, Belkin, and Intervenor Intel.

[3]    The numbering for the objections below is provided solely for convenience and in no way to limit the global applicability of the each of the objections. Objection 1, for example, applies to all claim constructions in the Court's Order and the objections below. Likewise, the objections below have such cross-over applicability as the terms cross-over to one another.

1995) *aff'd,* 517 U.S. 370 (1996)); *Nystrom v. TREX Co., Inc.*, 424 F.3d 1136, 1142 (Fed. Cir. 2005); *Retractable Technologies, Inc. v. Becton, Dickinson & Co.*, 653 F.3d 1296, 1305 (Fed. Cir. 2011); *Atl. Research Mktg. Sys., Inc. v. Troy*, 659 F.3d 1345, 1354 (Fed. Cir. 2011).  And this Court has consistently applied this Federal Circuit precedent in construing claims.  *See, e.g., EMG Tech., LLC v. Dr. Pepper Snapple Group, Inc.*, 6:10-CV-536, 2012 WL 3263588, at \*2 (E.D. Tex. Aug. 8, 2012) (Davis, J.) (quoting *Phillips*) ("Claims must be read in view of the specification, of which they are a part. … The specification is always highly relevant to the claim construction analysis. Usually, it is dispositive; it is the single best guide to the meaning of a disputed term.") (internal quotations omitted); *VirnetX Inc. v. Mitel Networks Corp.*, 6:11-CV-18, 2012 WL 3135639, at \*2 (E.D. Tex. Aug. 1, 2012) (Davis, J.) (same); *Prompt Med. Sys., L.P. v. Allscriptsmysis Healthcare Solutions, Inc.*, 6:10-CV-71, 2011 WL 6318560, at \*2 (E.D. Tex. Dec. 15, 2011) (Davis, J.) (same).

In contrast to these Federal Circuit authorities and this Court's previous holdings, the Opinion does not consider the applicants' many statements concerning the patented inventions in the specifications of the patents in suit.  Instead, the Opinion relies on *Retractable* in stating that "Judge Moore and Chief Judge Rader take the view that the claims define the metes and bounds of the patented invention and, although the specification may shed light on the plain and ordinary meaning of a claim term, it cannot be used to narrow the claim term unless the inventor acted as his own lexicographer or intentionally disclaimed or disavowed claim scope.  *Retractable*, 659 F.3d at 1360–71."  Opinion at 8.  Although the Opinion refers to a split among the judges on the Federal Circuit concerning the appropriate role of the specification in construing the claims of the patents (*see* Opinion at 8), as discussed above, the governing Federal Circuit authorities mandate that claims must always be read in view of the specification, not only in the

-2-

circumstances identified in the Order.  *Phillips* 415 F.3d at 1321–22; *Nystrom*, 424 F.3d at1145;

*see also Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996).

Additionally, the citation in the Opinion to *Retractable* is to a *dissenting* opinion from

Chief Judge Rader.  However, a dissent is not entitled to precedential effect in the view of the

majority opinion.  *Okpalobi v. Foster*, 244 F.3d 405, 415 (5th Cir. 2001) ("Although dissents

may be scholarly and persuasive to some, they are not binding law to any.").  In fact, the

*majority* in *Retractable* confirms that "[i]t is axiomatic that the claim construction process entails

more than viewing the claim language in isolation.  Claim language must always be read in view

of the written description."[4]  *Retractable*, 653 F.3d at 1305.  Moreover, this cited dissent in

*Retractable* involved whether the specification had sufficient evidence to overcome a claim

differentiation argument and is specific to the facts of the *Retractable* case.  In other contexts,

Chief Judge Rader has consistently confirmed the importance of the specification in construing

claim terms.  *Wellman, Inc. v. Eastman Chem. Co.*, 642 F.3d 1355, 1366 (Fed. Cir. 2011) (Rader,

C.J.) ("Claims must be read in view of the specification, of which they are a part.") (quoting

*Phillips*, 415 F.3d at 1315) (internal quotations omitted).  In short, the isolated statement from

the dissent from denial of rehearing en banc in *Retractable* does not limit the role of the

specification to the two circumstances articulated in the Court's Opinion.

