IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERICSSON, INC. *et al,* | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | Civil Action No. 6:10-cv-473 |
| v. | § | |
| | § | |
| D-LINK CORP. *et al*, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER OVERRULING OBJECTIONS TO OPINION OF UNITED STATES
MAGISTRATE JUDGE ON CLAIM CONSTRUCTION**

Plaintiffs Ericsson, Inc. *et al* filed suit against Defendants D-Link Corp. *et al*, claiming infringement of nine patents. The case was referred to United States Magistrate Judge Keith F. Giblin pursuant to 28 U.S.C. § 636 for claim construction. Judge Giblin entered a memorandum opinion construing the disputed claim terms in the patents-in-suit. Doc. # 341. Both sides have filed objections to this Order. Docs. # 345, 347.[1]

Pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b), the court has reviewed the magistrate judge's claim construction order, the parties' objections, and the record as a whole, and concludes that the magistrate judge's claim construction order was neither clearly erroneous nor contrary to law.

---

[1]The court previously overruled one objection raised by Defendants, seeking reconsideration of the magistrate judge's construction of the means-plus-function claim 45 in the '215 patent, when adopting the magistrate judge's Report and Recommendation that Defendants' motion for summary judgment of invalidity be denied. Doc. # 356.

**Plaintiffs' Objection**

Plaintiffs raise only one objection, to the magistrate judge's construction of the term "a service type identifier which identifies a type of payload information" in claim 19 of the '019 patent and claim 1 of the '568 patent. The magistrate judge construed this term to mean "an identifier that identifies the type of information conveyed to the payload. Examples of types of information include, but are not limited to, video, voice, data, and multimedia." Doc. # 341 at 19.

Plaintiffs re-urge the construction they proffered at the claim construction hearing, namely "an identifier which identifies transmission characteristics of payload information." Doc. # 347 at 2. Plaintiffs argue that by rejecting this construction, the magistrate judge did not give proper weight to the intrinsic evidence.

The magistrate judge explained in his opinion that the claim language itself clearly states that the service type identifier identifies the type of payload information, *not* transmission characteristics of the payload information. The specification of the patents itself also makes it clear that the service type identifier "informs the mobile or base station of the type of information (e.g., voice, video, or data) being conveyed in the payload. This information can be used by the receiving equipment to aid in processing the information conveyed in the payload, e.g., by knowing the channel coding rate." '019 patent at 3:9-19; *see also* claim 22 of the '019 patent (dependent from claim 19 and adding a step of changing the type of information—given as video, voice, and data—from a first type to a second type). To the extent that this is a preferred embodiment in the specification, the magistrate judge did not limit the construction to only voice, video, or data.

Plaintiffs make much of a statement by the patentee during prosecution of the '568 patent, where the patentee explained that "[d]ue to the different transmission characteristics associated with

the different types of information, it would be desirable to provide an ability for a transmitter to be able to inform a receiver of the type of information in a transmission payload." Doc. # 209-12 at Page ID# 5184. However, the specification is "the single best guide to the meaning of a disputed term." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, –F.3d–, 2013 WL 1200270 at *8 (Fed. Cir. Mar. 26, 2013) (quoting *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996)). Here, the specification of the '019 and '568 patents expressly differentiate between types of information in a payload (such as voice, video, and data), and the transmission characteristics of payload information (such as error protection or channel coding). *See, e.g.*, '568 patent at 2:27-55.

The court does not find that the magistrate judge's construction of this term was clearly erroneous or contrary to law, and overrules Plaintiffs' objections.

**Defendants' Objections**

Defendants raise five objections to the magistrate judge's claim construction. One— the objection to the construction of means-plus-function claim 45 in the '215 patent—was previously overruled when the undersigned adopted the magistrate judge's Report and Recommendation that Defendants' motion for summary judgment of invalidity be denied. Doc. # 356. Another is not an objection to a specific claim construction at all—"the opinion in contrary to law because it does not give weight to the alleged inventions as described in the specifications"—and does not request any particular relief with respect to a particular claim term.[2]

---

[2]This dispute does arise in the context of Defendants' third, fourth, and fifth objections, which are specific to claim terms, and are discussed below.

**A.**      **Objection to "responsive to receiving step, construing a message field for a second data unit, said message field including a type identifier field."**

Defendants' third objection concerns the magistrate judge's construction of the term "responsive to the receiving step, construing a message field for a second data unit, said message field including a type identifier field." This term is found in claims 1, 15, and 25 of the '215 patent. The magistrate judge construed the term to mean "responsive to the receiving step, generating a message field including a field that identifies the message type of the feedback response message from a number of different message types." Doc. # 341 at 9.

Defendants argue that the term should have been construed as they urged during claim construction: "responsive to the receiving step, generating a message field including a field identifying the type of feedback response that is selected from multiple available feedback responses in order to minimize the size of number of feedback responses." Doc. # 345 at 6. In other words, they seek to include the requirement that the message field include a field identifying the type of feedback response selected from multiple available feedback responses in order to minimize the size or number of feedback responses.

