**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| ERICSSON INC., et al., | ) | Case No. 6:10-CV-473-LED |
| | ) | |
| Plaintiffs, | ) | JURY TRIAL DEMANDED |
| | ) | |
| v. | ) | |
| | ) | |
| D-LINK SYSTEMS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**DEFENDANTS' SUR-REPLY TO MOTION FOR PARTIAL SUMMARY JUDGMENT
THAT CERTAIN REFERENCES ARE NOT PRIOR ART UNDER 35 U.S.C. § 102**

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ..................................................................................................... 1

II.  ARGUMENT ......................................................................................................... 1

    A.  Ericsson Bears The Burden As The Party Moving For Summary Judgment ............ 1

    B.  Defendants Have Established—At A Minimum—That A Genuine Issue Of Material Fact Exists As To The ComNets Theses' Public Availability ............................... 2

    C.  Defendants Have Established—At A Minimum—That A Genuine Issue Of Material Fact Exists As To The ETSI Submissions' Public Availability ............................. 4

    D.  The Petras Thesis Predates The '435 Patent ................................................... 5

III.  CONCLUSION ...................................................................................................... 5

## <u>TABLE OF AUTHORITIES</u>

<u>**Page**</u>

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) .................................................................................................. 1, 2

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ..................................................................................................... 1

*Constant v. Advanced Micro-Devices, Inc.*,
848 F.2d 1560 (Fed. Cir. 1988) .................................................................................... 4

*First Nat. Bank of Ariz. v. Cities Serv. Co.*,
391 U.S. 253 (1968) .................................................................................................. 1, 2

*In re Lister*,
583 F.3d 1307 (Fed. Cir. 2009) .................................................................................... 4

*Northern Telecom, Inc. v. Datapoint Corp.*,
908 F.2d 931 (Fed. Cir. 1990) ................................................................................... 4, 5

*Panduit Corp. v. Dennison Mfg. Co.*,
810 F.2d 1561 (Fed. Cir. 1987) .................................................................................... 2

*United States v. Ponder*,
475 F.2d 37 (5th Cir. 1973) .......................................................................................... 5

**Rules**
L.R. CV-7 ......................................................................................................................... 1

## I.    INTRODUCTION

Ericsson's briefing seeks to divert attention from the fundamental question at issue here on summary judgment: Has Ericsson shown that there exists *no* genuine issue of material fact as to whether a person of ordinary skill in the art and sufficient interest could locate the ComNets Theses and ETSI Submissions? The evidence demonstrates that the answer is unquestionably no. Instead of addressing this question in its briefing, Ericsson simply ignores it and attempts to present the facts in the light most favorable to itself, not to Defendants.  Ericsson compounds this error by focusing solely on the burden at trial, not the requirements for summary judgment.  As such, Defendants respectfully request that Ericsson's motion be denied.[1]

## II.    ARGUMENT

### A.    Ericsson Bears The Burden As The Party Moving For Summary Judgment

Ericsson asserts that "Defendants must prove—by clear and convincing evidence—that a person of ordinary skill in the relevant art could locate and access" the relevant art, and that "Defendants have failed to introduce evidence sufficient to carry this burden" (Reply at 1), but that is simply not the test at this stage or the appropriate lens through which to analyze the evidence Defendants have proffered for purposes of summary judgment.  As the moving party, Ericsson— not Defendants—has the burden to demonstrate that no genuine issues of material fact exist as to the public availability of the prior art references it has put at issue. *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968) ("[T]he issue of material fact required by Rule 56(c) to be present to entitle a party to proceed to trial ***is not required to be resolved conclusively*** in favor of the party asserting its existence; rather, all that is required is that ***sufficient evidence supporting the claimed factual dispute*** be shown….")[2]; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Defendants, by contrast,

---

[1]    Per L.R. CV-7(a)(2), Defendants limited their sur-reply to 5 pages.  Ericsson's brief exceeds the limit by 4 pages.
[2]    Emphasis added throughout unless otherwise indicated.

must only demonstrate that there exists a genuine issue of material fact as to public availability. *First Nat. Bank of Ariz.*, 391 U.S. at 288-89; *Anderson*, 477 U.S. at 248-49; *Panduit Corp. v. Dennison Mfg. Co.*, 810 F.2d 1561, 1568 n. 9 (Fed. Cir. 1987).  Defendants have established that the prior art at issue was publicly available, and that, at a minimum, a genuine issue of fact exists.

