IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ERICSSON INC., et al.,<br><br>**Plaintiffs,**<br><br>vs.<br><br>D-LINK CORPORATION, et al.,<br><br>**D-Links.** | **Civil Action No. 6:10-cv-473**<br><br>**JURY TRIAL DEMANDED** |

## PROPOSED JOINT FINAL PRETRIAL ORDER

The Pretrial Conference is scheduled on May 23, 2013 at 9:00 a.m. in Tyler, Texas, pursuant to the Court's Docket Control Order (Dkt. No. 102) and as amended by the Court's subsequent orders including Amended Docket Control Order (Dkt. No. 366), Local Rule CV-16(b), and Rule 16 of the Federal Rules of Civil Procedure.  The following parties submit this Joint Pretrial Order: Plaintiffs, Ericsson Inc. and Telefonaktiebolaget LM Ericsson, (collectively "Ericsson" or "Plaintiff") and all Defendants, D-Link Systems, Inc. ("D-Link"), NETGEAR, Inc. ("Netgear"), Acer, Inc., Acer America Corporation, Gateway, Inc. (together "Acer"), Dell Inc. ("Dell"), Toshiba America Information Systems, Inc., Toshiba Corporation ("Toshiba"), and Belkin International, Inc. ("Belkin"), and Intervenor Intel Corporation ("Intel") (collectively "Defendants").

## I.    COUNSEL FOR THE PARTIES

**Attorneys for Plaintiff Ericsson Inc. and Telefonaktiebolaget LM Ericsson:**

Theodore Stevenson III *(Lead Attorney)*
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com

Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Ashley N. Moore
Texas State Bar No. 24074748
amoore@mckoolsmith.com
Justin T. Nemunaitis
Texas State Bar No. 24065815
jnemunaitis@mckoolsmith.com
Holly E. Engelmann
Texas State Bar No.
hengelmann@mckoolsmith.com
Jason A. Blackstone
jblackstone@mckoolsmith.com
Ryan A. Hargrave
Texas State Bar No.
rhargrave@mckoolsmith.com
**McKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
**McKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Kevin L. Burgess
kburgess@mckoolsmith.com
**McKOOL SMITH, P.C.**
300 W 6th St
Suite 1700
Austin, TX 78701

Brandon M. Jordan
bjordan@mckoolsmith.com
**McKOOL SMITH, P.C.**
1999 K St. NW
Suite 600
Washington, DC 20006

**Attorneys for Intervenor and Defendant Intel Corporation**:

Robert M. Parker (State Bar No. 15498000)
Robert Christopher Bunt (State Bar No. 00787165)
Charles Ainsworth (State Bar No. 00783521)
Andrew T. Gorham (State Bar No. 24012715)
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
903/531-3535
903/533-9687 - Facsimile
E-mail: rmparker@pbatyler.com
E-mail: rcbunt@pbatyler.com
E-mail: charley@pbatyler.com
E-mail: tgorham@pbatyler.com

Michael E. Jones (State Bar No: 10929400)
**POTTER MINTON, PC**
110 North College
Suite 500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com

Adam Alper
adam.alper@kirkland.com
Sarah Piepmeier
Sarah.piepmeier@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Tel: (415) 439-1876
Fax: (415) 439-1500

Luke Dauchot
luke.dauchot@kirkland.com
Michael De Vries
michael.devries@kirkland.com
Tim Majors
Tim.majors@kirkland.com
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, CA 90071
Tel: 213-680-8400
Fax: 213-680-8500

Gregory S. Arovas
Greg.arovas@kirkland.com
Oliver C. Bennett
oliver.bennett@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Ave
New York, NY 10022
Tel: 212-446-4800
Fax: 212-446-4900


**Attorneys for Defendants D-LINK Systems, Inc., NETGEAR, Inc., Acer, Inc., Acer America Corporation, and Gateway, Inc.**:

Scott D. Baker, Pro Hac Vice (Cal. SBN 84923)
John P. Bovich, Pro Hac Vice (Cal. SBN 150688)
Christine M. Morgan, Pro Hac Vice (Cal. SBN 169350)
Jonah D. Mitchell, Pro Hac Vice (Cal. SBN 203511)
James A. Daire, Pro Hac Vice (Cal. SBN 239637)
Seth B. Herring, Pro Hac Vice (Cal. SBN 253907)
**REED SMITH LLP**
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269
Email: sbaker@reedsmith.com
Email: jbovich@reedsmith.com
Email: cmorgan@reedsmith.com
Email: jmitchell@reedsmith.com
Email: jdaire@reedsmith.com
Email: sherring@reedsmith.com

Robert A. Van Nest
rvannest@kvn.com
Eugene M. Paige
emp@kvn.com
Matan Shacham
mshacham@kvn.com
**KEKER & VAN NEST LLP**
633 Battery Street
San Francisco, CA 94111
Tel.  415.391.5400
Fax.  415.397.7188

Trey Yarbrough (Bar No. 22133500)
Debby E. Gunter (Bar No. 24012752)
**YARBROUGH WILCOX GUNTER, PLLC**
100 E. Ferguson, Ste. 1015
Tyler, Texas 75702
Telephone: +1 903 595 3111
Facsimile: +1 903 595 0191
Email: trey@yw-lawfirm.com
Email: debby@yw-lawfirm.com

**Attorneys for Defendants D-LINK Systems, Inc.:**

S.J. Christine Yang (admitted pro hac vice)
Duncan Palmatier (admitted pro hac vice)
Victoria Hao (admitted pro hac vice)
**THE LAW OFFICES OF S.J. CHRISTINE YANG**
17220 Newhope Street, Suite 101
Fountain Valley, California 92708
Tel: (714) 641-4022; Fax: (714) 641-2082
Email: cyang@sjclawpc.com
Email: dpalm@dpalmlaw.com
Email: vhao@sjclawpc.com

**Attorneys for Defendant Dell Inc.:**

Michael J. Newton (Texas Bar No. 24003844)
Jason W. Cook (Texas Bar No. 24028537)
Dwayne C. Norton (Texas Bar No. 24076139)
Shaun W. Hassett (Texas Bar No. 24074372)
Brady Cox (Texas Bar No. 24074084)
**ALSTON & BIRD LLP**
2828 North Harwood St, Suite 1800
Dallas, TX 75201
Phone: (214) 922-3400
Fax: (214) 922-3899
Email: mike.newton@alston.com
Email: jason.cook@alston.com
Email: stacey.white@alston.com
Email: dwayne.norton@alston.com
Email: shaun.hassett@alston.com
Email: brady.cox@alston.com

Marsha E. Mullin (California Bar No. 93709)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor

Los Angeles, CA 90071
Phone: (213) 576-1000
Fax: (213) 576-1100
Email: marsha.mullin@alston.com

Frank G. Smith (Georgia Bar No. 657550)
Kamran Jivani (Georgia Bar No. 510908)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
Email: frank.smith@alston.com
Email: kamran.jivani@alston.com

Deron R. Dacus (Texas Bar No. 00790553)
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

**Attorneys for Defendants Toshiba Corporation**
**and Toshiba American Information Systems, Inc.:**

John Feldhaus
Pavan Agarwal
Andrew R. Cheslock
**FOLEY & LARDNER LLP**
3000 K. Street, NW, Suite 500
Washington, DC 20007
PH: (202) 672-5300
Fax: (202) 672-5399
Email: jfeldhaus@foley.com
Email: pagarwal@foley.com
Email: acheslock@foley.com

Kevin J. Malaney
**FOLEY & LARDNER LLP**
777 E. Wisconsin Avenue
Milwaukee, WI 53202
PH: (414) 319-7067
Email: kmalaney@foley.com

Guy N. Harrison

Attorney at Law
217 N. Center
Longview, TX 75606
PH: (903) 758-7361
Fax: (903) 753-9557
Email: guy@gnhlaw.com

**Attorneys for Defendants Belkin International, Inc.:**

Ryan K. Yagura (Bar No. 24075933)
Dawn Sestito (Pro Hac Vice)
Vision Winter (Pro Hac Vice)
J. Kevin Murray (Pro Hac Vice)
**O'MELVENY & MYERS LLP**
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

## II.    STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 1 *et seq.*

Venue and personal jurisdiction are not disputed in this case.

