## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **ERICSSON INC., et al.,** | |
| **Plaintiffs,** | **Civil Action No. 6:10-cv-473** |
| **vs.** | **JURY TRIAL DEMANDED** |
| **D-LINK CORPORATION, et al.,** | |
| **Defendants.** | |

## <u>PLAINTIFFS' MOTIONS *IN LIMINE*</u>

# TABLE OF CONTENTS

1.    Allegations, claims, or patents no longer asserted in this litigation....................................1

2.    Any allegations or arguments drawing inferences from the fact that Intel's intervention in this case was limited by the Court to products sold by Intel to the Defendants.................................................................................1

3.    Any reference to any conduct or statement made during any compromise negotiations or mediation including, but not limited to, discussions of the merits of the claims or, infringement or invalidity positions, or whether any person or entity has offered or failed to offer any amount in compromise and settlement of the claims herein, not to preclude the parties from indicating that notice of infringement was given or that meetings were held. ...........................................2

4.    Any mention of whether a party tried to hire experts retained by the other side. ......................................................................................................3

5.    Any mention of Defendants' own patents that cover or relate to aspects of the IEEE 802.11 standard or the accused products. ...........................................3

6.    Any invalidity theories based on references not included in Defendants' patent rule invalidity contentions, including theories regarding the Internet Protocol in Defendants' January 4, 2013 Rule 26 disclosure of D. Kawaguchi or R. Adams. .............................................4

7.    Any mention of the "win/loss" record of the parties' expert witnesses or what percentage of the time the juries agreed with the parties' experts in other cases. .......................................................................4

8.    Any reference to the court's opinions or proceedings in *Microsoft Corp. v. Motorola Mobility Inc.*, 10-cv-1823 (W.D. Wash.). ..............................................5

9.    Any mention of other pending cases or other cases where Ericsson is or was a party, including Ericsson's lawsuit in Mannheim Germany or complaints filed against Ericsson in the European Commission. ...........................................................................................5

10.   Evidence, testimony, argument or reference regarding possible issuance of an injunction, an award of treble damages, or an award of attorneys' fees.....................................................................................6

Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson ("Ericsson") respectfully bring the following motions *in limine* for orders precluding Defendants or any of Defendants' witnesses, from mentioning, referring to, or offering any evidence relating to the following subjects within the hearing of any member of the jury panel, either in *voir dire* or at any time during trial:

**1. Allegations, claims, or patents no longer asserted in this litigation.**

Plaintiffs have patents not asserted in this litigation and previously made allegations, asserted claims, and asserted patents that have been withdrawn prior to trial. These unasserted patents and withdrawn allegations are not relevant for any purpose, and testimony relating to such withdrawn allegations, claims, and patents should be excluded by this Court. *See* FED. R. EVID. 401–402. *See also EZ Dock, Inc. v. Schafer Sys., Inc.*, No. 98-2364 (RHK/AJB), 2003 U.S. Dist. LEXIS 3634, at *34 (D. Minn. Mar. 8, 2003) ("The Court finds that EZ Dock's dismissal of certain claims has no relevance to the patent infringement claim the jury must decide. Accordingly, the Court will grant the motion [*in limine*]."). Even if this Court were to find that these withdrawn allegations are relevant for some purpose, any presentation of such evidence to the jury would pose a significant danger of irreversible prejudice and confusion of the issues that could not be corrected by an instruction from the Court. *See* FED. R. EVID. 403. Therefore, Plaintiffs request that this Court enter an order precluding Defendants from introducing evidence, eliciting testimony, making statements or making reference to any withdrawn allegations that are no longer asserted in this matter.

**2. Any allegations or arguments drawing inferences from the fact that Intel's intervention in this case was limited by the Court to products sold by Intel to the Defendants.**

The Court granted Intel's motion to intervene "except as to any products sold to any non-Defendant." (Dkt. No. 205). Ericsson objected to Intel's sought-after intervention for all of

Intel's products because such broad intervention in to the case would "create[] enormous case management issues for Ericsson and the Court. . . . [by] forc[ing] Ericsson to add all of Intel's other customers to this case."  (Dkt. No. 156).  The decision of the Court to limit Intel's intervention should not be used by Defendants to argue the merits of the case, *e.g.* by erroneously arguing that Ericsson's case-in-chief is weak because Ericsson did not sue every one of Intel's customers in this proceeding.  The Court's decision to limit Intel's intervention in this case is not relevant to the claims or defenses of the parties, and allegations or arguments drawing inferences from the fact that Intel's intervention in this case was limited by the Court should be excluded.

