Telecopier: (214) 978-4044

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**ATTORNEYS FOR PLAINTIFFS
ERICSSON INC. and
TELEFONAKTIEBOLAGET LM
ERICSSON**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing document was served on counsel of record via the Court's ECF system on May 13, 2013.

 */s/ Brandon Jordan*
Brandon Jordan

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 11 and 13, 2013, counsel for Plaintiffs (Brandon Jordan) and counsel for Defendants (Mike DeVries) met and conferred on the relief requested in this Motion, the parties were unable to reach a resolution as to the motion *in limine* topics set forth herein, and Defendants oppose the Motion.

*/s/ Brandon Jordan*
Brandon Jordan

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

|  |  |
|---|---|
| **ERICSSON INC., et al.,** | |
| **Plaintiffs,** | **Civil Action No. 6:10-cv-473** |
| **vs.** | **JURY TRIAL DEMANDED** |
| **D-LINK CORPORATION, et al.,** | |
| **Defendants.** | |

**<u>ORDER ON PLAINTIFFS' MOTIONS *IN LIMINE*</u>**

Before the Court is Plaintiffs Ericsson Inc.'s and Telefonaktiebolaget LM Ericsson's (collectively "Plaintiffs") motion *in limine* to preclude the parties or any of the parties' witnesses from mentioning, referring to, or offering any evidence relating to the following subjects within the hearing of any member of the jury panel, either in *voir dire* or at any time during trial.  After consideration of the same the Court orders that the motions granted or denied as follows:

| | Motion | GRANTED | DENIED |
|---|---|---|---|
| 1. | Allegations, claims, or patents no longer asserted in this litigation. | | |
| 2. | Any allegations or arguments drawing inferences from the fact that Intel's intervention in this case was limited by the Court to products sold by Intel to the Defendants. | | |
| 3. | Any reference to any conduct or statement made during any compromise negotiations or mediation including, but not limited to, discussions of the merits of the claims or, infringement or invalidity positions, or whether any person or entity has offered or failed to offer any amount in compromise and settlement of the claims herein, not to preclude the parties from indicating that notice of infringement was given or that meetings were held. | | |
| 4. | Any mention of whether a party tried to hire experts retained by the other side. | | |
| 5. | Any mention of Defendants' own patents that cover or relate to aspects of the IEEE 802.11 standard or the accused products. | | |

9

| 6. | Any invalidity theories based on references not included in Defendants' patent rule invalidity contentions, including theories regarding the Internet Protocol in Defendants' January 4, 2013 Rule 26 disclosure of D. Kawaguchi or R. Adams. | | |
|---|---|---|---|
| 7. | Any mention of the "win/loss" record of the parties' expert witnesses or what percentage of the time the juries agreed with the parties' experts in other cases. | | |
| 8. | Any reference to the court's opinions or proceedings in *Microsoft Corp. v. Motorola Mobility Inc.*, 10-cv-1823 (W.D. Wash.). | | |
| 9. | Any mention of other pending cases or other cases where Ericsson is or was a party, including Ericsson's lawsuit in Mannheim Germany or complaints filed against Ericsson in the European Commission. | | |
| 10. | Evidence, testimony, argument or reference regarding possible issuance of an injunction, an award of treble damages, or an award of attorneys' fees. | | |