# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

|  |  |
|---|---|
| ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>    Plaintiffs,<br><br>    v.<br><br>D-LINK CORPORATION, D-LINK SYSTEMS, INC., NETGEAR, INC., ACER, INC., ACER AMERICA CORPORATION, and GATEWAY, INC.<br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 6:10cv00473<br><br><br>JURY TRIAL DEMANDED |

## NOTICE OF SUPPLEMENTAL AUTHORITY SUPPORTING ERICSSON'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE NO. 4 [DKT. 441]

Ericsson writes to notify the Court of new Federal Circuit authority supporting its pending response to Defendants' Motion in Limine No. 4 regarding "evidence and argument that any portion of the cost of a license (or damages) will be passed through to the price of the OEM's end products." Dkt. 441 at 5. Yesterday, the Federal Circuit issued an opinion in *Douglas Dynamics, LLC v. Buyers Products Co.*, No. 2011-1291, 2012-1046, -1057, -1087, -1088 (Fed. Cir. May 21, 2013):

IV.

In regard to the reasonable royalty award for the '530 and '978 Patents, this court vacates and remands for the following reasons. First, the district court abused its discretion by applying the infamous 25% rule of thumb, which this court held in Uniloc was fundamentally flawed. *Uniloc USA, Inc. v. Microsoft Corp.*, 632

F.3d 1292, 1317 (Fed. Cir. 2011). Second, the district court clearly erred by limiting the ongoing royalty rate based on Buyers's profit margins. This court has held that an infringer's net profit margin is not the ceiling by which a reasonable royalty is capped. *Golight, Inc. v. Wal-Mart Stoares, Inc.*, 355 F.3d 1327, 1338 (Fed. Cir. 2004). The infringer's selling price can be raised if necessary to accommodate a higher royalty rate, and indeed, requiring the infringer to do so may be the only way to adequately compensate the patentee for the use of its technology. Thus, the district court clearly erred by ensuring the ongoing royalty rate it awarded would "leave some room for profit" by Buyers at its current prices.

*Id.* at 14. The full opinion is attached as Exhibit A.

DATED: May 22, 2013.

Respectfully submitted,

/s/_John B. Campbell
Theodore Stevenson III (Texas Bar No. 19196650)
Lead Attorney
Douglas A. Cawley (Texas Bar No. 04035500)
Ashley N. Moore (Texas Bar No. 24074748)
Justin Nemunaitis (Texas Bar No. 24065815)
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044
Email: tstevenson@mckoolsmith.com
Email: dcawley@mckoolsmith.com
Email: amoore@mckoolsmith.com
Email: jnemunaitis@mckoolsmith.com

Sam Baxter (Texas Bar No. 01938000)
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099
Email: sbaxter@mckoolsmith.com

**ATTORNEYS FOR PLAINTIFFS ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON**

**CERTIFICATE OF SERVICE**

The foregoing document was served upon counsel for all parties who have consented to service via the Court's ECF System on this 22nd day of May, 2013

/s/ John B. Campbell
John B. Campbell