IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ERICSSON INC., et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>D-LINK CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 6:10-cv-473<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S' MOTIONS FOR JUDGMENT AS A MATTER OF LAW

Plaintiffs Ericsson Inc.'s and Telefonaktiebolaget LM Ericsson's (collectively "Plaintiffs") hereby file these motions for judgment as a matter of law.

Rule 50 motions are governed by "the law of the regional circuit where the appeal from the district court normally would lie." *Z4 Techs., Inc. v. Microsoft Corp.*, 507 F.3d 1340, 1346 (Fed. Cir. 2007). Judgment as a matter of law is proper if no "reasonable juror could arrive at a verdict in [the plaintiff's] favor" on plaintiff's legal claims, or against a defendant on its affirmative defenses. *See McNair v. City of Cedar Park*, 993 F.2d 1217, 1219 (5th Cir. 1993). "'Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1363 (Fed. Cir. 2004) (quoting *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). Entry of a judgment as a matter of law is appropriate if evidence supporting the movant is "uncontradicted and unimpeached [or] if the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that [a] reasonable [jury] could

not arrive at a contrary verdict." *Med. Care Am., Inc. v. Nat'l Union Fire Ins. Co.*, 341 F.3d 415, 420 (5th Cir. 2003).

In resolving a Rule 50 motion, the court "must first excise inadmissible evidence," including unreliable expert testimony. *Hodges v. Mack Trucks, Inc.*, 474 F.3d 188, 193 (5th Cir. 2006). Inferences that are "mere speculation and conjecture" are "not sufficient to support a jury's verdict." *Guile v. United States*, 422 F.3d 221, 225 (5th Cir. 2005) (internal quotation marks omitted). Further, conclusory expert testimony does not qualify as substantial evidence. *See Iovate Health Sci., Inc. v. Bio-Engineered Supplements & Nutrition, Inc.*, 586 F.3d 1376, 1381-82 (Fed. Cir. 2009) (applying Fifth Circuit law). Likewise, "when an expert opinion is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable, it cannot support a jury's verdict." *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993); *Smith v. Louisville Ladder Co.*, 237 F.3d 515, 519-21 (5th Cir. 2001) (failure of expert witness to support proof of necessary case elements warrants judgment as a matter of law); *El Aguila Food Prods., Inc. v. Gruma Corp.*, 131 Fed. Appx. 450, 453-54, 2005 WL 1156090, *2 (5th Cir. 2005) (affirming district court's exclusion of damages expert testimony and finding that it "would not have provided a sufficient basis on which the jury could have arrived at a reasonable and just estimate of actual damages").

<u>Judgment as a Matter of Law No. 1:</u>  Defendants failed to produce legally sufficient clear and convincing evidence that U.S. Patent No. 6,466,568 ("the '568 patent") is invalid under 35 U.S.C. 102 and 103.  The Defendants failed to show that either element of claim 1 of the '568 patent or the entirety of claim 5 of the '568 patent is met by any of the prior art listed in their invalidity contentions.  Defendants also did not present any evidence that the '568 patent claims

2

were invalid under any section of 35 U.S.C. 112. Therefore, none of these defenses can invalidate the '568 patent by clear and convincing evidence.

Judgment as a Matter of Law No. 2: Defendants failed to produce legally sufficient clear and convincing evidence that U.S. Patent No. 6,772,215 ("the '215 patent") is invalid under 35 U.S.C. 102 and 103. The Defendants failed to show that the third element of claim 1 of the '215 patent or the entirety of claim 2 of the '215 patent is met by any of the prior art listed in their invalidity contentions. Defendants also did not present any evidence that the '215 patent claims were invalid under any section of 35 U.S.C. 112. Therefore, none of these defenses can invalidate the '215 patent by clear and convincing evidence.

Judgment as a Matter of Law No. 3: Defendants failed to produce legally sufficient clear and convincing evidence that U.S. Patent No. 6,519,223 ("the '223 patent") is invalid under 35 U.S.C. 102 and 103. The Defendants failed to show that either element of claim 11 of the '223 patent is met by any of the prior art listed in their invalidity contentions. Defendants also did not present any evidence that the '223 patent claims were invalid under any section of 35 U.S.C. 112. Therefore, none of these defenses can invalidate the '223 patent by clear and convincing evidence.

Judgment as a Matter of Law No. 4: Defendants failed to produce legally sufficient clear and convincing evidence that U.S. Patent No. 6,330,435 ("the '435 patent") is invalid under 35 U.S.C. 102 and 103. The Defendants failed to show that the third or fourth elements of claim 1 of the '435 patent or the entirety of claim 2 of the '435 patent is met by any of the prior art listed in their invalidity contentions. In addition, Defendants failed to prove by clear and convincing evidence that the Petras ETSI Submission (DX-120) met each and every element of claims 1 and 2 of the '435 patent. Defendants also did not present any evidence that the '435 patent claims

were invalid under any section of 35 U.S.C. 112. Therefore, none of these defenses can invalidate the '435 patent by clear and convincing evidence.

