## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

**ERICSSON INC., et al.,**

       **Plaintiffs,**

       **vs.**

**D-LINK CORPORATION, et al.,**

       **Defendants.**

**Civil Action No. 6:10-cv-473**

**JURY TRIAL DEMANDED**

## DEFENDANTS' FEDERAL RULE OF CIVIL PROCEDURE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW IN FAVOR OF DEFENDANTS ON <u>INVALIDITY OF THE '435 AND '625 PATENTS</u>

# TABLE OF CONTENTS

**Page**

I.    **THE EVIDENCE COMPELS A FINDING THAT THE ASSERTED CLAIMS ARE ANTICIPATED BY THE PETRAS REFERENCE**............................1

    A.    Clear And Convincing Evidence Compels A Finding That The Petras Reference Was Publically Available ...................................................................2

    B.    The '625 Patent ...............................................................................................3

    C.    The '435 Patent ...............................................................................................4

K&E 26808278.2

# **TABLE OF AUTHORITIES**

**Page**

**CASES**

*Liebel-Flarsheim Co. v. Medrad, Inc.*,
  481 F.3d 1371(Fed. Cir. 2007) ......................................................................................... 1

*Mirror Worlds, LLC v. Apple, Inc.*,
  784 F. Supp. 2d 703 (E.D. Tex. 2011) .............................................................................. 1

**STATUTES**

35 U.S.C. § 102 ........................................................................................................................ 1, 3

Federal Rule of Civil Procedure 50(a) ......................................................................................... 1

K&E 26808278.2

Pursuant to Federal Rule of Civil Procedure 50(a), Defendants D-Link Systems, Inc., NETGEAR, Inc., Acer America Corporation, Acer, Inc., Gateway, Inc., Dell Inc., Toshiba America Information Systems, Inc., Toshiba Corporation and Belkin International, Inc., and Intervenor Intel Corporation (collectively, "Defendants") respectfully move that the Court grant judgment as a matter of law ("JMOL") on all of plaintiffs' Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson") claims for infringement of United States Patent Nos. 6,424,625 ("the '625 Patent") and 6,330,435 ("the '435 Patent") against Defendants because Ericsson has failed to offer evidence sufficient to allow a reasonable jury to find in its favor on those claims.

## ARGUMENT

JMOL is appropriate on a given issue when, taking the record in the light most favorable to the non-moving party, a "reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *Mirror Worlds, LLC v. Apple, Inc.*, 784 F. Supp. 2d 703, 710 (E.D. Tex. 2011) (quoting Fed. R. Civ. P. 50(a)). This standard is met here because the jury has no legally sufficient evidentiary basis to rule for Ericsson on the issue of whether Defendants have infringed any valid claims of the '435 Patent or the '625 Patent.

## I. THE EVIDENCE COMPELS A FINDING THAT THE ASSERTED CLAIMS ARE ANTICIPATED BY THE PETRAS REFERENCE

A patent claim is invalid as anticipated under 35 U.S.C. § 102 if a prior art printed publication discloses every limitation of the claimed invention, either explicitly or inherently. *Liebel-Flarsheim Co. v. Medrad, Inc.*, 481 F.3d 1371, 1381 (Fed. Cir. 2007). Here, clear and convincing evidence establishes that the asserted claims of the patents-in-suit are invalid as anticipated by a 1997 publication, "Candidate Protocol Stack (MAC + LLC) for a Wireless ATM Air Interface," by Dietmar Petras, *et al.* (the "Petras reference" or "Petras"). DX 120. In view of

1

Petras, no reasonable fact-finder could conclude that claims 1 and 2 of the '435 Patent and claim 1 of the '625 Patent are valid, and thus the Court should grant JMOL in favor of Defendants.

