**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **ERICSSON INC., et al.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**D-LINK CORPORATION, et al.,**<br><br>D-Links. | Civil Action No. 6:10-cv-473<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' BENCH MEMORANDUM IN OPPOSITION TO ERICSSON'S
PROPOSED FINAL JURY INSTRUCTION NO. 33**

In accordance with the Court's instructions on the record during today's charge conference, Defendants respectfully submit this document concerning the following instruction proposed by Ericsson for inclusion in the final jury instructions:[1]

> An infringer's net profit margin is not the ceiling by which a reasonable royalty is capped. The infringer's selling price can be raised if necessary to accommodate a higher royalty rate. Requiring the infringer to do so may be the only way to adequately compensate the patentee for the use of its patented technology.

Defendants object to this instruction and respectfully submit that the Court should reject it for at least the following reasons.

Defendants object to inclusion of this proposed instruction for several reasons. *First*, this instruction is unnecessary. The Court's reasonable royalty instruction,[2] already explains how an alleged infringers' profits should be considered in determining a reasonable royalty. Including

---

[1] The Court initially rejected this instruction but, during the charge conference, agreed to take this instruction under advisement and allow Defendants to submit an alternative proposed instruction and briefing on the issue.

[2] As stated on the record during the charge conference, Defendants object to the reasonable royalty instruction proposed by the Court because Defendants believe it is inconsistent with Ericssons's RAND obligations. Defendants maintain those instructions.

1

this instruction will therefore be confusing to the jury and prejudicial to Defendants as it will emphasize one of the *Georgia-Pacific* factors over all of the other factors that are to be considered by the jury.

*Second*, Ericsson's proposed instruction omits the requirement that a reasonable royalty should leave an infringer with a reasonable profit. Ericsson's proposed instruction is an incomplete, misleading, and prejudicial statement of the law for it is well-established that a reasonable royalty is defined as: "[t]he amount that 'a person, desiring to manufacture[, use, or] sell a patented article, as a business proposition, would be willing to pay as a royalty ***and yet be able to make[, use, or] sell the patented article, in the market, at a reasonable profit***.'" *Applied Med. Resources Corp. v. U.S. Surgical Corp.*, 435 F.3d 1356, 1361 (Fed. Cir. 2006) (quoting *Trans-World Mfg. Corp. v. Al Nyman & Sons, Inc.*, 750 F.2d 1552, 1568 (Fed. Cir. 1984) (emphasis added). Accordingly, implicit in a reasonable royalty is the principle that "a reasonable royalty would leave an infringer with reasonable profit." *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1081 (Fed. Cir. 1983); *see also Micro Chem., Inc. v. Lextron, Inc.*, 161 F.Supp.2d 1187, 1209 (D. Colo. 2001) ("[A] reasonable royalty is one that leaves the infringer with some profit. ***After all, no reasonable person would enter into a license in which they had agreed to pay more than their expected profit.***") (emphasis added) By focusing on the issue of a cap, and omitting the need for an accused infringer to make a reasonable profit, Ericsson's Proposed Final Instruction No. 33 is clearly prejudicial. Further, by failing to inform the jury of an essential element of a reasonable royalty it is incorrect and incomplete as a matter of law and should be denied.

*Third*, Ericsson's proposed instruction omits the essential requirement that hypothetical negotiation must be based on the expectations of the parties at the time of first infringement. Yet

the law is clear a reasonable royalty is derived by "envision[ing] the terms of a licensing agreement reached as the result of a supposed [bargain] between the patentee and the infringer *at the time infringement began*." *Minks v. Polaris Indus., Inc.*, 546 F.3d 1364, 1372 (Fed. Cir. 2008) (emphasis added). Critical to assessing a reasonable royalty, therefore, "is the necessity for return to the date when the infringement began." *Panduit Corp. v. Stahlin Fibre Works, Inc.*, 575 F.2d 1152, 1158 (6th Cir. 1978). This is because, as the Federal Circuit has explained, "the value of a hypothetical license negotiated in [one year] could be drastically different from one undertaken in [a later year]" due to changes in the state of the technology, the parties' needs, expectations, market conditions, or other factors. *Integra Lifesciences I, Ltd. v. Merck KGaA*, 331 F.3d 860, 870 (Fed. Cir. 2003), *rev'd on other grounds by Merck KGaA v.Integra Lifesciences I, Ltd.*, 545 U.S. 193 (2005). Ericsson's instruction is thus incomplete, misleading, and prejudicial as it fails to inform the jury that any assessment of the infringer's profits must be based on their expectations at the time of the hypothetical negotiation. *See*, *e.g.*, *Lucent Techs., Inc. v.* Gateway, Inc., 580 F. 3d 1301, 1324 (Fed. Cir. 2009) (approving use of analytical method based on "calculating damages based on the infringer's own internal profit projections for the infringing item at the time the infringement began, and then apportioning the projected profits between the patent owner and the infringer"); *cf. Interactive Pictures Corp. v. Infinite Pictures, Inc.*, 274 F.3d 1371, 1384-85 (Fed. Cir. 2001) (affirming reasonable royalty award that exceeded infringers actual net profits based on expectations in patentee's business plan, which was prepared two months before infringement began).

