# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

ERICSSON INC., et al.,

      Plaintiffs,

      vs.

D-LINK CORPORATION, et al.,

      Defendants.

Civil Action No. 6:10-cv-473

**JURY TRIAL DEMANDED**

## PLAINTIFF ERICSSON'S PROFFER IN SUPPORT OF INCLUSION OF AN INSTRUCTION ON INDUCEMENT IN THE FINAL JURY CHARGE

## I. INTRODUCTION

Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson ("Ericsson") respectfully submit this proffer in support of inclusion of an instruction on inducement in the Court's jury charge. During oral argument at trial on June 11, 2013, the Court took under advisement Defendants' request to remove an instruction to the jury regarding the law of inducement. For the reasons set forth below, the Court should include an instruction on inducement in its final jury charge.

## II. LEGAL STANDARD

In order to prevail on its indirect infringement claims, Ericsson must demonstrate that Defendants acted with "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.,* 131 S. Ct. 2060, 2068 (2011). In addition to direct evidence of inducement, Ericsson may rely on circumstantial evidence of inducement. *Moleculon Research Corp. v. CBS, Inc.*, 793 F.2d 1261, 1272 (Fed. Cir. 1986) ("Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence."). The evidence in the record, when taken in a light most favorable to Ericsson, is more than sufficient to allow a reasonable jury to conclude that Defendants have induced infringement of the patents in suit. *Mirror Worlds, LLC v. Apple, Inc.*, 784 F. Supp. 2d 703, 710 (E.D. Tex. 2011).

## III. ERICSSON HAS PRESENTED LEGALLY SUFFICIENT EVIDENCE OF INDUCEMENT

The record contains ample facts for a reasonable jury to find inducement, when viewed in a light most favorable to Ericsson:

- Ericsson's witness testified, and the parties stipulated, that Ericsson notified each of the Defendants that they were infringing Ericsson's asserted patents during the 2004-2010

1

timeframe. June 4, 2013 Trial Tr., Testimony of Christina Peterson at 7:1-4; PX0554. After being notified, Defendants continued to sell approximately 77 million products having 802.11n functionality. June 5, 2013 Trial Tr., Testimony of John Bone at 133:13-23 (explaining damages as a multiple of units sold).

- Ericsson's infringement expert, Dr. Nettles, testified that the Defendants induced infringement of all the method claims in this case, noting that the Defendants encouraged their customers to use their products which are designed to operate in an infringing manner automatically, as "that's the whole reason for selling them." *See* June 5, 2013 Trial Tr., Testimony of Dr. Nettles 25:8-26:2; 49:19-22; 79:3-10.

- Defendants' witness, Mr. Kitchin, also explained that the Defendants submit their products for certification, and upon certification "you get what's called the Wi-Fi sticker, that little logo that says Wi-Fi on the outside of the box of what you might be buying. And that's supposed to kind of guarantee to the user that these devices will work well together." June 6, 2013 Trial Tr., Testimony of Mr. Kitchin at 175:18-177:1. Defendant Toshiba, Defendant chip maker Intel, as well as chip makers Broadcom, Qualcom/Atheros and Realtek all have products that are certified. (PX0103-PX0117, PX0156-PX0161, PX0548, PX0549, PX0586).

- Plaintiffs' damages expert, Mr. Bone, also testified that Defendants' packaging, promotional materials, and product specifications all advertise that their devices operate under 802.11n. *See* June 5, 2013 Trial Tr., Testimony of John Bone at 144:15-24.

- Defendant Intel publishes user manuals providing detailed instructions on how to use its products to "access wireless networks, share files or printers, or even share your internet connection." (PX-0266).

2

- Defendant D-Link likewise advertises its 802.11n capabilities and publishes detailed user manual on how to operate its devices. (PX-0398, PX-0538).

Ericsson's evidence goes far beyond what has been found to be sufficient evidence to find inducement. For example, specific intent can shown by the affirmative act of incorporating features into a product that do not have any purpose other than to cause a device to automatically operate in a manner that infringes. *Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1343 (Fed. Cir. 2008) ("[S]uch evidence would create a material issue of fact regarding QSI's intent that its drives be used to infringe the '552 and '755 patents").

Additionally, Ericsson's evidence of inducement goes far beyond what was found to be legally sufficient in the instructive case of *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1323 (Fed. Cir. 2009). In *Lucent Techs.*, the Federal Circuit reviewed a record consisting of three pieces of evidence: (1) testimony from plaintiff's expert that users would be unable to use the product and avoid the use of the infringing software components; (2) a single document discussed by the plaintiff's expert that touted the benefits of the accused technology, and (3) circumstantial evidence that, while limited, would support the jury's findings. *Id.* As set forth above, Ericsson has presented evidence that, *inter alia*, Defendants' products automatically operate in an infringing manner without user intervention, that the Defendants were aware of the patents, and that the Defendants advertise, promote, and intend for their customers to the use of 802.11n—which is the accused infringing operation.

In view of this and the other evidence set forth above, a reasonable jury could find that Defendants have induced infringement of Ericsson's patents, and they should accordingly be instructed on induced infringement.

3

## IV. CONCLUSION

For the foregoing reasons, Ericsson respectfully requests the Court instruct the jury regarding finding induced infringement.

DATED: June 12, 2013

Respectfully submitted,

**McKOOL SMITH, P.C.**

By: _/s/ Theodore Stevenson III_
Theodore Stevenson III,
Lead Attorney
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Bradley W. Caldwell
Texas State Bar No. 24040630
bcaldwell@mckoolsmith.com
Ashley N. Moore
Texas State Bar No. 24074748
amoore@mckoolsmith.com
Justin Nemunaitis
Texas State Bar No. 24065815
jnemunaitis@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**ATTORNEYS FOR PLAINTIFFS ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON**

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing document was served on counsel of record via the Court's ECF system on June 12, 2013.

*/s/ Brandon Jordan*
Brandon Jordan

McKool 899645v1