# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| ERICSSON INC., et al., | |
| Plaintiffs, | |
| vs. | Civil Action No. 6:10-cv-473 |
| D-LINK CORPORATION, et al., | JURY TRIAL DEMANDED |
| Defendants. | |

## DEFENDANTS' FEDERAL RULE OF CIVIL PROCEDURE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW IN FAVOR OF DEFENDANTS (WILLFULNESS)

# TABLE OF CONTENTS

**Page**

I. ERICSSON HAS FAILED TO OFFER CLEAR AND CONVINCING EVIDENCE ESTABLISHING THE OBJECTIVE PRONG OF WILLFULNESS......................................................................................................2

II. ERICSSON HAS FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT DEFENDANTS HAD THE REQUIRED SUBJECTIVE INTENT ................................................................................................................2

    A. Defendants Exceeded The Standards Of Commerce, Including The Expectation That Ericsson Would Honor Its RAND Commitment........................3

    B. There is No Evidence of Copying; Intel And Other Chipmakers Independently Developed And Contributed Their Technology to The 802.11n Technology ..........................................................................................5

    C. Defendants Presented Substantial, Credible and Meritorious Non-Infringement and Invalidity Defenses..................................................................6

    D. Ericsson Has Presented No Evidence That Defendants Tried To Cover Up Any Infringement.................................................................................................6

    E. Ericsson Has Failed To Put Forward Any Evidence That Intel Willfully Infringed.........................................................................................................6

III. CONCLUSION ............................................................................................................7

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Anascape, Ltd. v. Microsoft Corp.*,
2008 WL 7182476 (E.D. Tex. Apr. 25, 2008) .......................................................... 7

*Gustafson, Inc. v. Intersystems Indus. Products, Inc.*,
897 F.2d 508 (Fed. Cir. 1990) ................................................................................ 7

*In re Seagate Technology LLC*,
497 F.3d 1360 (Fed. Cir. 2007) .............................................................................. 2

*Lam, Inc. v. Johns-Manville Corp.*,
668 F.2d 462 (10th Cir. 1982) ................................................................................ 3

*Mirror Worlds, LLC v. Apple, Inc.*,
784 F. Supp. 2d 703 (E.D. Tex. 2011) .................................................................... 1

*Power v. Home Depot U.S.A., Inc.*,
663 F.3d 1221 (Fed. Cir. 2011) .............................................................................. 2

*Riggs Marketing, Inc. v. Mitchell*,
1999 WL 399710 (Fed. Cir. Jun. 8, 1999) .............................................................. 6

*State Industries, Inc. v. A.O. Smith Corp.*,
751 F.2d 1226 (Fed.Cir.1985) ................................................................................ 7

**RULES**

Fed. R. Civ. P. 50 ......................................................................................................... 1

Pursuant to Federal Rule of Civil Procedure 50(a), Defendants D-Link Systems, Inc., NETGEAR, Inc., Acer America Corporation, Acer, Inc., Gateway, Inc., Dell Inc., Toshiba America Information Systems, Inc., and Toshiba Corporation, and Intervenor Intel Corporation (collectively, "Defendants") respectfully move that the Court grant judgment as a matter of law ("JMOL") on all of plaintiffs' Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson") claims for willful infringement.

Ericsson's proof is not legally sufficient to establish willful infringement under either prong of the willfulness inquiry. Ericsson is required to prove by clear and convincing evidence that (1) Defendants acted despite an objectively high likelihood that their actions constituted infringement of a valid patent and (2) Defendants had the subjective intent to willfully infringe. At trial and throughout this case, Defendants have presented substantial, credible, and meritorious defenses to each of Ericsson's claims. Additionally, Ericsson has not come forth with legally sufficient evidence that could be used to demonstrate that Defendants had manifested the subjective intent to willfully infringe any of the asserted patents, and the unrebutted evidence establishes that Defendants do not. Accordingly, JMOL should be granted in favor of Defendants on Ericsson's willfulness claims.

## ARGUMENT

JMOL is appropriate on a given issue when, taking the record in the light most favorable to the non-moving party, a "reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *Mirror Worlds, LLC v. Apple, Inc.*, 784 F. Supp. 2d 703, 710 (E.D. Tex. 2011) (quoting Fed. R. Civ. P. 50(a)). This standard is met here because there is no legally sufficient evidentiary basis to rule for Ericsson on any issue in support of its willful infringement claims against Defendants.

