IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ERICSSON INC., et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>D-LINK CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 6:10-cv-473<br><br>JURY TRIAL DEMANDED |

## **OPPOSITION TO ERICSSON'S JMOLs**

Pursuant to Federal Rule of Civil Procedure 50(a), Defendants D-Link Systems, Inc., NETGEAR, Inc., Acer America Corporation, Acer, Inc., Gateway, Inc., Dell Inc., Toshiba America Information Systems, Inc., and Toshiba Corporation, and Intervenor Intel Corporation (collectively, "Defendants") respectfully request that the Court deny plaintiff Ericsson Inc.'s and Telefonaktiebolaget LM Ericsson's (collectively, "Ericsson") motion for judgment as a matter of law ("JMOL") on all of its claims.

## ARGUMENT

JMOL is appropriate on a given issue when, taking the record in the light most favorable to the non-moving party, a "reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Mirror Worlds, LLC v. Apple, Inc., 784 F. Supp. 2d 703, 710 (E.D. Tex. 2011) (quoting Fed. R. Civ. P. 50 (a)). Here, Ericsson has not met its burden as it has set forth no facts, let alone legally sufficient ones, on which a jury could rule in its favor.

    A.    **Ericsson's JMOL Nos. 1-3 (Invalidity of the '568, '215 and '223 Patents)**

Before trial commenced, the parties had agreed to drop their validity contentions on the '223, '215, and '568 Patents. At trial, the parties kept their respective end of the agreement, and neither side put these issues before the jury. Consequently, the record does not constitute a legally sufficient evidentiary basis for the jury to decide on the validity contentions in regards to the '223, '215, and '568 Patents. Accordingly, because Defendants and Ericsson agreed not to contest the validity of the '223, '215, and '568 Patents, the Court should render Ericsson's JMOLs 1, 2, 3 as moot.

    B.    **Ericsson's JMOL Nos. 4 and 5 (Invalidity of the '435 and '625 Patent)**

Ericsson seeks JMOL claiming that "Defendants failed to prove by clear and convincing evidence that the Petras ETSI Submission (DX-120) met each and every element" of the asserted claims of the '435 and '625 patents. (Dkt. 490 at 3 and 4.) This bare assertion fails to carry

Ericsson's burden. *See*, *e.g.*, *Orion IP, LLC v. Mercedez-Benz USA, LLC*, 2008 WL 5378040, *2 (E.D. Tex. Dec. 22, 2008) ("vague pre-submission motion, which failed to specify any legal basis, was not sufficiently specific" under Rule 50(a)). Even if it did, Defendants have presented substantial evidence that would compel a jury to find the '435 and/or '625 patents invalid, in view of the prior art and incorporate by reference their motion for JMOL on Invalidity of the '435 and '625 Patents ("Invalidity JMOL"). Dkt. 493. Indeed, as set forth therein, the Court should grant JMOL of invalidity in Defendants' favor in view of the clear and convincing evidence presented by Defendants.. Accordingly, the Court should deny Ericsson's JMOLs No. 4 and 5 and grant Defendants' JMOL on Invalidity of the '435 and '625 Patents.

C. **Ericsson's JMOL No. 6 (Damages)**

Ericsson seeks JMOL that "the appropriate damages in this case are 50 cents per unit." (Dkt. 490 at 4.) Ericsson sets forth no facts or law in support of this claim and thus has failed to properly raise this issue under Rule 50(a). *Orion*, 2008 WL 5378040, *2. Moreover, even if it had, Defendants have presented substantial evidence showing that Ericsson's requested royalty rate is unfounded and incorporate by reference their JMOL and Renewed JMOL on Damages. Dkt. 489; Dkt. 494 (renewed). Indeed, as set forth therein, the Court should grant JMOL of no damages in Defendants' favor in view of the compelling evidence presented by Defendants.

Ericsson further asserts that it is entitled to JMOL because "[d]efendants' damages theory improperly disregards the numerous real world licenses covering the patents in suit." Dkt. 490 at 4. As explained in Defendants *Daubert* motion, their motions *in limine* and their JMOL motions, all of which are incorporated herein by reference, none of the license agreements Ericsson relied on at trial are comparable to the hypothetical negotiation and are thus irrelevant. In addition, Ericsson further asserts that Defendants' lump sum damages model is improper. Yet it is well-established that a lump-sum award is an appropriate alternative to a running royalty. *LinkCo*,

2

*Inc. v. Fujitsu Ltd.*, 232 F. Supp. 2d 182, 188 (S.D. N.Y. 2002); *see also, Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301 (Fed. Cir. 2009); *Personal Audio, LLC v. Apple, Inc.*, 9:09CV111, 2011 WL 3269330, *4-5, *11 (E.D. Tex. Jul. 29, 2011). Defendants have presented substantial evidence—including the testimony of its damages expert, Dr. Ray Perryman, and the parties own licensing agreements, *see*, *e.g.*, DX-101, PX-31 and PX-37—showing that a lump sum royalty is appropriate. Accordingly, there is substantial evidence supporting Defendants damages model and the Court should deny Ericsson's JMOL No. 6 and grant Defendants' JMOL on Damages instead.

