# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| ERICSSON INC., ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Civil Action No. 6:10-cv-473 |
| | § | |
| D-LINK CORP., ET AL., | § | |
| | § | |
| Defendants. | § | |

## **FINAL WILLFULNESS JURY INSTRUCTIONS**

MEMBERS OF THE JURY:

You have heard the evidence in this phase of the trial regarding willfulness. I will now instruct you on the law you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made during the trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and argument of the attorneys are not evidence and are not instructions on the law. They are intended only to assist you in understanding the evidence and the parties' contentions.

Ericsson claims that the Defendants willfully infringed the claims of the patents-in-suit that you have found valid and infringed. Defendants claim that they

1

have not willfully infringed the patents. The issue of willful infringement relates to the amount of damages Ericsson is entitled to recover in this lawsuit. If you decide that one of the Defendants willfully infringed the claims of one of the patents-in-suit, then it is my job to decide whether or not this willful infringement has any effect on damages.

Willfulness requires you to determine by clear and convincing evidence that the particular Defendant you have found to be infringing acted with reckless disregard to the patent with respect to the claim you found infringed. To prove that a Defendant acted willfully, Ericsson must prove by clear and convincing evidence that the particular Defendant actually knew or should have known that its actions constituted an unjustifiably high risk of infringement of a valid patent. To determine whether the particular Defendant had this state of mind, consider all the facts, which may include, but are not limited to:

(1) Whether or not the Defendant acted in accordance with the standards of commerce for its industry;

(2) Whether or not there is a reasonable basis to believe that the Defendant did not infringe or had a reasonable defense, such as invalidity;

(3) Whether or not the Defendant made a good-faith effort to avoid infringing the patents, for example, whether the Defendant attempted to design around the patents; and

(4) Whether or not the Defendant tried to cover up its infringement.

None of these factors are determinative, and this list of factors is not an exhaustive list of things you should consider. Your determination of willfulness should incorporate the totality of the circumstances based on the evidence presented during the trial.

Ericsson has the burden of proving willfulness by the clear and convincing evidence standard. When a party has a burden of proof by clear and convincing evidence, it means that the evidence must produce in your minds a firm belief or conviction as to the matter sought to be established. In other words, if you were to put the evidence for and against the party who must prove the fact on the opposite sides of a scale, clear and convincing evidence requires that the scale tip more heavily toward the party who has the burden of proof.