**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| ERICSSON INC., et al., ) | Case No. 6:10-CV-473-LED |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| D-LINK SYSTEMS, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## JOINT MOTION TO DISMISS ALL CLAIMS AND COUNTERCLAIMS ASSERTED AMONG THE ERICSSON AND BELKIN PARTIES

1.      As this Court will recall, plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson") and Defendant and Counterclaim-Plaintiff Belkin International Inc. ("Belkin") settled their claims against one another in the above-entitled matter—on the record, and on the eve of the jury returning its verdict in this matter.  To comply with that settlement agreement, Ericsson and Belkin now seek to dismiss their respective claims with prejudice, and to have the final record in this case reflect their settlement and dismissals.

2.      By way of background, Ericsson filed this suit against defendants such as D-Link, Netgear, Acer, and Gateway in September 2010, and sued Belkin in 2011.  A bifurcated trial commenced on June 3, 2013.  On June 12, 2013, Belkin and Ericsson settled their respective claims and agreed to dismiss their respective claims against each other with prejudice.  That same day, Belkin and Ericsson informed the Court, on the record, that they had reached a settlement.  *See* ECF No. 578, 6/12/2013 6:49 p.m. Trans. 4:19-24, 5:25-6:6 (E.D. Tex. No. 6:10-cv-473).  After doing so, Belkin withdrew from the joint defense group and participated no further in the litigation or various appeals in this matter.  The jury returned its partial verdict after the settlement was reached, but the final verdict still listed Belkin as a defendant—as an expedient so as not to interrupt the jury's deliberations.

3.      On September 18, 2013, Belkin and Ericsson submitted a Joint Status Report to this Court.  They informed the Court that their "settlement agreement contemplated each of the parties dismissing, with prejudice, all claims in this underlying federal case."  ECF No. 640 at 1.  The parties

noted that "[t]hese dismissals were not filed" because the parties were working to "finalize their long-form settlement agreement." *Id.* Although Belkin and Ericsson "worked over the summer to finalize [the] long-form," they unfortunately "reached a disagreement concerning the enforceability and terms of their settlement agreement, and . . . submitted the dispute to JAMS arbitration." *Id.* Belkin and Ericsson said that they would keep this Court apprised of developments in the JAMS arbitration. *Id.* at 2.

4. A first phase of the parties' JAMS arbitration has now been adjudicated, and the Arbitrator ruled, *inter alia*, that, "the June 12 Agreement is binding and enforceable." JAMS Statement of Decision and Interim Award at 2 (Feb. 4, 2014). The parties are currently resolving additional remaining issues pertaining to their long-form agreement—none of which impacts the dismissals sought in this joint motion. Indeed, Belkin has now paid Ericsson the monetary portion of their settlement.

5. Because Belkin and Ericsson settled their respective claims before the jury returned its verdict, and put that settlement on the record with this Court, they now respectfully request that the Court enter the accompanying proposed order to vacate the judgment only as to Belkin in this matter and dismiss all claims between Ericsson and Belkin with prejudice.

6. Because Belkin and Ericsson settled their respective claims before the jury returned its verdict, and because Belkin did not appeal, Rules 41(a) and 60(b) of the Federal Rules of Civil Procedure—as well as this Court's inherent authority—provide it continuing jurisdiction to rule on this joint motion. *See, e.g.*, *Stone v. INS*, 514 U.S. 386, 401 (1995) ("[T]he pendency of an appeal does not affect the district court's power to grant" a motion under Rule 60(b)); *Roberts v. St. Regis Paper Co.*, 653 F.2d 166, 172 (5th Cir. 1981) (citing Rule 60(b)(5); holding that a "court of equity has inherent power to modify the prospective effect of its decrees in response to changed circumstances"); *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 233-34 (1995) (Rule 60(b) "reflects and confirms the courts' own inherent and discretionary power, 'firmly established in English practice long before the foundation of our Republic,' to set aside a judgment whose enforcement would work inequity").

7. Pursuant to Rules 41(a) and 60(b), the inherent authority of this Court, and the parties' settlement agreement, Ericsson and Belkin respectfully request that the Court dismiss with prejudice all of Ericsson's claims for relief against Belkin and all of Belkin's counterclaims for relief against Ericsson,

with all attorneys' fees, costs of court, and expenses borne by the party incurring same.  Nothing in this stipulation or proposed order shall affect or alter the judgment in any way as to the other defendants in this action other than Belkin.  Nor shall this stipulation and order prejudice either Belkin or Ericsson in their remaining disputes in the JAMS arbitration concerning their long-form agreement.

8. A proposed order accompanies this motion.  As it did before, Belkin will apprise the Court of Appeals of this motion as well.

Dated:  July 10, 2014

Respectfully submitted,

*/s/ Ryan K. Yagura*
Ryan K. Yagura (Texas Bar No. 24075933)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA  90071-2899
Telephone: (213) 430-6000
Facsimile:  (213) 430-6407
*Attorneys for Defendant Belkin International, Inc.*


*/s/ Theodore Stevenson III*
Theodore Stevenson III,
Lead Attorney
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099
*Attorneys for Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 10, 2014. All other counsel of record will be served via facsimile or first class mail.

*/s/ J. Kevin Murray*
J. Kevin Murray
