# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

ERICSSON INC., et al.,

        Plaintiffs,

v.

D-LINK CORPORATION, et al.,

        Defendants.

Civil Action No. 6:10-cv-473

JURY TRIAL DEMANDED

## DEFENDANTS' MOTION TO ADMINISTRATIVELY RE-OPEN THE CASE

Defendants D-Link Systems, Inc., NETGEAR, Inc., Acer, Inc., Acer America Corporation, Gateway, Inc., Dell Inc., Toshiba Corporation, Toshiba America Information Services, Inc., and Intervenor Intel Corporation (collectively, "Defendants") hereby move that the Court re-open this administratively closed patent infringement case. Upon re-opening, the remaining Defendants in the case will move to dismiss all remaining claims of Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson") as moot—because, as a matter of law, Ericsson has lost any causes of action based on its asserted patent claims—and for lack of jurisdiction. All remaining asserted claims of the remaining asserted patents were found unpatentable by the U.S. Patent Trial and Appeal Board ("PTAB"), the related appeals are exhausted, and the United States Patent and Trademark Office canceled those claims.

On the parties' joint motion, the Court administratively closed this case on May 8, 2015 (Docket No. 711). Prior to administrative closure, the Court conducted a jury trial in June 2013 and entered judgement on August 8, 2013 (Docket No. 616). In relevant part, the United States

Court of Appeals for the Federal Circuit vacated the jury's damages award and remanded to this Court for further proceedings on only damages issues related to claims 1 and 5 of U.S. Patent No. 6,466,568 ("the '568 patent") and claims 1 and 2 of U.S. Patent No. 6,772,215 ("the '215 patent") (Docket No. 682). These claims, however, were subsequently found unpatentable by *inter partes* review ("IPR") proceedings before the PTAB on March 6, 2015. The parties agreed that any further proceedings before this Court should be stayed pending appeals of the PTAB's unpatentability determinations, and jointly moved for administrative closure on April 29, 2015 (Docket No. 710). The Federal Circuit has since affirmed the unpatentability of the remaining asserted claims (*Wi-Fi One, LLC v. Broadcom Corp.*, 887 F.3d 1329, 1333 (Fed. Cir. April 20, 2018)),[1] the Supreme Court of the United States denied the respective petition for a writ of certiorari (*Wi-Fi One, LLC v. Broadcom Corp.*, 139 S.Ct. 826 (Jan. 7, 2019)), and *IPR* certificates canceling the remaining asserted claims (and more) have issued. Exhibits 1 and 2.

The parties met and conferred respecting issues such as costs, and Defendants now move to re-open the case so that they may file a motion to dismiss. The Court's Order administratively closing the case expressly allows re-opening the case in these circumstances, stating:

- "IT IS FURTHER ORDERED THAT if any party wants to re-open the case *for any reason*, the party shall move to re-open this case and *no other party can oppose for any reason*"; and

- "The requirement that no party can oppose re-opening the case is intended only for the ministerial purpose of re-opening the administratively closed case, and this *does not prevent any party from moving for a stay, closure, or other relief if, for example, the status of the IPRs or any appeal related to the IPR decisions does not, in such party's view, justify proceeding with any remand* or other proceedings in the district court."

---

[1] Broadcom, though not a party here, filed IPRs on the asserted patents and Wi-Fi One, LLC, joined the IPR proceedings as the alleged new owner by assignment of the asserted patents.

Docket No. 711 at 1 (emphasis added).

The Federal Circuit's "affirmance of the Board's decisions of unpatentability of the patent claims at issue in the present case has 'an immediate issue-preclusive effect on any pending or co-pending actions involving the patents.'" *Chrimar Sys., Inc. v. ALE USA Inc.*, No. 2018-2420, 785 Fed. Appx. 854, 856 (Fed. Cir. Sept. 19, 2019), citing *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1294 (Fed. Cir. 2018) (affirming PTAB's unpatentability finding from IPRs, and holding "[t]hat affirmance renders a final judgment on the invalidity of the [asserted patent]" that "has a collateral estoppel effect on all pending or co-pending actions"). Under Federal Circuit precedent, the "cancelled claims [are] void *ab initio*," and as a matter of law Ericsson "no longer has a viable cause of action." *Fresenius USA, Inc. v. Baxter Intern., Inc.*, 721 F.3d 1330, 1346 (Fed. Cir. 2013). "Suits based on cancelled claims must be dismissed for lack of jurisdiction . . . ." *SHFL Ent. Inc. v. Digideal Corp.*, Case No. 2016-2705, 729 Fed.Appx 931, 932 (Fed. Cir. May 2, 2018) (remanding for dismissal after asserted patent claims were cancelled on re-examination). So it is here.

