# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

ERICSSON INC., et al.,

       Plaintiffs,

v.

D-LINK CORPORATION, et al.,


       Defendants.

Civil Action No. 6:10-cv-473

JURY TRIAL DEMANDED

## DEFENDANTS' MOTION TO DISMISS AND ENTER AMENDED FINAL JUDGMENT

## I. INTRODUCTION

Defendants D-Link Systems, Inc., NETGEAR, Inc., Acer, Inc., Acer America Corporation, Gateway, Inc., Dell Inc., Toshiba Corporation, Toshiba America Information Services, Inc., and Intervenor Intel Corporation (collectively, "Defendants") hereby move to dismiss with prejudice all remaining claims of Plaintiffs Ericsson Inc., Telefonaktiebolaget LM Ericsson, and their successors in interest (collectively, "Ericsson") as moot—because, as a matter of law, Ericsson has lost any causes of action based on its asserted patent claims—and for lack of jurisdiction. Ericsson filed this patent infringement case over nine years ago, alleging infringement of nine patents. Four of those patents were dismissed from the case prior to trial.[1] Following a jury trial (where defendants were found to have infringed three of the five remaining patents) and an appeal to the Federal Circuit (reversing the infringement finding for one of the three remaining patents and vacating the damages award), the case was remanded to this Court for a damages retrial on the two surviving asserted patents.

All remaining asserted claims of the two surviving patents were then found unpatentable by the U.S. Patent Trial and Appeal Board ("PTAB"). Ericsson fully exhausted its appeals of the PTAB's decision through the Federal Circuit and the Supreme Court of the United States, and the United States Patent and Trademark Office ("USPTO") has now issued certificates canceling all remaining asserted claims.

Under controlling Federal Circuit law, Ericsson immediately lost all causes of action in this proceeding upon cancellation of its remaining patent claims. Ericsson's assertion of those causes of action is now moot and must be dismissed for lack of jurisdiction, thus warranting

---

[1] Dkt. Nos. 234 and 235 (Joint Stipulations re '468 patent); 294 (Order dismissing '352 patent); 457 (Order dismissing '516 patent); and 461 (dropping the '019 patent before trial and electing to proceed only on the '568, '625, '435, '215, and '223 patents).

dismissing Ericsson's claims with prejudice and entering an Amended Final Judgment for Defendants.

## II.     RELEVANT FACTS

### A.     On remand, only further damages proceedings on four asserted claims of two patents remain before this Court

On September 14, 2010, Ericsson Inc. and Telefonaktiebolaget LM Ericsson filed this action against D-Link Corporation[2] and D-Link Systems, Inc. ("D-Link"), Netgear, Inc. ("Netgear"), Acer, Inc. and Acer America Corporation ("Acer") and Gateway, Inc. ("Gateway"). Ericsson filed an amended complaint on June 8, 2011.  The amended complaint added the following defendants: Dell, Inc. ("Dell"); Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., and Toshiba America Consumer Products, LLC ("Toshiba");[3] and Belkin International, Inc. ("Belkin").[4]  Intel Corporation ("Intel") intervened in this action on June 22, 2012, and Ericsson brought infringement counterclaims against Intel on July 3, 2012.

The Court conducted a trial on five Ericsson patents allegedly relating to Wi-Fi technology: U.S. Patent Nos. 6,330,435 ("the '435 patent"); 6,519,223 ("the '223 patent"); 6,466,568 ("the '568 patent"); 6,424,625 ("the '625 patent"); and 6,772,215 ("the '215 patent"). The Court entered judgment on August 8, 2013, in relevant part as follows: two patents were not

---

[2]     The Court dismissed D-Link Corporation on January 31, 2011. Docket No. 54.

[3]     The Court dismissed Toshiba America, Inc. and Toshiba America Consumer Products, LLC on August 16, 2011. Docket No. 120.

[4]     The Court dismissed Belkin International, Inc. on July 14, 2014.  Docket No. 680.

infringed (the '435 and '223 patents), three patents were infringed (claims 1 and 5[5] of the '568

patent; claim 1 of the '625 patent, and claims 1 and 2 of the '215 patent), and awarding damages.

Docket No. 616 at 2.

Defendants appealed to the Federal Circuit. On December 4, 2014, the Federal Circuit

reversed the finding of infringement of the '625 patent, vacated the jury's damages award in its

entirety, and remanded to this Court for further damages proceedings solely related to claims 1

and 5 of the '568 patent and claims 1 and 2 of the '215 patent (collectively, the "Remaining

Asserted Claims").  Docket No. 682.

