# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| ERICSSON INC., et al., | |
| **Plaintiffs,** | |
| v. | Civil Action No. 6:10-cv-473-RWS |
| D-LINK CORPORATION, et al., | JURY TRIAL DEMANDED |
| **Defendants.** | |

## ERICSSON'S RESPONSE TO DEFENDANTS' MOTION
## TO DISMISS AND ENTER AMENDED FINAL JUDGMENT AND ALTERNATIVE
## MOTION TO STAY

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. RELEVANT FACTS .............................................................................................1

III. THIS COURT SHOULD EXERCISE ITS DISCRETION TO BRIEFLY DELAY RULING ON THE MOTION TO DISMISS OR STAY THE CASE.................................2

    A. This Court Has the Discretion to Manage its Docket and/or Stay the Case ............3

    B. *Chrimar* and the *Fresenius* Preclusion Rule Go to the Crux of This Matter...........3

    C. The *Fresenius* Preclusion Rule is Inconsistent with Other Federal Circuit Precedent, Including as That Rule Applies to This Case.........................................4

    D. Denying the Motion to Dismiss Without Prejudice or, Alternatively, A Stay are Fair and Reasonable Measures Under the Circumstances ........................5

    E. Ericsson Agrees to Dismissal if the *Chrimar* Petition is Denied............................6

IV. CONCLUSION......................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Chrimar Systems v. Ale United States*,
785 Fed. Appx 854 (Fed. Cir. 2019)..................................................................3

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
721 F.3d 1130 (Fed. Cir. 2013)...............................................................2, 3, 4

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)...........................................................................................3

*Nken v. Holder*,
556 U.S. 418 (2009)...........................................................................................3

*Robert Bosch, LLC v. Plyon Manufacturing Corp.*,
719 F.3d 1305 (Fed. Cir. 2013) (en banc).....................................................3, 4

*SHFL Entm't, Inc. v. DigiDeal Corp.*,
729 Fed. Appx. 931............................................................................................4

*Stone v. Immigration and Naturalization Serv.*,
514 U.S. 386 (1995)...........................................................................................3

**STATUTES**

28 U.S.C. § 1292(c) ...............................................................................1, 3, 4, 5

## I. INTRODUCTION

Almost seven years ago, an East Texas jury found Ericsson's patents valid and infringed after careful deliberations. Years later, the Patent Trial and Appeal Board (PTAB) reached the opposite conclusion on the validity of the same patent claims considered by the jury. Now the Supreme Court will soon decide whether to review the Federal Circuit's one-of-a-kind rule that creates an exception to Article III judicial finality in patent judgments with subsequent PTAB action. Meanwhile, the Defendants move to dismiss this case before the Supreme Court decides.

This Court has complete authority to manage its docket, including the discretion to defer ruling on the defendants' motion to dismiss or, in the alternative, briefly stay this case to await the Supreme Court's decision on the *Chrimar* petition for a writ of certiorari. The Supreme Court has requested a response to the *Chrimar* Petition, due on May 26, 2020, in less than two weeks. A brief deferment is fair and reasonable under the circumstances because (1) the *Chrimar* Petition challenges the Federal Circuit's *Fresenius* finality rule, which goes to the crux of the matter here; (2) the correct finality rule to apply in this case is unclear because the *Fresenius* rule is inconsistent with the Federal Circuit's holding in *Bosch* that liability determinations in patent infringement cases are "final except for an accounting" under § 1292(c) even where damages proceedings are ongoing; (3) an approximately month's long wait is relatively minor in the context of the ten-year litigation saga between the parties; and (4) a significant, albeit not certain, upside to deferral exists in the form of protecting Ericsson's rights and the process of Article III jury deliberations.

## II. RELEVANT FACTS

The relevant facts are not in dispute. Ericsson filed this action against the defendants on September 14, 2010. After an eight day trial before an East Texas jury in June of 2013, this

Court entered a judgment against the defendants that five asserted claims were valid and infringed and awarded damages. The defendants appealed. The Federal Circuit reversed as to infringement of just one claim, vacated the jury's damages award, and remanded to this Court for further damages proceedings on the infringed claims of the '568 and '215 patents.

On March 6, 2015, almost five years after Ericsson initially filed its case, almost two years after an East Texas jury found claims of the '568 and '215 patents valid and infringed, and after the defendants' appeal to the Federal Circuit and subsequent remand, the PTAB determined that the asserted claims were unpatentable. The USPTO issued certificates of cancellation after unsuccessful appeals from the PTAB's determinations.

