# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| ERICSSON INC., et al., | |
| **Plaintiffs,** | |
| v. | Civil Action No. 6:10-cv-473 |
| D-LINK CORPORATION, et al., | JURY TRIAL DEMANDED |
| **Defendants.** | |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AND ENTER AMENDED FINAL JUDGMENT

**I.     INTRODUCTION**

Ericsson's Opposition (Dkt. 717 ("Opp.")) fails to provide any legal basis to deny Defendants' Motion to Dismiss (Dkt. 716), or to delay doing so.  None of Ericsson's three cited cases allow a district court to retain jurisdiction over a case where the legal claims have been mooted.  That is exactly the scenario here, and Ericsson's resort to "discretion" cannot override fundamental jurisdictional requirements, or allow its lawsuit to remain pending in hopes of a change in the law from an unrelated appeal.  This case should be dismissed immediately.

Ericsson attempts to justify its request that the Court disregard existing, controlling law by claiming that the only downside is a "fair and reasonable" "one month delay."  But Ericsson does not address that even if the Supreme Court grants certiorari to review *Chrimar*—which is statistically unlikely in any event—Ericsson's claims will *still* be moot and this case will *still* lack jurisdiction, just like it does today.  Ericsson's assertion of patents that the Patent Office conclusively determined should not have been issued has consumed a decade of judicial and party resources.  Additional resources should not be spent on the speculative chance that appeals in unrelated cases might potentially impact this case.  Under binding Federal Circuit law, Ericsson immediately lost all causes of action and claims for damages when the Patent Office cancelled the only remaining asserted patent claims in this case after Ericsson exhausted its appeals through the Federal Circuit and Supreme Court of the United States.  Ericsson's assertion of those causes of action is now moot and must be dismissed with prejudice for lack of jurisdiction.

Although Ericsson implies that there is something untoward about Defendants' Motion to Dismiss because a Supreme Court *certiorari* petition is pending in an unrelated case, Ericsson was unwilling to concede to the dismissal that Federal Circuit law requires even before that petition was filed.  If Ericsson disagrees with the law, it can do what other dissatisfied litigants

2

do—appeal. But it is time to bring Ericsson's self-described "ten-year litigation saga" to an end in this Court, as compelled by the law.

## II. ERICSSON'S REMAINING CLAIMS MUST BE DISMISSED IMMEDIATELY

Ericsson can no longer state a claim for infringement of the now-cancelled Remaining Asserted Claims, nor can it maintain any claim for damages. Based on the Federal Circuit's affirmance of the Patent Trial and Appeal Board's finding of unpatentability for a patent claim, Ericsson "'loses any cause of action based on that claim'" and this suit "must be dismissed for lack of jurisdiction." *SHFL Ent. Inc. v. Digideal Corp.*, Case No. 2016-2705, 729 Fed. App'x 931, 934 (Fed. Cir. May 2, 2018) (quoting *Fresenius USA, Inc. v. Baxter Intern., Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013)); *see also Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) ("Mootness is a jurisdictional issue, and federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists. If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction.") (internal citations omitted).

Ericsson's claim that the Remaining Asserted Claims are infringed and that it is entitled to damages have thus been mooted, requiring immediate dismissal of Ericsson's claims against all Defendants with prejudice under controlling law. Ericsson does not really dispute what binding precedent requires. Its argument, instead, is that the law is wrong, and it invites this Court to pocket-veto Defendants' motion in hopes that the law might be changed in an unrelated case. Ericsson's arguments are without merit and provide no basis for this Court to disregard controlling law.

**A.      This Court Lacks Jurisdiction Over Ericsson's Mooted Claims, Requiring Immediate Dismissal Under Controlling Law**

Ericsson's Opposition turns on the notion that the Court's inherent power and discretion to manage its docket allows the Court to either outright deny Defendants' Motion to Dismiss, or defer ruling and (effectively) stay the case for some indeterminate time based on the prospect that the law might change in a way that might (or might not) be applicable.  Opp. at 3.  But despite Ericsson's bald claim—only supported with inapplicable and out-of-context generic case citations—a court does not have unbounded discretion over its docket such that it can retain mooted claims in a case lacking jurisdiction.  To be sure, a court has discretion over the management of its docket as a general proposition.  But where a court lacks jurisdiction, there is no discretion.  Under the law as it exists today—which is the law that must be applied—this case must be dismissed.  Dkt. No. 716 at 5–8.

Ericsson relies on three cases (*Landis*, *Stone*, and *Nken*) in its Opposition,[1] none of which support (let alone hold) that a court's inherent power to manage its docket allows it to retain cases where all of the claims are moot.  None of Ericsson's cited cases addressed a situation where jurisdiction was lacking because all claims had become moot.  In the five lines of Ericsson's Opposition devoted to this controlling issue, Ericsson fails to explain how the generic, out-of-context statements it quotes justify the result it seeks.