Defendants' constructions are based on the intrinsic evidence, and the adopted claim

constructions do not properly consider the intrinsic evidence under *Retractable's* majority

opinion, thus providing a claim construction that is clearly erroneous and contrary to law.

Because the constructions of the disputed terms do not to give proper weight to the intrinsic

---

[4]   The Opinion recognizes that the majority opinion in *Retractable* filed by Judge Lourie takes "the view that the claims are limited by the 'invention' described in the specification."  Opinion at 8.

record, they should be reconsidered and construed such that they "capture the scope of the actual invention." *Retractable*, 653 F.3d at 1305.

      **B.**      **Objection # 2: "Responsive To The Receiving Step, Constructing A Message Field . . . Including A Type Identifier Field"**

Defendants also respectfully object to the Opinion's construction of "responsive to the receiving step, constructing a message field … including a type identifier field." The term should have been construed as urged by Defendants during the *Markman* process. *See, e.g.*, Docket No. 225 at 11. The Opinion's construction does not include the requirement that the message field include a field identifying the type of feedback response that is "selected from multiple available feedback responses in order to minimize the size or number of feedback responses." *See id.*

Part of the reason for this is, respectfully, that the Opinion does not properly consider the intrinsic record. As discussed above, the Opinion erroneously gives no weight to the specification, which confirms Defendants' constructions. *See Phillips*, 415 F.3d at 1315; *Nystrom*, 424 F.3d at 1142; *Retractable*, 653 F.3d at 1305; *Atl. Research Mktg. Sys.*, 659 F.3d at 1354; '215 patent at claims 1, 15, and 25 cols. 3:46–50, 4:1–40, 4:30–33, 4:42–54; 9:12–14, 9:27–50, abstract, and title; *see also* Prov. Appl. No. 60/128,517 at 8.[5]

This construction is also inconsistent with the fact that, as recognized in the Opinion, Plaintiffs *agreed* with Defendants that "the invention is the choice in the receiver of multiple different formats of messages to use and then also the creation of a type identifier field which

---

[5]    The '215 patent incorporates its provisional application by reference. *See* '215 patent at 1:6–9. As such, the provisional is part of the specification and is considered intrinsic evidence. *See Cook Biotech Inc. v. Acell, Inc.*, 460 F.3d 1365, 1375–78 (Fed. Cir. 2006).

allows the receiver to identify to the transmitter which it is choosing." Opinion at n.2 (quotations omitted); *see also* Markman Tr. at 9:18–10:2, 10:4–18, 13:17–22, 17:5–9, and 15:12–13.

Accordingly, Defendants respectfully request that the Court adopt Defendants' proposed construction for "responsive to the receiving step, constructing a message field … including a type identifier field" as set forth in Docket No. 225.

C.     **Objection # 3: "Means For Receiving Said Plurality Of First Data Units, And Constructing One To Several Message Fields . . . Including A Type Identifier Field . . ."**

Defendants also respectfully object to the Opinion's construction of the means-plus-function claim 45 of the '215 patent because, as discussed previously, the Opinion does not give proper weight to the intrinsic evidence.

As to the function, the Opinion's construction does not include the requirement that the message field include a field identifying the type of feedback response that is "selected from multiple available feedback responses in order to minimize the size or number of feedback responses." *See* Docket No. 225 at 14–15. Part of the reason for this is, respectfully, that the Opinion does not properly consider the intrinsic record. As discussed above, the Opinion erroneously gives no weight to the specification, which confirms Defendants' constructions. *See Phillips*, 415 F.3d at 1315; *Nystrom*, 424 F.3d at 1142; *Retractable*, 653 F.3d at 1305; *Atl. Research Mktg. Sys.*, 659 F.3d at 1354; *see also* '215 patent at claims 1, 15, and 25, cols. 3:46–50, 4:1–40, 4:30–33, 4:42–54; 9:12–14, 9:27–50, abstract, and title; *see also* Prov. Appl. No. 60/128,517 at 8.