Defendants' position is that the magistrate judge's construction gives no weight at all to the specification, and that Plaintiffs agreed with Defendants that the "invention" here is the "creation of a choice in the receiver of multiple different formats of messages to use and then also the creation of a type identifier field which allows the receiver to identify to the transmitter what it is choosing." *Markman* Tr. at 13:18-22 [Doc. # 255]. Defendants neglect to point the court toward counsel's next sentences in the transcript: "But very clearly the applicant stopped and did not choose to include a

requirement that the advantage be met as an element. And that's very clear and it's expressed in the patent and we believe error to read in something the applicant didn't include" Tr. at 13:22-14:1.

This is, as the magistrate judge noted at the claim construction hearing and in his opinion, the problem presented by the Federal Circuit's opinions in *Retractable Technologies, Inc. v. Becton, Dickinson, & Co.*, 653 F.3d 1296 (Fed. Cir. 2011), *opinion denying rehearing*, 659 F.3d 1369 (Fed. Cir. 2011). While the majority opinion states that claim construction should "strive to capture the scope of the actual invention, rather than strictly limit the scope of the claim to disclosed embodiments or allow claim language to become divorced from what the specification conveys is the invention," 653 F.3d at 1305, the dissenting opinion takes the position that the specification cannot be used to narrow a claim term unless the inventor acted as his own lexicographer or intentionally disclaimed or disavowed claim scope, 659 F.3d at 1360-71.

Here, the court cannot conclude that the magistrate judge's claim construction was clearly erroneous or contrary to law. The claim language itself does not include the limitations Defendants urge, and narrowing the claims as Defendants wish would be inappropriate. This is especially true as Defendants have cherry-picked only two of the advantages set forth in the specification to add to their construction, not all of them.

**B.    Objection to "data packet discard notification message from the transmitter to the receiver indicating data packets the transmitter has discarded."**

Defendants' fourth objection is to the magistrate judge's construction of "data packet discard notification message from the transmitter to the receiver indicating data packets the transmitter has discarded." This term is found in claim 1 of the '435 patent. The magistrate judge construed the term to mean "a message that indicates data packets that the transmitter has discarded." Doc. # 341 at 16.

Defendants object to this construction, urging the construction they previously proffered: "message containing the identity of unacknowledged data packets the transmitter has discarded." Doc. # 345 at 8. Defendants again argue that the magistrate judge improperly failed to consider the specification when construing this term.[3]

The court cannot conclude that the magistrate judge's claim construction was clearly erroneous or contrary to law. Defendants' construction either imports limitations into the claim (by inserting "unacknowledged") or excludes the preferred embodiment in the '435 patent specification at 4:53-67 (by inserting "unacknowledged," this reads out the NACK embodiment set out in this passage). Defendants' objection is overruled.

**C.      Objection to "separate from said first field."**

Defendants' final objection is to the court's construction of "separate from said first field." This term is found in claim 19 of the '019 patent and claim 1 of the '568 patent. The magistrate judge determined that no claim construction was necessary. Doc. # 341 at 18.

Defendants object, arguing that the magistrate judge should have adopted their proposed construction, "in a different portion of a radio channel from said first field." Doc. # 345 at 9. Defendants again argue that the magistrate judge improperly failed to consider the  specification when deciding not to construe this term and therefore eliminates the key feature of the patents (i.e., that the two fields have to be transmitted separately).

---

[3]Defendants also suggest the magistrate judge erred by not adopting an alternate construction urged by Defendants at the *Markman* hearing, which would "resolve the parties' dispute," citing to the transcript at 91:16-18. The transcript, however, indicates that Plaintiffs still had a problem with this alternate construction. Tr. at 96:25-98:23.

This term is found in claims that require both a first field and a second field transmitted on a radio channel. There is no restriction or limitation in these claims that the two fields have to be some distance from each other on the radio channel, as Defendants' construction implies. The language of the claim itself conveys what Defendants wish to make clear: that the first and second fields are transmitted separately on a radio channel. Construing the term further is redundant and unnecessary. *See, e.g., United States Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997) ("The *Markman* decisions do not hold that the trial judge must repeat or restate every claim term in order to comply with the ruling that claim construction is for the court. Claim construction . . . is not an obligatory exercise in redundancy.").

The court cannot conclude that the magistrate judge's claim construction was clearly erroneous or contrary to law. Defendants' objection is overruled.

## Conclusion

After careful consideration of both parties' objections, the record as a whole, and the magistrate judge's claim construction opinion, the court concludes that the objected-to claim constructions are not clearly erroneous or contrary to law and OVERRULES both parties' objections.

**So ORDERED and SIGNED this 16th day of April, 2013.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

7