**B.  Defendants Have Established—*At A Minimum*—That A Genuine Issue Of Material Fact Exists As To The ComNets Theses' Public Availability**

Although Ericsson persists in contending that "there is **no evidence** that the ComNets theses have been 'catalogued or indexed in a meaningful way'" (Reply at 2), Defendants have set forth direct evidence—confirmed by two percipient witnesses—that the ComNets Theses were:

- *placed on file in a publicly accessible library* (Söhnen Dep.[3] at 20:1-19, 21:19-22:5, 32:8-15, 38:1-10, Exhs. 1, 2, 3.)

- *available to anyone interested* (Petras Discl. at ¶ 6; Petras Dep. at 88:11-24; Söhnen Dep. at 12:8-13:6, 14:20-24, 16:5-19:16.)

- *indexed and catalogued* (Petras Discl. at ¶ 6; Petras Dep. at 87:7-16, 88:11-24, 89:10-90:25; Söhnen Dep. at 16:5-19:16, 38:11-39:1.)

- *searchable in two separate systems available to the public, no later than 5 days after the thesis date.*  (*See id.*)

Contrary to Ericsson's assertions, the evidence establishes that the Allegro database and card catalog were sufficiently searchable.  Ericsson ignores Dr. Petras' express statements that the Theses were indexed and searchable by author, title, keyword in the title, and also likely by keyword within the article.  *See* Petras Discl. ¶ 6 ("Student theses, such as these, could be located by using the ComNets Library card catalog or by using an Allegro terminal and searching by author, title, or keyword."); Petras Dep. at 87:7-16, 89:10-90:25 ("I'm **very sure** that it was possible to look up the concrete title *or for key words in the title*.").

Ericsson attempts to generally discount Dr. Petras' testimony by asserting that "Dr. Petras testified that he would defer to Ms. Söhnen regarding these matters" (Reply at 4), but his testimony

---

[3]    All disclosure and deposition citations refer to the exhibits to Defendants' April 17, 2013 Opposition (Dkt. 383).

2

does not support that assertion.  While he deferred to Ms. Söhnen on the issue of the library's policy regarding *when* ComNets theses would be placed in the library (Petras Dep. at 5:7-16),[4] he did *not defer* to her on issues where he had knowledge, such as use of keywords, access to the library, or what it contained.  *See id.*  Further, Ms. Söhnen's testimony corroborates Dr. Petras's— *e.g.,* that each of the ComNets Theses was placed on file, indexed, and available within 5 days after the date on each thesis.  Söhnen Dep. at 20:1-19, 21:19-22:5, 32:8-15, 38:1-10, Exhs. 1-3.

Contrary to Ericsson's assertions, the evidence also demonstrates that the ComNets library was open to the public.  It is undisputed that the library was open to the entire faculty, staff, and student body of the University.  *See* Motion at 9.  Moreover, as confirmed by Ms. Söhnen and Dr. Petras, the ComNets Theses were available in the library to members of the public for review:

> Q.    The [ComNets Theses] materials that you just described, were all of those available for review and inspection by members of the university and members of the public during the time period of 1990 to the early 2000s?
> A.    Yes.

Söhnen Dep. at 14:20-24; *see also* Petras Discl. at ¶ 6; Petras Dep. at 88:11-24 (the library's card catalogue was available for "everybody who was interested" and "looking to the book was allowed for everybody.")  While Ericsson continues to rely on Ms. Söhnen's testimony that the library was open to the public during conferences (Reply at 5), she never testified that it was *only* open to the public then.  To the contrary, she clarified shortly after that the library was open to members of the public, without qualification.  *See* Söhnen Dep. at 14:20-24.  Ericsson draws inferences in its favor, despite the fact that it could have asked Ms. Söhnen follow up questions, but chose not to.