## III.    NATURE OF ACTION

- **Ericsson's Statement Regarding the Description of the Case**

This is a patent infringement lawsuit.  Ericsson alleges that Defendants directly and indirectly infringe U.S. Patent Nos. 5,987,019 ('019 Patent), 6,466,568 ('568 Patent), 6,330,435 ('435 Patent), 6,424,625 ('625 Patent), 6,519,223 ('223 Patent), and 6,772,215 ('215 Patent). Ericsson further alleges that Defendants' infringement is and has been willful.  Additionally, Ericsson alleges that Defendants infringe either literally or, in the alternative, under the doctrine of equivalents.  Ericsson seeks both pre-verdict and post-verdict damages up to the time of

judgment to compensate Ericsson for Defendants' alleged acts of infringement, but in no event less than a reasonable royalty, as well as injunctive relief against future acts of infringement by Defendants under 35 U.S.C. § 283.  In the alternative, Ericsson contends that any denial of a permanent injunction should be conditioned on payment of reasonable royalties for future litigation.  Ericsson also seeks prejudgment and post judgment interests and costs, pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285, as well as treble damages against Defendants.

- **Defendants' Statement Regarding the Description of the Case**

This is a patent infringement lawsuit.  Plaintiffs Ericsson allege that they are the owners by assignment of the following United States patents: United States Patent No. 5,987,019 ("the '019 patent"), United States Patent No. 6,330,435 ("the '435 patent"), United States Patent No. 6,424,625 ("the '625 patent"), United States Patent No. 6,466,568 ("the '568 patent"), United States Patent No. 6,519,223 ("the '223 patent"), United States Patent No. 6,772,215 ("the '215 patent"), and United States Patent No. 5,790,516 ("the '516 patent") (collectively, the "patents-in-suit").[1]  Ericsson also alleges that each of the Defendants infringes the '568,'019, '625, '435 and '215 patents and that Intel and those defendants using Intel-supplied chips infringe the '223 patent.  Specifically, Ericsson alleges that: (1) D-Link infringes the '568, '019, '625, '435, and '215 patents; (2) NETGEAR infringes the '568, '019, '625, '435 and '215 patents; (3) Belkin infringes the '568, '019, '625, '435 and '215 patents; (4) Acer infringes the '568, '019, '625,

---

[1] Ericsson has dropped its accusations of infringement relating to the '516 patent, but Ericsson's proposed covenant not to sue on the '516 patent is insufficient to resolve the parties' claims concerning that patent because (1) it is improperly time-limited to exclude future identical products operating in accordance with the same accused standard; and (2) it improperly carves out identical products sold by Intel to other customers who not defendants in this case.  Defendants are seeking leave to file a summary judgment motion to fully resolve Ericsson's claims relating to the '516 patent.

'435, '215, and '223 patents; (5) Dell infringes the '568, '019, '625, '435, '215, and '223 patents; (6) Toshiba infringes the '568, '019, '625, '435, '215, and '223 patents; and (7) Intel infringes the '568, '019, '625, '435, '215, and '223 patents. In addition, Ericsson alleges that Defendants' infringement is, and has been, willful. Ericsson seeks monetary damages for Defendants' alleged infringement in the form of a reasonable royalty. Ericsson states that it also reserves the right to seek injunctive relief following a finding of infringement of any of the patents-in-suit.

Defendants contend that they do not and have not infringed any of the patents-in-suit. Defendants further contend that the asserted claims of the patents-in-suit are invalid because they are anticipated (*i.e.*, not novel), they would have been obvious to a person skilled in the art, and/or because Ericsson failed to comply with the requirements of the Patent Act to adequately describe and enable the invention to a person skilled in the art. Defendants also assert that Ericsson is not entitled to any damages, that any damages that can be awarded to Ericsson are limited by Ericsson's obligation to license the patents-in-suit on reasonable and non-discriminatory ("RAND") bases, that Ericsson has breached its RAND obligations by refusing to license its patents in a manner consistent with RAND, has breached its contractual obligations to offer RAND licenses, that Ericsson is estopped from seeking damages due to its breach of its RAND obligations and unclean hands, and that its damages claims are barred due to laches. Defendants further seek a declaration that they do not infringe the patents-in-suit, and that such patents are invalid. If one or more of the asserted claims are found to be valid and if Defendants are found to have infringed such claims, in addition to denying that Ericsson is entitled to any damages, Defendants deny that their alleged infringement was willful and further deny that

enhanced damages are appropriate.  Defendants further deny that injunctive relief is appropriate.

Defendants seek their attorneys' fees pursuant to 35 U.S.C. § 285, as well as costs.

## IV.    CONTENTIONS OF THE PARTIES

- **Ericsson's Statement of its Contentions**

By providing these Contentions, Ericsson does not concede that all of these issues are appropriate for trial.  In addition, Ericsson does not waive any of its motions *in limine* or motions for summary judgment.

1.    In this case, Ericsson contends that Defendants directly infringe claims 1-4 of the '568 patent; claims 19 and 22-24 of the '019 patent; claim 1 of the '625 patent; claims 1 and 2 of the '435 patent; claims 1, 2, 4, 6, 8, 25, 26, 29, 32, 34, 45, 46, 49, 52, and 54 of the '215 patent; and claims 1-3, 11-14, 19, 21, and 22, of the '223 patent under 35 U.S.C. §§ 271 and 281-285, literally and/or under the doctrine of equivalents, by making, using, offering for sale, selling, importing into the United States certain IEEE 802.11n products that implemented 802.11n functionality that practice the asserted claims of the '568, '019, '223, '625, '435, and '215 patents, without authority or license from Ericsson.  Ericsson further contends that Defendants indirectly infringe the claims of the '568, '019, '223, '625, '435, and '215 patents literally and/or under the doctrine of equivalents.

2.    Ericsson contends that the inventions embodied by the asserted claims of the '568 patent are entitled to the effective filing date of October 15, 1996.

3.    Ericsson is the owner of all rights, title, and interest in and to the '568 patent by assignment and possesses all rights of recovery under the '568 patent.

4.    Ericsson contends that the inventions embodied by the asserted claims of the '019 patent are entitled to the effective filing date of October 15, 1996.

5.      Ericsson is the owner of all rights, title, and interest in and to the '019 patent by assignment and possesses all rights of recovery under the '019 patent.

6.      Ericsson contends that the inventions embodied by the asserted claims of the '223 patent are entitled to the effective filing date of April 6, 1999.

7.      Ericsson is the owner of all rights, title, and interest in and to the '223 patent by assignment and possesses all rights of recovery under the '223 patent.

8.      Ericsson contends that the inventions embodied by the asserted claims of the '625 patent are entitled to the effective filing date of July 1997.

9.      Ericsson is the owner of all rights, title, and interest in and to the '625 patent by assignment and possesses all rights of recovery under the '625 patent.

10.      Ericsson contends that the inventions embodied by the asserted claims of the '435 patent are entitled to the effective filing date of March 18, 1999.

11.      Ericsson is the owner of all rights, title, and interest in and to the '435 patent by assignment and possesses all rights of recovery under the '435 patent.

12.      Ericsson contends that the inventions embodied by the asserted claims of the '215 patent are entitled to the effective filing date of April 9, 1999.

13.      Ericsson is the owner of all rights, title, and interest in and to the '215 patent by assignment and possesses all rights of recovery under the '215 patent.