3. **Any reference to any conduct or statement made during any compromise negotiations or mediation including, but not limited to, discussions of the merits of the claims or, infringement or invalidity positions, or whether any person or entity has offered or failed to offer any amount in compromise and settlement of the claims herein, not to preclude the parties from indicating that notice of infringement was given or that meetings were held.**

References to the substance of any settlement discussion or mediations to attempt to resolve this matter have no place in the courtroom.  Fed. R. Evid. 408.  These negotiations and conversations include conversations between Plaintiffs and Defendants' attorneys, including offers to license the Plaintiffs' patents-in-suit, in which the parties suggested settlement options, discusses the competitive merits of the case, and/or amounts and explored solutions for the settlement of the pending issues. These discussions are not admissible under Federal Rules of Evidence 408 and 501. *United States v. Hays*, 872 F.2d 582, 588-89 (5th Cir. 1989) (noting framers of Rule 408 recognized the impact of such evidence on the determination of liability is "profound"); *Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d 1164, 1181 (C.D. Cal. 1998) ("In short, the Court concludes that encouraging mediation by adopting a federal mediation privilege under FED. R. EVID. 501 will provide 'a public good transcending the

2

normally predominant principle of utilizing all rational means for ascertaining the truth.'") (citing *Jaffee v. Redmond*, 518 U.S. 1, 9 (1996)).

Should the existence of these discussions be needed for the claims or defenses of either party, the proposed motion specifically permits the parties to establish the existence of the meetings and the fact that notice of infringement was given, so long as the subject-matter of those meetings remains protected by Fed. R. Evid. 408.

**4. Any mention of whether a party tried to hire experts retained by the other side.**

Counsel for Ericsson contacted Dr. Heegard early in this litigation, leaving him a message soliciting his interest as an expert in this case. Counsel for Ericsson never addressed the merits of the case with Dr. Heegard, never spoke with Dr. Heegard regarding his possible retention, and never heard back from Dr. Heegard after Ericsson's counsel's message. Dr. Heegard is retained by the Defendants in this case as a technical expert, and whether Dr. Heegard was already retained by Defendants when Ericsson's counsel left him a message, or whether he was subsequently retained by Defendants has no bearing on any fact or claim in this case and should be excluded as irrelevant.

**5. Any mention of Defendants' own patents that cover or relate to aspects of the IEEE 802.11 standard or the accused products.**

Defendants have no legitimate purpose for introducing their patents into evidence because they are not relevant to any disputed issue. FED. R. EVID. 402; *see also, e.g., Cordis Corp. v. Medtronic Vascular, Inc.*, Nos. 97-550-SLR; 97-700-SLR; 98-019-SLR, 2005 U.S. Dist. LEXIS 6583, at *11 (D. Del. Feb. 28, 2005) ("[T]he [Defendant's] patents are not relevant to an infringement analysis."); *EZ Dock, Inc. v. Schafer Sys., Inc.*, No. Civ.98-2364, 2003 WL 1610781, at *11 (D. Minn. Mar. 8, 2003) (Defendant's possession of patents "is irrelevant to the issue of infringement."); *Bio-Tech. Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir.

3

1996) ("The existence of one's own patent does not constitute a defense to infringement of someone else's patent."). Defendants' patents are not relevant to infringement, and Defendants do not assert that the patents are prior art or otherwise related to validity. As such, Defendants should be precluded from arguing that they have their own patents covering the accused products or relating to the accused practice of the 802.11 IEEE standard.

**6. Any invalidity theories based on references not included in Defendants' patent rule invalidity contentions, including theories regarding the Internet Protocol in Defendants' January 4, 2013 Rule 26 disclosure of D. Kawaguchi or R. Adams.**

The patent local rules require timely disclosure of Defendants' invalidity contentions. P.R. 3-3. Any invalidity theories not set forth in Defendants' patent local rules disclosures should be therefore excluded. In particular, Defendants' served two Rule 26 disclosures of D. Kawaguchi and R. Adams. In these two disclosures, both Mr. Kawaguchi and Mr. Adams argue a theory that was not set forth in Defendants' invalidity contentions: that the use of a service type identifier was well known in the Internet Protocol. The Internet Protocol was not disclosed as a prior art reference by Defendants' in their P.R. 3-3 contentions, and any reference to invalidity theories not presented in Defendants' P.R. 3-3 contentions should be excluded.

**7. Any mention of the "win/loss" record of the parties' expert witnesses or what percentage of the time the juries agreed with the parties' experts in other cases.**

Plaintiffs and Defendants have both retained experts with experience testifying in other cases regarding allegations of patent infringement involving different patents and different parties than the case at bar. Due to the complexity of those cases and the fact that the juries' findings in those cases have no bearing on the claims or defenses in the present case, the parties should be precluded from discussing whether the jury ultimately agreed or disagreed with the opinion that a parties' expert may have given in another case. Evidence regarding the "win/loss" record of the parties' experts in other cases does not impact the merits of this case. Moreover,

4

the potential need to delve into irrelevant cases to rehabilitate or rebut the inferences the jury may draw from a high or low win/loss record far outweighs any probative value such evidence may have regarding the merits of the instant case. Fed. R. Evid. 402, 403. As such, the parties should be precluded from mentioning the success rate of their respective experts.