<u>Judgment as a Matter of Law No. 5</u>: Defendants failed to produce legally sufficient clear and convincing evidence that U.S. Patent No. 6,424,625 ("the '625 patent") is invalid under 35 U.S.C. 102 and 103. The Defendants failed to show that the first element of claim 1 of the '625 patent is met by any of the prior art listed in their invalidity contentions. In addition, Defendants failed to prove by clear and convincing evidence that the Petras ETSI Submission (DX-120) met each and every element of claim 1 of the '625 patent. Defendants also did not present any evidence that the '625 patent claims were invalid under any section of 35 U.S.C. 112. Therefore, none of these defenses can invalidate the '625 patent by clear and convincing evidence.

<u>Judgment as a Matter of Law No. 6</u>: Ericsson also moves for judgment as a matter of law on damages. Defendants' damages theory improperly disregards the numerous real world licenses covering the patents in suit. In addition, Defendants ask the jury to award hypothetical future damages based on an improperly calculated royalty rate. By doing so, Defendants improperly attempt to usurp the role of the Court in determining the appropriateness of an injunction or a compulsory royalty. The evidence shows that the appropriate damages in this case are 50 cents per unit.

<u>Judgment as a Matter of Law No. 7</u>: Defendants failed to produce legally sufficient evidence of their laches defense. Defendants provided no proof of (1) unreasonably delay in filing suit or (2) prejudice to Defendants resulting from the delay.

<u>Judgment as a Matter of Law No. 8</u>: Defendants failed to produce legally sufficient evidence of their equitable estoppel defense. Defendants provided no proof of (1) misleading

statements or conduct, (2) any action in reliance on those statements or conduct, or (3) prejudice resulting from that reliance.

<u>Judgment as a Matter of Law No. 9</u>: Defendants failed to produce legally sufficient evidence of their waiver defense. Defendants provided no proof that (1) Ericsson intentionally relinquished its rights to enforce the patents in suit or (2) otherwise engaged in conduct so inconsistent with an intent to enforce its rights as to induce a reasonable belief that such right has been relinquished.

<u>Judgment as a Matter of Law No. 10</u>: Defendants failed to produce legally sufficient evidence of their implied license defense. Defendants provided no proof that (1) Ericsson granted any rights to the defendants regarding the patents in suit, or (2) that those granted rights lead to reasonable belief that an implied license had been granted.

<u>Judgment as a Matter of Law No. 11</u>: Defendants failed to produce legally sufficient evidence of their acquiescence defense. Defendants provided no proof that Ericsson acquiesced to Defendants use of the patents in suit.

<u>Judgment as a Matter of Law No. 12</u>: Defendants failed to produce legally sufficient evidence of their lack of standing defense. Defendants provided no proof that (1) Ericsson lacks standing in this case or (2) Ericsson is not the owner of the patents in suit or the holder of the exclusive enforcement rights of the patents in suit.

<u>Judgment as a Matter of Law No. 13</u>: Defendants failed to produce legally sufficient evidence of their exhaustion defense. Defendants provided no proof of (1) Defendants' purchase of a patented article from Ericsson or (2) a grant of a license or authority from Ericsson to the patents in suit.

      <u>Judgment as a Matter of Law No. 14</u>: Defendants failed to produce legally sufficient evidence of their unclean hands defense. Defendants provided no proof that Ericsson has acted unethically, in bad faith, or otherwise come to this suit with unclean hands.

      <u>Judgment as a Matter of Law No. 15</u>: Defendants failed to produce legally sufficient evidence of their failure to comply with 35 U.S.C. § 111 and 116 defense. Defendants provided no proof that (1) Ericsson failed to comply with any portion of § 111 or 116, including defective oaths and improper or incorrect inventorship.

June 11, 2013

        Respectfully submitted,
        **McKOOL SMITH, P.C.**
        By:   /s/ Theodore Stevenson III
        Theodore Stevenson III,
        Lead Attorney
        Texas State Bar No. 19196650
        tstevenson@mckoolsmith.com
        Douglas A. Cawley
        Texas State Bar No. 04035500
        dcawley@mckoolsmith.com
        Bradley W. Caldwell
        Texas State Bar No. 24040630
        bcaldwell@mckoolsmith.com
        Ashley N. Moore
        Texas State Bar No. 24074748
        amoore@mckoolsmith.com
        Justin Nemunaitis
        Texas State Bar No. 24065815
        jnemunaitis@mckoolsmith.com
        300 Crescent Court, Suite 1500
        Dallas, Texas 75201
        Telephone: (214) 978-4000
        Telecopier: (214) 978-4044

        Sam Baxter
        Texas State Bar No. 01938000
        sbaxter@mckoolsmith.com
        104 E. Houston Street, Suite 300
        P.O. Box 0
        Marshall, Texas 75670
        Telephone: (903) 923-9000
        Facsimile: (903) 923-9099

        **ATTORNEYS FOR PLAINTIFFS ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON**


## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the forgoing document was served on counsel of record via the Court's ECF system on June 11, 2013.

*/s/ Brandon Jordan*
Brandon Jordan