Defendants' expert witness, Dr. Heegard, presented the Petras reference and explained that the teachings of Petras anticipated the claimed inventions of the '625 and '435 Patents. The Petras reference describes a system that confronted the deadlock issue that the '625 and '435 Patents sought to solve, and described the same discard mechanism to resolve that problem. *See, e.g.*, 06/10/2013 p.m. Tr. 119:2-22, 122:14-124:10, 128:10-129:14, 130:6-131:13, 133:7-12 (Heegard). In particular, Petras taught that prior art ARQ systems had fixed "reception windows" for receipt of packets which caused any packets that were outside of this window to be rejected. *See, e.g.*, 06/10/2013 p.m. Tr. 132:11-21, 140:10-141:8 (Heegard). There is no dispute as to this point; Ericsson's own expert, Dr. Nettles, confirmed his agreement in his testimony. 6/5/2013 PM Tr. at 57:15-58:1 (Nettles). Thus, if the receiver had no notice that the expected packets were discarded, it would continue to wait indefinitely. *See, e.g.*, 06/10/2013 p.m. Tr. 123:20-22, 123:24-124:5, 132:11-21, 140:10-141:8 (Heegard). To address the deadlock issue, the discard message taught by the Petras reference disclosed a method that could inform the receiver to cease waiting for a particular packet and instead, shift its window. *See, e.g.*, 06/10/2013 p.m. Tr. 123:24-124:10, 130:6-131:132:21 (Heegard).

### A. Clear And Convincing Evidence Compels A Finding That The Petras Reference Was Publically Available

The Petras reference was authored by the researchers within the Communications Networks program ("ComNets") at Aachen University, a renowned technical university in Germany, in connection with their submission to ETSI—the European body for communications standards. *See, e.g.*, 06/10/2013 p.m. Tr. 116:6-117:4 (Heegard). Dr. Heegard opined consistent with the unrebutted testimony and evidence of Dietmar Petras (among others)—that the Petras

reference was publically available as of its publication date, Oct. 13, 1997, in connection with the researchers' submission to the ETSI standards body. *See, e.g.*, 06/10/2013 p.m. Tr. 121:11-122:4, 134:1-7, 144:23-145:1 (Heegard).

For instance, Mr. Petras confirmed that the Petras reference was created and distributed under the normal ETSI working procedures for contributions. 06/11/2013 a.m. (Petras). Mr. Petras testified that the ETSI meetings circulated various technical documents—such as the Petras reference—by hard copy distribution, by email, or by making the documents available on the Internet. 06/11/2013 a.m. (Petras). Additionally, Mr. Petras verified that he presented the Petras reference before at least one ETSI meeting. 06/11/2013 a.m. (Petras). And under the normal working procedures of ETSI, all attendees would have received the document. 06/11/2013 a.m. (Petras).

Ericsson presented no evidence to contradict this. Accordingly, the overwhelming evidence indicates that the Petras reference was publically available at least by October 13, 1997. Because the parties do not dispute that the priority dates of the '435 and '625 are March 18, 1999 and October, 28, 1998, respectively, the Petras reference serves as prior art to the '625 and '435 Patents under 35 U.S.C. § 102.

## B. The '625 Patent

Clear and convincing evidence demonstrates that the Petras reference invalidates asserted claim 1 of the '625 Patent by anticipating every limitation disclosed in the claims. Dr. Heegard's element-by-element walkthrough of claim 1 in reference to the Petras reference clearly and convincingly proves anticipation:

- *A method for discarding packets in a data network employing a packet transfer protocol including an automatic repeat request scheme*: For example, the preamble is met by the disclosure of the ARQ Sender and ARQ Receiver. PX 120 at 14-15 (*see*, *e.g.*, Fig. 11); *see, e.g.*, 06/10/2013 p.m. Tr. 142:9-21 (Heegard).

3

- *a transmitter . . . commanding a receiver . . . to receive at least one packet having a sequence number that is not consecutive with a sequence number of a previously received packet*:   For example, the step of a transmitter commanding a receiver to receive at least one packet is disclosed by virtue of the discard message being piggybacked on an I-frame.  The I-frame forces the receiver to receive the data packet that is sent along with the discard message—even if the window is otherwise not able to receive the packet.  PX 120 at 14-15; *see, e.g.*, 06/10/2013 p.m. Tr. 142:2-10, 142:22-143:19 (Heegard).