*Fourth*, there is no evidentiary basis for Ericsson's Proposed Final Instruction No. 33 as Ericsson has failed to put in any evidence regarding (i) Defendants' profit margins; and (ii) Defendants' ability to raise their prices and still sell their products at a reasonable profit. Such

3

evidence, however, is critical as any reasonable royalty should take into account "the impact that increased prices would have had on demand . . . [as 'a]ll markets must respect the law of demand. According to the law of demand, consumers will almost always purchase fewer units of a product at a higher price than at a lower price, possibly substituting other products.'" *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 476 F.Supp.2d 1143, 1156-117 (N.D. Cal. 2007) (quoting *Crystal Semiconductor Corp. v. TriTech Microelectronics Intern., Inc.,* 246 F.3d 1336, 1359 (Fed. Cir. 2001). Having failed to put any evidence on these central issues to its Proposed Final Instruction No. 33, Ericsson is not entitled to this jury instruction. *In re Newchurch*, 807 F.2d 404, 411 (5th Cir. 1986) ("[D]efendants are not entitled to a jury instruction on the issue . . . if there is no evidence to support it[.]").

*Fifth*, Ericsson's proposed instruction is inconsistent with Ericsson's admitted RAND obligations. Ericsson's instruction suggests that the jury may find that a reasonable royalty may be funded out of the hold up value of 802.11n based on the fact that consumers and others are locked in to the standard. RAND obligations are meant to ensure this does not occur. *Microsoft Corp. v. Motorola, Inc.*, 2013 WL 2111217, *12 ¶ 71 (W.D. Wash. Apr. 25, 2013) ("In the context of a dispute concerning whether or not a given royalty is RAND, a proper methodology used to determine a RAND royalty should therefore recognize and seek to mitigate the risk of patent hold-up that RAND commitments are intended to avoid.")

In the event an instruction is provided over these objections, and without waiver of those objections, Defendants provide the alternate proposed instruction attached hereto as Exhibit A.

DATED: June 11, 2013

Respectfully submitted,

*/s/ Robert M. Parker*
Robert M. Parker (State Bar No. 15498000)
Robert Christopher Bunt (State Bar No. 00787165)
Charles Ainsworth (State Bar No. 00783521)
Andrew T. Gorham (State Bar No. 24012715)
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687
rmparker@pbatyler.com
rcbunt@pbatyler.com
charley@pbatyler.com
tgorham@pbatyler.com

Michael E. Jones (State Bar No.: 10929400)
John F. Bufe (State Bar No.: 03316930)
Allen F. Gardner (State Bar No.: 24043679)
**POTTER MINTON, PC**
110 North College, Suite 500
Tyler, Texas 75702
Telephone: (903)597-8311
Facsimile: (903) 593-0846
mikejones@potterminton.com
johnbufe@potterminton.com

Adam R. Alper *(Admitted Pro Hac Vice)*
Sarah E. Piepmeier *(Admitted Pro Hac Vice)*
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1876
Facsimile: (415) 439-1500
adam.alper@kirkland.com
sarah.piepmeier@kirkland.com

5

Luke Dauchot *(Admitted Pro Hac Vice)*
Tim Majors *(Admitted Pro Hac Vice)*
Michael De Vries *(Admitted Pro Hac Vice)*
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
luke.dauchot@kirkland.com
tim.majors@kirkland.com
michael.devries@kirkland.com

Gregory S. Arovas *(Admitted Pro Hac Vice)*
**KIRKLAND & ELLIS LLP**
601 Lexington Ave
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
greg.arovas@kirkland.com
**ATTORNEYS FOR INTEL CORPORATION**