**I. ERICSSON HAS FAILED TO OFFER CLEAR AND CONVINCING EVIDENCE ESTABLISHING THE OBJECTIVE PRONG OF WILLFULNESS**

Defendants renew and incorporate by reference their JMOL on Willfulness, filed June 11, 2013, and contend that JMOL should be granted in their favor for at least the reasons explained therein. (*See* Dkt. 492) In particular, Defendants respectfully request that the Court grant JMOL in favor of Defendants because Ericsson has not—and cannot—demonstrate by clear and convincing evidence that Defendants were objectively reckless including for example in view of the substantial, credible and meritorious defenses presented by Defendants. (*See, e.g.*, Dkt. 492).

**II. ERICSSON HAS FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT DEFENDANTS HAD THE REQUIRED SUBJECTIVE INTENT**

JMOL is also appropriate because Ericsson has failed to present legally sufficient evidence that an "objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Technology LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007); *see also Power v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1236 (Fed. Cir. 2011). To determine whether a particular Defendant had the requisite state of mind, several factors may be taken into account. As the Court instructed the jury, these factors include, but are not limited to:

(1) whether or not the Defendant acted in accordance with the standards of commerce for its industry;

(2) whether or not there is a reasonable basis to believe that the Defendant did not infringe or had a reasonable defense, such as invalidity;

(3) whether or not the Defendant tried to cover up its infringement;

(4) whether the Defendant copied the patentee's technology.[1]

---

[1] In addition to the foregoing, the Federal Circuit has explained that the *Read* factors may also be relevant to determining willfulness. *In re Seagate Technolology LLC*, 497 F.3d at 1369. None of these factors weigh in favor of a finding of willful infringement here.

06/13/2013 Tr. (Jury Instruction Willfulness); *see also, Lam, Inc. v. Johns-Manville Corp.*, 668 F.2d 462, 475 (10th Cir. 1982). These factors are non-exhaustive and should be evaluated under the totality of the circumstances.

Ericsson has had a full opportunity to present its evidence, yet there is no legally sufficient evidentiary basis which could prove that Defendants possessed the subjective intent to willfully infringe any of the asserted patents. For at least the following reasons, the evidence at trial shows that Defendants did not know, or that they should have known, of any objectively-defined risk that they infringed Ericsson's patents. Instead, the overwhelming evidence presented at trial compels a finding in favor of Defendants on the question of willfulness because Defendants have maintained consistent and reasonable positions that they did not infringe Ericsson's patents, and there is no evidence that any Defendant knew or should have known that Ericsson's patents were infringed. Based on the totality of circumstances, including those exemplary ones identified below, no reasonable jury could find that Defendants were willful infringers.

**A.** **Defendants Exceeded The Standards Of Commerce, Including The Expectation That Ericsson Would Honor Its RAND Commitment**

Ericsson has failed to prove by clear and convincing evidence that Defendants' acts were not in accordance with normal standards of commerce in the industry. To the contrary, the evidence consistently reflects that Defendants' activities accorded with the normal industry practice for those products that implicate standards-essential patents, and Ericsson has provided no evidence to the contrary.

Defendants incorporate by reference their arguments and evidence set forth in their JMOL filed on Willfulness, Dkt. 492 at 4-5. By way of further example, pursuant to established standards of commerce in the industry, it was reasonable for Defendants to rely on Ericsson's

3

RAND commitment in deciding to not redesign and continue selling their products while the parties resolved disputes in Court. 06/13/2013 Tr. (Shoemake). As confirmed by the head of Ericsson's licensing business unit, Kasim Alfalahi, Ericsson submitted letters of assurance that obligate it to license patents it believes are essential to practicing the 802.11 standards on fair, reasonable, and non-discriminatory ("RAND") terms. PX273; PX274. This commitment applies to anyone who requests a license, including chipset manufacturers. *See also* DX97. Defendants reasonably relied on Ericsson's RAND commitments in choosing to resolve their disputes in Court while continuing to sell their standardized technology.