### D. Ericsson's JMOLs No. 7-11, and 14

Ericsson's JMOLs on Defendants equitable defenses are improper because such equitable defenses are not for the jury to decide. *See*, *e.g.*, *Atlas Roofing Co., Inc. v. Occupational Safety & Health Review Comm'n*, 430, 459 U.S. 442 (1977). A hearing on any of the issues in regards to Defendants' equitable defenses would go to a bench trial proceeding in a court of equity, not a jury trial. For that reason, Ericsson's JMOLs No. 7-11 and 14 should be denied.

### E. Ericsson's JMOL Nos. 12 (Standing) and 13 (Exhaustion)

Defendants have not contested Ericsson's standing or asserted patent exhaustion at trial. Thus the Court should deny these as moot.

| | |
|---|---|
| June 13, 2013 | Respectfully submitted, |

      */s/ Robert M. Parker*
Robert M. Parker (State Bar No. 15498000)
Robert Christopher Bunt (State Bar No. 00787165)
Charles Ainsworth (State Bar No. 00783521)
Andrew T. Gorham (State Bar No. 24012715)
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile:  (903) 533-9687
rmparker@pbatyler.com
rcbunt@pbatyler.com
charley@pbatyler.com
tgorham@pbatyler.com
Michael E. Jones (State Bar No.: 10929400)
John F. Bufe (State Bar No.: 03316930)
Allen F. Gardner (State Bar No.: 24043679)
**POTTER MINTON, PC**
110 North College, Suite 500
Tyler, Texas 75702
Telephone: (903)597-8311
Facsimile: (903) 593-0846
mikejones@potterminton.com
johnbufe@potterminton.com
Adam R. Alper *(Admitted Pro Hac Vice)*
Sarah E. Piepmeier *(Admitted Pro Hac Vice)*
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1876
Facsimile:  (415) 439-1500
adam.alper@kirkland.com
sarah.piepmeier@kirkland.com
Luke Dauchot *(Admitted Pro Hac Vice)*
Tim Majors *(Admitted Pro Hac Vice)*
Michael De Vries *(Admitted Pro Hac Vice)*
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile:  (213) 680-8500
luke.dauchot@kirkland.com
tim.majors@kirkland.com
michael.devries@kirkland.com
Gregory S. Arovas *(Admitted Pro Hac Vice)*

**KIRKLAND & ELLIS LLP**
601 Lexington Ave
New York, NY 10022
Telephone: (212) 446-4800
Facsimile:  (212) 446-4900
greg.arovas@kirkland.com
**ATTORNEYS FOR INTEL CORPORATION**
 */s/ Justin Nemunaitis* (with permission)
Theodore Stevenson III (Texas Bar No. 19196650)
Lead Attorney
Jason A. Blackstone (Texas Bar No. 24036227)
Douglas A. Cawley (Texas Bar No. 04035500)
Ashley N. Moore (Texas Bar No. 24074748)
Justin Nemunaitis (Texas Bar No. 24065815)
Holly Elin Engelmann (Texas Bar No. 24040865)
Ryan Hargrave (Texas Bar No. 24071516)
**MCKOOL SMITH, P.C**.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile:  (214) 978-4044
tstevenson@mckoolsmith.com
dcawley@mckoolsmith.com
jblackstone@mckoolsmith.com
amoore@mckoolsmith.com
jnemunaitis@mckoolsmith.com
hengelmann@mckoolsmith.com
rhargrave@mckoolsmith.com
Samuel F. Baxter (Texas Bar No. 01938000)
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099
sbaxter@mckoolsmith.com
Kevin L. Burgess (Texas Bar No. 24006927)
**MCKOOL SMITH, P.C.**
300 W. 6th Street
Suite 1700
Austin, Texas 78701
kburgess@mckoolsmith.com
Brandon Jordon (VA Bar No. 75054)
**MCKOOL SMITH, P.C.**
1999 K Street, Suite 600
Washington, D.C. 20006