Based on the status of the IPRs and the now-exhausted related appeals, Defendants respectfully request that the Court grant Defendants' motion and administratively re-open the case so that Defendants may move to dismiss.

Dated: April 16, 2020          Respectfully submitted,

*/s/ Michael E. Jones*
Michael E. Jones (State Bar No.: 10929400)
**POTTER MINTON, PC**
110 North College, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846
Email: mikejones@potterminton.com

3

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
Charles Ainsworth
State Bar No. 00783521
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687
Email: rmparker@pbatyler.com
Email: rcbunt@pbatyler.com
Email: charley@pbatyler.com

Gregory S. Arovas
**KIRKLAND & ELLIS LLP**
601 Lexington Ave
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: greg.arovas@kirkland.com

Adam R. Alper
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1876
Facsimile: (415) 439-1500
Email: adam.alper@kirkland.com

Michael W. De Vries
**KIRKLAND & ELLIS LLP**
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
Email: michael.devries@kirkland.com

**ATTORNEYS FOR INTERVENOR,
INTEL CORPORATION**

*/s/ Jonah D. Mitchell, with permission*
*by Michael E. Jones*
Scott D. Baker, Pro Hac Vice (Cal. SBN 84923)
John P. Bovich, Pro Hac Vice (Cal. SBN 150688)
Christine M. Morgan, Pro Hac Vice (Cal. SBN 169350)
Jonah D. Mitchell, Pro Hac Vice (Cal. SBN 203511)
**REED SMITH LLP**
101 Second Street, Suite 1800
San Francisco, CA 941015
Telephone: (415) 543-8700
Facsimile: (415) 391-8269
Email:  sbaker@reedsmith.com
Email:  jbovich@reedsmith.com
Email:  cmorgan@reedsmith.com
Email:  jmitchell@reedsmith.com

Trey Yarbrough (Bar No. 22133500)
**YARBROUGH & WILCOX, PLLC**
100 E. Ferguson, Ste. 1015
Tyler, Texas 75702
Telephone: (903) 595-3111
Facsimile: (903) 595-0191
Email:  trey@yw-lawfirm.com

**ATTORNEYS FOR DEFENDANTS,
D-LINK SYSTEMS, INC., NETGEAR, INC.,
ACER, INC., ACER AMERICA CORPORATION,
AND GATEWAY, INC.**


*/s/ Brady Cox with permission, by Michael E. Jones*
Michael J. Newton (CA Bar No. 156225)
**ALSTON & BIRD LLP**
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-2121
Facsimile: (650) 838-2001
Email:  mike.newton@alston.com

Brady Cox (TX Bar No. 24074084)
**ALSTON & BIRD LLP**
2200 Ross Avenue, Suite 2300
Dallas, Texas 75201
Telephone: (214) 922-3400
Facsimile: (214) 922-3899
Email:  brady.cox@alston.com

Deron R. Dacus (Texas Bar No. 00790553)
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543
Email: ddacus@dacusfirm.com

**ATTORNEYS FOR DEFENDANT,
DELL INC.**


*/s/ Pavan Agarwal with permission, by Michael E. Jones*
Pavan Agarwal
**FOLEY & LARDNER LLP**
3000 K. Street, NW, Suite 500
Washington, DC 20007
Telephone: (202) 672-5300
Facsimile: (202) 672-5399
Email: pagarwal@foley.com

Guy N. Harrison
Attorney at Law 217 N. Center
Longview, TX 75606
Telephone: (903) 758-7361
Facsimile: (903) 753-9557
Email: guy@gnhlaw.com

**ATTORNEYS FOR DEFENDANTS,
TOSHIBA CORPORATION AND TOSHIBA
AMERICA INFORMATION SYSTEMS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on April 16, 2020 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Michael E. Jones*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Intel has complied with the meet and confer requirement in Local Rule CV-7(h). This motion is opposed. The personal conference required by Local Rule CV-7(h) was conducted via email and telephone conferences starting in April 2019 and continuing through April 14, 2020. Michael Jones (for Intel), Samuel Baxter (for Plaintiffs), and other counsel for the parties participated in the conferences. During the conferences, counsel for the parties attempted to resolve all disputes before filing this motion, but they were not able to reach agreement.

*/s/ Michael E. Jones*