### B.  The Remaining Asserted Claims were found unpatentable via *inter partes* review, and the Federal Circuit affirmed those findings

Meanwhile, both the '568 and '215 patents were undergoing *inter partes* review ("IPR")

proceedings, including on the Remaining Asserted Claims.  On February 27, 2015, the Parties

jointly moved to defer further proceedings on remand before this Court pending the resolution of

the IPR proceedings.  Docket No. 706.  On March 6, 2015, the PTAB issued final written

decisions determining that the Remaining Asserted Claims were unpatentable.  Docket No. 709,

Exs. A and B, *Broadcom Corp. v. Wi-Fi One, LLC*, Case Nos. IPR2013-00601, - 00602, Final

Written Decisions (Mar. 6, 2015).[6]  The parties agreed that any further proceedings before this

Court should be stayed pending appeals of the PTAB's unpatentability determinations, and

jointly moved for administrative closure on April 29, 2015, and the Court administratively closed

this case on May 8, 2015.  Docket Nos. 710, 711.

---

[5]  Claim 5 of the '568 patent was not asserted against, or found to be infringed by, Acer, Gateway, Dell, Toshiba, or Intel.

[6]  Broadcom, though not a party here, filed IPRs on the asserted patents and Wi-Fi One, LLC, joined the IPR proceedings in 2014 as the alleged new owner by assignment of the asserted patents.

Ericsson has exhausted its appeals respecting the PTAB's unpatentability determinations. The Federal Circuit affirmed the unpatentability of the Remaining Asserted Claims (*Wi-Fi One, LLC v. Broadcom Corp.*, 887 F.3d 1329, 1333 (Fed. Cir. April 20, 2018)),[7] and the Supreme Court of the United States denied Ericsson's petition for a writ of certiorari. *Wi-Fi One, LLC v. Broadcom Corp.*, 139 S.Ct. 826 (Jan. 7, 2019). The USPTO has now issued certificates canceling the Remaining Asserted Claims. Dkt. Nos. 712-2, 712-3.

Based on the exhausted appeals and canceled patent claims, Defendants sought Ericsson's agreement to re-open the administratively closed case, and to dismiss the remaining claims. Ericsson refused to agree to administratively re-open, and refused to agree to dismiss the remaining claims, necessitating Defendants to file an opposed Motion to Administratively Re-Open the Case (Dkt. 712). Only after the Court Ordered (Dkt. 713) Ericsson to respond did Ericsson agree to re-open the case. Dkt. 714. Ericsson's response stated that it "has proposed to Defendants a compromise to hopefully minimize the burden on this Court and potentially avoid the parties briefing an opposed motion to dismiss." Dkt. 714. Ericsson's proposal was for Defendants to forego a Motion to Dismiss until after the Supreme Court decides a recently-filed petition for a writ of certiorari in *Chrimar Sys., Inc. v. ALE USA Inc.*, No. 19-1124 (filed March 10, 2020). The *Chrimar* petition presents two questions: "(1) Whether the Federal Circuit may apply a finality standard for patent cases that conflicts with the standard applied by this Court

---

[7]  The Federal Circuit originally affirmed the PTAB's unpatentability determinations on September 16, 2016. *Wi-Fi One*, 837 F.3d. 1329 ('215 patent); 668 Fed. App'x. 893 ('568 patent). On rehearing en banc, Ericsson challenged, and the Federal Circuit addressed the appealability of the PTAB's time-bar determination under 35 U.S.C. § 315(b), remanding to the panel for further proceedings. *Wi-Fi One*, 878 F.3d. 1364, 1367 (Fed. Cir. Jan. 8, 2018). In the final panel opinion, the Federal Circuit reaffirmed the unpatentability determinations and affirmed the decision of the PTAB rejecting Wi-Fi One's time-bar argument under 35 U.S.C. § 315(b). *Wi-Fi One, LLC v. Broadcom Corp.*, 887 F.3d 1329, 1333 (Fed. Cir. April 20, 2018).

4

and all other circuit courts in nonpatent cases; and (2) Whether a final judgment of liability ***and damages that has been affirmed on appeal*** may be reversed based on the decision of an administrative agency, merely because an appeal having nothing to do with liability, damages or the proper calculation of the ongoing royalty rate is pending." *Chrimar Sys., Inc. v. ALE USA Inc.*, No. 19-1124, Petition for writ of certiorari at i (March 10, 2020) (emphasis added). If the petition is denied, Ericsson stated it would agree to dismiss this case. As explained below, Ericsson's hope that the *Chrimar* petition could somehow resurrect its ability to continue asserting its patent claims, which have been cancelled through fully exhausted appeals, cannot override the controlling law that requires dismissal of this case. This case, which has been pending since 2010, should be dismissed without further delay.