Meanwhile, a petition for a writ of certiorari in the *Chrimar* case stands before the Supreme Court challenging this very state of affairs: Had Ericsson's claims against the Defendants arose from anything other than patent infringement, the verdict of the East Texas jury and this Court's subsequent entry of judgment would be treated as final. *Chrimar Systems, Inc., v. ALE USA INC.*, Petition for a Writ of Certiorari at 4-5; *see also, e.g.*, *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1130, 1347-49 (Fed. Cir. 2013) (Newman, J., dissenting).

## III. THIS COURT SHOULD EXERCISE ITS DISCRETION TO BRIEFLY DELAY RULING ON THE MOTION TO DISMISS OR STAY THE CASE

This Court has the authority to manage its docket, which includes the power to delay ruling on the defendants' motion and the power to stay these proceedings pending the Supreme Court's decision on the *Chrimar* Petition. The *Chrimar* Petition challenges the Federal Circuit's *Fresenius* rule, which is directly linked to Ericsson's rights here and the finality of a judgment following a verdict rendered after careful deliberations by an East Texas jury under Article III of the Constitution. The *Fresenius* rule is also at odds with the Federal Circuit's holding in *Bosch* that a liability determination in a patent infringement case is "final except for an accounting"

under § 1292(c) even where damages proceedings are ongoing. *Robert Bosch, LLC v. Plyon Manufacturing Corp.*, 719 F.3d 1305, 1317 (Fed. Cir. 2013) (en banc). Albeit uncertain, the upside to a brief delay is the protection of these rights and the jury trial process. The downside, an approximately one month delay in the context of a ten-year litigation saga, is exceedingly minor. Thus, a brief delay is fair and reasonable.

### A. This Court Has the Discretion to Manage its Docket and/or Stay the Case

This court possesses the inherent power to control and manage its docket and to stay these proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *Stone v. Immigration and Naturalization Serv.*, 514 U.S. 386, 411 (1995) ("[W]e have long recognized that courts have inherent power to stay proceedings."). Ultimately, this is an "exercise in judicial discretion" that depends on the circumstances of a particular case. *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citations omitted).

### B. *Chrimar* and the *Fresenius* Preclusion Rule Go to the Crux of This Matter

The first question presented by the *Chrimar* Petition is "Whether the Federal Circuit may apply a finality standard for patent cases that conflicts with the standard applied by this Court and all other circuit courts in nonpatent cases." *Chrimar Systems, Inc.*, Petition for a Writ of Certiorari at i. That finality standard is known as the *Fresenius* preclusion principle. *See id.* at 4-5; *Fresenius USA, Inc.*, 721 F.3d 1130. Under the *Fresenius* preclusion principle, a final, fully-litigated and affirmed patent judgment is deprived of its finality if an agency such as the PTAB issues a later and conflicting decision so long as the prior litigation was not "entirely concluded" such that there was "nothing for the court to do but execute the judgment." *Chrimar Systems v. Ale United States*, 785 Fed. Appx 854 (Fed. Cir. 2019) (quoting *Fresenius*, 721 F. 3d at 1341). The *Fresenius* principle—and by extension the *Chrimar* Petition challenging that principle—

goes to the heart of this matter. In this case, the "prior litigation" was not "entirely concluded" (due to remand from the Federal Circuit for further damages proceedings) before the PTAB issued its determination on validity, cancelling the claims at issue.

The fact that the *Chrimar* Petition goes to the heart of this matter should be undisputed. Indeed, both the defendants' motion to reopen and motion to dismiss rely exclusively on the underlying *Chrimar* decision, the *Fresenius* principle, or a later case citing that same rule. *See* Dkt. 712 (Motion to Reopen) at 3 (citing *Chrimar*, 785 F. Appx at 856 and *Fresenius*, 721 F.3d at 1346); Dkt. 716 (Motion to Dismiss) at 5-7 (citing *SHFL Entm't, Inc. v. DigiDeal Corp.,* 729 Fed. Appx. 931, 934 (Fed. Cir. 2018) (quoting *Fresenius*, 721 F.3d at 1340) and *Chrimar*, 785 F. Appx at 856).