First, *Landis* assessed whether a District Court could stay multiple similar lawsuits challenging the validity of a statute (the Public Utility Holding Company Act of 1935), while one test case against the government went forward and determined the same statute's validity. *Landis v. N. Am. Co.*, 299 U.S. 248, 249–51 (1936).  Unlike this case, the parties opposing the

---

[1]    Opp. at 3, citing *Landis v. N. Am. Co.*, 299 U.S. 248 (1936); *Stone v. Immigration and Naturalization Serv.*, 514 U.S. 386 (1995); and *Nken v. Holder*, 556 U.S. 418 (2009).

stay were not seeking dismissal for lack of jurisdiction, and the claims in their case were not moot. *See id.*

The second case, *Stone*, has nothing to do with whether a district court can retain a case lacking jurisdiction; rather, the issue was whether the timely filing of a motion for reconsideration of an immigration decision by the Board of Immigration Appeals tolled the cutoff for seeking judicial review of that decision. *Stone v. Immigration and Naturalization Serv.*, 514 U.S. 386, 388–90 (1995). While Ericsson's parenthetical citation *from the dissent* (Opp. at 3) recognizes a court's inherent power to stay proceedings in general, there is no support (or even implication) in *Stone* that such power allows a court to override jurisdictional requirements no longer met by this case.

Finally, *Nken* determined what factors govern a court of appeals' authority to stay an alien's removal pending judicial review. *Nken v. Holder*, 556 U.S. 418, 422 (2009). Again, this has nothing to do with Ericsson's claim that the Court's discretion can extend to retain mooted claims lacking jurisdiction. Although the Supreme Court in *Nken* did state that the stay analysis for alien removal should begin with principles of discretion (*id.* at 433, as cited by Ericsson), it specified in the next paragraph that such discretion is bounded by legal principles:

> The fact that the issuance of a stay is left to the court's discretion 'does not mean that no legal standard governs that discretion . . . . A motion to a court's discretion is a motion, *not to its inclination, but to its judgment*; and its judgment is *to be guided by sound legal principles*.'

*Id.* at 434 (emphasis added). Here, the governing legal principles are those set forth by the Federal Circuit requiring dismissal, and the bedrock principle that an Article III court may only exercise power over a case in which it has subject matter jurisdiction. Ericsson points to no legal principle supporting a stay (let alone denial of Defendants' Motion to Dismiss) where the lack of jurisdiction mandates dismissal.

Courts cannot simply "exercise judicial discretion" "depend[ing] on the circumstances" (Opp. at 3) to retain cases lacking jurisdiction, awaiting hypothetical changes in the law that might rescue one party's defeated claims at the other party's expense and prejudice. The law does not permit such blatant gamesmanship. The rule of law requires predictably applying existing law to disputes, and under existing law, this case must be dismissed. *Randolph County Fed. Savings & Loan Assoc. v. Sutliffe*, 775 F. Supp. 1113, 1120-21 (S.D. Oh. 1991) ("Plaintiffs' suggestion that the Court delay resolution of a disputed issue based on speculation that a change in the law which may prove favorable to them will be wrought in the future is both unthinkable and unfair. It is the obligation of this Court to timely resolve disputed legal issues 'based upon its best current understanding of the law.'"), *citing James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 534 (1991) ("Courts are as a general matter in the business of applying settled principles and precedents of law to the disputes that come to bar."). If Ericsson believes that the law should be changed, then it has a remedy—it may appeal. But it may not ask this Court to stall the application of binding precedent holding that this Court lacks jurisdiction.

**B.** **The *Fresenius* Rule Is Entirely Consistent with the Federal Circuit's Ruling in *Bosch***

While acknowledging that *Fresenius* and its progeny requires dismissal of this action, Ericsson argues to this Court that the Federal Circuit's binding precedent is wrong because *Fresenius* is "at odds with the Federal Circuit's holding in *Bosch* that a liability determination in a patent infringement case is 'final except for an accounting' under § 1292(c) even where damages proceedings are ongoing." Br. at 2-3 (citing *Robert Bosch, LLC v. Plyon Mfg. Corp.*, 719 F.3d 1305, 1317 (Fed. Cir. 2013)). As an initial mater, only appellate courts can determine whether binding precedent is correct in light of other case law. *Agostini v. Felton*, 521 U.S. 203, 237 (2000) ("We reaffirm that '[i]f a precedent of this Court has direct application in a case, yet

6

appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.'"); *Union Elec. Co. v. United States*, 363 F.3d 1292, 1299–300 (Fed. Cir. 2004) (citing *Agostini*, 521 U.S. at 237) ("We agree that *Pollock* has never been overruled, though its reasoning appears to have been discredited.  Nonetheless, we are obligated to follow *Pollock* until it is explicitly overruled by the Supreme Court.").  Furthermore, the Federal Circuit has repeatedly held that determining "finality" for purposes of appealability (as in *Bosch*) requires a different analysis than determining "finality" for the purposes of determining when an intervening determination of unpatentability by the Patent Office can no longer effect a judgment of infringement in a litigated patent dispute.  *See Fresenius*, 721 F.3d, at 1340-41 ("It is important here to distinguish between different concepts of finality.  ***Definitions of finality cannot automatically be carried over from appeals cases to preclusion problems***. . . . We are concerned instead with whether the judgment in this infringement case is sufficiently final so that it is immune to the effect of the final judgment in the PTO proceedings . . . .").