In addition, the Opinion does not identify structure for claim 45 of the '215 patent sufficient show how feedback messages in the claimed function are constructed. By way of example, the adopted structure does not include Figures 4–6 and Table 1 of the '215 patent, which purport to show how to construct different feedback response types.

Accordingly, Defendants respectfully request that the Court adopt the function and corresponding structure for claim 45 of the '215 patent as set forth in Docket No. 225.

> **D.      Objection # 4: "Data Packet Discard Notification Message From The Transmitter To The Receiver Indicating Data Packets The Transmitter Has Discarded"**

Defendants also respectfully object to the Opinion's construction of "data packet discard notification message from the transmitter to the receiver indicating data packets the transmitter has discarded." The term should have been construed as urged by Defendants during the *Markman* process. *See, e.g.*, Docket No. 225 at 4. The Opinion's construction does not include the requirement that the discard message "contain[s] the identity of unacknowledged data packets the transmitter has discarded." *See id.*

Part of the reason for this is, respectfully, that the Opinion does not properly consider the intrinsic record. As discussed above, the Opinion erroneously gives no weight to the specification, which confirms Defendants' constructions. *See Phillips*, 415 F.3d at 1315; *Nystrom*, 424 F.3d at 1142; *Retractable*, 653 F.3d at 1305; *Atl. Research Mktg. Sys.*, 659 F.3d at 1354; *see also* '435 patent at claim 1, cols. 1:4–50, 2:22–34; '435 patent prosecution history, 5/17/01 Resp. to Office Action at 11.

By way of further example, the Claim Construction Order further does not consider an alternative proposed construction provided by Defendants during the *Markman* hearing that fully resolves the claim construction dispute. *See* Markman Tr. at 91:16–18. Because the Claim Construction Order does not address Defendants' *Markman* hearing proposal, and because Defendants contend that it would resolve the parties' dispute with respect to claim construction for the '435 patent, Defendants respectfully request reconsideration of the construction.

Accordingly, Defendants respectfully request that the Court adopt their proposed construction for "data packet discard notification message from the transmitter to the receiver

indicating data packets the transmitter has discarded" as set forth in Docket No. 225 or the alternative construction proposed by Defendants during the Markman hearing. *See* Markman Tr. at 91:16–18.

### E.    Objection # 5: "Separate From Said First Field"

Defendants also respectfully object to the Opinion's construction of "separate from said first field." The term should have been construed as urged by Defendants during the *Markman* process. *See, e.g.*, Docket No. 225 at 17. The Opinion's construction does not include the requirement that the payload be "separate from said first field." *See id.*

Part of the reason for this is, respectfully, that the Opinion does not properly consider the intrinsic record. As discussed above, the Opinion erroneously gives no weight to the claims and specification, which confirm Defendants' constructions. *See Phillips*, 415 F.3d at 1315; *Nystrom*, 424 F.3d at 1142; *Retractable*, 653 F.3d at 1305; *Atl. Research Mktg. Sys.*, 659 F.3d at 1354; *Tessera, Inc. v. Micron Tech., Inc.*, 423 F. Supp. 2d 624, 632 (E.D. Tex. 2006) (rejecting plaintiff's construction that effectively read a limitation out of the patent, rendering its presence superfluous) (citing *Curtiss-Wright Flow Control Corp. v. Velan, Inc.*, 438 F.3d 1374, 1379 (Fed. Cir. 2006 (rejecting broadening construction that renders limitation "nearly meaningless.")); *see also* '019 patent at claim 19 (requiring "***transmitting***" the "separate" fields "on a radio channel"), '568 patent at claim 1 (requiring a "***transmitter for transmitting***" the "separate" fields); '019 patent at cols. 2:56–60, 3:9–28, 6:37–65, 7:20–34, 8:40–47, 9:29–52, 11:53–57, 11:61–63, 12:3–13, 12:45–62, figs. 6, 7, 8, 9, 11. Not construing "separate from said first field" eliminates the key feature of the patent that the Plaintiff, Defendants, and Magistrate Judge Giblin agree upon: "that the two fields just have to be ***transmitted*** separately." Opinion at 17 (emphasis added).