Further, Ericsson's reliance on *Northern Telecom* is misplaced.  In that case, the prior art was in a private library, not in a publicly accessible university library.  *Northern Telecom, Inc. v.*

---

[4]    The full testimony in context is:  Q. Would you defer to Ms. Söhnen's expertise regarding library policies for making sure these types of documents are available to the public?  A. Please repeat the first part of the question.  **Q. Sure. With regard to *when* theses are made available to the public would you defer to Ms. Söhnen's expertise in that area?  A. Yes.**  Petras Dep. at 50:7-16.

3

*Datapoint Corp.*, 908 F.2d 931, 936 (Fed. Cir. 1990) ("access to the library was restricted: a pass was needed to get into the building.")  Here, members of the public were permitted to access references in the ComNets library, its card catalogue, and its online database.  Petras Discl. at ¶ 6; Petras Dep. at 88:11-24; Söhnen Dep. at 12:8-13:6, 14:20-24, 16:5-19:16.[5]  Dr. Petras explained that he had never seen anyone who was not permitted to look at books in the library, and it had an accessible copy machine.  Petras Dep. at 88:11-89:6.  Thus, Ericsson's assertion that Defendants rely solely on "metaphysical doubt" and "a scintilla of evidence" (Reply at 6) is incorrect.

**C.    Defendants Have Established—*At A Minimum*—That A Genuine Issue Of Material Fact Exists As To The ETSI Submissions' Public Availability**

Ericsson asserts that the ETSI Submissions were not publicly available because there was no standard practice for their distribution (Reply at 7), but provides no authority restricting the type of evidence that can be used to prove public availability, let alone excluding reliance on the evidence here.  "If accessibility is proved, there is ***no requirement*** to show that particular members of the public ***actually received*** the information."  *Constant v. Advanced Micro-Devices, Inc.*, 848 F.2d 1560, 1569 (Fed. Cir. 1988); *In re Lister*, 583 F.3d 1307, 1314 (Fed. Cir. 2009). Ericsson also misstates the evidence—there were multiple options for distribution, any one of which was acceptable, but there is no doubt that each of the ETSI Submissions was distributed in ***at least*** one of those ways.  Fenn. Dep. 27:25-28:9, 31:6-13, 32:17-33:22, 34:5-23, 35:23-36:7; 69:8-73:15; *see also* Fenn Discl. at ¶ 5; Petras Discl. at ¶ 8; Petras Dep. at 56:11-21, 104:24-106:18.  The common practice detailed by two separate percipient witnesses demonstrates that the ETSI Submissions were accessible to any interested person of ordinary skill.  *See id.*  Ericsson alternatively argues that Defendants must "adduce evidence showing when, how, or to whom the ***particular*** references were distributed" (Reply at 7, emphasis in original), but such evidence exists.  Dr. Petras

---

[5]    Ericsson also objects to the so-called disclaimers in some of the references.  But Dr. Petras explained that they are not restrictive and merely the equivalent of copyright notices.  *See* Petras Dep. at 110: 7-21 and Dkt. 383 at 11-12.

4

confirmed that he regularly distributed ETSI submissions via the methods described above.  Petras Discl. at ¶ 8; Petras Dep. at 56:11-21, 104:24-106:18; *see also* Fenn Dep. 87:18-89:11.  This testimony is not rebutted—Ericsson provides no evidence suggesting that the ETSI Submissions were not distributed in accordance with ETSI policies or Dr. Petras's practice.

Ericsson's assertion that "public availability does not follow merely because Ericsson employees attended ETSI meetings" (Reply at 8) misstates Defendants' arguments.  The point is not that Ericsson employees attended ETSI meetings, but that *they received the publications at the meetings*, and also that, as with other attendees, *they knew how to find them on the ETSI servers*. Malmgren Dep. at 65:19-23; *see also* Opp. (Dkt. 383) at 12-15.  And contrary to Ericsson's assertions, the ETSI Submissions were not simply disseminated within an organization—ETSI membership was open (Fenn Discl. at ¶¶ 3, 6; Fenn Dep. at 57:21-59:17); members could receive submissions via email, hard copy, FTP site, or via an ETSI server (Fenn Discl. at ¶¶ 5, 12, 24, 25; Fenn Dep. at 20:3-20, 27:25-28:9, 32:17-33, 34:5-15, 69:8-73:15); the documents were non-confidential (Fenn Discl. at ¶ 9; Fenn Dep. at 73:16-76:19); and Ericsson confirmed that its own employees, who were members, did receive such documents.  *See* Malmgren Dep. at 65:19-23.[6]

### D.    The Petras Thesis Predates The '435 Patent

Ericsson alleges for the first time in its Reply[7] that the Petras Thesis should be excluded because relying on it would violate the Best Evidence Rule.  Reply at 9.  But this assertion seeks an evidentiary ruling, and it cannot bear the burden to support a summary judgment motion.  *See, e.g.*, *United States v. Ponder*, 475 F.2d 37, 39 (5th Cir. 1973).