14.      Ericsson contends that it has been damaged by Defendants' conduct and seeks pre-verdict and post-verdict damages up to the time of judgment adequate to compensate for the infringement by Defendants, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest and costs as fixed by the Court.

15. Ericsson contends that this case is exceptional and that Ericsson is entitled to reasonable attorneys' fees and costs (and consultant fees and costs) pursuant to 35 U.S.C. § 285.

16. Ericsson contends that Defendants' infringement is and has been willful and thus requests that the Court award to Ericsson enhanced damages pursuant to 35 U.S.C. § 284, as well as supplemental damages for any continuing post-verdict infringement up until entry of final judgment and an accounting for damages if necessary.

17. Ericsson contends that it is entitled to an injunction against Defendants. In the alternative, Ericsson contends that any denial of an injunction should be conditioned on payment of reasonable royalties for future infringement, including during any stay of an injunction pending appeal.

18. Ericsson denies Defendants' defenses and declaratory judgment claims, including that the patents-in-suit are invalid, unenforceable, and not infringed by Defendants.

19. Ericsson denies that Defendants are entitled to their costs, a declaration that this case is exceptional and their attorneys' fees.

20. Ericsson contends that jurisdiction is proper in this Court.

21. Ericsson contends that venue is proper in the United States District Court for the Eastern District of Texas.

22. Ericsson contends that Defendants have sold, offered for sale, used and/or imported in the United States, various infringing products and methods of use including but not limited to:

    (a)    Belkin products such as adapters, routers, switches, range extenders, and wireless cards into which the accused IEEE 802.11n functionality is integrated or included. Such Belkin product numbers include: F9L1001, F9K1001, F9K1102, F7D5301, F9K1002, F7D6301, F9L1101, F9K1002,

F9K1105, F9K1105, F7D1101, F9K1106, F7D1102, F7D8302-OSS, F5D8236-4, F5D8235-4, F6D4230-4, F7D8301, F7D5301-TG, F7D6301-TG, F7D4101, F7D8301-PLT2, F7D8302-TG, F7D6301rw, F7D5301rw, F7D5301q, E9K1500, E9L1500, F7D8301-CC-PLT, F9K1004, E2S4000, E9L6000, E9K3000, E9K6000, F7D6301q F7D8301q, F7D8302q, E9K2000, DX-NRUTER, DX-NUSB, DX-NNBC, F7D4301, F7D1301, F7D4302, and F7D2301.

(b)     D-Link products such as adapters, routers, and access points into which the accused IEEE 802.11n functionality is integrated or included.  Such D-Link product numbers include: DIR-601, DWA-140, DIR-615, DIR-655, DWA-130, DWA-131, DAP-1522, DWA-121, DIR-632, DIR-825, DWA-552, DAP-2553, DWA-160, DIR-628, DWA-130-SW, DIR-615-SW, DAP-1350, DAP-2590, DKT-408, DAP-2360, DWA-652, DIR-657, DIR-855, DIR-685, DWA-566, DHP-W306AV, DAP-3520, DSL-2740B, DAP-2310, DAP-2555, DSR-500N, DAP-2690, DHP-1565, DAP-3525, DAP-3690, DAP-2565, and DIR-600.

(c)     Netgear products such as adapters, routers, range extenders, access points, firewalls, media players, and upgrade kits into which the accused IEEE 802.11n functionality is integrated or included.  Such Netgear product numbers include: WNR2000, WNR1000, WNDA3100, CG3000D, WNDR3400, WNDR3400, WGR614, WN3000RP, WNCE2001, WN2000RPT, WNDR3700, WNDR3300, DGN1000, WNR3500L, DGN2000, WNDR4000, WN311B, WN2500RP, DGN2200, WNDR4500, WNA1100, WNDR3800, WN511B, DGN3500, WN604, DGND3300, WNR834B, DGND3700, WNB2100, WNAP210, WNR854T, NTV250, WN802T, WNHDE111, SRXN3205, MBRN3000, WNDAP350, WNHDEB111, WNAP320, WNDRMAC, WN121T, CG3000DCR, WNDAP330, DGN2200M, WNR834M, WNEB3100, WNB511BDL, WNR2200, and WNR612.

(d)     Acer products such as notebooks, netbooks, tablets, desktops, and phones into which the accused IEEE 802.11n functionality is integrated or included.  Such Acer product numbers include:  A500, AO521, AO522, AO531h, AO532h, AO533, AO721, AO722, AOA150, AOD250, AOD255, AOD257, AOD260, AR1600, AR3610, AR3700, AS1410, AS1430, AS1551, AS1830, AS2930, AS3820, AS3830, AS3935, AS4253, AS4330, AS4530, AS4535, AS4540, AS4551, AS4552, AS4720, AS4730, AS4736, AS4820, AS5250, AS5251, AS5252, AS5253, AS5253, AS5334, AS5335, AS5336, AS5520, AS5532, AS5534, AS5535, AS5536, AS5542, AS5551, AS5552, AS5553, AS5720, AS5730, AS5733, AS5735, AS5738, AS5739, AS5740, AS5741, AS5742, AS5745, AS5750, AS5820, AS5920, AS6530, AS6920, AS6930, AS6930, AS6935, AS7250, AS7520, AS7535, AS7540, AS7551, AS7551, AS7720, AS7730, AS7735, AS7736, AS7738, AS7740, AS7741, AS7745, AS7750, AS8730, AS8735, AZ3100,

AZ3101, AZ3731, AZ5600, AZ5610, AZ5700, AZ5761, E100, EC14, EC14D, EC18, EC19C, EC39C, EC54, EC58, eM350, eMD725, eME440, eME442, eME525, eME527, eME527, eME528, eME627, ER1401, ER1402, EX4230, EX4620, EX4630, EX5230, EX5235, EX5430, EX5620, EX5630, EX5635, EX7620, EZ1601, FO200, ICONIA, ID49C, ID57H, ID58, ID59C, LT20, LT25, LT27, LT32, M-68, M-68Q, MD73, NV44, NV50A, NV51, NV51B, NV52, NV53, NV53A, NV54, NV55C, NV55S, NV56, NV57H, NV58, NV59, NV59C, NV73, NV73A, NV78, NV79, NV79C, P-68W, P-78, P-78W, RL100, TC73, TM4020, TM4720, TM4730, TM4740, TM4750, TM5530, TM5542, TM5720, TM5730, TM5740, TM5742, TM5760, TM6292, TM6293, TM6493, TM6593, TM6594, TM8172, TM8371, TM8372, TM8471, TM8472, TM8571, TM8572, VL480G, VN260G, VN281G, VN282G, VZ280G, VZ290G, VZ410G, VZ431G, ZX4300, ZX4351, ZX4800, ZX4931, ZX4951, ZX6800, ZX6810, ZX6900, ZX6951, and ZX6961.

(e)   Dell products such as laptops and other devices into which the accused IEEE 802.11n functionality is integrated or included.  Such Dell products include those products that contain the following chipsets:[2] BCM4313, INT6200, INT6300, BCM43224, AR9285, BCM43224/BCM43228, AR9280, INT6250, INT5100, BCM4322, INT5300, BCM4321, INT1000, BCM43228, INT4965, and INT2200.