**8. Any reference to the court's opinions or proceedings in *Microsoft Corp. v. Motorola Mobility Inc.*, 10-cv-1823 (W.D. Wash.).**

The court in *Microsoft Corp. v. Motorola Mobility Inc.*, 10-cv-1823 (W.D. Wash.) cut Motorola Mobility's sought-after damages in a case involving standard-essential patents. The court's ruling in that case is not controlling in this District, nor is it relevant to any facts at issue in this case as Ericsson was not a party to those proceedings and did not participate in those proceedings. As such, it is not relevant and should be excluded. Moreover, the opinion itself is over three-hundred pages long, with several related filings relating to that decision, all of which would tend to contribute to confusion and potential misleading of the jury were the parties to attempt to interpret those proceedings in front of the jury. *See Microsoft Corp. v. Motorola, Inc.*, No. 10-cv-1823, 2013 U.S. Dist. LEXIS 60233 (W.D. Wash. Apr. 25, 2013). As such, it is not relevant, is unfairly prejudicial, and should be excluded.

**9. Any mention of other pending cases or other cases where Ericsson is or was a party, including Ericsson's lawsuit in Mannheim Germany or complaints filed against Ericsson in the European Commission.**

The cases to which Ericsson is or has been a party are not relevant to any claim or defense in this case. Defendants may attempt to argue that foreign counterparts to two of Ericsson's patents-in-suit were previously litigated in Mannheim, Germany and that the preliminary results of those proceedings supports a finding of no willful infringement. However, opinions from a foreign court addressing a foreign equivalent to a U.S. patent is neither controlling authority nor even necessarily persuasive. Such an opinion relies on foreign

5

procedures, foreign evidentiary standards, and foreign legal standards related to infringement, invalidity, prior art, and other legal concepts. *See Koito Mfg. Co., Ltd. v. TurnKey- Tech*, L.L.C., No. 02-CV-0273, 2003 U.S. Dist. LEXIS 27580 (S.D. Cal. Apr. 10, 2003) ("such a decision is not controlling or even necessarily persuasive with respect to a United States proceeding on a United States patent."). Ericsson is also aware of a European Commission complaint filed against Ericsson for which the Commission has yet to initiate an investigation. Neither of these matters, nor any other past or present case to which Ericsson was a party relates to the claims or defenses in this case. Therefore, mentions of such cases should be excluded.

**10. Evidence, testimony, argument or reference regarding possible issuance of an injunction, an award of treble damages, or an award of attorneys' fees.**

Plaintiffs expect Defendants to offer testimony or attorney argument advising the jury of Ericsson's demand for an injunction and treble damages/attorneys' fees in an attempt to urge the jury to award limited damages. Such testimony or argument, however, is improper. The Court, and not the jury, determines whether treble damages, attorneys' fees, and the issuance of an injunction are appropriate. *See* 35 U.S.C. § 283 ("The several courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable."); 35 U.S.C. § 284 ("[T]he court may increase the damages up to three times the amount found or assessed."); 35 U.S.C. § 285 ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."). Treble damages, attorneys' fees, and the possibility of an injunction are irrelevant to the jury's deliberation, and calling them to the jury's attention would serve only to confuse the jury, unduly prejudice Plaintiffs, and waste time. Fed. R. Evid. 401–403. Courts routinely prohibit Defendants from mentioning the possibility of injunctions, treble damages, and the award of attorneys' fees, as doing so would serve no purpose and interfere with

6

the statutory scheme. *See, e.g., Fujisawa Pharm. Co. v. Kapoor*, No. 92 C 5508, 1999 U.S. Dist. LEXIS 11381, at \*17–18 (N.D. Ill. July 20, 1999) (barring reference to possible recovery of treble damages and attorneys' fees as they are irrelevant to a jury's deliberation and might confuse the jury); *Candle Corp. v. Boole & Babbage, Inc.*, No. CV 82-4758-PAR, 1985 U.S. Dist. LEXIS 17545, at \*8 (C.D. Cal. Aug. 2, 1985) ("[U]nder Fed. R. Evid. 403, evidence regarding harm to Candle or its employees as a result of an injunction in Boole's [i.e., the patentee's] favor shall be excluded.").

Accordingly, the Defendants should be precluded from offering evidence, testimony, or argument, or making reference to the possibility of the Court entering an injunction and/or awarding treble damages and attorneys' fees in this case.

**DATED:** May 13, 2013                                Respectfully submitted,

**McKOOL SMITH, P.C.**

By:    /s/ Theodore Stevenson III
Theodore Stevenson III,
Lead Attorney
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Bradley W. Caldwell
Texas State Bar No. 24040630
bcaldwell@mckoolsmith.com
Ashley N. Moore
Texas State Bar No. 24074748
amoore@mckoolsmith.com
Justin Nemunaitis
Texas State Bar No. 24065815
jnemunaitis@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000

Telecopier: (214) 978-4044

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**ATTORNEYS FOR PLAINTIFFS
ERICSSON INC. and
TELEFONAKTIEBOLAGET LM
ERICSSON**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing document was served on counsel of record via the Court's ECF system on May 13, 2013.

*/s/ Brandon Jordan*
Brandon Jordan

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 11 and 13, 2013, counsel for Plaintiffs (Brandon Jordan) and counsel for Defendants (Mike DeVries) met and conferred on the relief requested in this Motion, the parties were unable to reach a resolution as to the motion *in limine* topics set forth herein, and Defendants oppose the Motion.

*/s/ Brandon Jordan*
Brandon Jordan

8