- *release any expectation of receiving outstanding packets having sequence numbers prior to the at least one packet*:  For example, Petras teaches the step of a transmitter commanding a receiver to release expectations of receiving any earlier packets by showing that the transmitter need only send the highest sequence number of a discarded packet.  PX 120 at 14-15; 06/10/2013 p.m. Tr. 143:20-144:15.  Additionally, prior art receivers required a command or instruction in order to accept packets outside of their window.  Without the inclusion of this command attached to a packet, the receiver would simply treat the packet as any other and thus fail to resolve the deadlock.  *See id.*

- *the transmitter discarding all packets for which acknowledgement has not been received, and which have sequence numbers prior to the at least one packet*: For example, Petras discloses that the transmitter sends a discard message to the receiver.  The discard message informs the receiver of all packets that have expired and thus been discarded by the transmitter.  PX 120 at 14-15; *see, e.g.*, 06/10/2013 p.m. Tr. 144:16-145:1 (Heegard).

For these reasons, Defendants are entitled to JMOL in their favor because no reasonable factfinder could find that asserted claim 1 of the '625 Patent is valid over Petras.

## C.     The '435 Patent

Clear and convincing evidence demonstrates that the Petras reference invalidates asserted claims 1 and 2 of the '435 Patent by anticipating every limitation disclosed in the claims.  Dr. Heegard's element-by-element walkthrough of claims 1 and 2 in reference to the Petras reference clearly and convincingly proves anticipation.

- *A method for discarding data packets in a system having a transmitter and a receiver, wherein the method is complimentary to the Selective Repeat Automatic Repeat Request protocol*:  By way of example, the preamble is met by the disclosure of the ARQ Sender and ARQ Receiver.  PX 120 at 14-15 (*see*, *e.g.*, Fig. 11); *see, e.g.*, 06/10/2013 p.m. Tr. 124:20-125:20, 134:8-19 (Heegard).

4

- *transmitting a data packet discard notification message from the transmitter to the receiver indicating data packets the transmitter has discarded*:  By way of example, the Petras reference teaches the step of "transmitting a data packet discard notification message from the transmitter to the receiver indicating data packets the transmitter has discarded" because Petras disclosed that a transmitter that may send a short "discard message" containing only the sequence number, instead of the discarded packet, informing the receiver of the packets that had been discarded by the transmitter.  PX 120 at 14-15; *see, e.g.*, 06/10/2013 p.m. Tr. 134:29135:5 (Heegard).

- *receiving the data packet discard notification message*:  By way of example, the Petras reference discloses the step of "receiving the data packet discard notification message" because Petras teaches that the receiver accepts the discard message like any other packet.  PX 120 at 14-15 (*see*, *e.g.* Fig. 11); *see, e.g.*, 06/10/2013 p.m. Tr. 123:20-124:10, 130:20-131:18, 135:6-12 (Heegard).

- *computing which data packets have been discarded by the transmitter based on the data packet discard notification message*: By way of example, the Petras reference teaches the step of "computing which data packets have been discarded" by disclosing that the receiver, based on the sequence number contained in the discard message, can compute that all packets having lower sequence numbers have been discarded by the transmitter.  PX 120 at 14-15; *see, e.g.*, 06/10/2013 p.m. Tr. 130:20-131:13, 135:13-137:22 (Heegard).

- *removing entries from a first list indicating data packets expected to be received from the transmitter, wherein the entries correspond to data packets identified in the computing step*: By way of example, the receiver of the system described in Petras, which had a fixed reception window, had to keep track of the packets in its buffer in order to know when it could advance its reception window because the missing packets had been discarded.  *See, e.g.*, 06/10/2013 p.m. Tr. 135:13-137:22 (Heegard).