*/s/ Christine M. Morgan*
Scott D. Baker, *Pro Hac Vice* (Cal. SBN 84923)
John P. Bovich, *Pro Hac Vice* (Cal. SBN 150688)
James A. Daire, *Pro Hac Vice* ( Cal. SBN 239637)
Christine M. Morgan, *Pro Hac Vice* (Cal. SBN 169350)
Jonah D. Mitchell, *Pro Hac Vice* (Cal. SBN 203511)
Seth B. Herring
**REED SMITH LLP**
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: (415) 543-8700
Facsimile: (415) 391-8269
sbaker@reedsmith.com
jbovich@reedsmith.com
jdaire@reedsmith.com
ahilgard@reedsmith.com
woverend@reedsmith.com
jmitchell@reedsmith.com
sherring@reedsmith.com

Trey Yarbrough (Bar No. 22133500)
Debra E. Gunter (Bar No. 24012752)
**YARBROUGH & WILCOX, PLLC**
100 E. Ferguson, Ste. 1015
Tyler, Texas 75702
Telephone:  (903) 595-3111
Facsimile:  (903) 595-0191
trey@yw-lawfirm.com
debby@yw-lawfirm.com
**Counsel for Defendants, D-LINK SYSTEMS, INC., NETGEAR, INC., ACER, INC., ACER AMERICA CORPORATION, and GATEWAY, INC.**

   */s/ Christine Yang* (with permission)
S.J. Christine Yang (admitted *pro hac vice*)
Duncan Palmatier (admitted *pro hac vice*)
Victoria Hao (admitted *pro hac vice*)
**THE LAW OFFICES OF S.J. CHRISTINE YANG**
17220 Newhope Street, Suite 101
Fountain Valley, California 92708
Tel: (714) 641-4022; Fax: (714) 641-2082
cyang@sjclawpc.com
dpalm@dpalmlaw.com
vhao@sjclawpc.com
**Counsel for Defendant D-LINK SYSTEMS, INC.**


   */s/ Dwayne C. Norton* (with permission)
Michael J. Newton (Texas Bar No. 24003844)
Jason W. Cook (Texas Bar No. 24028537)
Dwayne C. Norton (Texas Bar No. 24076139)
Shaun W. Hassett (Texas Bar No. 24074372)
Brady Cox (Texas Bar No. 24074084)
**ALSTON & BIRD LLP**
2828 North Harwood St, Suite 1800
Dallas, TX 75201
Telephone: (214) 922-3400
Facsimile: (214) 922-3899
mike.newton@alston.com
jason.cook@alston.com
dwayne.norton@alston.com
shaun.hassett@alston.com
brady.cox@alston.com

Marsha E. Mullin (California Bar No. 93709)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Phone: (213) 576-1000
Fax: (213) 576-1100
marsha.mullin@alston.com

Frank G. Smith (Georgia Bar No. 657550)
Kamran Jivani (Georgia Bar No. 510908)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
frank.smith@alston.com
kamran.jivani@alston.com

Deron R. Dacus (Texas Bar No. 00790553)
**The Dacus Firm, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543
ddacus@dacusfirm.com
**Counsel for DEFENDANT DELL INC.**

  */s/ John Feldhaus* (with permission)
John Feldhaus
Pavan Agarwal
Andrew R. Cheslock
**FOLEY & LARDNER LLP**
3000 K. Street, NW, Suite 500
Washington, DC 20007
Telephone: (202) 672-5300
Facsimile: (202) 672-5399
 jfeldhaus@foley.com
pagarwal@foley.com
acheslock@foley.com

Kevin J. Malaney
**FOLEY & LARDNER LLP**
777 E. Wisconsin Avenue
Milwaukee, WI 53202
Telephone: (414) 319-7067
Facsimile: (414) 297-4900
kmalaney@foley.com

Guy N. Harrison
Attorney at Law
217 N. Center
Longview, TX 75606
Telephone: (903) 758-7361
Facsimile: (903) 753-9557
guy@gnhlaw.com
**Counsel for TOSHIBA CORPORATION AND TOSHIBA AMERICA INFORMATION SYSTEMS, INC.**

  /s/  Ryan K. Yagura (with permission)
Ryan K. Yagura (Bar No. 24075933)
Vision Winter (*Pro Hac Vice*)
Eric Chan
**O'MELVENY & MYERS LLP**
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
vwinter@omm.com
ryagura@omm.com
echan@omm.com
**Attorneys for BELKIN INTERNATIONAL, INC.**

        */s/ Eugene M. Paige* (with permission)
Robert A. Van Nest
Eugene M. Paige
Matan Shacham
**KEKER & VAN NEST LLP**
633 Sansome Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
rvannest@kvn.com
emp@kvn.com
mshacham@kvn.com
**Attorneys for ACER, INC., D-LINK CORPORATION and GATEWAY, INC.**

### CERTIFICATE OF SERVICE

      The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 11, 2013.

      */s/ Robert M. Parker*
Robert M. Parker

K&E 26795269.1