Furthermore, Dr. Matthew Shoemake, a long time IEEE member, testified that companies reasonably rely on letters of assurance like Ericsson's when bringing products to market. Intel employee Duncan Kitchin also confirmed that Intel relied on the fact that any allegedly standard essential patents, like those ones asserted by Ericsson, would be subject to commitments to license on RAND terms. As such, Mr. Kitchin testified that once Intel became aware of Ericsson's patents, Intel believed that it was reasonable to continue selling its products and not designing around Ericsson's patents, because Ericsson is obligated to provide it and the other Defendants a license under RAND terms. The OEM Defendants understood this to be true as well. Indeed, as part of this RAND commitment, Ericsson and all other industry-participants understood that Ericsson would not use these patents to block others from practicing the standard. 06/13/2013 Tr. (Shoemake). As such, it was reasonable for Defendants to rely on Ericsson's RAND commitments to allow them to continue to practice the standard while any disputes over Ericsson's essentiality claims were resolved in Court, including via the present litigation. 06/13/2013 Tr. (Shoemake). This evidence proffered by Defendants was unrebutted by Ericsson and the Court should grant JMOL in Defendants' favor on this reason also.

**B.** **There is No Evidence of Copying; Intel And Other Chipmakers Independently Developed And Contributed Their Technology to The 802.11n Technology**

Ericsson has presented no evidence that any of the Defendants copied Ericsson's technology or its patents. In fact, the evidence at trial showed that Ericsson had no involvement in the development of the 802.11n standard, and admitted to having made no contributions that were accepted into any 802.11 standard. Indeed, the only IEEE contribution of record that Ericsson made relating to Wi-Fi technology was rejected being rejected as too complex. 06/11/2013 p.m. Tr. at 91:4-92:13 (Iwerback); DX 98. The evidence further showed Ericsson failed to develop a Wi-Fi product embodying its asserted patents. 06/11/2013 p.m. Tr. at 91:7-22 (Iwerback); DX 98 By contrast, the uncontradicted evidence at trial was that Intel, along with the other chipmakers, independently created and developed the 802.11n standard and the compliant Wi-Fi chipsets that are at issue. For example, there was uncontradicted testimony and evidence was that Intel and Atheros made submissions to the 802.11 working groups, including on accused features, *which were actually adopted into the standard*. *See*, *e.g.*, 06/10/2013 p.m. Tr. at 22:13-23:5, 39:18-12; DX-193; DX-307; DX-356. In addition to actually developing the 802.11n standard, the evidence further showed that Intel and the chipmakers developed their own patented technologies for Wi-Fi. For example, Mr. Kitchin confirmed that several of Intel's patents were accepted into the 802.11n standard. 06/06/2013 p.m. Tr. at 77:5-80:3 (Kitchin); DX-479. Indeed, even Ericsson's documents admitted that the chipmakers held most of the patents covering 802.11n. DX-81 This independent development, along with the chipmakers' patents, is highly probative of the absence of copying, which is a widely recognized factor in negating a finding of willfulness. *Riggs Marketing, Inc. v. Mitchell*, Nos. 98-1507, 98-1551, 1999 WL 399710, at *4 (Fed. Cir. Jun. 8, 1999). Accordingly, JMOL of no willful infringement in favor of Defendants is warranted.

**C.     Defendants Presented Substantial, Credible and Meritorious Non-Infringement and Invalidity Defenses**

Defendants have consistently maintained the same defenses that they presented at trial and incorporate by reference their non-infringement and invalidity arguments set forth in their JMOLs filed on Willfulness, Invalidity, and Non-Infringement. (*See* Dkt. 492 (Willfulness); Dkt. 493 (Invalidity); Dkt. 488 (Non-Infringement)). The facts laid forth in each JMOL clearly show that Defendants had a reasonable basis for believing and did believe that they did not infringe any valid claim of Ericsson's patents. In contrast, Ericsson has provided no evidence that Defendants did not reasonably believe in their defenses. For this further reason, the Court should find in favor of Defendants' JMOL on Ericsson's willfulness claims.

**D.     Ericsson Has Presented No Evidence That Defendants Tried To Cover Up Any Infringement**

Ericsson also has failed to provide *any* (much less legally sufficient) evidence that Defendants attempted to cover up or conceal any alleged infringement. To the contrary, Plaintiffs' own expert, Dr. Nettles, agreed that all the accused products were advertised as practicing the 802.11n standard and were certified as interoperable by the Wi-Fi Alliance. 06/04/2013 p.m. Tr. at 131:7-17 (Nettles). The fact that Defendants did not attempt to conceal that they were using the 802.11n standard is additional, strong evidence that the Defendants did not know of any objectively high likelihood that their actions constituted infringement of Ericsson's patents. JMOL in favor of Defendants is appropriate for this additional reason also.