Telephone: (202) 370-8300
Facsimile: (202) 370-8344
BJordan@mckoolsmith.com
**Attorneys For Plaintiffs ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON**
*/s/ Christine M. Morgan*
Scott D. Baker, *Pro Hac Vice* (Cal. SBN 84923)
John P. Bovich, *Pro Hac Vice* (Cal. SBN 150688)
James A. Daire, *Pro Hac Vice* ( Cal. SBN 239637)
Christine M. Morgan, *Pro Hac Vice* (Cal. SBN 169350)
Jonah D. Mitchell, *Pro Hac Vice* (Cal. SBN 203511)
Seth B. Herring
**REED SMITH LLP**
101 Second Street, Suite 1800
San Francisco, CA  94105
Telephone:  (415) 543-8700
Facsimile:  (415) 391-8269
sbaker@reedsmith.com
jbovich@reedsmith.com
jdaire@reedsmith.com
ahilgard@reedsmith.com
woverend@reedsmith.com
jmitchell@reedsmith.com
sherring@reedsmith.com
Trey Yarbrough (Bar No. 22133500)
Debra E. Gunter (Bar No. 24012752)
**YARBROUGH & WILCOX, PLLC**
100 E. Ferguson, Ste. 1015
Tyler, Texas 75702
Telephone:  (903) 595-3111
Facsimile:  (903) 595-0191
trey@yw-lawfirm.com
debby@yw-lawfirm.com
**Counsel for Defendants, D-LINK SYSTEMS, INC., NETGEAR, INC., ACER, INC., ACER AMERICA CORPORATION, and GATEWAY, INC.**
  */s/ Christine Yang* (with permission)

S.J. Christine Yang (admitted *pro hac vice*)
Duncan Palmatier (admitted *pro hac vice*)
Victoria Hao (admitted *pro hac vice*)
**THE LAW OFFICES OF S.J. CHRISTINE YANG**
17220 Newhope Street, Suite 101
Fountain Valley, California 92708
Tel: (714) 641-4022; Fax: (714) 641-2082
cyang@sjclawpc.com
dpalm@dpalmlaw.com
vhao@sjclawpc.com
**Counsel for Defendant D-LINK SYSTEMS, INC.**
  */s/ Dwayne C. Norton* (with permission)
Michael J. Newton (Texas Bar No. 24003844)
Jason W. Cook (Texas Bar No. 24028537)
Dwayne C. Norton (Texas Bar No. 24076139)
Shaun W. Hassett (Texas Bar No. 24074372)
Brady Cox (Texas Bar No. 24074084)
**ALSTON & BIRD LLP**
2828 North Harwood St, Suite 1800
Dallas, TX 75201
Telephone: (214) 922-3400
Facsimile: (214) 922-3899
mike.newton@alston.com
jason.cook@alston.com
dwayne.norton@alston.com
shaun.hassett@alston.com
brady.cox@alston.com


Marsha E. Mullin (California Bar No. 93709)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Phone: (213) 576-1000
Fax: (213) 576-1100
marsha.mullin@alston.com


Frank G. Smith (Georgia Bar No. 657550)
Kamran Jivani (Georgia Bar No. 510908)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
frank.smith@alston.com
kamran.jivani@alston.com

Deron R. Dacus (Texas Bar No. 00790553)
**The Dacus Firm, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone:   (903) 705-1117
Facsimile:    (903) 581-2543
ddacus@dacusfirm.com
**Counsel for DEFENDANT DELL INC.**


   */s/ John Feldhaus* (with permission)
John Feldhaus
Pavan Agarwal
Andrew R. Cheslock
**FOLEY & LARDNER LLP**
3000 K. Street, NW, Suite 500
Washington, DC 20007
Telephone: (202) 672-5300
Facsimile: (202) 672-5399
 jfeldhaus@foley.com
pagarwal@foley.com
acheslock@foley.com

Kevin J. Malaney
**FOLEY & LARDNER LLP**
777 E. Wisconsin Avenue
Milwaukee, WI  53202
Telephone: (414) 319-7067
Facsimile: (414) 297-4900
kmalaney@foley.com
Guy N. Harrison
Attorney at Law
217 N. Center
Longview, TX 75606
Telephone: (903) 758-7361
Facsimile: (903) 753-9557
guy@gnhlaw.com
**Counsel for TOSHIBA CORPORATION AND TOSHIBA AMERICA INFORMATION SYSTEMS, INC.**

      */s/ Eugene M. Paige* (with permission)
Robert A. Van Nest
Eugene M. Paige
Matan Shacham
**KEKER & VAN NEST LLP**
633 Sansome Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
rvannest@kvn.com
emp@kvn.com
mshacham@kvn.com
**Attorneys for ACER, INC., D-LINK CORPORATION and GATEWAY, INC.**

### CERTIFICATE OF SERVICE

      The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 13, 2013.

      */s/ Robert M. Parker*
Robert M. Parker