## III.     ERICSSON'S REMAINING CLAIMS MUST BE DISMISSED IMMEDIATELY

Ericsson can no longer state a claim for infringement of the now-cancelled Remaining Asserted Claims: Based on the Federal Circuit's affirmance of the PTAB's finding of unpatentability for a patent claim, Ericsson "'loses any cause of action based on that claim.'" *SHFL Ent. Inc. v. Digideal Corp.*, Case No. 2016-2705, 729 Fed. App'x 931, 934 (Fed. Cir. May 2, 2018) (quoting *Fresenius USA, Inc. v. Baxter Intern., Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013)). Ericsson's claim that the Remaining Asserted Claims are infringed has thus been mooted, and Ericsson's claims against all Defendants should be dismissed with prejudice.

The Federal Circuit's "affirmance of the Board's decisions of unpatentability of the patent claims at issue in the present case has 'an immediate issue-preclusive effect on any pending or co-pending actions involving the patents.'" *Chrimar Sys., Inc. v. ALE USA Inc.*, No. 2018-2420, 785 Fed. Appx. 854, 856 (Fed. Cir. Sept. 19, 2019), citing *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1294 (Fed. Cir. 2018) (affirming PTAB's unpatentability finding from IPRs, and holding "[t]hat affirmance renders a final judgment on the invalidity of the [asserted

5

patent]" that "has a collateral estoppel effect on all pending or co-pending actions"). Moreover, under Federal Circuit precedent, the "cancelled claims [are] void *ab initio*," and as a matter of law Ericsson "no longer has a viable cause of action." *Fresenius*, 721 F.3d at 1346. This is a second, independent basis for dismissal, as "[s]uits based on cancelled claims must be dismissed for lack of jurisdiction . . . ." *SHFL Ent. Inc. v. Digideal Corp.*, Case No. 2016-2705, 729 Fed.Appx 931, 932 (Fed. Cir. May 2, 2018) (remanding for dismissal after asserted patent claims were cancelled on re-examination). So it is here.

The Remaining Asserted Claims were found unpatentable by the PTAB, the Federal Circuit affirmed, and the Supreme Court denied certiorari. That is the end of the matter. Ericsson lost all remaining causes of action in this case immediately after the Federal Circuit affirmed the finding of unpatentability and Ericsson exhausted its remedies with the Supreme Court. Further, the USPTO has now cancelled the Remaining Asserted Claims. Accordingly, Ericsson has no rights in the Remaining Asserted Claims to assert, no claim remains for this Court to resolve, and the case should be dismissed with prejudice in an amended final judgment as in *Chrimar Sys., Inc. v. Alcatel-Lucent S.A.*, No. 6:15-cv-00163-JDL, Docket No. 493 (E.D. Tex. Jan. 29, 2020). *See id.* (entering Amended Final Judgment and dismissing plaintiffs' patent infringement claims with prejudice after the Federal Circuit affirmed the PTAB's unpatentability determination in *Chrimar Sys., Inc. v. ALE USA Inc.* No. 2018-2420, 785 Fed. Appx. 854, 855-56 (Fed. Cir. Sept. 19, 2019)).

Ericsson's offer to agree to dismissal if, and only after, the Supreme Court denies the certiorari petition in *Chrimar* is meaningless. Contrary to Ericsson's stated hope that its proposal would minimize burden on the Court (Dkt. 714 at 1), the proposal actually does the opposite. Ericsson has no answer to the controlling law as it exists today. Instead, Ericsson only has a

6

speculative hope that the law may change at some undetermined point in the future, and that such a change might actually apply and potentially help its case. That hope is misguided because even if the Supreme Court were to grant certiorari review in *Chrimar* (which is statistically unlikely), and even if Supreme Court were to then reverse the Federal Circuit's unanimous decision (which could, in turn, take until June 2021), any possible answer to the two questions presented in the *Chrimar* petition are not directly applicable to the circumstances present here. Those questions are: "(1) Whether the Federal Circuit may apply a finality standard for patent cases that conflicts with the standard applied by this Court and all other circuit courts in nonpatent cases; and (2) Whether a final judgment of liability ***and damages that has been affirmed on appeal*** may be reversed based on the decision of an administrative agency, merely because an appeal having nothing to do with liability, damages or the proper calculation of the ongoing royalty rate is pending." *Chrimar Sys., Inc. v. ALE USA Inc.*, No. 19-1124, Petition for writ of certiorari at i (March 10, 2020) (emphasis added). Here, Ericsson is attempting to forestall finality by manufacturing reasons not to dismiss that are not grounded in the law.

The law today requires one immediate result—dismissal. That result also definitively minimizes burden on the Court. Asking Defendants to waive their present right to dismissal is unreasonable. Nor is it reasonable to ask this Court to wait speculatively, effectively pre-judging whether any future (and sure-to-be-hard-fought) implications of a decision that *might* be rendered in *Chrimar if* the Supreme Court even agrees to hear the case, *could* have any implications here. All of that increases the burden on this Court while ignoring applicable, binding precedent.