> **C.      The *Fresenius* Preclusion Rule is Inconsistent with Other Federal Circuit Precedent, Including as That Rule Applies to This Case**

A deferred ruling, or alternatively a brief stay, is also warranted because the *Fresenius* principle—the rule the defendants argue should apply in this case—is at odds with other Federal Circuit precedent. The *Fresenius* rule treats ongoing damages proceedings as substantial matters such that litigations remain not "entirely concluded," thereby preventing finality. *Fresenius*, 721 F. 3d at 1341-42 (citations omitted). Yet the Federal Circuit in *Bosch* described damages proceedings as merely "accounting[s]" under 28 U.S.C. § 1292(c), which provides the Federal Circuit with jurisdiction of judgments that are "*final* except for an accounting." 28 U.S.C. § 1292(c)(2) (emphasis added); *Robert Bosch*, 719 F.3d at 1317 (en banc) (holding "that § 1292(c)(2) confers jurisdiction on this court to entertain appeals from patent infringement liability determinations when a trial on damages has not yet occurred"); *see also Chrimar Systems*, Brief of Amicus Curiae The Naples Roundtable at 8-9.

In other words, the Federal Circuit treats patent infringement liability determinations with ongoing damages proceedings as *final* for the scope of its jurisdiction under § 1292(c) yet treats these very same liability determinations—reached by a jury and entered as judgments by Article III courts—as *not final* in identical circumstances for purposes of subsequent PTAB proceedings. This—a judgment of infringement and ongoing damages proceedings—is the situation here. What finality standard applies to this case is at best unclear. This is, again, the state of affairs challenged by the *Chrimar* Petition, to which the Supreme Court has requested a response that is due in less than two weeks. The potential for the Supreme Court to offer guidance in light of conflicting Federal Circuit precedent weighs in favor of a deferred ruling or, alternatively, a brief stay.

**D. Denying the Motion to Dismiss Without Prejudice or, Alternatively, A Stay are Fair and Reasonable Measures Under the Circumstances**

Ericsson expects the Supreme Court to decide whether to grant the *Chrimar* Petition within roughly a month. By contrast, this litigation saga has been ongoing for almost ten years. Seven years have passed since an East Texas jury found Ericsson's patents valid and infringed. The short wait resulting from a delayed ruling on the defendant's motion to dismiss is, at most, a moderate measure when counterbalanced against the time and effort that the parties, this Court, and East Texas jurors put into the resolving the case and protecting the parties' rights prior to the PTAB's ensuing agency action.

A brief delay is fair and reasonable. The upside to this Court exercising its inherent power to manage its docket is significant, and the downside is minor. On one hand, a split exists between the Federal Circuit (as it relates to patent infringement cases) and every other circuit, the amelioration of which would have a tremendous effect on Ericsson's rights as decided by an East Texas jury under Article III of the Constitution. Federal Circuit precedent is also inconsistent. On

5

the other hand, if the Supreme Court denies *Chrimar*'s petition for a writ of certiorari, approximately a month's time is lost, and the parties would need to file papers with this Court to notify it of that development. Though uncertain, the tremendous upside juxtaposed against relatively minor costs warrants a favorable exercise of this Court's discretion.

### E.     Ericsson Agrees to Dismissal if the *Chrimar* Petition is Denied

If this Court defers its ruling on the defendants' motion to dismiss or alternatively grants a stay, Ericsson agrees to dismissal in the event the *Chrimar* Petition is denied.

## IV.    CONCLUSION

For the foregoing reasons, the defendants' motion should be denied without prejudice, subject to a deferred ruling, or alternatively Ericsson respectfully requests a stay of this case pending the Supreme Court's decision on the *Chrimar* Petition.

Dated:  May 18, 2020                         Respectfully submitted,

                                             */s/ John B. Campbell*
                                             Theodore Stevenson, III
                                             Lead Attorney
                                             Texas State Bar No. 19196650
                                             tstevenson@mckoolsmith.com
                                             Douglas A. Cawley
                                             Texas State Bar No. 04035500
                                             dcawley@mckoolsmith.com
                                             Ashley N. Moore
                                             Texas State Bar No. 24074748
                                             amoore@mckoolsmith.com
                                             **McKOOL SMITH, P.C.**
                                             300 Crescent Court, Suite 1500
                                             Dallas, Texas 75201
                                             Telephone: (214) 978-4000
                                             Facsimile: (214) 978-4044

                                             Samuel F. Baxter
                                             Texas State Bar No. 01938000
                                             sbaxter@mckoolsmith.com

**McKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

John B. Campbell
Texas State Bar No. 24036314
jcampbell@mckoolsmith.com
Kathy H. Li
Texas State Bar No. 24070142
kli@mckoolsmith.com
**McKOOL SMITH, P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

**ATTORNEYS FOR PLAINTIFFS,
ERICSSON INC. AND
TELEFONAKTIEBOLAGET LM ERICSSON**

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on May 18, 2020 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ John B. Campbell*

John B. Campbell