For example, the Federal Circuit in *VirnetX Inc. v. Apple Inc.* explained that "*Fresenius* concerned ***an entirely different issue involving res judicata from a 'final judgment,'***" and "[e]ven within the distinct realm of res judicata, *Fresenius* took great care to 'distinguish between different concepts of finality,'" such that "*Fresenius*'s analysis of a 'final judgment' for purposes of res judicata ***does not instruct our understanding of a 'final decision' for purposes of § 317(b) estoppel***."  931 F.3d 1363, 1376 (Fed. Cir. 2019) (emphasis added).  Additionally, the Federal Circuit in *ePlus, Inc. v. Lawson Software, Inc.* explained that "[i]n *Fresenius USA, Inc. v. Baxter International, Inc.*, we held that a non-final money judgment of damages for infringement must be set aside where the judgment rested on a patent claim that the PTO later

cancelled," and further clarified that *Fresenius* "held that the original district court judgment, *while 'final for purposes of appeal . . . was not sufficiently final to preclude application of the intervening judgment'* that led to the cancellation of the patent."  789 F.3d 1349, 1358 (Fed. Cir. 2015) (emphasis added); *see also Hologic, Inc. v. Minerva Surgical, Inc.*, 957 F.3d 1256 (Fed. Cir. 2020) (citing *Fresenius* for the proposition that "any pending litigation in which [cancelled patent] claims are asserted becomes moot," and explaining that "[o]ur affirmance of the Board's invalidity decision in *Hologic* is dispositive of the validity of the '183 patent claims, regardless of how the validity question came to this court, and regardless of whether assignor estoppel bars Minerva from challenging the patent's validity in this district court case.").  Thus, *Fresenius* and *Bosch* are entirely consistent because they concern different "definitions of finality" for different questions of law.  Ericsson may disagree with the lines the Federal Circuit has drawn, but that provides no basis for this Court to delay—much less decline—to apply precedent.

In any event, *Bosch* addressed only whether and when the Federal Circuit has jurisdiction over an interlocutory appeal from a patent infringement liability determination where damages are bifurcated from liability.  *Bosch* at 1308.  Even Ericsson's brief recognizes that *Bosch* was limited, stating that "the Federal Circuit in *Bosch* described damages proceedings as merely 'accounting[s]' under 28 U.S.C. § 1292(c), which provides the Federal Circuit with jurisdiction of judgments that are 'final except for an accounting.'"  Br. at 4.  *Bosch* recognizes the "final judgment rule" and describes final judgments as those that "end the litigation on the merits and leaves nothing for the court to do but execute the judgment."  *Bosch*, 719 F.3d, at 1308.  *Bosch* then identifies 28 U.S.C. § 1292(c)(2) as a statutory "exception" to the final judgment rule "unique to patent cases": whether the Federal Circuit has jurisdiction for an interlocutory appeal. *Id.*  As an Article III court, the Federal Circuit's appellate jurisdiction is also defined by statute.

*Bosch*'s holding is limited to the issue of whether a district court decision on liability, but not damages, is ***final for purposes of appealability to the Federal Circuit***, which is neither the issue in the instant case nor in *Fresenius*. Ericsson's assertion that "[w]hat finality standard applies to this case is at best unclear" (Br. at 5) is wrong as a matter of settled Federal Circuit precedent. The *Fresenius* rule applies to this case, is binding, and requires immediate dismissal.

      **C.**      **Although Irrelevant To Whether The Court Should Dismiss This Case At This Time, *Chrimar* May Not Be Resolved By The Supreme Court In The Reasonable Future**

Whatever happens with *Chrimar*, the differences in facts and circumstances with that case mean that a Supreme Court decision in that case will not necessarily have any effect on this case. This case has different facts from *Chrimar* (e.g., on appeal, damages were affirmed in *Chrimar*, but here damages were vacated), and it is completely unknown how any decision in *Chrimar*—if certiorari is even granted, which is statistically unlikely—would impact this case, if at all. Although Ericsson speculates that the Supreme Court will decide whether or not to grant the *Chrimar* petition within one month, it could as easily take much longer based on the potential for either the petitioner or the respondent to request an extension of time. Even absent an extension, the Supreme Court could relist the case, such that it would decide whether or not to grant the petition before October, or could seek the views of the Solicitor General, even further delaying a decision simply on whether to grant review. If the *Chrimar* petition were granted, Ericsson would have this case remain stayed well into 2021 and perhaps beyond depending on the numerous possible outcomes. Furthermore, despite asking for a potentially lengthy stay, Ericsson has not provided the Court with *any* analysis of the factors required to determine if a stay is appropriate. *Cf. Nken*, 556 U.S. at 434 (quoting *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987)) (listing traditional four factors for resolving a motion to stay pending appeal).