In addition, the Opinion erroneously imputes a limitation into Defendants' construction—*i.e.*, that there must be some distance between the fields—that is not present and that Defendants never stated or argued as part of their construction. *See* Opinion at 18.

Accordingly, in preservation of its appellate rights and any applicable rules noted above, Defendants respectfully submit that the Court should not adopt Magistrate Judge Giblin's Opinion with respect to the above disputed claim constructions and should instead adopt those constructions previously submitted by Defendants in Docket No. 225 and during the *Markman* process.

Dated: March 22, 2013

Respectfully submitted,

*/s/ Robert M. Parker*
Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No.  00787165
Charles Ainsworth
State Bar No. 00783521
Andrew T. Gorham
State Bar No. 24012715
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile:  (903) 533-9687
E-mail: rmparker@pbatyler.com
E-mail: rcbunt@pbatyler.com
E-mail: charley@pbatyler.com
E-mail: tgorham@pbatyler.com

Adam Alper
Sarah Piepmeier
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1876
Facsimile: (415) 439-1500
adam.alper@kirkland.com
Sarah.piepmeier@kirkland.com

Luke Dauchot
Michael Woodrow De Vries
Tim Majors
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
luke.dauchot@kirkland.com
michael.devries@kirkland.com
tim.majors@kirkland.com

Gregory S. Arovas
**KIRKLAND & ELLIS LLP**
601 Lexington Ave
New York, NY 10022
Telephone: (212) 446-4800
Facsimile:  (212) 446-4900
greg.arovas@kirkland.com

Michael E. Jones (State Bar No.: 10929400)
John F. Bufe (State Bar No.: 03316930)
**POTTER MINTON, PC**
110 North College, Suite 500
Tyler, Texas 75702
Telephone: (903)597-8311
Facsimile: (903) 593-0846
mikejones@potterminton.com
johnbufe@potterminton.com
**ATTORNEYS FOR INTERVENOR INTEL CORPORATION**

*/s/ Christine M. Morgan*
Scott D. Baker, *Pro Hac Vice* (Cal. SBN 84923)
John P. Bovich, *Pro Hac Vice* (Cal. SBN 150688)
James A. Daire, *Pro Hac Vice* ( Cal. SBN 239637)
Christine M. Morgan, *Pro Hac Vice* (Cal. SBN 169350)
Adaline J. Hilgard, *Pro Hac Vice* (Cal. SBN 173213)
William R. Overend, *Pro Hac Vice* (Cal. SBN 180209)
Jonah D. Mitchell, *Pro Hac Vice* (Cal. SBN 203511)
Seth B. Herring

-9-

**REED SMITH LLP**
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: (415) 543-8700
Facsimile: (415) 391-8269
sbaker@reedsmith.com
jbovich@reedsmith.com
jdaire@reedsmith.com
ahilgard@reedsmith.com
woverend@reedsmith.com
jmitchell@reedsmith.com
sherring@reedsmith.com

Trey Yarbrough (Bar No. 22133500)
Debra E. Gunter (Bar No. 24012752)
**YARBROUGH & WILCOX, PLLC**
100 E. Ferguson, Ste. 1015
Tyler, Texas 75702
Telephone: (903) 595-3111
Facsimile: (903) 595-0191
trey@yw-lawfirm.com
debby@yw-lawfirm.com
**Counsel for Defendants, D-LINK SYSTEMS, INC., NETGEAR, INC., ACER, INC., ACER AMERICA CORPORATION, and GATEWAY, INC.**