### III.    CONCLUSION

Defendants respectfully request that this Court deny Ericsson's motion in its entirety.

---

[6]    The only case relied upon by Ericsson for this point (Reply at 8) is readily distinguishable because here the ETSI Submissions were not restricted to the submitting company employees. *See Northern Telecom,* 908 F.2d at 936.

[7]    Defendants also incorporate by reference their Opposition arguments as to the Petras Thesis's date of availability. *See* Dkt. No. 383 at 15.

Dated: May 2, 2013                    Respectfully submitted,

*/s/ Robert M. Parker*
Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No.  00787165
Charles Ainsworth
State Bar No. 00783521
Andrew T. Gorham
State Bar No. 24012715
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile:  (903) 533-9687
E-mail: rmparker@pbatyler.com
E-mail: rcbunt@pbatyler.com
E-mail: charley@pbatyler.com
E-mail: tgorham@pbatyler.com


Adam Alper
Sarah Piepmeier
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1876
Facsimile: (415) 439-1500
E-mail:adam.alper@kirkland.com
E-mail:sarah.piepmeier@kirkland.com

Luke Dauchot
Michael W. De Vries
Tim Majors
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
E-mail: luke.dauchot@kirkland.com
E-mail: michael.devries@kirkland.com
E-mail: tim.majors@kirkland.com

Gregory S. Arovas
**KIRKLAND & ELLIS LLP**
601 Lexington Ave
New York, NY 10022
Telephone: (212) 446-4800
Facsimile:  (212) 446-4900
E-mail: greg.arovas@kirkland.com


Michael E. Jones (State Bar No.: 10929400)
John F. Bufe (State Bar No.: 03316930)
**POTTER MINTON, PC**
110 North College, Suite 500
Tyler, Texas 75702
Telephone: (903)597-8311
Facsimile: (903) 593-0846
E-mail: mikejones@potterminton.com
E-mail: johnbufe@potterminton.com

**ATTORNEYS FOR INTERVENOR INTEL CORPORATION**

*/s/ Christine M. Morgan*
Scott D. Baker, *Pro Hac Vice* (Cal. SBN 84923)
John P. Bovich, *Pro Hac Vice* (Cal. SBN 150688)
James A. Daire, *Pro Hac Vice* ( Cal. SBN 239637)
Christine M. Morgan, *Pro Hac Vice* (Cal. SBN 169350)
Adaline J. Hilgard, *Pro Hac Vice* (Cal. SBN 173213)
William R. Overend, *Pro Hac Vice* (Cal. SBN 180209)
Jonah D. Mitchell, *Pro Hac Vice* (Cal. SBN 203511)
Seth B. Herring
**REED SMITH LLP**
101 Second Street, Suite 1800
San Francisco, CA  94105
Telephone:      (415) 543-8700
Facsimile:      (415) 391-8269
E-mail: sbaker@reedsmith.com
E-mail: jbovich@reedsmith.com
E-mail: jdaire@reedsmith.com
E-mail: ahilgard@reedsmith.com
E-mail: woverend@reedsmith.com
E-mail: jmitchell@reedsmith.com

E-mail: sherring@reedsmith.com

Trey Yarbrough (Bar No. 22133500)
Debra E. Gunter (Bar No. 24012752)
**YARBROUGH & WILCOX, PLLC**
100 E. Ferguson, Ste. 1015
Tyler, Texas 75702
Telephone:        (903) 595-3111
Facsimile:        (903) 595-0191
E-mail: trey@yw-lawfirm.com
E-mail: debby@yw-lawfirm.com
**Counsel for Defendants, D-LINK SYSTEMS, INC.,  NETGEAR, INC., ACER, INC., ACER AMERICA CORPORATION, and GATEWAY, INC.**