(f)   Toshiba products such as laptops, blu-ray players, tablets, TVs, and all-in-one PCs, into which the accused IEEE 802.11n functionality is integrated or included.  Such Toshiba product numbers include: PSC0YU, PSC08U, PSK1WU, PSC2EU, PLL50U, PSK2CU, PDA01U, PSC16U, PSLU0U, PSC12U, PSLV6U, PSAT6U, PSK0QU, PLL3AU, BDX2250KU, PSAY1U, PLL2PU, PSC72U, PSK3JU, PSCBQU, PSK40U, PSK0YU, PSC00U, PSK2LU, PSK3SU, PSK0GU, PSC3UU, PSC6AP, PSC9JU, PSK32U, PSC04U, PSAW0U, PSAT9U, PSC4AU, PSMQ1U, PSAT0U, PSCBLU, PSLU6U, PSPJ1U, PST3LU, PSK4GU, PSK3AU, PSC4SU, PSC00P, PSLXJU, PSLY1U, PT324U, PSE20U, PSPKAU, PST2LU, PQX33U, PSK60U, PSK8GM, PSK2UU, PSKFUU, PSPLAU, PSU9BU, PSKA8U, 55SL417U, PST3AU, PSC34U, PSKBQU, PSC9AP, PSAW3U, PLL3FU, 46SL417U, PSKBGU, PT224U, PSKGGU, PSKAYU, PT314U, PSKFQU, PSC09U, PSC34P, 40S51U, PT321U, PSC7SU, PSC2FU, PSAY3U, PSAW6U, PSC8AU, 42SL417U, PSPJ5U, PSU82U, PT311U, PSAX0U, PSKFLU, PPM78U, PSMPBU, PSK7CU, PLL3DU, PSPKEU, 55TL515U, PSLQ0U, PSPLEU, PSLW0U, PSK00U, PLL3EU, PSC9AM, PTSE3U, PT42NU, PSC14U, PTSE0U, PT525U, PST4LU, PSC8SU, PSPHJU, PSLY0U, 47TL515U, PSCA2U, PSC13U,

---

[2] A complete list of the 622 Dell accused products are set forth in the March 4, 2013 expert report of John Bone at Exhibit 2.5.1.  Because Dell's product designations are lengthy, a reference to their constituent chipsets is presented here for brevity.

PSKA8M, PSC10U, PSPG0U, PSLWJU, PLL2XU, PSK16M, PSC2NU, PT43NU, PSC01U, PSCB2P, PSLU1U, PSCBAU, PSAX3U, PSBY1U, PSMLYU, PTME0U, 42TL515U, PTSE1U, PT524U, PT310U, PSBZ1U, PSC1AU, PSC2EM, PT520U, PSK0HU, PDA03U, PSC4WU, PSPGSU, 24SL415U, PSAT3U, PTME3U, PSAU6U, PSC34M, PSK16U, 55L6200U, PSC9JM, PPM79U, PT331U, PSU4RU, PT235U, PSC02P, 32SL415U, PST4AU, PSK2GU, 32TL515U, PSK4YU, PT429U, PSC2SM, PT320U, PSCB6P, PTMB3U, PSC02U, PSAZ1U, PT42GU, PSK2YU, PSK08U, 47L6200U, PSBY3U, PSC2GU, PTME1U, PSCBGU, PSPGJU, PSE11U, PPM75U, PTMB1U, PSK1WM, PSK2YM, PSMLBU, PTSB1U, 46UL610U, PSKACU, 55UL610U, PT42FU, PT225U, PSC0YM, PSK4GM, PSC2EP, PSMK2U, PSAW9U, PSLW8U, PTSB3U, 55L7200U, PST3BU, PQQ16U, PPR60U, PSK32M, PT534U, 65UL610U, PSMPDU, PSU6SU, PSU83U, PST1AU, PT530U, PT43GU, PSC01P, PSCB2M, PSKFNU, PSK01U, PT535U, PSBY5U, PSLW1U, PSCBEU, PSCB6M, PSKG2M, 47L7200U, PT439U, PSPG8U, PSKF6M, PSK8GU, PSK36U, PSU4SU, PSKBLU, PSU9CU, 42L6200U, PT535P, PTRB3U, PSK2QU, PSMQ3U, PST1BU, PT42HU, PSCBLM, PLW10U, PT331P, PTRB1U, PSU9MU, PSK98U, PSLU9U, PSMLMU, PTMB0U, PQX32U, PT528U, PSLU3U, PSU4SM, PSC6CP, PSMKCU, PSMR1U, PSSBEU, PSCBUU, PSK04U, PSPJ1M, PSMPMU, PSKGJU, PSPLXM, PQQ20U, PSPCCU, PPR50U, PSLN0U, PT330U, PSPD8U, PSLQ1U, PSU8CU, PT235M, PSU5EU, PSLN8U, PT43FM, PSMPPU, PPA60U, PPM82U, PPM81U, PT534M, PQX31U, PSSBAU, PSSE0U, PSPE0U, PSMGDU, PPR61U, PT531U, PT43CU, PT538U, PPA61U, PT331M, PT43HU, PTS53U, PQQ14U, PPM81A, PSLM3U, PSLB9U, PPM70U, PSALWU, PTS52U, PSPB3U, PSLD9U, PSPBGU, PSU31U, PSU44U, PQF55U, PSAG4U, PSU45U, PSALEU, PQG43U, PSPB9U, PSAG0U, PSAG8U, PSLE8U, PSLD8U, PSU48U, PSALMU, PSPC8U, PSLB8U, PSAGCU, PSMD8U, PSU52U, PSPE8U, PSAL6U, PSE10U, PSAP3U, PSMG2U, PSAP0U, and PSLL0U.

(g)    Intel wireless chipsets included in the Defendants' products into which the accused IEEE 802.11n functionality is integrated or included, including but not limited to the following chipsets: INT100, INT1000, INT1030, INT130, INT2200, INT2230, INT4965, INT5100, INT5300, INT6200, INT6205, INT6230, INT6250, and INT6300.

Ericsson reserves the right to amend the accused products as Defendants supplement financial data regarding the accused products. A complete list of the accused products are set forth in the March 4, 2013 expert report of John Bone.

- **Defendants' Statement of Their Contentions**

By providing these Contentions, Defendants not concede that all of these issues are appropriate for trial.  In addition, Defendants do not waive any of their motions *in limine* or motions for summary judgment.

### 1.    Non-Infringement

1.    Defendants deny that they infringe—directly or indirectly—any of asserted claims 1-4 of the '568 patent, either literally or under the doctrine of equivalents.

2.    Defendants deny that they infringe—directly or indirectly—any of asserted claims 19 and 22-24 of the '019 patent, either literally or under the doctrine of equivalents.

3.    Defendants deny that they infringe—directly or indirectly—asserted claim 1 of the '625 patent, either literally or under the doctrine of equivalents.

4.    Defendants deny that they infringe—directly or indirectly—any of asserted claims 1 and 2 of the '435 patent, either literally or under the doctrine of equivalents.

5.    Defendants deny that they infringe—directly or indirectly—any of asserted claims 1, 2, 4, 6, 8, 25, 26, 29, 32, 34, 45, 46, 49, 52 and 54 of the '215 patent, either literally or under the doctrine of equivalents.

6.    Defendants deny that they infringe—directly or indirectly—any of asserted claims 1-3, 11-14, 19, 21 and 22 of the '223 patent, either literally or under the doctrine of equivalents.

7.    Defendants deny that they infringe—directly or indirectly—any of asserted claims 1 and 6 of the '516 patent, either literally or under the doctrine of equivalents.[3]

### 2.    Invalidity

---

[3]    As noted *supra* in footnote 1, while Ericsson is no longer asserting the '516 patent Defendants are seeking leave to file a summary judgment motion to fully resolve the parties disputes regarding this patent.

8. Defendants contend that the asserted claims of the '568 patent are invalid under 35 U.S.C. § 102 due to anticipation by one or more prior art references.

9. Defendants contend that the asserted claims of the '568 are invalid under 35 U.S.C. § 103 due to obviousness in light of one or more prior art references.

10. Defendants contend that the asserted claims of the '568 patent are invalid under 35 U.S.C. § 112 due to lack of adequate written description, lack of enablement and/or indefiniteness.

11. Defendants contend that the asserted claims of the '568 patent are not entitled to a priority date earlier than the October 15, 1996 filing date of U.S. Patent Application Serial No. 08/725,643.

12. Defendants contend that the asserted claims of the '019 patent are invalid under 35 U.S.C. § 102 due to anticipation by one or more prior art references.