In regards to claim 2, the Petras reference explicitly describes a field indicating a format of the discard message.

- *The method of claim 1, wherein the data packet discard notification message contains a field indicating a format of the message*: For example, the Petras reference indicates that each of the messages transmitted has a unique format or field so that the receiver understands that an incoming packet is a discard message.  PX 120 at 13-15 (*see*, *e.g.*, Figs. 10-11); *see, e.g.*, 06/10/2013 p.m. Tr. 138:2-139:13 (Heegard).

For these reasons, Defendants are entitled to JMOL in their favor because no reasonable factfinder could find that asserted claims 1 and 2 of the '435 Patent are valid over Petras.

5

## CONCLUSION

For the foregoing reasons, the Court should grant JMOL in favor of Defendants that the asserted claims of the '625 and '435 Patents are invalid as anticipated by the Petras reference.

K&E 26808278.2

DATED: June 11, 2013

Respectfully submitted,
 */s/ Robert M. Parker*
Robert M. Parker (State Bar No. 15498000)
Robert Christopher Bunt (State Bar No. 00787165)
Charles Ainsworth (State Bar No. 00783521)
Andrew T. Gorham (State Bar No. 24012715)
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile:  (903) 533-9687
rmparker@pbatyler.com
rcbunt@pbatyler.com
charley@pbatyler.com
tgorham@pbatyler.com

Michael E. Jones (State Bar No.: 10929400)
John F. Bufe (State Bar No.: 03316930)
Allen F. Gardner (State Bar No.: 24043679)
**POTTER MINTON, PC**
110 North College, Suite 500
Tyler, Texas 75702
Telephone: (903)597-8311
Facsimile: (903) 593-0846
mikejones@potterminton.com
johnbufe@potterminton.com

Adam R. Alper *(Admitted Pro Hac Vice)*
Sarah E. Piepmeier *(Admitted Pro Hac Vice)*
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1876
Facsimile:  (415) 439-1500
adam.alper@kirkland.com
sarah.piepmeier@kirkland.com

7

Luke Dauchot *(Admitted Pro Hac Vice)*
Tim Majors *(Admitted Pro Hac Vice)*
Michael De Vries *(Admitted Pro Hac Vice)*
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile:  (213) 680-8500
luke.dauchot@kirkland.com
tim.majors@kirkland.com
michael.devries@kirkland.com

Gregory S. Arovas *(Admitted Pro Hac Vice)*
**KIRKLAND & ELLIS LLP**
601 Lexington Ave
New York, NY 10022
Telephone: (212) 446-4800
Facsimile:  (212) 446-4900
greg.arovas@kirkland.com
**ATTORNEYS FOR INTEL CORPORATION**

*/s/ Christine M. Morgan*
Scott D. Baker, *Pro Hac Vice* (Cal. SBN 84923)
John P. Bovich, *Pro Hac Vice* (Cal. SBN 150688)
James A. Daire, *Pro Hac Vice* ( Cal. SBN 239637)
Christine M. Morgan, *Pro Hac Vice* (Cal. SBN 169350)
Jonah D. Mitchell, *Pro Hac Vice* (Cal. SBN 203511)
Seth B. Herring
**REED SMITH LLP**
101 Second Street, Suite 1800
San Francisco, CA  94105
Telephone:  (415) 543-8700
Facsimile:  (415) 391-8269
sbaker@reedsmith.com
jbovich@reedsmith.com
jdaire@reedsmith.com
ahilgard@reedsmith.com
woverend@reedsmith.com
jmitchell@reedsmith.com
sherring@reedsmith.com

8

Trey Yarbrough (Bar No. 22133500)
Debra E. Gunter (Bar No. 24012752)
**YARBROUGH & WILCOX, PLLC**
100 E. Ferguson, Ste. 1015
Tyler, Texas 75702
Telephone:  (903) 595-3111
Facsimile:  (903) 595-0191
trey@yw-lawfirm.com
debby@yw-lawfirm.com
**Counsel for Defendants, D-LINK SYSTEMS, INC.,
NETGEAR, INC., ACER, INC., ACER AMERICA
CORPORATION, and GATEWAY, INC.**