**E.     Ericsson Has Failed To Put Forward Any Evidence That Intel Willfully Infringed**

At the conclusion of trial, Ericsson has not adduced evidence legally sufficient to support a finding that Intel willfully infringed any of the asserted patents and accordingly, Intel is entitled to JMOL on Ericsson's willfulness claims for this additional reason also. Ericsson has

consistently represented that it is not seeking damages from Intel. Moreover, Ericsson has presented *no evidence* that it ever gave Intel notice that it believed certain 802.11n Intel products were infringing the patents-in-suit. Yet knowledge of the patents-in-suit is a threshold requirement for a willful infringement claim. *Gustafson, Inc. v. Intersystems Indus. Products, Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990) ("a cannot be found to have 'willfully' infringed a patent of which the party had no knowledge."); *Anascape, Ltd. v. Microsoft Corp.*, CIV.A.9:06-CV-158, 2008 WL 7182476 (E.D. Tex. Apr. 25, 2008) ("To willfully infringe a patent, the patent must exist and one must have knowledge of it." (citing *State Industries, Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed.Cir.1985)). Moreover, Ericsson initially told Intel its chips are not accused, and when Intel learned of Ericsson's claims against its chips, Intel promptly intervened to resolve the dispute. Intel's willingness to intervene to resolve the parties disputes (about infringement, invalidity, Ericsson's demanded rate, and RAND) is the antithesis of the subjective intent required for a finding of willful infringement . Hence, there is no evidence in the record on which a willfulness finding against Intel could be based. For these additional reasons, the Court should grant JMOL in favor of Intel.

## III. CONCLUSION

Ericsson cannot show that Defendants were objectively reckless by clear and convincing evidence. Nor, based on the totality of the circumstances, can Ericsson show by clear and convincing evidence that Defendants had the requisite subjective intent. Accordingly, for the foregoing reasons Defendants respectfully request that Court grant JMOL of no willful infringement in favor of all Defendants.

DATED: June 13, 2013          Respectfully submitted,

                       */s/ Robert M. Parker*
                      Robert M. Parker (State Bar No. 15498000)
                      Robert Christopher Bunt (State Bar No. 00787165)

Charles Ainsworth (State Bar No. 00783521)
Andrew T. Gorham (State Bar No. 24012715)
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile:  (903) 533-9687
rmparker@pbatyler.com
rcbunt@pbatyler.com
charley@pbatyler.com
tgorham@pbatyler.com

Michael E. Jones (State Bar No.: 10929400)
John F. Bufe (State Bar No.: 03316930)
Allen F. Gardner (State Bar No.: 24043679)
**POTTER MINTON, PC**
110 North College, Suite 500
Tyler, Texas 75702
Telephone: (903)597-8311
Facsimile: (903) 593-0846
mikejones@potterminton.com
johnbufe@potterminton.com

Adam R. Alper *(Admitted Pro Hac Vice)*
Sarah E. Piepmeier *(Admitted Pro Hac Vice)*
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1876
Facsimile:  (415) 439-1500
adam.alper@kirkland.com
sarah.piepmeier@kirkland.com

Luke Dauchot *(Admitted Pro Hac Vice)*
Tim Majors *(Admitted Pro Hac Vice)*
Michael De Vries *(Admitted Pro Hac Vice)*
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile:  (213) 680-8500
luke.dauchot@kirkland.com
tim.majors@kirkland.com
michael.devries@kirkland.com

Gregory S. Arovas *(Admitted Pro Hac Vice)*
**KIRKLAND & ELLIS LLP**
601 Lexington Ave
New York, NY 10022
Telephone: (212) 446-4800
Facsimile:  (212) 446-4900
greg.arovas@kirkland.com