Retaining this case, where there is no existing cause of action and no jurisdiction, is inconsistent with bedrock principles of Federal Civil Procedure and undermines the certainty that

the legal system is supposed to foster.  Speculative hopes for future changes in the law, be it from the Supreme Court, Congress, or otherwise, provide no basis for ignoring controlling law as Ericsson asks.  *See Ideal Structures Corp. v. Levine Huntsville Dev. Corp.*, 396 F.2d 917, 922 (5th Cir. 1968) ("In any event, the proper function of this Court is to ascertain what [the] law is, and not to speculate about what it will be, or in Learned Hand's felicitous phrase, 'to embrace the exhilarating opportunity of anticipating a doctrine which may be in the womb of time, but whose birth is distant.'") (internal citation omitted).

## IV.    CONCLUSION

Defendants respectfully request that their motion be granted, Ericsson's claims be dismissed with prejudice, and the Court enter Amended Final Judgment in the form of the accompanying proposed order.

Dated:  May 4, 2020

Respectfully submitted,

 */s/ Michael E. Jones*
Michael E. Jones (State Bar No.: 10929400)
**POTTER MINTON, PC**
110 North College, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846
Email:  mikejones@potterminton.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
Charles Ainsworth
State Bar No. 00783521
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687
Email:  rmparker@pbatyler.com
Email:  rcbunt@pbatyler.com
Email:  charley@pbatyler.com

Gregory S. Arovas
**KIRKLAND & ELLIS LLP**
601 Lexington Ave
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: greg.arovas@kirkland.com

Adam R. Alper
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1876
Facsimile: (415) 439-1500
Email: adam.alper@kirkland.com

Michael W. De Vries
**KIRKLAND & ELLIS LLP**
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
Email: michael.devries@kirkland.com

**ATTORNEYS FOR INTERVENOR,
INTEL CORPORATION**

 */s/ Jonah D. Mitchell with permission,*
*by Michael E. Jones*
Scott D. Baker, Pro Hac Vice (Cal. SBN 84923)
John P. Bovich, Pro Hac Vice (Cal. SBN 150688)
Christine M. Morgan, Pro Hac Vice (Cal. SBN 169350)
Jonah D. Mitchell, Pro Hac Vice (Cal. SBN 203511)
**REED SMITH LLP**
101 Second Street, Suite 1800
San Francisco, CA 941015
Telephone: (415) 543-8700
Facsimile: (415) 391-8269
Email: sbaker@reedsmith.com
Email: jbovich@reedsmith.com
Email: cmorgan@reedsmith.com
Email: jmitchell@reedsmith.com

Trey Yarbrough (Bar No. 22133500)
**YARBROUGH & WILCOX, PLLC**
100 E. Ferguson, Ste. 1015
Tyler, Texas 75702
Telephone: (903) 595-3111
Facsimile: (903) 595-0191
Email: trey@yw-lawfirm.com

**ATTORNEYS FOR DEFENDANTS,
D-LINK SYSTEMS, INC., NETGEAR, INC.,
ACER, INC., ACER AMERICA CORPORATION,
AND GATEWAY, INC.**


  */s/ Brady Cox with permission, by Michael E. Jones*
Michael J. Newton (CA Bar No. 156225)
**ALSTON & BIRD LLP**
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-2121
Facsimile: (650) 838-2001
Email: mike.newton@alston.com

Brady Cox (TX Bar No. 24074084)
**ALSTON & BIRD LLP**
2200 Ross Avenue, Suite 2300
Dallas, Texas 75201
Telephone: (214) 922-3400
Facsimile: (214) 922-3899
Email: brady.cox@alston.com

Deron R. Dacus (Texas Bar No. 00790553)
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543
Email: ddacus@dacusfirm.com

**ATTORNEYS FOR DEFENDANT,
DELL INC.**

*/s/ Pavan Agarwal with permission,*
*By Michael E. Jones*
Pavan Agarwal
**FOLEY & LARDNER LLP**
3000 K. Street, NW, Suite 500
Washington, DC 20007
Telephone: (202) 672-5300
Facsimile: (202) 672-5399
Email: pagarwal@foley.com

Guy N. Harrison
Attorney at Law 217 N. Center
Longview, TX 75606
Telephone: (903) 758-7361
Facsimile: (903) 753-9557
Email: guy@gnhlaw.com

**ATTORNEYS FOR DEFENDANTS, TOSHIBA CORPORATION AND TOSHIBA AMERICA INFORMATION SYSTEMS, INC.**

11

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on May 4, 2020 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Michael E. Jones*

## CERTIFICATE OF CONFERENCE

The relief sought by this Motion was the subject of a "meet and confer" telephonic conference between Michael E Jones for Defendants and Samuel Baxter for Plaintiffs. Mr. Baxter confirmed that Plaintiffs were opposed to the relief sought.

*/s/ Michael E. Jones*