Meanwhile, the mere grant of a petition for review in *Chrimar* would still not change the law as it exists and should be applied to this case. Ericsson's claims of infringement and for damages would still be moot, and this Court would still lack jurisdiction over this case. In sum, Ericsson's request that the Court delay just a little longer is a slippery slope that is not founded in the law. The law requires dismissal of this case, and there is no basis in law or equity for the delay Ericsson seeks.

## III. CONCLUSION

Given the Patent Office's cancellation of the remaining asserted claims, this Court lacks jurisdiction over this case. No legal authority supports Ericsson's request for a delay. The Motion to Dismiss should be granted.

Dated: May 26, 2020

Respectfully submitted,

*/s/ Michael E. Jones*
Michael E. Jones (State Bar No.: 10929400)
**POTTER MINTON, PC**
110 North College, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846
Email: mikejones@potterminton.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
Charles Ainsworth
State Bar No. 00783521
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687
Email: rmparker@pbatyler.com
Email: rcbunt@pbatyler.com
Email: charley@pbatyler.com

Gregory S. Arovas
**KIRKLAND & ELLIS LLP**
601 Lexington Ave
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email:  greg.arovas@kirkland.com

Adam R. Alper
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1876
Facsimile: (415) 439-1500
Email:  adam.alper@kirkland.com

Michael W. De Vries
**KIRKLAND & ELLIS LLP**
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
Email:  michael.devries@kirkland.com

**ATTORNEYS FOR INTERVENOR,
INTEL CORPORATION**


  */s/ Jonah D. Mitchell, with permission by
Michael E. Jones*
Scott D. Baker, Pro Hac Vice (Cal. SBN 84923)
John P. Bovich, Pro Hac Vice (Cal. SBN 150688)
Christine M. Morgan, Pro Hac Vice (Cal. SBN 169350)
Jonah D. Mitchell, Pro Hac Vice (Cal. SBN 203511)
**REED SMITH LLP**
101 Second Street, Suite 1800
San Francisco, CA 941015
Telephone: (415) 543-8700
Facsimile: (415) 391-8269
Email:  sbaker@reedsmith.com
Email:  jbovich@reedsmith.com
Email:  cmorgan@reedsmith.com
Email:  jmitchell@reedsmith.com

Trey Yarbrough (Bar No. 22133500)

11

**YARBROUGH & WILCOX, PLLC**
100 E. Ferguson, Ste. 1015
Tyler, Texas 75702
Telephone: (903) 595-3111
Facsimile: (903) 595-0191
Email: trey@yw-lawfirm.com

**ATTORNEYS FOR DEFENDANTS,**
**D-LINK SYSTEMS, INC., NETGEAR, INC.,**
**ACER, INC., ACER AMERICA CORPORATION,**
**AND GATEWAY, INC.**


  */s/ Brady Cox, with permission by Michael E. Jones*
Michael J. Newton (CA Bar No. 156225)
**ALSTON & BIRD LLP**
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-2121
Facsimile: (650) 838-2001
Email: mike.newton@alston.com

Brady Cox (TX Bar No. 24074084)
**ALSTON & BIRD LLP**
2200 Ross Avenue, Suite 2300
Dallas, Texas 75201
Telephone: (214) 922-3400
Facsimile: (214) 922-3899
Email: brady.cox@alston.com

Deron R. Dacus (Texas Bar No. 00790553)
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543
Email: ddacus@dacusfirm.com

**ATTORNEYS FOR DEFENDANT,**
**DELL INC.**


  */s/ Pavan Agarwal, with permission by*
*Michael E. Jones*
Pavan Agarwal
**FOLEY & LARDNER LLP**

12

3000 K. Street, NW, Suite 500
Washington, DC 20007
Telephone: (202) 672-5300
Facsimile: (202) 672-5399
Email:  pagarwal@foley.com

Guy N. Harrison
Attorney at Law 217 N. Center
Longview, TX 75606
Telephone: (903) 758-7361
Facsimile: (903) 753-9557
Email:  guy@gnhlaw.com

**ATTORNEYS FOR DEFENDANTS, TOSHIBA CORPORATION AND TOSHIBA AMERICA INFORMATION SYSTEMS, INC.**