 */s/ S.J. Christine Yang* (with permission)
S.J. Christine Yang (admitted *pro hac vice*)
Duncan Palmatier (admitted *pro hac vice*)
Victoria Hao (admitted *pro hac vice*)
**THE LAW OFFICES OF S.J. CHRISTINE YANG**
17220 Newhope Street, Suite 101
Fountain Valley, California 92708
Tel: (714) 641-4022; Fax: (714) 641-2082
E-Mail: cyang@sjclawpc.com
E-Mail: dpalm@dpalmlaw.com
E-Mail: vhao@sjclawpc.com
**Counsel for Defendant D-LINK SYSTEMS, INC.**

-10-

   */s/ Dwayne C. Norton* (with permission)
Michael J. Newton (Texas Bar No. 24003844)
Jason W. Cook (Texas Bar No. 24028537)
Dwayne C. Norton (Texas Bar No. 24076139)
Shaun W. Hassett (Texas Bar No. 24074372)
Brady Cox (Texas Bar No. 24074084)
**ALSTON & BIRD LLP**
2828 North Harwood St, Suite 1800
Dallas, TX 75201
Telephone: (214) 922-3400
Facsimile: (214) 922-3899
mike.newton@alston.com
jason.cook@alston.com
dwayne.norton@alston.com
shaun.hassett@alston.com
brady.cox@alston.com

Marsha E. Mullin (California Bar No. 93709)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Phone: (213) 576-1000
Fax: (213) 576-1100
marsha.mullin@alston.com

Frank G. Smith (Georgia Bar No. 657550)
Kamran Jivani (Georgia Bar No. 510908)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
frank.smith@alston.com
kamran.jivani@alston.com

Deron R. Dacus (Texas Bar No. 00790553)
Peter Aaron Kerr
**The Dacus Firm, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone:   (903) 705-1117
Facsimile:    (903) 581-2543
ddacus@dacusfirm.com
pkerr@dacusfirm.com
**Counsel for DEFENDANT DELL INC.**

-11-

*/s/ John Feldhaus* (with permission)
John Feldhaus
Pavan Agarwal
Liane M. Peterson
**FOLEY & LARDNER LLP**
3000 K. Street, NW, Suite 500
Washington, DC 20007
PH: (202) 672-5300
Fax: (202) 672-5399
Email:  jfeldhaus@foley.com
Email:  pagarwal@foley.com
Email:  Lpeterson@foley.com

Guy N. Harrison
Attorney at Law
217 N. Center
Longview, TX 75606
PH: (903) 758-7361
Fax: (903) 753-9557
Email:  guy@gnhlaw.com
**Counsel for TOSHIBA CORPORATION AND TOSHIBA AMERICA INFORMATION SYSTEMS, INC.**

*/s/  Ryan K. Yagura* (with permission)
Ryan K. Yagura (Bar No. 24075933)
Vision Winter (*Pro Hac Vice*)
J. Kevin Murray
**O'MELVENY & MYERS LLP**
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
vwinter@omm.com
ryagura@omm.com
kmurray2@omm.com
**Attorneys for BELKIN INTERNATIONAL, INC.**

*/s/  Eugene M. Paige* (with permission)
Robert A. Van Nest
Eugene M. Paige
Matan Shacham
**KEKER & VAN  NEST LLP**

-12-

633 Sansome Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
rvannest@kvn.com
emp@kvn.com
mshacham@kvn.com
**Attorneys for ACER, INC., D-LINK
CORPORATION and GATEWAY, INC.**

*/s/  Kaiwen Tseng* (with permission)
Kaiwen Tseng
**FREITAS TSENG & KAUFMAN LLP**
100 Marine Parkway,  Suite 200
Redwood City, CA 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301
Email:  ktseng@ftbklaw.com
**Attorneys for ACER, INC.**

-13-

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on March 22, 2013 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).


*/s/ Robert M. Parker*
Robert M. Parker

-14-