 */s/ S.J. Christine Yang* (with permission)
S.J. Christine Yang (admitted *pro hac vice*)
Duncan Palmatier (admitted *pro hac vice*)
Victoria Hao (admitted *pro hac vice*)
**THE LAW OFFICES OF S.J. CHRISTINE YANG**
17220 Newhope Street, Suite 101
Fountain Valley, California 92708
Telephone:        (714) 641-4022
Facsimile:        (714) 641-2082
E-Mail:  cyang@sjclawpc.com
E-Mail:  dpalm@dpalmlaw.com
E-Mail:  vhao@sjclawpc.com
**Counsel for Defendant D-LINK SYSTEMS, INC.**


 */s/ Dwayne C. Norton* (with permission)
Michael J. Newton (Texas Bar No. 24003844)
Jason W. Cook (Texas Bar No. 24028537)
Dwayne C. Norton (Texas Bar No. 24076139)
Shaun W. Hassett (Texas Bar No. 24074372)
Brady Cox (Texas Bar No. 24074084)
**ALSTON & BIRD LLP**
2828 North Harwood St, Suite 1800
Dallas, Texas 75201
Telephone:        (214) 922-3400
Facsimile:        (214) 922-3899
E-mail:  mike.newton@alston.com
E-mail:  jason.cook@alston.com
E-mail:  dwayne.norton@alston.com

E-mail:  shaun.hassett@alston.com
E-mail:  brady.cox@alston.com

Marsha E. Mullin (California Bar No. 93709)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone:       (213) 576-1000
Facsimile:       (213) 576-1100
E-mail:  marsha.mullin@alston.com

Frank G. Smith (Georgia Bar No. 657550)
Kamran Jivani (Georgia Bar No. 510908)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:       (404) 881-7000
Facsimile:       (404) 881-7777
E-mail: frank.smith@alston.com
E-mail: kamran.jivani@alston.com

Deron R. Dacus (Texas Bar No. 00790553)
Peter Aaron Kerr
**The Dacus Firm, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone:       (903) 705-1117
Facsimile:       (903) 581-2543
E-mail: ddacus@dacusfirm.com
E-mail: pkerr@dacusfirm.com
**Counsel for DEFENDANT DELL INC.**

 */s/ John Feldhaus* (with permission)
John Feldhaus
Pavan Agarwal
Liane M. Peterson
**FOLEY & LARDNER LLP**
3000 K. Street, NW, Suite 500
Washington, DC 20007
Telephone:       (202) 672-5300
Facsimile:        (202) 672-5399
Email:  jfeldhaus@foley.com
Email:  pagarwal@foley.com
Email:  Lpeterson@foley.com

Guy N. Harrison
Attorney at Law
217 N. Center
Longview, TX 75606
Telephone:  (903) 758-7361
Facsimile:    (903) 753-9557
Email:  guy@gnhlaw.com

**Counsel for TOSHIBA CORPORATION AND TOSHIBA AMERICA INFORMATION SYSTEMS, INC.**

  */s/  Ryan K. Yagura* (with permission)
Ryan K. Yagura (Bar No. 24075933)
Vision Winter (*Pro Hac Vice*)
J. Kevin Murray
**O'MELVENY & MYERS LLP**
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
E-mail: vwinter@omm.com
E-mail: ryagura@omm.com
E-mail: kmurray2@omm.com

**Attorneys for BELKIN INTERNATIONAL, INC.**

  */s/  Eugene M. Paige* (with permission)
Robert A. Van Nest
Eugene M. Paige
Matan Shacham
**KEKER & VAN  NEST LLP**
633 Sansome Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
E-mail: rvannest@kvn.com
E-mail: emp@kvn.com
E-mail: mshacham@kvn.com
**Attorneys for ACER, INC., D-LINK CORPORATION and GATEWAY, INC.**

*/s/  Kaiwen Tseng* (with permission)
Kaiwen Tseng
**FREITAS TSENG & KAUFMAN LLP**
100 Marine Parkway,  Suite 200
Redwood City, CA 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301
Email:  ktseng@ftbklaw.com
**Attorneys for ACER, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on May 2, 2013 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).


*/s/ Robert M. Parker*
Robert M. Parker