13. Defendants contend that the asserted claims of the '019 patent are invalid under 35 U.S.C. § 103 due to obviousness in light of one or more prior art references.

14. Defendants contend that the asserted claims of the '019 patent are invalid under 35 U.S.C. § 112 due to lack of adequate written description, lack of enablement and/or indefiniteness.

15. Defendants assert that the '019 patent is not entitled to a priority date any earlier than the October 15, 1996 filing date of U.S. Patent Application Serial No. 08/725,643.

16. Defendants contend that the asserted claim of the '625 patent is invalid under 35 U.S.C. § 102 due to anticipation by one of more prior art references.

17. Defendants contend that the asserted claim of the '625 is invalid under 35 U.S.C. § 103 due to obviousness in light of one or more prior art references.

18.     Defendants contend that the asserted claim of the '625 patent is invalid under 35 U.S.C. § 112 due to lack of adequate written description, lack of enablement and/or indefiniteness.

19.     Defendants asserted that the '625 patent is not entitled to a priority date any earlier than the October 28, 1998 filing date of U.S. Patent Application Serial No. 09/179,952.

20.     Defendants contend that the asserted claims of the '435 patent are invalid under 35 U.S.C. § 102 due to anticipation by one or more prior art references.

21.     Defendants contend that the asserted claims of the '435 patent are invalid under 35 U.S.C. § 103 due to obviousness in light of one or more prior art references.

22.     Defendants contend that the asserted claims of the '435 patent are invalid under 35 U.S.C. § 112 due to lack of adequate written description, lack of enablement and/or indefiniteness.

23.     Defendants assert that the '435 patent is not entitled to a priority date any earlier than the March 18, 1999 filing date of U.S. Patent Application Serial No. 09/271,319.

24.     Defendants contend that the asserted claims of the '215 patent are invalid under 35 U.S.C. § 102 due to anticipation by one or more prior art references.

25.     Defendants contend that the asserted claims of the '215 patent are invalid under 35 U.S.C. § 103 due to obviousness in light of one or more prior art references.

26.     Defendants contend that the asserted claims of the '215 patent are invalid under 35 U.S.C. § 112 due to lack of adequate written description, lack of enablement and/or indefiniteness.

27.     Defendants assert that the '215 patent is not entitled to a priority date any earlier than the April 9, 1999 filing date of U.S. Patent Application Serial No. 60/128,517.

28.     Defendants contend that the asserted claims of the '223 patent are invalid under 35 U.S.C. § 102 due to anticipation by one or more prior art references.

29.     Defendants contend that the asserted claims of the '223 are invalid under 35 U.S.C. § 103 due to obviousness in light of one or more prior art references.

30.     Defendants contend that the asserted claims of the '223 patent are invalid under 35 U.S.C. § 112 due to lack of adequate written description, lack of enablement and/or indefiniteness.

31.     Defendants assert that the '223 patent is not entitled to a priority date any earlier than the April 6, 1999 filing date of U.S. Patent Application Serial No. 09/287,392.

32.     Defendants contend that the asserted claims of the '516 patent are invalid under 35 U.S.C. § 102 due to anticipation by one or more prior art references.

33.     Defendants contend that the asserted claims of the '516 patent are invalid under 35 U.S.C. § 103 due to obviousness in light of one or more prior art references.

34.     Defendants contend that the asserted claims of the '516 patent are invalid under 35 U.S.C. § 112 due to lack of adequate written description, lack of enablement and/or indefiniteness.

35.     Defendants assert that the '516 patent is not entitled to a priority date any earlier than the July 14, 1995 filing date of U.S. Patent Application Serial No. 08/502,633.

**3.     Damages**

36.     In the event that the jury finds any of the asserted claims of the patents-in-suit valid and infringed, Defendants deny that Ericsson is entitled to any damages.

37.     Defendants contend that any damages sought by Ericsson are limited by Ericsson's obligation to license the patents-in-suit on RAND bases.

38.     Defendants contend that Ericsson has breached its obligation to license its patents on RAND terms.

39.     Defendants contend that Ericsson is not entitled to damages based on the entire market value of Defendants' accused products.

40.     Defendants contend that the doctrine of laches bars Ericsson from obtaining damages due to its intentional delay in bringing suit and ensuing prejudice to Defendants from Ericsson's unreasonable delay.

41.     Defendants contend that Ericsson is estopped from asserting the patents-in-suit due to promissory estoppels and/or unclean hands.

42.     Defendants deny that Ericsson is entitled to pre-judgment or post-judgment interest, costs or attorneys fees.

43.     Defendants deny that Ericsson is entitled to injunctive relief.

**4.     Non-Willfulness**

44.     Defendants contend that Ericsson cannot meet its burden of proving by clear and convincing evidence that any Defendant willfully infringed any asserted claim and that Ericsson is entitled to enhancement of damages under 35 U.S.C. § 284.

**5.     Declaratory and Other Affirmative Relief**

45.     Defendants are entitled to a declaration that that they do not infringe—directly or indirectly—any of asserted claims 1-4 of the '568 patent, either literally or under the doctrine of equivalents.

46.     Defendants are entitled to a declaration that that they do not infringe—directly or indirectly—any of asserted claims 19 and 22-24 of the '019 patent, either literally or under the doctrine of equivalents.

47. Defendants are entitled to a declaration that that they do not infringe—directly or indirectly—asserted claim 1 of the '625 patent, either literally or under the doctrine of equivalents.

48. Defendants are entitled to a declaration that that they do not infringe—directly or indirectly—any of asserted claims 1 and 2 of the '435 patent, either literally or under the doctrine of equivalents.

49. Defendants are entitled to a declaration that that they do not infringe—directly or indirectly—any of asserted claims 1, 2, 4, 6, 8, 25, 26, 29, 32, 34, 45, 46, 49, 52 and 54 of the '215 patent, either literally or under the doctrine of equivalents.

50. Defendants are entitled to a declaration that that they do not infringe—directly or indirectly—any of asserted claims 1-3, 11-14, 19, 21 and 22 of the '223 patent, either literally or under the doctrine of equivalents.

51. Defendants are entitled to a declaration that that they do not infringe—directly or indirectly—any of asserted claims 1 and 6 of the '516 patent, either literally or under the doctrine of equivalents.

52. Defendants are entitled to a declaration that asserted claims 1-4 of the '568 patent are invalid for failure to meet the conditions of patentability of 35 U.S.C. §§ 102, 103 and/or 112.

53. Defendants are entitled to a declaration that asserted claims 19 and 22-24 of the '019 patent are invalid for failure to meet the conditions of patentability of 35 U.S.C. §§ 102, 103 and/or 112.

54. Defendants are entitled to a declaration that asserted claim 1 of the '625 patent is invalid for failure to meet the conditions of patentability of 35 U.S.C. §§ 102, 103 and/or 112.

55. Defendants are entitled to a declaration that asserted claims 1 and 2 of the '435 patent are invalid for failure to meet the conditions of patentability of 35 U.S.C. §§ 102, 103 and/or 112.

56. Defendants are entitled to a declaration that asserted claims 1, 2, 4, 6, 8, 25, 26, 29, 32, 34, 45, 46, 49, 52 and 54 of the '215 patent are invalid for failure to meet the conditions of patentability of 35 U.S.C. §§ 102, 103 and/or 112.

57. Defendants are entitled to a declaration that asserted claims 1-3, 11-14, 19, 21 and 22 of the '223 patent are invalid for failure to meet the conditions of patentability of 35 U.S.C. §§ 102, 103 and/or 112.

58. Defendants are entitled to a declaration that asserted claims 1 and 6 of the '516 patent are invalid for failure to meet the conditions of patentability of 35 U.S.C. §§ 102, 103 and/or 112.

59. Defendants are entitled to a declaration that Ericsson has breached is contractual obligations by failing to license its patents in a manner consistent with its RAND obligations.