  */s/ Christine Yang* (with permission)
S.J. Christine Yang (admitted *pro hac vice*)
Duncan Palmatier (admitted *pro hac vice*)
Victoria Hao (admitted *pro hac vice*)
**THE LAW OFFICES OF S.J. CHRISTINE YANG**
17220 Newhope Street, Suite 101
Fountain Valley, California 92708
Tel: (714) 641-4022; Fax: (714) 641-2082
cyang@sjclawpc.com
dpalm@dpalmlaw.com
vhao@sjclawpc.com
**Counsel for Defendant D-LINK SYSTEMS, INC.**

  */s/ Dwayne C. Norton* (with permission)
Michael J. Newton (Texas Bar No. 24003844)
Jason W. Cook (Texas Bar No. 24028537)
Dwayne C. Norton (Texas Bar No. 24076139)
Shaun W. Hassett (Texas Bar No. 24074372)
Brady Cox (Texas Bar No. 24074084)
**ALSTON & BIRD LLP**
2828 North Harwood St, Suite 1800
Dallas, TX 75201
Telephone: (214) 922-3400
Facsimile: (214) 922-3899
mike.newton@alston.com
jason.cook@alston.com
dwayne.norton@alston.com
shaun.hassett@alston.com
brady.cox@alston.com

9

Marsha E. Mullin (California Bar No. 93709)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Phone: (213) 576-1000
Fax: (213) 576-1100
marsha.mullin@alston.com

Frank G. Smith (Georgia Bar No. 657550)
Kamran Jivani (Georgia Bar No. 510908)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
frank.smith@alston.com
kamran.jivani@alston.com

Deron R. Dacus (Texas Bar No. 00790553)
**The Dacus Firm, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone:   (903) 705-1117
Facsimile:    (903) 581-2543
ddacus@dacusfirm.com
**Counsel for DEFENDANT DELL INC.**


 */s/ John Feldhaus* (with permission)
John Feldhaus
Pavan Agarwal
Andrew R. Cheslock
**FOLEY & LARDNER LLP**
3000 K. Street, NW, Suite 500
Washington, DC 20007
Telephone: (202) 672-5300
Facsimile: (202) 672-5399
 jfeldhaus@foley.com
pagarwal@foley.com
acheslock@foley.com

Kevin J. Malaney
**FOLEY & LARDNER LLP**
777 E. Wisconsin Avenue
Milwaukee, WI 53202
Telephone: (414) 319-7067
Facsimile: (414) 297-4900
kmalaney@foley.com

Guy N. Harrison
Attorney at Law
217 N. Center
Longview, TX 75606
Telephone: (903) 758-7361
Facsimile: (903) 753-9557
guy@gnhlaw.com
**Counsel for TOSHIBA CORPORATION AND TOSHIBA AMERICA INFORMATION SYSTEMS, INC.**

 */s/ Ryan K. Yagura* (with permission)
Ryan K. Yagura (Bar No. 24075933)
Vision Winter (*Pro Hac Vice*)
Eric Chan
**O'MELVENY & MYERS LLP**
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
vwinter@omm.com
ryagura@omm.com
echan@omm.com
**Attorneys for BELKIN INTERNATIONAL, INC.**

11

*/s/ Eugene M. Paige* (with permission)
Robert A. Van Nest
Eugene M. Paige
Matan Shacham
**KEKER & VAN  NEST LLP**
633 Sansome Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
rvannest@kvn.com
emp@kvn.com
mshacham@kvn.com
**Attorneys for ACER, INC., D-LINK
CORPORATION and GATEWAY, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 11, 2013.

*/s/ Robert M. Parker*
Robert M. Parker

K&E 26808278.2