**ATTORNEYS FOR INTEL CORPORATION**

*/s/ Christine M. Morgan*
Scott D. Baker, *Pro Hac Vice* (Cal. SBN 84923)
John P. Bovich, *Pro Hac Vice* (Cal. SBN 150688)
James A. Daire, *Pro Hac Vice* ( Cal. SBN 239637)
Christine M. Morgan, *Pro Hac Vice* (Cal. SBN 169350)
Jonah D. Mitchell, *Pro Hac Vice* (Cal. SBN 203511)
Seth B. Herring
**REED SMITH LLP**
101 Second Street, Suite 1800
San Francisco, CA  94105
Telephone:  (415) 543-8700
Facsimile:  (415) 391-8269
sbaker@reedsmith.com
jbovich@reedsmith.com
jdaire@reedsmith.com
ahilgard@reedsmith.com
woverend@reedsmith.com
jmitchell@reedsmith.com
sherring@reedsmith.com

Trey Yarbrough (Bar No. 22133500)
Debra E. Gunter (Bar No. 24012752)
**YARBROUGH & WILCOX, PLLC**
100 E. Ferguson, Ste. 1015
Tyler, Texas 75702
Telephone:  (903) 595-3111
Facsimile:  (903) 595-0191
trey@yw-lawfirm.com
debby@yw-lawfirm.com

**Counsel for Defendants, D-LINK SYSTEMS, INC.,
NETGEAR, INC., ACER, INC., ACER AMERICA
CORPORATION, and GATEWAY, INC.**

9

*/s/ Christine Yang* (with permission)
S.J. Christine Yang (admitted *pro hac vice*)
Duncan Palmatier (admitted *pro hac vice*)
Victoria Hao (admitted *pro hac vice*)
**THE LAW OFFICES OF S.J. CHRISTINE YANG**
17220 Newhope Street, Suite 101
Fountain Valley, California 92708
Tel: (714) 641-4022; Fax: (714) 641-2082
cyang@sjclawpc.com
dpalm@dpalmlaw.com
vhao@sjclawpc.com
**Counsel for Defendant D-LINK SYSTEMS, INC.**


*/s/ Dwayne C. Norton* (with permission)
Michael J. Newton (Texas Bar No. 24003844)
Jason W. Cook (Texas Bar No. 24028537)
Dwayne C. Norton (Texas Bar No. 24076139)
Shaun W. Hassett (Texas Bar No. 24074372)
Brady Cox (Texas Bar No. 24074084)
**ALSTON & BIRD LLP**
2828 North Harwood St, Suite 1800
Dallas, TX 75201
Telephone: (214) 922-3400
Facsimile: (214) 922-3899
mike.newton@alston.com
jason.cook@alston.com
dwayne.norton@alston.com
shaun.hassett@alston.com
brady.cox@alston.com

Marsha E. Mullin (California Bar No. 93709)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Phone: (213) 576-1000
Fax: (213) 576-1100
marsha.mullin@alston.com

Frank G. Smith (Georgia Bar No. 657550)
Kamran Jivani (Georgia Bar No. 510908)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

10

frank.smith@alston.com
kamran.jivani@alston.com

Deron R. Dacus (Texas Bar No. 00790553)
**The Dacus Firm, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone:   (903) 705-1117
Facsimile:    (903) 581-2543
ddacus@dacusfirm.com

**Counsel for DEFENDANT DELL INC.**

 */s/ John Feldhaus* (with permission)
John Feldhaus
Pavan Agarwal
Andrew R. Cheslock
**FOLEY & LARDNER LLP**
3000 K. Street, NW, Suite 500
Washington, DC 20007
Telephone: (202) 672-5300
Facsimile: (202) 672-5399
 jfeldhaus@foley.com
pagarwal@foley.com
acheslock@foley.com

Kevin J. Malaney
**FOLEY & LARDNER LLP**
777 E. Wisconsin Avenue
Milwaukee, WI  53202
Telephone: (414) 319-7067
Facsimile: (414) 297-4900
kmalaney@foley.com

Guy N. Harrison
Attorney at Law
217 N. Center
Longview, TX 75606
Telephone: (903) 758-7361
Facsimile: (903) 753-9557
guy@gnhlaw.com

**Counsel for TOSHIBA CORPORATION AND
TOSHIBA AMERICA INFORMATION SYSTEMS,
INC.**

11

_/s/ Eugene M. Paige_ (with permission)
Robert A. Van Nest
Eugene M. Paige
Matan Shacham
**KEKER & VAN  NEST LLP**
633 Sansome Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
rvannest@kvn.com
emp@kvn.com
mshacham@kvn.com

**Attorneys for ACER, INC., D-LINK
CORPORATION and GATEWAY, INC.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 13, 2013.

_/s/ Robert M. Parker_
Robert M. Parker