60. Defendants are entitled to a declaration that Ericsson is estopped from asserting the patents-in-suit due to its breach of its RAND obligations.

61. Defendants are entitled to a declaration that Ericsson is estopped from asserting the patents-in-suit due to its unclean hands.

62. Defendants are entitled to recover reasonable costs and attorneys fees pursuant to 35 U.S.C. § 285.

## V. STIPULATIONS AND UNCONTESTED FACTS

The parties agree to the following stipulations and uncontested facts.

- **Ericsson's and Defendants' Statement of Uncontested Facts**

1. The '568 patent has an earliest filing date of October 15, 1996, and was issued on October 15, 2002.

2. The '568 patent is entitled "Multi-rate radiocommunication systems and terminals."

3. Claims 1-4 of the '568 patent are at issue and asserted in this case against Defendants.

4. The '019 patent has an earliest filing date of October 15, 1996, and was issued on November 16, 1999.

5. The '019 patent is entitled "Multi-rate radiocommunication systems and terminals."

6. Claims 19 and 22-24 of the '019 patent are at issue and asserted in this case against Defendants.

7. The '223 patent has an earliest filing date of April 6, 1999, and was issued on February 11, 2003.

8. The '223 patent is entitled "System and method for implementing a semi reliable retransmission protocol."

9. Claims 1-3, 11-14, 19, 21 and 22 of the '223 patent are at issue and asserted in this case against Intel and those Defendants using Intel-supplied chips.

10. The '625 patent has an earliest filing date of October 28, 1998, and was issued on July 23, 2002.

11. The '625 patent is entitled "Method and apparatus for discarding packets in a data network having automatic repeat request."

12.     Claim 1 of the '625 patent is at issue and asserted in this case against Defendants.

13.     The '435 patent has an earliest filing date of March 18, 1999, and was issued on December 11, 2001.

14.     The '435 patent is entitled "Data packet discard notification."

15.     Claims 1 and 2 of the '435 patent are at issue and asserted in this case against Defendants.

16.     The '215 patent has an earliest filing date of April 9, 1999, and was issued on August 3, 2004.

17.     The '215 patent is entitled "Method for minimizing feedback responses in ARQ protocols."

18.     Claims 1, 2, 4, 6, 8, 25, 26, 29, 32, 34, 45, 46, 49, 52, and 54 of the '215 patent are at issue and asserted in this case against Defendants.

19.     Venue is proper in the United States District Court for the Eastern District of Texas, Tyler Division, in this case only.

## VI.    CONTESTED ISSUES OF FACT AND LAW

The Parties identify the following issues of fact that remain to be litigated.  To the extent any issue of law discussed below is deemed to be an issue of fact, it is incorporated into this section.  The Parties reserve the right to identify additional factual or legal issues that may arise, including issues raised in any motions *in limine*.

- **Ericsson's Statement of Contested Issues of Fact and Law**

By providing this Statement, Ericsson does not concede that all of these issues are appropriate for trial.  In addition, Ericsson does not waive any of its pending motions.

1.     Whether each Defendant directly and/or indirectly infringes claims 1-4 of the '568 patent.

2.     Whether each Defendant directly and/or indirectly infringes claims 19 and 22-24 of the '019 patent.

3.     Whether each Defendant directly and/or indirectly infringes claim 1 of the '625 patent.

4.     Whether each Defendant directly and/or indirectly infringes claims 1 and 2 of the '435 patent.

5.     Whether each Defendant directly and/or indirectly infringes claims 1, 2, 4, 6, 8, 25, 26, 29, 32, 34, 45, 46, 49, 52, and 54 of the '215 patent.

6.     Whether Intel and those Defendants using Intel-supplied chips directly and/or indirectly infringe  claims 1-3, 11-14, 19, 21, and 22 of the '223 patent.

7.     Whether Defendants' infringement is willful.

8.     Whether Ericsson is entitled to enhanced damages pursuant to 35 U.S.C. § 284, and if so, the dollar amount of the enhancement.

9.     Whether this case is an exceptional case pursuant to 35 U.S.C. § 285 and whether Ericsson is entitled to an award of attorneys' fees.

10.     Whether Ericsson is entitled to damages to compensate for Defendants' infringement, and, if so, the dollar amount of pre-verdict and post-verdict damages to the time of judgment adequate to compensate for the infringement of the patent-in-suit, but in no event less than a reasonable royalty.

11.     Whether Ericsson is entitled to costs, and, if so, the dollar amount of their costs.

12. Whether Ericsson is entitled to prejudgment and post-judgment interest, and, if so, the dollar amount of prejudgment and post-judgment interest.

13. Whether Ericsson is entitled to an injunction against Defendants pursuant to 35 U.S.C. § 283, requiring Defendants to refrain from directly infringing, contributing to, or inducing the infringement of the patents-in-suit in the United States.

14. Whether any denial of an injunction should be conditioned on payment of reasonable royalties for future infringement, and if so, the royalty amount set for future infringement and a means or mechanism to account for future royalty payments, including during any stay of an injunction pending appeal.

15. Whether Defendants have proven by clear and convincing evidence that the claims of the patents-in-suit are invalid because they are anticipated by prior art references identified by the Defendants under 35 U.S.C. § 102.

16. Whether Defendants have proven by clear and convincing evidence that the claims of the patent-in-suit are obvious under 35 U.S.C. § 103 in view of prior art references identified by the Defendants.

17. Any issues of fact that are determined to constitute issues of law are hereby designated as such, and vice versa. Ericsson also incorporates by reference the contested issues raised in its pending motions. *See* Section X, *infra*.

- **Defendants' Statement of Its Contested Issues of Fact and Law**

Defendants identify their contested issues of fact and law that remain to be litigated. Defendants reserve the right to identify additional issues of fact and law that may arise. By providing this Statement, Defendants do not concede that all of these issues are appropriate for

trial.  In particular, Defendants do not waive any of their pending or future filed motions which, if granted, would render some or all of these issues moot.

1.    Whether Defendants infringe—directly or indirectly—any of asserted claims 1-4 of the '568 patent, either literally or under the doctrine of equivalents.

2.    Whether Defendants infringe—directly or indirectly—any of asserted claims 19 and 22-24 of the '019 patent, either literally or under the doctrine of equivalents.

3.    Whether Defendants infringe—directly or indirectly—asserted claim 1 of the '625 patent, either literally or under the doctrine of equivalents.

4.    Whether Defendants infringe—directly or indirectly—any of asserted claims 1 and 2 of the '435 patent, either literally or under the doctrine of equivalents.

5.    Whether Defendants infringe—directly or indirectly—any of asserted claims 1, 2, 4, 6, 8, 25, 26, 29, 32, 34, 45, 46, 49, 52 and 54 of the '215 patent, either literally or under the doctrine of equivalents.

6.    Whether Intel and those Defendants using Intel-supplied chips infringe—directly or indirectly—any of asserted claims 1-3, 11-14, 19, 21 and 22 of the '223 patent, either literally or under the doctrine of equivalents.

7.    Whether Defendants infringe—directly or indirectly—any of asserted claims 1 and 6 of the '516 patent, either literally or under the doctrine of equivalents.

8.    Whether asserted claims 1-4 of the '568 patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

9.    Whether asserted claims 19 and 22-24 of the '019 patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

10.    Whether asserted claim 1 of the '625 patent is invalid under 35 U.S.C. §§ 102, 103, and/or 112.

11.    Whether asserted claims 1 and 2 of the '435 patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

12.    Whether asserted claims 1, 2, 4, 6, 8, 25, 26, 29, 32, 34, 45, 46, 49, 52 and 54 of the '215 patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

13.    Whether asserted claims 1-3, 11-14, 19, 21 and 22 of the '223 patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

14.    Whether asserted claims 1 and 6 of the '516 patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

15.    Whether Ericsson is entitled to damages of any kind, including any prejudgment or post-judgment interests, costs, or attorneys fees and if so, the proper amount of any reasonable royalty damages and whether that amount should be in the form of a lump sum payment that extends for the life of the patents.

16.    Whether Ericsson is entitled to a reasonable royalty based on the entire market value of Defendants' accused products.

17.    Whether Defendants' alleged infringement was willful.

18.    Whether, if willfulness is found, Ericsson is entitled to enhanced damages, supplemental damages, or any accounting for damages or attorneys' fees, expenses, or costs.

19.    Whether Defendants are entitled to a declaration that they do not infringe any of the asserted claims of the patents-in-suit.

20.    Whether Defendants are entitled to a declaration that the patents-in-suit are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

21.     Whether this action is an exceptional case such that Ericsson is entitled to its costs and/or attorney's fees and, if so, the proper amount of such costs and/or attorney's fees.

22.     Whether this action is an exceptional case such that Defendants are entitled to their costs and/or attorney's fees and, if so, the proper amount of such costs and/or attorney's fees.

23.     Whether the '625 Patent is entitled to a conception date of July 5, 1997 and whether the named inventors were diligent in attempting to reduce the alleged invention to practice from July 5, 1997 to October 28, 1998.

24.     Whether Ericsson has breached its obligations to license its patents on RAND terms.

25.     Whether Defendants are entitled to relief due to Ericsson's breach of its RAND obligations.

26.     Whether Defendants are entitled to relief due to Ericsson's breach of its contractual obligations.

27.     Whether Ericsson is estopped from asserting the patents-in-suit due to promissory estoppel and/or unclean hands.

28.     Whether Ericsson's damages claims are barred due to laches.

29.     Whether Ericsson is entitled to injunctive relief.

30.     Any issues of fact that are determined to constitute issues of law are hereby designated as such, and vice versa. Defendants also incorporate by reference the contested issues raised in their pending motions.  *See* Section X, *infra*.

- **Ericsson's Statement Regarding Issues to be Decided by the Court**

1.      Ericsson reserves the right to object to the language and substance of any proposed instructions and questions on the issues of obviousness.

2.      Ericsson contends that any limitations on claim scope under the doctrine of equivalents requires determination by the Court, should not be submitted to the jury, and the jury should not be advised of the defense.

3.      Ericsson contends that all issues related to Ericsson's claims for post trial issues such as injunctive relief, exceptional case, enhanced damages, attorney's fees, post- and pre-trial interest, and post-trial damages as well as Defendants' defenses of laches, estoppel, implied license/exhaustion, acquiescence, and waiver require determination by the Court, should not be submitted to the jury, and the jury should not be advised of the request for injunction or the defenses.

4.      Ericsson contends that the Court must determine whether or not Defendants have been objectively reckless in their infringement of the patents.

- **Defendants' Statement Regarding Issues to be Decided by the Court**

1.      Defendants contend that their claims for breach of contract, promissory estoppel, unclean hands, and laches based on, *inter alia*, Ericsson's unreasonable and highly discriminatory licensing practices in violation of Ericsson's obligations to license its patents on reasonable and non-discriminatory (RAND) terms, including by seeking to impose unreasonable and discriminatory royalty rates on Defendants, should be determined by the Court.  Defendants likewise contend that the maximum royalty rate that Ericsson can recover as damages in this case by virtue of its RAND obligations should be determined by the Court.  Such an approach was recently adopted by Judge James Robart in *Microsoft Corp. v. Motorola, Inc., et al.*, No. 2:10-cv-01823, Dkt. No. 680, ¶ 308 (Apr. 25, 2013) by agreement of the parties.

2.    Defendants contend that the Court should determine that Ericsson is not entitled to damages based on the entire market value of Defendants' accused products.

3.    Defendants contend that all issues related to Ericsson's claim for enhanced damages, if appropriate, require determination by the Court, should not be submitted to the jury, and should not be presented to the jury as to evidence relating solely thereto.

4.    Defendants contend that all issues related to Ericsson's claim for attorneys' fees, if appropriate, require determination by the Court, should not be submitted to the jury, and should not be presented to the jury as to evidence relating solely thereto.

5.    Defendants contend that all issues related to Ericsson's claims for prejudgment interest, if appropriate, require determination by the Court, should not be submitted to the jury, and should not be presented to the jury as to evidence relating solely thereto.

6.    Defendants contend that injunctive relief is an equitable issue reserved for the Court's discretion, and should be determined solely by the Court.

7.    Defendants contend that Ericsson does not have sufficient evidence of alleged willfulness to satisfy the objective prong of the test for willfulness, and the Court should determine that to be the case as a matter of law.

## VII.    LIST OF WITNESSES

- Ericsson's Witness List is attached as **Exhibit A**.
- Ericsson's Rebuttal Witness List is attached as **Exhibit B.**
- Defendants' Witness List is attached as **Exhibit C**.
- Defendants' Rebuttal Witness List is attached as **Exhibit D**.

## VIII.   DEPOSITION DESIGNATIONS

The parties have exchanged deposition designations, rebuttal designations and objections to deposition designations, and objections to rebuttal deposition designations and counter-designations, which are attached as follows:

- Ericsson's Deposition Designations, including objections and counter-designations are attached as **Exhibit E**.[4]

- Defendants' Deposition Designations, including objections and counter-designations are attached as **Exhibit F**.[5]

The Parties will meet and confer regarding their respective objections in order to strive to resolve all objections and issues prior to presenting them to the Court.  In addition, the parties have been conferring and, based on those conferences, Defendants intend to file a motion seeking to increase the limit on the total time for their deposition designations to an extent.  Ericsson has confirmed in these conferences that it will not oppose a motion to increase that limit to 15 hours per side.  To the extent that the parties' further conferences about these issues lead to further reduction of their respective designations and/or elimination of their respective objections, the parties will file updated versions of the designations and objections hereto.

## IX.   LIST OF EXHIBITS

The parties have exchanged exhibit lists and objections to exhibit lists, which are attached as follows:

- Ericsson's Trial Exhibit List is attached as **Exhibit G**.

- Defendants' Trial Exhibit List is attached as **Exhibit H**.

---

[4]   Final objections to counter-counter designations will be supplemented by the parties.

[5]   Final objections to counter-counter designations will be supplemented by the parties.

- Ericsson's objections to Defendants' Exhibit List is attached as **Exhibit I**.

- Defendants' objections to Ericsson's Exhibit List is attached as **Exhibit J**.

The Parties will meet and confer regarding their respective objections in order to strive to resolve all objections and issues prior to presenting them to the Court.  In addition, the parties have been conferring and, based on those conferences, the parties have filed a joint motion seeking to increase the limit on the total number of exhibits on the parties' respective lists.  *See* Dkt. No. 413.  To the extent that the parties' further conferences about these issues lead to further reduction of their respective exhibit lists and/or elimination of their respective objections, the parties will file updated versions of the exhibit lists and objections attached hereto.

## X.     LIST OF PENDING MOTIONS

| Docket Number | Motion |
|---|---|
| 361 | Plaintiffs' *Daubert* Motion to Strike the Expert Report and Exclude the Testimony of David Cabello |
| 364 | Defendants' *Daubert* Motion to Exclude the Opinions of Mr. John R. Bone Regarding Issues Related to Damages |
| 402 | Defendants' Motion to Compel Plaintiff to Produce Certain Clawed Back Documents |
| 413 | Joint Motion to Exceed Limits on Trial Exhibit Lists |

## XI.     PROBABLE LENGTH OF TRIAL

Ericsson estimates the probable length of trial will be 6 days.  Ericsson requests 15 hours per side for direct, cross, and rebuttal examination.  Ericsson further requests 30 minutes per side for voir dire, and 45 minutes per side for an opening statement, and 45 minutes per side for closing arguments.

Defendants estimate and hereby request 8 days for trial in light of the number of asserted claims, defendants, accused products, and invalidity references at issue in this case.  Defendants

request that each side receives 45 minutes for voir dire, 1 hour for an opening statement, and 1 hour for a closing argument. For direct, cross, and rebuttal examination, Defendants request 20 hours per side.

## XII.    CERTIFICATIONS

The undersigned counsel for each of the parties to this action does hereby certify and acknowledge the following:

1.    Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders;

2.    The parties have complied with discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.[6]

3.    Each exhibit in the List of Exhibits herein:

(a)    is in existence;

(b)    is numbered; and

(c)    has been disclosed and shown, or will be shown, to opposing counsel.

---

[6]    This representation is subject to any matters addressed in motions and/or objections.

DATED:  May 9, 2013

Respectfully submitted,

*/s/ Robert M. Parker*
**Attorneys for Defendants Intel Corporation**:

Robert M. Parker (State Bar No. 15498000)
Robert Christopher Bunt (State Bar No. 00787165)
Charles Ainsworth (State Bar No. 00783521)
Andrew T. Gorham (State Bar No. 24012715)
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
903/531-3535
903/533-9687 - Facsimile
E-mail: rmparker@pbatyler.com
E-mail: rcbunt@pbatyler.com
E-mail: charley@pbatyler.com
E-mail: tgorham@pbatyler.com

Michael E. Jones (State Bar No: 10929400)
**POTTER MINTON, PC**
110 North College
Suite 500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com

Adam Alper
adam.alper@kirkland.com
Sarah Piepmeier
Sarah.piepmeier@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Tel: (415) 439-1876
Fax: (415) 439-1500

Luke Dauchot
luke.dauchot@kirkland.com
Michael De Vries
michael.devries@kirkland.com

Tim Majors
Tim.majors@kirkland.com
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, CA 90071
Tel: 213-680-8400
Fax: 213-680-8500

Gregory S. Arovas
Greg.arovas@kirkland.com
Oliver C. Bennett
oliver.bennett@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Ave
New York, NY 10022
Tel: 212-446-4800
Fax: 212-446-4900


**Attorneys for Defendants D-LINK Systems, Inc., NETGEAR, Inc., Acer, Inc., Acer America Corporation, and Gateway, Inc.**:

*/s/ Scott D. Baker with permission*
Scott D. Baker, Pro Hac Vice (Cal. SBN 84923)
John P. Bovich, Pro Hac Vice (Cal. SBN 150688)
Christine M. Morgan, Pro Hac Vice (Cal. SBN 169350)
Jonah D. Mitchell, Pro Hac Vice (Cal. SBN 203511)
James A. Daire, Pro Hac Vice (Cal. SBN 239637)
Seth B. Herring, Pro Hac Vice (Cal. SBN 253907)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269
Email: sbaker@reedsmith.com
Email: jbovich@reedsmith.com
Email: cmorgan@reedsmith.com
Email: jmitchell@reedsmith.com

Email: jdaire@reedsmith.com
Email: sherring@reedsmith.com

Robert A. Van Nest (Pro Hac Vice)
rvannest@kvn.com
Eugene M. Paige (Pro Hac Vice)
emp@kvn.com
Matan Shacham (Pro Hac Vice)
mshacham@kvn.com

**KEKER & VAN NEST LLP**
633 Sansome Street
San Francisco, CA 94111
Tel.  415.391.5400
Fax.  415.397.7188


Trey Yarbrough (Bar No. 22133500)
Debby E. Gunter (Bar No. 24012752)
**YARBROUGH    WILCOX    GUNTER, PLLC**
100 E. Ferguson, Ste. 1015
Tyler, Texas 75702
Telephone: +1 903 595 3111
Facsimile: +1 903 595 0191
Email: trey@yw-lawfirm.com
Email: debby@yw-lawfirm.com

**Attorneys for Defendants D-LINK Systems, Inc.:**

*/s/ S.J. Christine Yang with permission*
S.J. Christine Yang (admitted pro hac vice)
Duncan Palmatier (admitted pro hac vice)
Victoria Hao (admitted pro hac vice)
**THE LAW OFFICES OF S.J. CHRISTINE YANG**
17220 Newhope Street, Suite 101
Fountain Valley, California 92708
Tel: (714) 641-4022; Fax: (714) 641-2082
Email: cyang@sjclawpc.com
Email: dpalm@dpalmlaw.com
Email: vhao@sjclawpc.com

**Attorneys for Defendant Dell Inc.:**

*/s/ Michael J. Newton with permission*
Michael J. Newton (Texas Bar No. 24003844)
Jason W. Cook (Texas Bar No. 24028537)
Dwayne C. Norton (Texas Bar No. 24076139)
Shaun W. Hassett (Texas Bar No. 24074372)
Brady Cox (Texas Bar No. 24074084)
**ALSTON & BIRD LLP**
2828 North Harwood St, Suite 1800
Dallas, TX 75201
Phone: (214) 922-3400
Fax: (214) 922-3899
Email: mike.newton@alston.com
Email: jason.cook@alston.com
Email: stacey.white@alston.com
Email: dwayne.norton@alston.com
Email: shaun.hassett@alston.com
Email: brady.cox@alston.com

Marsha E. Mullin (California Bar No. 93709)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Phone: (213) 576-1000
Fax: (213) 576-1100
Email: marsha.mullin@alston.com

Frank G. Smith (Georgia Bar No. 657550)
Kamran Jivani (Georgia Bar No. 510908)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
Email: frank.smith@alston.com
Email: kamran.jivani@alston.com

Deron R. Dacus (Texas Bar No. 00790553)
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701

Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

**Attorneys for Defendants Toshiba Corporation and Toshiba American Information Systems, Inc.:**

*/s/ John Feldhaus with permission*
John Feldhaus
Pavan Agarwal
Andrew R. Cheslock
**FOLEY & LARDNER LLP**
3000 K. Street, NW, Suite 500
Washington, DC 20007
PH: (202) 672-5300
Fax: (202) 672-5399
Email: jfeldhaus@foley.com
Email: pagarwal@foley.com
Email: acheslock@foley.com

Kevin J. Malaney
**FOLEY & LARDNER LLP**
777 E. Wisconsin Avenue
Milwaukee, WI 53202
PH: (414) 319-7067
Email: kmalaney@foley.com

Guy N. Harrison
Attorney at Law
217 N. Center
Longview, TX 75606
PH: (903) 758-7361
Fax: (903) 753-9557
Email: guy@gnhlaw.com

**Attorneys for Defendants Belkin International, Inc.:**

*/s/ Ryan K. Yagura with permission*
Ryan K. Yagura (Bar No. 24075933)
Vision Winter (Pro Hac Vice)
Eric Chan (Pro Hac Vice)
**O'MELVENY & MYERS LLP**
400 South Hope Street

Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

/s/ Theodore Stevenson III with permission

**Attorneys for Plaintiff Ericsson Inc. and
Telefonaktiebolaget LM Ericsson:**

Theodore Stevenson III *(Lead Attorney)*
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Ashley N. Moore
Texas State Bar No. 24074748
amoore@mckoolsmith.com
Justin T. Nemunaitis
Texas State Bar No. 24065815
jnemunaitis@mckoolsmith.com
Holly E. Engelmann
Texas State Bar No.
hengelmann@mckoolsmith.com
Jason A. Blackstone
jblackstone@mckoolsmith.com
Ryan A. Hargrave
Texas State Bar No.
rhargrave@mckoolsmith.com
**McKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
**McKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Kevin L. Burgess
kburgess@mckoolsmith.com
**McKOOL SMITH, P.C.**
300 W 6th St
Suite 1700
Austin, TX 78701

Brandon M. Jordan
bjordan@mckoolsmith.com
**McKOOL SMITH, P.C.**
1999 K St. NW
Suite 600
Washington, DC 20006

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on May 9, 2013 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ *Robert M. Parker*
Robert M. Parker